

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JOHN H. GRAZIADEI**<br>*Senior Counsel*<br>Telephone: (212) 442-3551<br>Facsimile: (212) 788-9776 |

June 21, 2007

**VIA ECF AND FACSIMILE**
Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Zhao v. City of New York, et al.*, 07 CV 3636 (LAK)

Your Honor:

I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York.[1] I write to respectfully request that Your Honor: (a) "So Order" the enclosed subpoena for the criminal records in the Federal Bureau of Investigations file, and (b) grant defendant an enlargement of time until thirty days after this office obtains the documents necessary to respond to the complaint. Plaintiff's counsel does not object to this request. Defendant has made one previous request for an enlargement of time to respond to the complaint.[2]

I regret that this application is necessary but this office has not yet received the District Attorney's office's litigation files, the criminal court files, the Police Department's investigative files, or the criminal records in the Federal Bureau of Investigations files. These sealed records

---

[1] Upon information and belief, plaintiff still has not served the individually-named police officer defendants Ng and Milan with process in this case. Without appearing or making any representations on their behalf, it is respectfully requested that, when and if they are served, the same extension be granted to them in order to ensure that their defenses are not jeopardized while representation decisions are being made.

[2] Although the Court endorsed defendant's previous application for an enlargement on May 31, 2007, it granted an enlargement until June 22, 2007 and not the sixty-day enlargement requested by defendant and consented to by plaintiff. Using the § 160.50 unsealing release received from plaintiff on May 30, 2007, this office expedited requests for the police department documents and investigative files on the same day. Pursuant to established procedures, this office currently expects to obtain those documents by June 29, 2007. Requests for the District Attorney and Criminal Court files were submitted by this office on June 14, 2007 and, pursuant to established procedures, this office currently expects access to those documents by July 14, 2007.

are essential for this office to respond to the complaint in accordance with Rule 11 of the Federal Rules of Civil Procedure and this office has been working diligently to obtain them as expeditiously as possible.

Upon information and belief, plaintiff has not yet served either of the individually-named defendants and an enlargement of time will provide plaintiff with additional time to do so. Once these defendants are served, pursuant to Section 50-k of the New York General Municipal Law, the Corporation Counsel's office must determine, based upon a review of the facts of the case, whether it may represent them. The defendants must then decide whether they wish to be represented by the Corporation Counsel. *See Dunton v. County of Suffolk*, 729 F.2d 903 (2d Cir. 1984). If so, this office must obtain their written authorization. Only then may the defendants be interviewed in order to make decisions as to how to proceed in this case.

Accordingly, defendant respectfully requests that this Court grant defendant's application for an order enlarging defendant's time to respond to the complaint until thirty days after it receives the necessary documents. Thank you for your consideration of this request.

Respectfully submitted,

John H. Graziadei (JG 1333)
Assistant Corporation Counsel

cc:   Eric W. Siegle, Esq.

# United States District Court

| SOUTHERN | DISTRICT OF | NEW YORK |
|---|---|---|

Yang Feng Zhao

**SUBPOENA IN A CIVIL CASE**

V.

The City of New York et al.,

CASE NUMBER: 07CV3636

Federal Bureau of Investigations
Criminal Justice Information Services Division
1000 Cluster Hollow Road
Clarksburg, WV 26306

Attention: Marilyn Starn

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): The Criminal Records included in the FBI file for Yang Feng Zhao, DOB:01/19/1985.

| PLACE  New York City Law Department, 100 Church Street, 4th Floor, New York, New York 10007 | DATE AND TIME |
|---|---|

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents or other persons who consent to testify on its behalf, and may set forth for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| So Ordered: _____  **Hon Judge Lewis A. Kaplan** |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Honorable Judge Lewis A. Kaplan
United States District Court
500 Pearl Street
New York, New York 10013

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the forgoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

i. requires disclosure of privileged or other protected matter and no exception or waiver applies, or

ii. subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.