UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x          Docket #: 07CV3636 (LAK)

YANG FENG ZHAO,

                              Plaintiff,                                      **NOTICE OF MOTION**

                 -against-

CITY OF NEW YORK, DETECTIVE NGA
CHEUNG NG, DETECTIVE BILLY MILAN,
"JOHN DOE #1" and "JOHN DOE #2,"

                              **Defendants.**

-------------------------------------------------------------------x

S I R S :

          PLEASE TAKE NOTICE, that upon the annexed Affidavit of Eric W. Siegle, Esq., sworn

to on September 26, 2007, the exhibits annexed thereto, and all proceedings heretofore had herein,

plaintiff YANG FENG ZHAO, shall move this Court, on _____, before the

Honorable Lewis A. Kaplan, at the United States District Court for the Southern District of New

York, located at 500 Pearl Street, New York, New York, for an Order pursuant to Rule 37(a) of the

Federal Rules of Civil Procedure, for an Order Compelling Disclosure and Discovery on the ground

that the defendants CITY OF NEW YORK, DETECTIVE NGA CHEUNG NG, and DETECTIVE

BILLY MILAN have willfully failed to comply with Rules 26, 30, 33 and 34 of the Federal Rules

of Civil Procedure.

Accordingly, Plaintiff YANG FENG ZHAO, respectfully requests that this Court order defendants CITY OF NEW YORK, DETECTIVE NGA CHEUNG NG, and DETECTIVE BILLY MILAN to produce substantive responses to plaintiff's interrogatories and request for production of documents and to produce the parties and witnesses previously noticed for deposition; and for an enlargement of time to provide expert disclosure; together with such other relief as this Court deems proper.

Dated: New York, New York
       September 26, 2007

                                    Respectfully submitted,

              SIEGLE & SIMS L.L.P.

                          By:_____
                                    Eric W. Siegle (ES4277)
                                    Attorneys for Plaintiff
                                    YANG FENG ZHAO
                                    217 Broadway - Suite 611
                                    New York, New York  10007
                                    (212) 406-0110

To:    MICHAEL A. CARDOZO
       Corporation Counsel
       Attorneys for Defendant
       CITY OF NEW YORK,
       DETECTIVE NGA CHEUNG NG
       DETECTIVE BILLY MILAN
       100 Church Street
       New York, NY 10007
       (212) 442-3551
       NYCLIS No. 2007-015691

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x          Docket #: 07CV3636 (LAK)

YANG FENG ZHAO,

                            Plaintiff,          **AFFIDAVIT**

        -against-

CITY OF NEW YORK, DETECTIVE NGA
CHEUNG NG, DETECTIVE BILLY MILAN,
"JOHN DOE #1" and "JOHN DOE #2,"

                      Defendants.

-------------------------------------------------------------------x

STATE OF NEW YORK    )
                      ) ss.:
COUNTY OF NEW YORK  )

      **ERIC W. SIEGLE, ESQ.,** being duly sworn, hereby deposes and says:

      1.      I am a member of the firm of Siegle & Sims L.L.P., attorneys for plaintiff YANG

FENG ZHAO ("ZHAO"). ZHAO's Complaint alleges damages for personal injuries and violations

of his civil rights resulting from DEFENDANTS' violation of his constitutional rights, by his false

arrest and imprisonment and malicious prosecution for murder, resulting in his baseless incarceration

for a period of eleven months during which time he was sexually molested by another inmate on

multiple occasions and routinely subjected to strip searches by New York City corrections

employees. As counsel, I am fully familiar with the facts and circumstances of this matter, including

as they relate to the instant motion.

      2.      This affidavit is submitted in support of the instant motion by ZHAO to compel

defendants CITY OF NEW YORK, DETECTIVE NGA CHEUNG NG and DETECTIVE BILLY

MILAN (collectively "DEFENDANTS") to make disclosure and cooperate in discovery pursuant

to Rule 37(a)(2)(A)&(B) of the Federal Rules of Civil Procedure, on the grounds that

DEFENDANTS have failed to comply with Rules 26, 30, 33 and 34 of the Federal Rules of Civil

Procedure. This affidavit is also submitted in further support of ZHAO's prior application to enlarge

ZHAO's time to provide expert disclosure.

3.     This action was commenced by ZHAO by the service of a summons and complaint on defendant CITY ("CITY") on or about May 8, 2007, on DETECTIVE BILLY MILAN on June 27, 2007, and on DETECTIVE NGA CHEUNG NG on July 2, 2007 (collectively "DETECTIVES"). A copy of plaintiff's Summons and Complaint is attached hereto as Exhibit 1. The DEFENDANTS joined this action by service of Answers; the CITY on July 2, 2007, and DETECTIVES on July 31, 2007, which are attached hereto as Exhibit 2.

4.     On or about July 27, 2007, ZHAO timely served, via hand delivery, CITY with responses to its interrogatories and document requests, including copies of over 100 substantive documents related to plaintiffs claims and seven DVD's of video surveillance depicting the events surrounding the underlying murder, which were demanded by CITY prior to joining issue. Concomitantly, ZHAO served its first demands for interrogatories and requests for production on CITY.

5.     To date, despite executing a confidentiality stipulation required by DEFENDANTS as a condition precedent to obtaining substantive responsive discovery materials, DEFENDANTS have failed to provide ZHAO with any documents responsive to these demands, despite having informed our office during telephone conversations that counsel possesses "a lot," some "seven to eight inches" of documents.

6.     On or about July 30, 2007, CITY, provided its initial disclosure pursuant to Rule 26(a) of the Federal Rules of Civil Procedure. See copy of disclosure, Exhibit 3. The disclosure, however, which was immediately objected to by letter, is void of any substantive discovery, failing even to identify a single individual likely to have discoverable information relevant to the disputed facts alleged with particularity in the pleadings and failing to provide copies or description of all documents in possession, custody or control of DEFENDANTS relevant to the disputed facts which pursuant to Rule 26(a) of the Federal Rules of Civil Procedure shall be provided without request. The disclosure also failed to attach the Confidentiality Stipulation, which DEFENDANTS knew would require negotiation and execution, and was instead sprung on ZHAO as a condition precedent

to turning over discovery, as part of the dilatory tactics employed by DEFENDANTS in response to ZHAO's formal discovery demands.

7.    To date, DETECTIVES have failed to provide any disclosure pursuant to rule 26(a).

8.    On or about August 2, 2007, ZHAO noticed the depositions of Detectives Richard Maline, Sergio Rivera, C. Wilkinson, Billy Milan and Nga Cheung Ng for September 4 - 7, 2007. Additionally, on August 17, 2007, ZHAO noticed the deposition of Vincenzo Romano for September 12, 2007. DEFENDANTS refused to produce any of these witnesses on the dates noticed.

9.    On or about August 7, 2007, ZHAO served its first interrogatories and requests for production on DETECTIVES and second interrogatories and request for production on CITY. DEFENDANTS, collectively, have failed to date to respond to same.

10.    On or about September 11, 2007, the parties appeared before this Court regarding discovery issues herein. The Court ordered the parties to resolve the outstanding discovery issues and the scheduling of depositions among themselves, and to work expeditiously to meet the end of disclosure date, October 18, 2007. Additionally, the Court indicated that it would continue to consider ZHAO's request to enlarge his time to provide expert disclosure, which had been due on September 1, 2007.

11.    To date, counsel for ZHAO has attempted in good faith to resolve the outstanding discovery issues detailed herein. Since the September 11, 2007 conference, counsel has called, emailed and or faxed correspondence, almost daily, imploring counsel for DEFENDANTS to discuss proposed changes to the confidentiality stipulation (which changes ZHAO withdrew after waiting several days without a response from DEFENDANTS in order to expedite the discovery process), request that counsel for DEFENDANTS ready the discovery materials for immediate disclosure upon our execution of the stipulation, and schedule the depositions. See Exhibit 4. ZHAO executed the confidentiality stipulation on September 18, 2007. DEFENDANTS counsel thereafter promised that documentary discovery would be provided by September 21, 2007. Rather, on the evening of September 21, 2007, DEFENDANTS forwarded a letter to plaintiff's counsel stating that "recent developments" in the open homicide investigation could "impact" the disclosure, and that

DEFENDANTS would require until "early next week" to make disclosure. On September 25, 2007, we contacted counsel for DEFENDANTS who stated that he could not provide disclosure, despite the execution of the confidentiality stipulation, until he consulted with the case detective, and would provide the documents, which he has advised have yet to be redacted, copied and/or bate stamped, after he had done so. Thus, to date, plaintiff has not been provided with documentary discovery herein.

12.    Additionally, despite the fact that the end date for all disclosure is October 18, 2007, and that ZHAO noticed DEFENDANTS and its known witnesses on August 2, 2007 to be deposed in early September 2007, counsel for DEFENDANTS has not produced or provided proposed deposition dates for four of the witnesses noticed, and finally, on September 25, 2007 in response to our threat to make this motion, provided dates of October 15 and 16, 2007 for DETECTIVES' depositions. Counsel stated that he was working on locating the other witnesses, who we were informed for the first time on September 25, 2007 are retired from the police department.

13.    As a result of DEFENDANTS' continued failure to provide discovery or schedule deposition dates of properly noticed witnesses, ZHAO moves this Court to compel same. Absent the discovery materials and depositions, ZHAO has not been able to continue to ready this matter for trial and has been unable to provide its retained experts discovery materials to evaluate and base their conclusions. Thus, ZHAO's continued request for an enlargement of time to provide expert disclosure.

WHEREFORE, plaintiff ZHAO respectfully requests that this Court issue an order compelling DEFENDANTS to produce the substantive materials responsive to plaintiff's interrogatories and requests to produce and to schedule the depositions of the witnesses notice by ZHAO; that this Court enlarge ZHAO's time to provide expert disclosure; together with such other and further relief as this Court deems just and proper.

Eric W. Siegle (ES4277)

Sworn to before me this
26th day of September, 2007

NOTARY PUBLIC

JONATHAN D. SIMS
Notary Public, State of New York
No. 02SI6015346
Qualified in New York County
Commission Expires 10/26/2000

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE KAPLAN

07 CV 3636

-----------------------------------------------------------------x

YANG FENG ZHAO,

                          Plaintiff,

        -against-

CITY OF NEW YORK, DETECTIVE NGA
CHEUNG NG, DETECTIVE BILLY MILAN,
"JOHN DOE #1" and "JOHN DOE #2,"

                        Defendants.

COMPLAINT
(JURY TRIAL REQUESTED)



-----------------------------------------------------------------x

      Plaintiff, YANG FANG ZHAO ("ZHAO") complaining of the defendants CITY OF NEW YORK ("CITY"), DETECTIVE NGA CHEUNG NG ("NG"), DETECTIVE BILLY MILAN ("MILAN"), "JOHN DOE #1", and "JOHN DOE #2" (collectively "DEFENDANTS") herein, by and through his attorneys SIEGLE & SIMS L.L.P., alleges the following upon information and belief:

INTRODUCTION

      1. On or about December 11, 2001, inside the Golden Box Karaoke Club, 40-52 Main Street, Flushing, New York, Danny Cabezas, the doorman/bouncer at the location, was stabbed to death by an unknown third person. ZHAO was a patron of the club that night.

      2. On the night of said murder, the matter was investigated by members of the New York City Police Department who definitively established that ZHAO was located in a different part of the club at the time of the murder and could not have been responsible for the crime.

3. Despite this information, with little or no further investigation conducted by DEFENDANTS into the murder of Danny Cabezas, almost four years after said murder, with intentional and/or in reckless disregard for the truth, on October 24, 2005, plaintiff ZHAO was falsely arrested and imprisoned, maliciously prosecuted, assaulted, battered, interrogated and unlawfully searched, by DEFENDANTS, their agents, servants and/or employees in violation of ZHAO's rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, United States Code, Title 42, § 1983 and Article 1, §12, and Article 2, § 8 of the Constitution of the State of New York.

4. Upon his arrest, in an effort to obtain a confession, DEFENDANTS threatened, assaulted, battered, intentionally inflicted emotional distress and/or otherwise negligently inflicted emotional distress on ZHAO, causing ZHAO to sign a false confession written by NG, which DEFENDANTS, their agents, servants and/or employees knew or should have known was false and of no merit.

5. Subsequently, ZHAO was maligned, defamed, libeled, and slandered, by DEFENDANTS, their agents, servants and/or employees who published that ZHAO had confessed to a murder which DEFENDANTS' knew or should have known he did not commit, with intent to injure ZHAO and deceive the public, in reckless disregard of the truth.

6. As a result of DEFENDANTS' conduct, ZHAO was incarcerated for approximately eleven months and prosecuted for the murder of Danny Cabezas. At the insistence of ZHAO's counsel, the Queens County District Attorney's Office conducted a post-arrest, post-indictment

investigation of ZHAO's claims of innocence. Upon completion of said investigation, ZHAO was released from custody and the indictment pending against him was dismissed with prejudice.

7.    By this action ZHAO seeks to recover monetary damages, including attorneys fees, caused by the intentional and/or negligent acts and omissions of the DEFENDANTS, their agents, servants and/or employees.

## JURISDICTION

8.    Jurisdiction is founded on the existence of a federal question, United States Code, Title 28, § 1331, as the action arises, in part, under the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States and United States Code, Title 42, § 1983, as hereinafter more fully appears. Additionally, jurisdiction is founded in part on United States Code, Title 28, §§ 1343 and 1367.

## PARTIES

9.    ZHAO is a natural person who resides in the County of New York, State of New York.

10.    Defendant, CITY OF NEW YORK, was and is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

11.    At all times mentioned hereafter, defendants NG and MILAN were employees of defendant CITY and at all times referred to hereafter, were working for and acting within the scope of their employment, and under color of state law, for defendant CITY.

12. Defendant, JOHN DOE #1, was and is an employee of defendant CITY, and at all times referred to hereafter, was working for and acting within the scope of his/her employment, and under color of state law, for defendant CITY.

13. Defendant, JOHN DOE #2, was and is an employee of defendant CITY, and at all times referred to hereafter, was working for and acting within the scope of his/her employment, and under color of state law, for defendant CITY.

14. On or about November 14, 2006, before the commencement of this action, a Notice of Claim on behalf of ZHAO was served in writing sworn to by or on behalf of the claimant by delivering same by personal service upon defendant CITY, which said Notice of Claim set forth the name and post office address of claimant and claimant's attorneys, the notice of claim, the time when, the place where, and the manner in which the claim arose, and the items of damages or injuries claimed to have been sustained as far as then practicable.

15. Said Notice of Claim was presented and delivered to defendant CITY within ninety (90) days after the claim herein sued upon arose and before the commencement of this action.

16. On January 19, 2007, ZHAO was examined by defendant CITY at a hearing conducted pursuant to section 50h of the Municipal Law of the State of New York.

17. This action was commenced within one year after such cause of action arose and more than thirty (30) days have elapsed since the service of this claim or such claim was presented, and

defendant CITY has failed and/or refused to make an adjustment or payment of said claim.

## FACTS

18.  On or about December 11, 2001, ZHAO was a patron of the Golden Box Karaoke club located at 40-52 Main Street, Flushing, New York.

19.  On or about December 11, 2001, Danny Cabezas was employed by and working at the Golden Box Karaoke club as a bouncer/doorman.

20.  On or about December 11, 2001, at approximately 2:10 a.m., inside the Golden Box Karaoke Club, Danny Cabezas was stabbed to death by an unknown third person in the area of the second floor doorway entrance to the club.

21.  At the time of the stabbing, ZHAO was in another part of the club and could not have committed the murder.

22.  After being stabbed in the entrance area, Danny Cabezas stood against a wall, clutched his chest, and then stumbled to the main hallway of the club, where he collapsed and fell to the floor.

23.  At approximately the same time as Danny Cabezas fell, ZHAO walked passed him while heading toward the exit.

24. Shortly after the stabbing, numerous members of the New York City Police Department arrived at the Golden Box Karaoke Club and began conducting an investigation into the stabbing of Danny Cabezas.

25. As part of its investigation, on or about December 11, 2001, several witnesses to the murder were interviewed by DEFENDANTS, including the two managers from the location.

26. On December 11, 2001, at approximately 4:10 a.m., Yun Chen, a waitress working that night at the Golden Box, was interviewed by defendant NG.

27. Ms. Chen informed defendant NG that at approximately 2:00 a.m. there was a fight in the club. The fight was between Danny Cabezas and the patrons of room 6. George and Peter helped to break up the fight. A few minutes later Danny escorted the customers to the stair area to show them out. Ms. Chen then went into room 6, to make sure things inside the room were alright. After a brief time she exited room 6 and walked back toward the entrance/exit of the club. As she walked near room 8, she saw Danny walking back from the stairway area. Danny was holding his chest and was bleeding from the stomach area. Danny then fell down slowly to the floor in front of room 9.

28. On or about December 11, 2001, at approximately 4:00 a.m., another waitress employed by the Golden Box, Yuhua Huang, was interviewed by another detective from the New York City Police Department, Richard Maline.

29. Ms. Huang informed Detective Maline that she stopped working at approximately 2:00 a.m., at which time she went into room 9 to read a book. She heard some yelling and looked out of the room but saw nothing. After a few minutes she got up to leave the room. When she exited the room she did not see anyone. Then she went and stood by the bathroom and saw several people walking down the stairs to leave. She then saw Danny walk passed her holding his chest. He took a few steps passed her and then fell to the floor. When Danny fell to the floor she called 9-1-1.

30. On or about December 11, 2001, at approximately 3:55 a.m., Peter Yee, the Assistant Manager of the Golden Box, was interviewed by Detective Sergio Rivera.

31. Mr. Yee informed Detective Rivera that Danny Cabezas was a part-time doorman and bouncer for the Golden Box. He stated that he was present in the Golden Box that night and Danny was working. During the night, while he and the manager of the Golden Box, George Huang, were inside room 5 playing cards, he heard Danny arguing with a couple of Asian males, then he heard the walls banging. At that time he and the manager, George Huang, ran out of the room and saw Danny fighting with approximately six Asian men. George and Peter helped break up the fight and instructed Danny to walk away and let the guys leave. Danny walked to the end of the hallway and was met at the doorway by a group of male Asians who attacked Danny. Peter ran over to break up the fight. The male Asians were kicking and punching Danny. Peter saw a male Asian with long hair, wearing a white ski jacket leap over and hit Danny, possibly stabbing him in the chest. After breaking up the second fight, Peter saw Danny walking away holding his chest and then fell down to the ground in front of room 9, at which time he saw that Danny's hands were full of blood. Peter further advised that most of the Asian males fighting with Danny are on the videotapes which

were supplied to the New York City Police Department that night.

32. On or about December 11, 2001, at approximately 3:37 a.m., Detective C. Wilkinson interviewed George Huang, who identified himself as the manger of the Golden Box.

33. Mr. Huang informed Detective Wilkinson that the person who was stabbed was a part time security person named Danny. He further stated that immediately prior to the stabbing, he was talking with a friend down the hall in one of the rooms when he heard a noise coming from down the hall. He came out from the room he was in and saw male and female Chinese patrons, who were previously using room 6, fighting with Danny. He went down the hall and broke up the fight. The people involved in the fight then started leaving. Two on the male patrons were looking for their shoes while the other patrons were being led out by Danny. Shortly thereafter, Danny came back holding his chest and bleeding. While walking back, Danny fell in front of room 9, falling slowly to the floor holding his chest. The two guys that were with the group initially fighting with Danny, the ones that had been looking for shoes, then just left. They had nothing in their hands.

34. As witnessed by George Huang and depicted in the videotapes provided to the New York City Police Department that night, ZHAO was one of the two men that were getting their shoes at the time that Danny was stabbed.

35. On or about December 11, 2001, four videotapes containing various images of the activities at the Golden Box Karaoke club, before, during, and after the murder, including, but not limited to, images of the two fights that immediately preceded the murder, and images showing

portions of the actual stabbing itself, were turned over to DEFENDANTS.

36. The statements of all the witnesses, taken by the police on December 11, 2001, immediately after the stabbing, are consistent with each other.

37. The statements taken that day are corroborated by the content of the four surveillance videotapes of the Golden Box provided to the New York City Police Department on December 11, 2001.

38. Despite obtaining this information from the witnesses and obtaining four videotapes from the owners of the Golden Box, which depict portions of the murder and the events surrounding same, on October 24, 2005, ZHAO was arrested for the murder of Danny Cabezas.

39. Based upon the witness statements of December 11, 2001, and the videotapes, no probable cause existed to arrest ZHAO for the murder of Danny Cabezas.

40. Based upon the witness statements and videotapes of December 11, 2001, ZHAO could not have committed the murder.

41. On or about October 24, 2005, in the vicinity of Grand Street and Hester Street, in the County and State of New York, DEFENDANTS, their agents, servants and/or employees, without probable cause that ZHAO committed any crime, and under color of statute, placed plaintiff ZHAO under arrest by pointing firearms, frisking, handcuffing, searching, and placing ZHAO into a police

vehicle.

42. From the night of the murder, December 11, 2001, until the time of ZHAO's arrest, October 24, 2005, a period of almost four years, DEFENDANTS failed to properly investigate the stabbing death of Danny Cabezas and obtained no information contradicting the witness statements or videotape depictions of December 11, 2001, and had no basis whatsoever to arrest ZHAO.

43. Thereafter, on October 24, 2005, DEFENDANTS, their agents, servants and/or employees, under color of law, transported ZHAO to a New York City Police Department precinct in Manhattan and interrogated ZHAO regarding the murder of Danny Cabezas.

44. After denying any involvement in the murder of Danny Cabezas, DEFENDANTS transported ZHAO to the Office of the New York County District Attorney, where the interrogation of ZHAO was continued.

45. ZHAO continued to assert that he had nothing to do with the murder of Danny Cabezas.

46. Next, DEFENDANTS transported ZHAO to the New York City Police Department 112th Precinct, located in Queens, New York.

47. While at the 112th Police Precinct, DEFENDANTS, their agents, servants and/or employees, acting under color of law, assaulted, battered, tortured, terrorized, and threatened ZHAO, and through the use and infliction of unconstitutionally impermissible tactics and measures

and through the employment of unlawful physical force and psychological intimidation, coerced and forced ZHAO to sign a false written statement drafted by DEFENDANTS, which contained an admission that he had stabbed Danny Cabezas on December 11, 2001 at Golden Box Karaoke club.

48.  DEFENDANTS, their agents, servants and/or employees, by the employment of such tactics, knew that ZHAO did not voluntarily sign the statement drafted by them.

49.  DEFENDANTS, their agents, servants and/or employees, knew or should have known that the statement they prepared and forced ZHAO to sign was false.

50.  Prior to arresting ZHAO on October 24, 2005, DEFENDANTS, their agents, servants and/or employees, failed to examine the witness statements and videotapes, which, taken together, showed ZHAO could not have stabbed Danny Cabezas.

51.  DEFENDANTS, their agents, servants and/or employees, failed to re-interview the witnesses who gave statements the morning of the murder prior to arresting ZHAO on October 24, 2005.

52.  None of the witnesses to the stabbing or the events of December 11, 2001, ever implicated ZHAO in the murder of Danny Cabezas.

53. DEFENDANTS, their agents, servants and/or employees, prior to the arrest of ZHAO, possessed actual evidence of ZHAO's innocence and improperly and unlawfully acted with disregard for same.

54. Additionally, DEFENDANTS, their agents, servants and/or employees, possessed information from other members of law enforcement, including the Federal Bureau of Investigation, of the name, with a description, of the person who stabbed Danny Cabezas to death.

55. This additional information, including the name and description of said person, was not of ZHAO.

56. This additional information further corroborated the witness statements obtained on the night of December 12, 2001, and fit the description of the person who appears on the videotapes, who initially instigated the fight with Danny Cabezas, who is standing around in a taunting and threatening manner after the initial altercation, and who is seen wildly swinging an object in his hand from over his head in a downward motion during the second altercation during which Danny Cabezas was stabbed. This person is also seen in the videotapes folding an object, placing it in his waistband and hastily fleeing the scene of the murder. This physical description of the real perpetrator also matches that of Peter Yee, who witnessed the stabbing, provided on the night of the incident.

57. DEFENDANTS, their agents, servants and/or employees, failed to examine or otherwise further investigate the above statements prior to arresting ZHAO on October 24, 2005.

58. On or about October 25, 2006, DEFENDANTS, their agents, servants and/or employees, under color of law, caused a criminal court complaint to be filed in the Criminal Court of the City of New York, County of Queens, against plaintiff ZHAO charging him with Murder in the Second Degree, and which contained an allegation that ZHAO caused and admitted stabbing Danny Cabezas, thereby causing his death.

59. As a result of the DEFENDANTS conduct in causing the filing of the criminal court complaint, ZHAO was incarcerated on October 25, 2005, and held without bail for a period of almost one year.

60. Thereafter, DEFENDANTS, their agents, servants and/or employees, knowingly testified in a false and misleading manner before a grand jury sitting in Queens County, including testimony concerning the confession, which they knew or should have known was not truthful, nor voluntarily made by ZHAO.

61. As a result of the intentionally false and misleading testimony of the DEFENDANTS, their agents, servants and/or employees, the grand jury of the County of Queens filed an indictment charging ZHAO with two counts of Murder in the Second Degree and one count of Criminal Possession of a Weapon in the Fourth Degree.

62. ZHAO was incarcerated from October 24, 2005, until September 22, 2006, when, upon the motion of the District Attorney for the County of Queens, he was released on his own recognizance.

63. On December 18, 2006, the indictment charging ZHAO with Murder in the Second Degree and other charges was dismissed upon the motion of the District Attorney for the County of Queens.

64. As a result of DEFENDANTS' wrongful conduct ZHAO was incarcerated for a total of 334 days.

## CUSTOM AND PRACTICES OF DEFENDANT CITY OF NEW YORK WHICH LED TO THE WRONGFUL AND MALICIOUS ARREST, IMPRISONMENT PROSECUTION AND VICTIMIZATION OF ZHAO

65. The defendant CITY OF NEW YORK has a number of customs and practices which are employed by the New York City Police Department which caused and /or contributed to ZHAO's false arrest and imprisonment, his malicious prosecution, and the assault and battery committed against him as part of his unlawful interrogation and search.

66. Specifically, it is the custom and/or practice of defendant CITY OF NEW YORK, its agents, servants and/or employees, to routinely seize individuals, suspected of some type of criminality or possibly the witnesses to criminality, without sufficient and legal probable cause, effectively "arresting" them.

67. Additionally, it is the custom and/or practice of the defendant CITY OF NEW YORK, its agents, servants and/or employees, subsequent to the arrests and seizures of individuals, which arrests lack probable cause, through the employment of unlawful and unconstitutional physical

harm and intimidation, and psychological abuse, to interrogate and seek to elicit confessions ("false confessions") in violation of the rights of all people guaranteed by the Constitutions of the United States and State of New York.

68.  Defendant CITY OF NEW YORK, its agents, servants and/or employees, including employees of the New York City Police Department, due to a lack of training and supervision, fail to train and/or improperly train their employees in recognizing probable cause sufficient to seize an individual suspected of a crime or a witness to a crime.

69.   Defendant CITY OF NEW YORK, its agents, servants and/or employees, including employees of the New York City Police Department, due to a lack of proper training and supervision, routinely engage in a custom or practice of making arrests without sufficient and legal probable cause.

70.   Defendant CITY OF NEW YORK, its agents, servants and/or employees, including employees of the New York City Police Department, due to a lack of proper training and supervision, are taught to employ unlawful and unconstitutional physical harm, intimidation, threats, coercion, force, and psychological abuse, to elicit confessions in violation of individuals' Constitutional rights in criminal cases.

71.   The employment of the techniques taught by defendant CITY OF NEW YORK, specifically the New York City Police Department, have been shown, over time, to produce unworthy, specious, incredible and false confessions.

72. Confirmed examples of false confessions routinely elicited by defendant CITY OF NEW YORK, its agents, servants and/or employees, include: People v. Antron McCray, 1989, People v. Kevin Richardson, 1989, People v. Yusef Salaam, 1989, People v. Raymond Santana, 1989, People v. Bently Louis Grant, 2000, People v. Jason Ligon, 1999.

73. Additionally, it was the custom or practice of defendant CITY OF NEW YORK, its agents, servants and/or employees, specifically the New York City Police Department, to fail to properly resume, continue and/or re-investigate "cold cases;" criminal matters which have remained unsolved and/or not closed for a lengthy period of time.

74. Moreover, the defendant CITY OF NEW YORK, its agents, servants and/or employees, specifically the New York City Police Department, failed to properly train and/or supervise its agents, servants and/or employees, in the resumption, continuation, and /or re-investigation of such "cold cases."

75. As a result of such lack of training and supervision, it was the custom or practice of defendant CITY OF NEW YORK, its agents, servants and/or employees, to fail to properly investigate "cold cases" by failing to review evidence previously amassed, failing to locate and re-interview witnesses to the crime, and failing to exercise due care and prudence in a full and complete investigation of a "cold case."

76. As a result of the custom or practice of defendant CITY OF NEW YORK, its agents, servants and/or employees, in failing to properly investigate "cold cases," individuals are

frequently subjected to a violation of their Constitutional rights, including wrongful arrest and imprisonment.

77.  As a result of the defendant CITY OF NEW YORK, its agents, servants and/or employees, failure to properly train and/or supervise its agents, servants and/or employees in the proper investigation of "cold cases," ZHAO's Constitutional rights were violated by, among other things, his wrongful arrest and imprisonment.

## AS AND FOR A FIRST CAUSE OF ACTION
## CIVIL RIGHTS PURSUANT TO FOURTH AND FOURTEENTH AMENDMENTS
## (FALSE ARREST AND IMPRISONMENT)

78.  ZHAO repeats and reiterates the allegations contained in paragraphs 1 through 77.

79.  Defendants CITY OF NEW YORK, DETECTIVE NGA CHEUNG NG AND DETECTIVE BILLY MILAN, "JOHN DOE #1", and "JOHN DOE #2, their agents, servants and/or employees conduct and actions toward ZHAO detailed herein, including the false arrest and imprisonment of ZHAO without probable cause, were in violation of the rights guaranteed ZHAO pursuant to the Fourth Amendment of the United States Constitution.

80.  As set forth above, such conduct was the custom and practice of the defendant CITY OF NEW YORK herein.

81.  As set forth above, such conduct was the result of the improper training and/or supervision of the agents, servant and/or employees of defendant CITY OF NEW YORK,

specifically the New York City Police Department.

82. As set forth above, such conduct was performed under color of state law.

83. As a result of their conduct, DEFENDANTS violated ZHAO's civil rights and are liable to ZHAO pursuant to 42 U.S.C. §1983.

84. As a result, ZHAO suffered physical and mental injuries.

85. As a result thereof, ZHAO has been damaged in the sum of Ten Million dollars ($10,000,000).

## AS AND FOR A SECOND CAUSE OF ACTION
## CIVIL RIGHTS PURSUANT TO THE FOURTH AMENDMENT
### (MALICIOUS PROSECUTION)

86. ZHAO repeats and reiterates the allegations contained in paragraphs 1 through 85.

87. As set forth above, defendants CITY OF NEW YORK, DETECTIVE NGA CHEUNG NG AND DETECTIVE BILLY MILAN, "JOHN DOE #1", and "JOHN DOE #2," their agents, servants and/or employees, under color of state law, commenced a criminal prosecution against ZHAO.

88. As set forth above, the prosecution ended in ZHAO's favor as the matter against ZHAO was dismissed and sealed upon the motion of the District Attorney for the County of

Queens.

89. As set forth above, the prosecution of ZHAO was without probable cause.

90. As set forth above, defendants prosecuted ZHAO knowing that ZHAO had not committed any crime.

91. As set forth above, defendants prosecuted ZHAO when they should have known ZHAO had not committed any crime.

92. As set forth above, such conduct was a result of the customs and practices of the defendant CITY OF NEW YORK.

93. As set forth herein, such conduct was a result of the improper training and/or supervision of DEFENDANTS, their agents, servants and/ or employees.

94. As set forth above, as a result of the prosecution, ZHAO suffered a deprivation of liberty pursuant to the Fourth Amendment.

95. As a result of their conduct, DEFENDANTS violated ZHAO's civil rights and are liable to ZHAO pursuant to 42 U.S.C. §1983.

96. As a result, ZHAO suffered physical and mental injuries.

97.  As a result thereof, ZHAO has been damaged in the sum of Ten Million dollars ($10,000,000).

## AS AND FOR A THIRD CAUSE OF ACTION
## CIVIL RIGHTS PURSUANT TO THE FOURTH AMENDMENT
### (EXCESSIVE FORCE)

98.  ZHAO repeats and reiterates the allegations contained in paragraphs 1 through 97.

99.  DEFENDANTS conduct and actions toward ZHAO detailed herein, including the employment of excessive force and intimidation, were in violation of the rights guaranteed plaintiff pursuant to the Fourth Amendment of the United States Constitution.

100.  Such conduct was performed by DEFENDANTS within the scope of their employment and at the behest and under the supervision of the supervisors responsible for and overseeing the operation of the municipality named herein.

101.  The conduct and acts of the defendants were performed under the color of the governmental authority of the CITY.

102.  As a result of their conduct, defendant violated ZHAO's civil rights and are liable to plaintiff pursuant to 42 U.S.C. §1983.

103.  As a result, ZHAO suffered physical and mental injuries.

104. As a result thereof, ZHAO has been damaged in the sum of Ten Million dollars ($10,000,000).

## AS AND FOR A FOURTH CAUSE OF ACTION
## CIVIL RIGHTS PURSUANT TO FIFTH & FOURTEENTH AMENDMENTS
### (DUE PROCESS)

105. ZHAO repeats and reiterates the allegations contained in paragraphs 1 through 104.

106. DEFENDANTS conduct and actions toward ZHAO detailed herein, including the arrest, interrogation, abuse, confinement, repeated searches and strip searches of ZHAO were in violation of the rights guaranteed ZHAO pursuant to the Fifth and Fourteenth Amendments of the United States Constitution.

107. DEFENDANTS' conduct and actions toward plaintiff deprived plaintiff of life liberty and property without due process of law.

108. Such conduct and actions was performed by DEFENDANTS within the scope of their employment and at the behest and under the supervision of the supervisors responsible for and overseeing the operation of the municipality named herein.

109. The conduct and acts of the DEFENDANTS were performed under the color of the governmental authority of the defendant CITY.

110. As a result of their conduct, DEFENDANTS violated ZHAO's civil rights and are

liable to plaintiff pursuant to 42 U.S.C. §1983.

111.    As a result, plaintiff suffered physical and mental injuries, as well as loss of property.

112.    As a result thereof, plaintiff has been damaged in the sum of Ten Million dollars ($10,000,000).

## PENDENT STATE CLAIMS

### AS AND FOR A FIFTH CAUSE OF ACTION
(FALSE ARREST AND IMPRISONMENT)

113.    ZHAO repeats and reiterates the allegations contained in paragraphs 1 through 112.

114.    On October 24, 2005, DEFENDANTS, their agents, servants and/or employees, arrested ZHAO, handcuffed him, and took ZHAO into custody, whereby he was detained for approximately eleven (11) months.

115.    ZHAO was conscious of the arrest and confinement.

116.    ZHAO did not consent to the confinement.

117.    The arrest and confinement of ZHAO was not otherwise privileged.

118.   The arrest and confinement of ZHAO was without probable cause.

119.   As a result, ZHAO suffered physical and mental injuries.

120.   As a result thereof, ZHAO has been damaged in the sum of Ten Million dollars ($10,000,000).

## AS AND FOR A SIXTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

121.   ZHAO repeats and reiterates the allegations contained in paragraphs 1 through 120.

122.   DEFENDANTS, their agents, servants and/or employees, initiated a prosecution against ZHAO while having no probable cause to believe that ZHAO committed any crimes.

123.   DEFENDANTS, their agents, servants and/or employees acted maliciously in initiating said prosecution against ZHAO.

124.   DEFENDANTS, their agents, servants and/or employees did not act in good faith when initiating said prosecution against ZHAO.

125.   DEFENDANTS, their agents, servants and/or employees did not act on reasonable grounds when initiating said prosecution against ZHAO.

126. As a result, ZHAO suffered physical and mental injuries.

127. As a result thereof, ZHAO has been damaged in the sum of Ten Million dollars ($10,000,000).

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (ASSAULT)

128. ZHAO repeats and reiterates the allegations contained in paragraphs 1 through 127.

129. DEFENDANTS conduct detailed herein, including, the training of firearms upon ZHAO; the arrest and interrogation of ZHAO, including the throwing of a chair, repeated banging of a table, threats of violence against ZHAO, and the slapping of ZHAO's face and the slamming of ZHAO's face into/onto a table; the repeated handcuffing and transportation of ZHAO to court; the multiple strip searches of ZHAO; the repeated shackling of ZHAO; was all done with the intent of placing ZHAO in fear of imminent harmful and offensive contact and did in fact place ZHAO in fear of imminent harmful and offensive conduct.

130. As a result, ZHAO suffered physical and mental injuries.

131. As a result thereof, ZHAO has been damaged in the sum of Ten Million dollars ($10,000,000).

## AS AND FOR A EIGHTH CAUSE OF ACTION
### (BATTERY)

132. ZHAO repeats and reiterates the allegations contained in paragraphs 1 through 131.

133. DEFENDANTS' conduct toward ZHAO herein, including the training of firearms upon ZHAO; the arrest and interrogation of ZHAO, including the throwing of a chair, repeated banging of a table, threats of violence against ZHAO, and the slapping of ZHAO's face and the slamming of ZHAO's face into/onto a table; the repeated handcuffing and transportation of ZHAO to court; the multiple strip searches of ZHAO; the repeated shackling of ZHAO; was intentional.

134. ZHAO did not consent to the intentional touching of his body and person on any occasion.

135. Such conduct by the DEFENDANTS towards ZHAO constituted offensive bodily contact.

136. As a result, ZHAO suffered physical and mental injuries.

137. As a result thereof, ZHAO has been damaged in the sum of Ten Million dollars ($10,000,000).

## AS AND FOR A NINTH CAUSE OF ACTION
### (OUTRAGEOUS CONDUCT CAUSING EMOTIONAL DISTRESS)

138. ZHAO repeats and reiterates the allegations contained in paragraphs 1 through 137.

139. DEFENDANTS' conduct toward ZHAO detailed herein; including the training of

firearms upon ZHAO; the arrest and interrogation of ZHAO, including the throwing of a chair, repeated banging of a table, threats of violence against ZHAO, and the slapping of ZHAO's face and the slamming of ZHAO's face into/onto a table; the repeated handcuffing and transportation of ZHAO to court; the multiple strip searches of ZHAO; the repeated shackling of ZHAO; the repeated physical searching of ZHAO; the failure to properly investigate and examine evidence in their possession that demonstrated ZHAO's innocence of any crime; intentionally ignoring evidence of ZHAO's innocence; charging ZHAO with the crime of murder; knowingly submitting a confession that defendants knew or should have known was "false" to the criminal court and grand jury; was all intentional and done for the purpose of causing severe emotional distress to ZHAO. DEFENDANTS conduct toward ZHAO, including all the act and/or omissions detailed herein, were done in a manner so shocking and outrageous as to exceed the bounds of decency and has caused ZHAO severe emotional distress.

140. As a result, ZHAO suffered physical and mental injuries.

141. As a result thereof, ZHAO has been damaged in the sum of Ten Million dollars ($10,000,000).

## AS AND FOR A TENTH CAUSE OF ACTION
### (DEFAMATION)

142. ZHAO repeats and reiterates the allegations contained in paragraphs 1 through 141.

143. Subsequent to the arrest and processing of ZHAO by DEFENDANTS, DEFENDANTS caused to be filed a criminal court complaint falsely charging ZHAO with the

crime of Murder in the Second Degree in the Criminal Court of the City of New York, Queens County, and falsely claiming that ZHAO confessed to the crime.

144. DEFENDANTS also caused statements to be published in various newspapers that ZHAO was charged with Murder in the Second Degree and had confessed to the crime.

145. The statements in the complaint and in the newspapers were false and defamatory and DEFENDANTS knew or should have known that they were false and defamatory at the time they were uttered.

146. Such statements made by DEFENDANTS in the criminal court complaint and in the newspapers caused ZHAO disgrace and ridicule.

147. As a result of DEFENDANTS' publication of these false and defamatory statements ZHAO suffered damage to their reputation and mental injuries.

148. As a result thereof, ZHAO has been damaged in the sum of Ten Million dollars ($10,000,000).

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (NEGLIGENCE)

149. ZHAO repeats and reiterates the allegations contained in paragraphs 1 through 148.

150. DEFENDANTS acts and conduct toward ZHAO, detailed herein, including the faulty and defective investigation into the stabbing death of Danny Cabezas, their failure to examine videotape evidence and witness statements which proved ZHAO was not guilty of any crime, and resulting arrest, imprisonment, interrogation and prosecution of ZHAO for the crime of murder were performed in the course of the administration of DEFENDANTS' public duties.

151. DEFENDANTS' conduct toward ZHAO, including all the acts and omissions detailed herein, were wrongful, harmful, deceitful and negligent.

152. As a result, ZHAO suffered physical and mental injuries, as well as loss of property.

153. As a result thereof, ZHAO has been damaged in the sum of Ten Million dollars ($10,000,000).

WHEREFORE, plaintiff YANG FENG ZHAO, demands judgment against defendants CITY OF NEW YORK, DETECTIVE NGA CHEUNG NG AND DETECTIVE BILLY MILAN, "JOHN DOE #1", and "JOHN DOE #2," in the sum of Ten Million dollars ($10,000,000) for each cause of action alleged, together with the costs and disbursements of this action, including attorneys fees.

Dated: New York, New York
     May 3, 2007

Yours, etc.

SIEGLE & SIMS L.L.P.

By: _____
Eric W. Siegle (ES4277)
Jonathan D. Sims (JS8472)
Attorneys for Plaintiff
YANG FENG ZHAO
217 Broadway - Suite 611
New York, NY 10007
(212) 406-0110

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

YANG FENG ZHAO,

                    Plaintiff,

        -against-

CITY OF NEW YORK, DETECTIVE NGA
CHEUNG NG, DETECTIVE BILLY MILAN,
"JOHN DOE #1" and "JOHN DOE #2,"

                       Defendants.
------------------------------------------------------------X

      ANSWER OF DEFENDANT
      CITY OF NEW YORK

      07 CV 3636 (LAK)

      JURY TRIAL DEMANDED

      Defendant City of New York,[1] for its answer to the complaint, respectfully

alleges, upon information and belief, as follows:

      1.    Denies knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph "1" of the complaint.

      2.    Denies the allegations set forth in paragraph "2" of the complaint.

      3.    Denies the allegations set forth in paragraph "3" of the complaint.

      4.    Denies the allegations set forth in paragraph "4" of the complaint.

      5.    Denies the allegations set forth in paragraph "5" of the complaint.

      6.    Denies knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph "6" of the complaint.

      7.    Denies the allegations set forth in paragraph "7" of the complaint,

except admits that plaintiff purports to bring this action as stated therein.

---

[1] Upon information and belief, neither Detective Nga Cheung Ng nor Detective William
Milan have been served with process in this case.

1

8.    Denies the allegations set forth in paragraph "8" of the complaint, except admits that plaintiff purports to invoke this Court's jurisdiction as stated therein.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10.    Denies the allegations set forth in paragraph "10" of the complaint, except admits that the City of New York is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11.    Denies the allegations set forth in paragraph "11" of the complaint, except admits that Nga Cheung Ng and William Milan are currently employed by the New York City Police Department.

12.    Denies knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "12" of the complaint.

13.    Denies knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "13" of the complaint.

14.    Denies the allegations set forth in paragraph "14" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the City of New York Comptroller's Office on or about November 27, 2006.

15.    Denies the allegations set forth in paragraph "15" of the complaint.

16.    Denies the allegations set forth in paragraph "16" of the complaint, except admits that a 50-H hearing was conducted on or about January 19, 2007.

17.    Denies the allegations set forth in paragraph "17", except admits that the case has not been settled.

18.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.   Denies the allegations set forth in paragraph "21" of the complaint.

22.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38.   Denies the allegations set forth in paragraph "38" of the complaint, except admits that plaintiff was arrested on or about October 24, 2005.

39.   Denies the allegations set forth in paragraph "39" of the complaint.

40.   Denies the allegations set forth in paragraph "40" of the complaint.

41.   Denies the allegations set forth in paragraph "41" of the complaint.

42.   Denies the allegations set forth in paragraph "42" of the complaint.

43.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47.    Denies the allegations set forth in paragraph "47" of the complaint.

48.    Denies the allegations set forth in paragraph "48" of the complaint.

49.    Denies the allegations set forth in paragraph "49" of the complaint.

50.    Denies the allegations set forth in paragraph "50" of the complaint.

51.    Denies the allegations set forth in paragraph "51" of the complaint.

52.    Denies the allegations set forth in paragraph "52" of the complaint.

53.    Denies the allegations set forth in paragraph "53" of the complaint.

54.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint.

56.    Denies the allegations set forth in paragraph "56" of the complaint.

57.    Denies the allegations set forth in paragraph "57" of the complaint.

58.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the complaint, and respectfully

refers the Court to the criminal court complaint underlying this action for a complete and accurate statement of its contents.

    59.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the complaint.

    60.   Denies the allegations set forth in paragraph "60" of the complaint.

    61.   Denies the allegations set forth in paragraph "61" of the complaint, except admits that plaintiff was indicted by a grand jury.

    62.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the complaint.

    63.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the complaint, except admits that the indictment was dismissed.

    64.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the complaint.

    65.   Denies the allegations set forth in paragraph "65" of the complaint.

    66.   Denies the allegations set forth in paragraph "66" of the complaint.

    67.   Denies the allegations set forth in paragraph "67" of the complaint.

    68.   Denies the allegations set forth in paragraph "68" of the complaint.

    69.   Denies the allegations set forth in paragraph "69" of the complaint.

    70.   Denies the allegations set forth in paragraph "70" of the complaint.

    71.   Denies the allegations set forth in paragraph "71" of the complaint.

    72.   Denies the allegations set forth in paragraph "72" of the complaint.

    73.   Denies the allegations set forth in paragraph "73" of the complaint.

74.   Denies the allegations set forth in paragraph "74" of the complaint.

75.   Denies the allegations set forth in paragraph "75" of the complaint.

76.   Denies the allegations set forth in paragraph "76" of the complaint.

77.   Denies the allegations set forth in paragraph "77" of the complaint.

78.   In response to the allegations set forth in paragraph "78" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "77" of this answer as if fully set forth herein.

79.   Denies the allegations set forth in paragraph "79" of the complaint.

80.   Denies the allegations set forth in paragraph "80" of the complaint.

81.   Denies the allegations set forth in paragraph "81" of the complaint.

82.   Denies the allegations set forth in paragraph "82" of the complaint.

83.   Denies the allegations set forth in paragraph "83" of the complaint.

84.   Denies the allegations set forth in paragraph "84" of the complaint.

85.   Denies the allegations set forth in paragraph "85" of the complaint.

86.   In response to the allegations set forth in paragraph "86" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "85" of this answer as if fully set forth herein.

87.   Denies the allegations set forth in paragraph "87" of the complaint.

88.   Denies the allegations set forth in paragraph "88" of the complaint, except admits that the indictment was dismissed.

89.   Denies the allegations set forth in paragraph "89" of the complaint.

90.   Denies the allegations set forth in paragraph "90" of the complaint.

91.   Denies the allegations set forth in paragraph "91" of the complaint.

92.    Denies the allegations set forth in paragraph "92" of the complaint.

93.    Denies the allegations set forth in paragraph "93" of the complaint.

94.    Denies the allegations set forth in paragraph "94" of the complaint.

95.    Denies the allegations set forth in paragraph "95" of the complaint.

96.    Denies the allegations set forth in paragraph "96" of the complaint.

97.    Denies the allegations set forth in paragraph "97" of the complaint.

98.    In response to the allegations set forth in paragraph "98" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "97" of this answer as if fully set forth herein.

99.    Denies the allegations set forth in paragraph "99" of the complaint.

100.    Denies the allegations set forth in paragraph "100" of the complaint.

101.    Denies the allegations set forth in paragraph "101" of the complaint.

102.    Denies the allegations set forth in paragraph "102" of the complaint.

103.    Denies the allegations set forth in paragraph "103" of the complaint.

104.    Denies the allegations set forth in paragraph "104" of the complaint.

105.    In response to the allegations set forth in paragraph "105" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "104" of this answer as if fully set forth herein.

8

106. Denies the allegations set forth in paragraph "106" of the complaint.

107. Denies the allegations set forth in paragraph "107" of the complaint.

108. Denies the allegations set forth in paragraph "108" of the complaint.

109. Denies the allegations set forth in paragraph "109" of the complaint.

110. Denies the allegations set forth in paragraph "110" of the complaint.

111. Denies the allegations set forth in paragraph "111" of the complaint.

112. Denies the allegations set forth in paragraph "112" of the complaint.

113. In response to the allegations set forth in paragraph "113" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "112" of this answer as if fully set forth herein.

114. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the complaint, except admits that plaintiff was arrested on or about October 24, 2005.

115. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the complaint.

116. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the complaint.

117. Denies the allegations set forth in paragraph "117" of the complaint.

118. Denies the allegations set forth in paragraph "118" of the complaint.

119. Denies the allegations set forth in paragraph "119" of the complaint.

120. Denies the allegations set forth in paragraph "120" of the complaint.

121. In response to the allegations set forth in paragraph "121" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "120" of this answer as if fully set forth herein.

122. Denies the allegations set forth in paragraph "122" of the complaint.

123. Denies the allegations set forth in paragraph "123" of the complaint.

124. Denies the allegations set forth in paragraph "124" of the complaint.

125. Denies the allegations set forth in paragraph "125" of the complaint.

126. Denies the allegations set forth in paragraph "126" of the complaint.

127.   Denies the allegations set forth in paragraph "127" of the complaint.

128.   In response to the allegations set forth in paragraph "128" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "127" of this answer as if fully set forth herein.

129.   Denies the allegations set forth in paragraph "129" of the complaint.

130.   Denies the allegations set forth in paragraph "130" of the complaint.

131.   Denies the allegations set forth in paragraph "131" of the complaint.

132.   In response to the allegations set forth in paragraph "132" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "131" of this answer as if fully set forth herein.

133.   Denies the allegations set forth in paragraph "133" of the complaint.

134.   Denies the allegations set forth in paragraph "134" of the complaint.

135.   Denies the allegations set forth in paragraph "135" of the complaint.

136.   Denies the allegations set forth in paragraph "136" of the complaint.

137. Denies the allegations set forth in paragraph "137" of the complaint.

138. In response to the allegations set forth in paragraph "138" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "137" of this answer as if fully set forth herein.

139. Denies the allegations set forth in paragraph "137" of the complaint.

140. Denies the allegations set forth in paragraph "137" of the complaint.

141. Denies the allegations set forth in paragraph "137" of the complaint.

142. In response to the allegations set forth in paragraph "142" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "141" of this answer as if fully set forth herein.

143. Denies the allegations set forth in paragraph "143" of the complaint.

144. Denies the allegations set forth in paragraph "144" of the complaint.

145. Denies the allegations set forth in paragraph "145" of the complaint.

146. Denies the allegations set forth in paragraph "146" of the complaint.

147.  Denies the allegations set forth in paragraph "147" of the complaint.

148.  Denies the allegations set forth in paragraph "148" of the complaint.

149.  In response to the allegations set forth in paragraph "149" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "148" of this answer as if fully set forth herein.

150.  Denies the allegations set forth in paragraph "150" of the complaint.

151.  Denies the allegations set forth in paragraph "151" of the complaint.

152.  Denies the allegations set forth in paragraph "152" of the complaint.

153.  Denies the allegations set forth in paragraph "153" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

154.   The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

155.   There was probable cause for plaintiff's arrest, detention, and prosecution.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

156.   Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has it violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

157.   Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties and was not the proximate result of any act of defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

158.   At all times relevant to the acts alleged in the complaint, defendant acted reasonably and properly in the lawful exercise of its discretion.  Therefore, it is entitled to governmental immunity from liability.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

159.   Punitive damages are not recoverable against the City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

160.     Plaintiff's claims are barred, in whole or in part, by the applicable

statute of limitations.

Dated:     New York, New York
           July 2, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendant City of New York
                              100 Church Street, Room 3-152
                              New York, New York  10007
                              (212) 442-3551


                    By:     /s/_____
                              JOHN H. GRAZIADEI (JG 1333)
                              Senior Counsel
                              Assistant Corporation Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

YANG FENG ZHAO,

                          Plaintiff,

                -against-

CITY OF NEW YORK, DETECTIVE NGA
CHEUNG NG, DETECTIVE BILLY MILAN,
"JOHN DOE #1" and "JOHN DOE #2,"

                          Defendants.
-----------------------------------------------------------X

**ANSWER OF DEFENDANTS
NGA CHEUNG NG AND
WILLIAM MILAN**

07 CV 3636 (LAK)

**JURY TRIAL DEMANDED**

Defendants Ng and Milan, for their answer to the complaint, respectfully

allege, upon information and belief, as follows:

    1.    Deny knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph "1" of the complaint.

    2.    Deny the allegations set forth in paragraph "2" of the complaint.

    3.    Deny the allegations set forth in paragraph "3" of the complaint.

    4.    Deny the allegations set forth in paragraph "4" of the complaint.

    5.    Deny the allegations set forth in paragraph "5" of the complaint.

    6.    Deny knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph "6" of the complaint.

    7.    Deny the allegations set forth in paragraph "7" of the complaint,

except admit that plaintiff purports to bring this action as stated therein.

    8.    Deny the allegations set forth in paragraph "8" of the complaint,

except admit that plaintiff purports to invoke this Court's jurisdiction as stated therein.

9.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10.    Deny the allegations set forth in paragraph "10" of the complaint, except admit that the City of New York is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11.    Deny the allegations set forth in paragraph "11" of the complaint, except admit William Milan is currently employed by the New York City Police Department and Nga Ng retired on or about July 18, 2007.

12.    Deny knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "12" of the complaint.

13.    Deny knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "13" of the complaint.

14.    Deny the allegations set forth in paragraph "14" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the City of New York Comptroller's Office on or about November 27, 2006.

15.    Deny the allegations set forth in paragraph "15" of the complaint.

16.    Deny the allegations set forth in paragraph "16" of the complaint, except admit that a 50-H hearing was conducted on or about January 19, 2007.

17.    Deny the allegations set forth in paragraph "17", except admit that the case has not been settled.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.    Deny the allegations set forth in paragraph "21" of the complaint.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint, except admit that plaintiff was arrested on or about October 24, 2005.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47.    Deny the allegations set forth in paragraph "47" of the complaint.

48.    Deny the allegations set forth in paragraph "48" of the complaint.

49.    Deny the allegations set forth in paragraph "49" of the complaint.

50.    Deny the allegations set forth in paragraph "50" of the complaint.

51.    Deny the allegations set forth in paragraph "51" of the complaint.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.    Deny the allegations set forth in paragraph "53" of the complaint.

54.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint.

56.    Deny the allegations set forth in paragraph "56" of the complaint.

57.    Deny the allegations set forth in paragraph "57" of the complaint.

58.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the complaint, and respectfully refers the Court to the criminal court complaint underlying this action for a complete and accurate statement of its contents.

59.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the complaint.

60.  Deny the allegations set forth in paragraph "60" of the complaint.

61.  Deny the allegations set forth in paragraph "61" of the complaint, except admit that plaintiff was indicted by a grand jury.

62.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the complaint.

63.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the complaint, except admit that the indictment was dismissed.

64.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the complaint.

65.  Deny the allegations set forth in paragraph "65" of the complaint.

66.  Deny the allegations set forth in paragraph "66" of the complaint.

67.  Deny the allegations set forth in paragraph "67" of the complaint.

68.  Deny the allegations set forth in paragraph "68" of the complaint.

69.  Deny the allegations set forth in paragraph "69" of the complaint.

70.  Deny the allegations set forth in paragraph "70" of the complaint.

71.  Deny the allegations set forth in paragraph "71" of the complaint.

72.  Deny the allegations set forth in paragraph "72" of the complaint.

73.  Deny the allegations set forth in paragraph "73" of the complaint.

74.  Deny the allegations set forth in paragraph "74" of the complaint.

75.  Deny the allegations set forth in paragraph "75" of the complaint.

76.    Deny the allegations set forth in paragraph "76" of the complaint.

77.    Deny the allegations set forth in paragraph "77" of the complaint.

78.    In response to the allegations set forth in paragraph "78" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "77" of this answer as if fully set forth herein.

79.    Deny the allegations set forth in paragraph "79" of the complaint.

80.    Deny the allegations set forth in paragraph "80" of the complaint.

81.    Deny the allegations set forth in paragraph "81" of the complaint.

82.    Deny the allegations set forth in paragraph "82" of the complaint.

83.    Deny the allegations set forth in paragraph "83" of the complaint.

84.    Deny the allegations set forth in paragraph "84" of the complaint.

85.    Deny the allegations set forth in paragraph "85" of the complaint.

86.    In response to the allegations set forth in paragraph "86" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "85" of this answer as if fully set forth herein.

87.    Deny the allegations set forth in paragraph "87" of the complaint.

88.    Deny the allegations set forth in paragraph "88" of the complaint, except admit that the indictment was dismissed.

89.    Deny the allegations set forth in paragraph "89" of the complaint.

90.    Deny the allegations set forth in paragraph "90" of the complaint.

91.    Deny the allegations set forth in paragraph "91" of the complaint.

92.    Deny the allegations set forth in paragraph "92" of the complaint.

93.    Deny the allegations set forth in paragraph "93" of the complaint.

94.  Deny the allegations set forth in paragraph "94" of the complaint.

95.  Deny the allegations set forth in paragraph "95" of the complaint.

96.  Deny the allegations set forth in paragraph "96" of the complaint.

97.  Deny the allegations set forth in paragraph "97" of the complaint.

98.  In response to the allegations set forth in paragraph "98" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "97" of this answer as if fully set forth herein.

99.  Deny the allegations set forth in paragraph "99" of the complaint.

100.  Deny the allegations set forth in paragraph "100" of the complaint.

101.  Deny the allegations set forth in paragraph "101" of the complaint.

102.  Deny the allegations set forth in paragraph "102" of the complaint.

103.  Deny the allegations set forth in paragraph "103" of the complaint.

104.  Deny the allegations set forth in paragraph "104" of the complaint.

105.  In response to the allegations set forth in paragraph "105" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "104" of this answer as if fully set forth herein.

106.  Deny the allegations set forth in paragraph "106" of the complaint.

107.  Deny the allegations set forth in paragraph "107" of the complaint.

108.  Deny the allegations set forth in paragraph "108" of the complaint.

109.  Deny the allegations set forth in paragraph "109" of the complaint.

110.  Deny the allegations set forth in paragraph "110" of the complaint.

111.  Deny the allegations set forth in paragraph "111" of the complaint.

112.  Deny the allegations set forth in paragraph "112" of the complaint.

113. In response to the allegations set forth in paragraph "113" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "112" of this answer as if fully set forth herein.

114. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the complaint, except admit that plaintiff was arrested on or about October 24, 2005.

115. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the complaint.

116. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the complaint.

117. Deny the allegations set forth in paragraph "117" of the complaint.

118. Deny the allegations set forth in paragraph "118" of the complaint.

119. Deny the allegations set forth in paragraph "119" of the complaint.

120. Deny the allegations set forth in paragraph "120" of the complaint.

121. In response to the allegations set forth in paragraph "121" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "120" of this answer as if fully set forth herein.

122. Deny the allegations set forth in paragraph "122" of the complaint.

123. Deny the allegations set forth in paragraph "123" of the complaint.

124. Deny the allegations set forth in paragraph "124" of the complaint.

125. Deny the allegations set forth in paragraph "125" of the complaint.

126. Deny the allegations set forth in paragraph "126" of the complaint.

127. Deny the allegations set forth in paragraph "127" of the complaint.

128.   In response to the allegations set forth in paragraph "128" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "127" of this answer as if fully set forth herein.

129.   Deny the allegations set forth in paragraph "129" of the complaint.

130.   Deny the allegations set forth in paragraph "130" of the complaint.

131.   Deny the allegations set forth in paragraph "131" of the complaint.

132.   In response to the allegations set forth in paragraph "132" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "131" of this answer as if fully set forth herein.

133.   Deny the allegations set forth in paragraph "133" of the complaint.

134.   Deny the allegations set forth in paragraph "134" of the complaint.

135.   Deny the allegations set forth in paragraph "135" of the complaint.

136.   Deny the allegations set forth in paragraph "136" of the complaint.

137.   Deny the allegations set forth in paragraph "137" of the complaint.

138.   In response to the allegations set forth in paragraph "138" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "137" of this answer as if fully set forth herein.

139.   Deny the allegations set forth in paragraph "137" of the complaint.

140.   Deny the allegations set forth in paragraph "137" of the complaint.

141.   Deny the allegations set forth in paragraph "137" of the complaint.

142.   In response to the allegations set forth in paragraph "142" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "141" of this answer as if fully set forth herein.

143.   Deny the allegations set forth in paragraph "143" of the complaint.

144.   Deny the allegations set forth in paragraph "144" of the complaint.

145.   Deny the allegations set forth in paragraph "145" of the complaint.

146.   Deny the allegations set forth in paragraph "146" of the complaint.

147.   Deny the allegations set forth in paragraph "147" of the complaint.

148.   Deny the allegations set forth in paragraph "148" of the complaint.

149.   In response to the allegations set forth in paragraph "149" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "148" of this answer as if fully set forth herein.

150.   Deny the allegations set forth in paragraph "150" of the complaint.

151.   Deny the allegations set forth in paragraph "151" of the complaint.

152.   Deny the allegations set forth in paragraph "152" of the complaint.

153.   Deny the allegations set forth in paragraph "153" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

154.   The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

155.   There was probable cause for plaintiff's arrest, detention, and prosecution.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

156.   Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

157.   Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties and was not the proximate result of any act of defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

158.   At all times relevant to the acts alleged in the complaint, defendants City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion.  Therefore, it is entitled to governmental immunity from liability.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

159.   The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

160.   Plaintiff's claims are barred, in whole or in part, by the applicable

statute of limitations.

Dated:      New York, New York
            July 31, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, Room 3-152
                              New York, New York  10007
                              (212) 442-3551


                        By:   /s/
                              JOHN H. GRAZIADEI (JG 1333)
                              Senior Counsel
                              Assistant Corporation Counsel

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

YANG FENG ZHAO,

                           Plaintiff,

-against-

CITY OF NEW YORK, DETECTIVE NGA CHEUNG
NG, DETECTIVE BILLY MILAN, "JOHN DOE #1" and
"JOHN DOE #2,"

                           Defendants.

------------------------------------------------------------- x

**DEFENDANTS'
DISCLOSURES PURSUANT
TO FED. R. CIV. P. 26(a)**

07 CV 3636 (LAK)

    **PLEASE TAKE NOTICE** that Defendant City of New York, by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, hereby submit for its initial disclosures that:

    a.    Information regarding individuals who may have knowledge of the events set forth in the complaint may be obtained from the documents attached hereto bearing Bates Nos. 1-32.

    b.    Copies of documents and tangible things in the possession, custody, or control of defendants that may be used to support defendants' claims or defenses are identified below and attached hereto:

        Online Arrest Report, Bates nos. 1-2;
        Arrest Report, Bates no. 3;
        Sprint Report, Bates nos. 4-6;
        Booking/Arraignment/Disposition Inquiry System Report, Bates no. 7;
        Criminal Court File, Bates nos. 8-32.

    c.    Computation of damages: Not applicable.

d.   Insurance agreements: Not applicable.

Dated:      New York, New York
            July 30, 2007

                              MICHAEL A. CARDOZO
                              *Corporation Counsel of the*
                              *City of New York*
                              Attorney for Defendant
                              100 Church Street, Room 3-152
                              New York, N.Y.  10007
                              (212) 442-3551

                              By:    _John H. Graziadei (JG1333)_

TO:   Eric W. Siegle, Esq.
      Siegle & Sims LLP
      217 Broadway, Suite 611
      New York, New York 10007

2

# EXHIBIT 4

# SIEGLE & SIMS L.L.P.
*THE ASTOR BUILDING*
217 Broadway - Suite 611
New York, New York 10007
Tel: (212) 406-0110
Fax: (212) 406-5259

## FACSIMILE

The following facsimile has 1 page including this cover page. If you have any difficulty, or if the transmission was incomplete, please advise at (212) 406-0110.

| | | | |
|---|---|---|---|
| **Company:** | Corporation Counsel | **Date:** | September 11, 2007 |
| **Attention:** | John Graziadei, Esq. | **From:** | SIEGLE & SIMS L.L.P. |
| **Facsimile #:** | (212) 788-9776 | **Attorney:** | Jonathan D. Sims |
| **Telephone #:** | (212) 442-3551 | **Re:** | Zhao v. City et al. |

**Comments:** Please forward the confidentiality stipulation with the agreed upon changes to the undersigned and we will return same immediately. Please also forward, in writing, proposed dates for completing all noticed depositions within the court's original scheduling order as soon as possible.

The information contained in this facsimile communication is privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or reproduction of this facsimile communication is strictly prohibited. If this facsimile communication has been received in error, please immediately notify us by telephone and return the original message to us at the above address by mail ( we will reimburse the postage). Thank you.

09/11/2007 13:32 FAX 2124065259          SIEGLE AND SIMS LLP

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

TX/RX NO                0128
CONNECTION TEL                12127889776
SUBADDRESS
CONNECTION ID
ST. TIME                09/11 13:32
USAGE T                 00'16
PGS. SENT                   1
RESULT                  OK


# SIEGLE & SIMS L.L.P.

*THE ASTOR BUILDING*

217 Broadway - Suite 611

New York, New York 10007

Tel: (212) 406-0110

Fax: (212) 406-5259


## FACSIMILE

The following facsimile has 1 page including this cover page. If you have any difficulty, or if the transmission was incomplete, please advise at (212) 406-0110.

**Company:**  Corporation Counsel

**Attention:**  John Graziadei, Esq.

**Facsimile #:**  (212) 788-9776

**Telephone #:**  (212) 442-3551

**Date:**  September 11, 2007

**From:**  SIEGLE & SIMS L.L.P.

**Attorney:**  Jonathan D. Sims

**Re:**  Zhao v. City et al.

**Comments:** Please forward the confidentiality stipulation with the agreed upon changes to the undersigned and we will return same immediately. Please also forward, in writing, proposed dates for completing all noticed depositions within the court's original scheduling order as soon as possible.

## Jonathan Sims

From: Jonathan Sims
Sent: Wednesday, September 12, 2007 1:46 PM
To: 'jgraziad@law.nyc.gov'

We have left several messages for you both this morning and this afternoon in order to try to resolve minor issues on the confidentiality stipulation. We have not heard from your. Please contact us as soon as possible so we can get this matter moving. Thank you.

Jonathan D. Sims
SIEGLE & SIMS LLP
217 Broadway, Suite 611
New York, NY 10007
Office: (212) 406-0110
Fax:    (212) 406-5259

# Jonathan Sims

**From:** Jonathan Sims
**Sent:** Friday, September 14, 2007 5:11 PM
**To:** 'jgraziad@law.nyc.gov'
**Subject:** confidentiality stipulation

As per our conversation, this will confirm that your supervisor is out of the office due to the Jewish Holidays today, and has not been available to consult with you on the proposed changes to the confidentiality stipulation. You informed us that you believe that the earliest that you will be able to modify the stipulation and provide it for our signature is the afternoon of September 17, 2007 or the morning of September 18, 2007, however, you have assured us that you are working on preparing the discovery (ie. bate stamp and redacting) and would provide the discovery as soon as possible. Lastly, you have informed us that you are still contacting witnesses for depositions and are not ready to attempt to schedule same. Thank you.

Jonathan D. Sims
SIEGLE & SIMS LLP
217 Broadway, Suite 611
New York, NY 10007
Office: (212) 406-0110
Fax:    (212) 406-5259

## Jonathan Sims

From:     Jonathan Sims
Sent:     Tuesday, September 18, 2007 10:51 AM
To:       'jgraziad@law.nyc.gov'
Subject:  stipulation, discovery and depositions

Dear John:

During our last conversation, on Friday September 14, 2007, you informed me that the earliest that you would be able to provide the final confidentiality stipulation, was on Monday, September 17, 2007 in the evening, or today, Tuesday, September 18, 2007, in the morning. I left a message for you this morning regarding same, and we have not heard from you. Please forward the stipulation immediately so that we may execute same and obtain the discovery. Further, due to the short discovery schedule imposed by the Court, we must schedule depositions in this matter immediately. During our conversation on Friday, September 14, 2007 you mentioned that you did not believe that you would be able to produce the noticed witnesses for depositions within the Cout's schedule, and that you would likely have to move for an enlargement of time. Please contact us immediately so that we can schedule deposition dates in this matter, or in the alternative, forward us your application to the Court for an enlargement of time. We look forward to hearing from you.

Jonathan D. Sims
SIEGLE & SIMS LLP
217 Broadway, Suite 611
New York, NY 10007
Office:  (212) 406-0110
Fax:     (212) 406-5259

SIEGLE & SIMS L.L.P.

*THE ASTOR BUILDING*

217 BROADWAY • SUITE 611

NEW YORK, NEW YORK 10007

TELEPHONE: (212) 406-0110

FACSIMILE: (212) 406-5259

JONATHAN D. SIMS

ERIC W. SIEGLE

September 18, 2007

VIA FACSIMILE

The City of New York

Law Department

100 Church Street

New York, NY 10007

Attn: John H. Graziadei, A.C.C.

Re:   <u>Yang Feng Zhao v. The City of New York et. al.</u>

Docket No.:  07CV3636

Dear Mr. Graziadei:

As you are aware, we had been waiting for you to obtain approval from your supervisors on the negotiated changes in the confidentiality stipulation, the execution of which you conditioned the production of all discovery, and did not hear from you until approximately 4:40 p.m. on September 18, 2007. In the interest of speeding up this process, we decided to execute the stipulation in its latest form, and forego our requested changes. Thus, attached, please find the executed stipulation. Please provide the discovery to the undersigned as soon as possible.

In addition, despite a very tight discovery schedule, to date you have not provided us with proposed dates for depositions. This letter will serve to confirm that you informed us that you hoped to have dates for the noticed depositions by the end of this week, September 21, 2007, or, in the alternative, that if you could not produce the witnesses within the discovery schedule, you would make an application to the Court for an enlargement of the schedule.

Very truly yours,

SIEGLE & SIMS L.L.P.

Jonathan D. Sims

Attach.

SIEGLE & SIMS L.L.P.

*THE ASTOR BUILDING*

217 BROADWAY • SUITE 611

NEW YORK, NEW YORK 10007

TELEPHONE: (212) 406-0110

FACSIMILE: (212) 406-5259

JONATHAN D. SIMS

ERIC W. SIEGLE

September 20, 2007

**VIA FACSIMILE**

The City of New York

Law Department

100 Church Street

New York, NY 10007

Attn: John H. Graziadei, A.C.C.

   Re: <u>Yang Feng Zhao v. The City of New York et. al.</u>

     Docket No.: 07CV3636

Dear Mr. Graziadei:

  Despite our numerous attempts to schedule the depositions in this matter, and despite the Court's instructions on September 11, 2007 to complete the discovery in this matter within the Court's scheduling order, you have repeatedly informed us that you are not able to schedule the depositions in this matter as you have not been able to determine the witnesses' availability. Further, despite our execution of the confidentiality stipulation relating to discovery in this matter on September 18, 2007, (which was delayed by the unavailability of your supervisor to review proposed changers and, nevertheless, was executed by our office without the minor changes we desired in order to expedite the discovery process herein) we have still not been provided with the discovery.

  Please accept this correspondence as our good faith attempt to both obtain the discovery in this matter and schedule the depositions within the Court's scheduling order. If we do not hear from you, we will be forced to move to compel the production of the discovery and the production of the witnesses for examination.

     Very truly yours,

     SIEGLE & SIMS L.L.P.

     Jonathan D. Sims



THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ICHAEL A. CARDOZO
*rporation Counsel*

JOHN H. GRAZIADEI
*Senior Counsel*
Telephone: (212) 442-3551
Facsimile: (212) 788-9776

September 21, 2007

**VIA FACSIMILE**
Jonathan Sims, Esq.
Siegle & Sims L.L.P.
217 Broadway, Suite 611
New York, New York 10007

Re: *Zhao v. City of New York, et al.*, 07 CV 3636 (LAK)

Dear Jonathan,

As you know, the documents requested by plaintiff in the above-referenced litigation concern an open homicide investigation. Although defendants have been working expeditiously to gather and produce certain responsive and discoverable information, it came to this office's attention that recent developments in the investigation may impact the disclosure of the confidential investigation information plaintiff has requested. Accordingly, defendants will require until early next week before making such disclosures.

Further, defendants are in the process of determining the availability of the noticed witnesses for deposition prior to October 18, 2007. I will submit the dates upon which the witnesses will be available to you next week as well.

Thank you for your anticipated cooperation. Please call me with any questions.

Sincerely,

John H. Graziadei
Senior Counsel



MICHAEL A. CARDOZO
*Corporation Counsel*

# THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

JOHN H. GRAZIADEI
*Senior Counsel*
Telephone: (212) 442-3551
Facsimile: (212) 788-9776

September 21, 2007

**VIA FACSIMILE**
Jonathan Sims, Esq.
Siegle & Sims L.L.P.
217 Broadway, Suite 611
New York, New York 10007

Re: *Zhao v. City of New York, et al.*, 07 CV 3636 (LAK)

Dear Jonathan,

Pursuant to the June 21, 2007 Scheduling Order, plaintiff was required to make expert disclosures on or before September 1, 2007. By Order dated August 17, 2007, the Court granted plaintiff's application to the extent that expert witness disclosure deadlines were extended until Judge Kaplan had an opportunity to consider the request. At the conference on September 11, 2007, Judge Kaplan did not grant plaintiff's request concerning the application. By letter application dated August 14, 2007 plaintiff indicated that he had retained the services of three experts. If plaintiff intends to offer expert witnesses, please disclose immediately the identities of the experts as well as their background qualifications and the topics on which they will be offered by plaintiff. Because plaintiff has not supplied this information, defendants have been unable to begin the process of retaining rebuttal expert witnesses.

Sincerely,

John H. Graziadei
Senior Counsel

SIEGLE & SIMS L.L.P.

*THE ASTOR BUILDING*

217 BROADWAY • SUITE 611

NEW YORK, NEW YORK 10007

TELEPHONE: (212) 406-0110

FACSIMILE: (212) 406-5259

JONATHAN D. SIMS

ERIC W. SIEGLE

September 24, 2007

**VIA HAND DELIVERY**

The City of New York

Law Department

100 Church Street

New York, NY 10007

Attn: John H. Graziadei, A.C.C.

Re:   Yang Feng Zhao v. The City of New York et. al.

Docket No.:   07CV3636

Dear Mr. Graziadei:

In response to your correspondence regarding expert disclosure dated September 21, 2007, please see attached disclosure pursuant to Rule 26(a)(2). The disclosure is absent substantive reports at this time as you have failed to provide plaintiff with any substantive discovery materials for these experts to evaluate and analyze at this time, despite your acknowledgment that there is "a lot" of materials, and you have unilaterally refused to produce parties/witnesses to be deposed that were properly noticed by plaintiff's counsel.

Second, in your correspondence, also dated September 21, 2007, relating to your failure to produce discoverable information on the ground that recent developments in the "open homicide investigation," have "impact[ed]" the disclosure of these materials, we fail to see how any developments could impact the disclosure in light of the fact that we have already executed the confidentiality stipulation. As per our numerous discussions, as well as your statement at the September 11, 2007 conference before Judge Kaplan, the fact that a open homicide investigation existed was the main reason you required the execution of the stipulation. Thus, we request that you provide responsive disclosure immediately.

Further, you still have not provided proposed deposition dates for the noticed witnesses within the Court's discovery schedule despite our repeated requests for you to provide same. Your letter of September 21, 2007 states that you will provide deposition dates this week. Due to the very limited time that exists to complete these depositions prior to October 18, 2007, we ask that you provide said dates immediately.

page 2
September 24, 2007
Re: Zhao v. City, et. al.

We are hopeful that we will hear from you immediately to resolve these issues and obviate the need for us to file a motion to compel disclosure in this matter.

Lastly, enclosed, please find four (4) video tapes which are copies of the video tapes that were turned over to defendant by the district attorney's office during the underlying murder prosecution. We have already provided you with DVD's which were copies of the same video tapes.

Very truly yours,

SIEGLE & SIMS L.L.P.

Jonathan D. Sims

Encs.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK ————————x

Docket #: 07CV3636 (LAK)

YANG FENG ZHAO,

              Plaintiff,

PLAINTIFF'S DISCLOSURE
PURSUANT TO
FRCP 26(a)(2)

    -against-

CITY OF NEW YORK, DETECTIVE NGA
CHEUNG NG, DETECTIVE BILLY MILAN,
"JOHN DOE #1" and "JOHN DOE #2,"

              Defendants.

————————————————————x

Pursuant to Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure, plaintiff, YANG

FENG ZHAO, by his attorneys, SIEGLE & SIMS L.L.P., hereby provides defendants disclosure

of the identity of those persons who plaintiff may use at trial to present evidence under Rules

702, 703 or 705 of the Federal Rules of Evidence:

1.    Deborah Davis, Ph.D., University of Nevada, Department of Psychology, Reno, Nevada
      89577, (775) 722-7779, an expert who has been retained to provide testimony as to
      confessions and interrogations;

2.    Michael T. Lyons, Now You See It Investigative Services, Inc., 1462 Nepperhan Avenue,
      Yonkers, New York 10707, (914) 964-1184, an expert who has been retained to provide
      testimony as to forensic video analysis as utilized in police investigations;

3.    Walter Signorelli, Esq., 1992 Commerce Street, Yorktown Heights, New York 10598,
      (914) 245-5904, an expert who has been retained to provide testimony as to New York
      City Police Department administration and police procedure.

Additionally, based on the fact that we have not received documentary discovery from defendants, nor had an opportunity to depose defendants, pursuant to Federal Rule of Civil Procedure 26 (a)(2)(B), copies of duly executed written reports of these witnesses will be disclosed hereafter.

Dated: New York, New York
       September 24, 2007

Respectfully submitted,

SIEGLE & SIMS L.L.P.

By:_____
    Eric W. Siegle (ES4277)
    Attorneys for Plaintiff
    YANG FENG ZHAO
    217 Broadway- Suite 611,
    New York, New York, 10007
    (212) 406-0110

To:    MICHAEL A. CARDOZO
       Corporation Counsel
       Attorneys for Defendant
       CITY OF NEW YORK
       100 Church Street
       New York, NY 10007
       (212) 442-3551
       NYCLIS No. 2007-015691

# SIEGLE & SIMS L.L.P.
*THE ASTOR BUILDING*
217 Broadway - Suite 611
New York, New York 10007
Tel: (212) 406-0110
Fax: (212) 406-5259

### FACSIMILE

The following facsimile has 2 pages. If you have any difficulty, or if the transmission was incomplete, please advise at (212) 406-0110.

**Company:**   Corporation Counsel

**Attention:**   John Graziadei, Esq.

**Facsimile #:**   (212) 788-9776

**Telephone #:**   (212) 442-3551

**Date:**   September 25, 2007

**From:** SIEGLE & SIMS L.L.P.

**Attorney:** Jonathan D. Sims

**Re:** Zhao v. City et al.

**Comments:** Please allow this correspondence to memorialize our conversations of today. You informed me today, that despite our execution of the confidentiality stipulation on September 18, 2007, which execution you conditioned the provision of all discovery herein, that you would not be able to turn the discovery over until you reviewed same with the case detective, due to the existence of an open homicide investigation. You informed us that you were meeting with the detective tonight or tomorrow morning, and would then be able to turn over the discovery. We therefore expect that you will hand deliver all discovery tomorrow, September 26, 2007. Based upon your prior unfulfilled promises that you would turn over said documents on September 21, 2007, and thereafter, no later than September 25, 2007, if we don't actually receive the documents on September 26, 2007, we will have no choice but to move to compel disclosure.

Further, during our conversation regarding discovery in this matter, you indicated that you were not sure if you possessed the grand jury minutes, and that they may still be sealed. We find it distressing that as of this late date you are unaware of what documents you actually possess and whether documents may be sealed despite the release you had plaintiff execute. As you are aware, we are entitled to the grand jury minutes, and it is critical that we be provided with same. We will move to compel production of the grand jury minutes if they are not provided with the discovery.

Further, despite our repeated requests to schedule depositions in this matter, and despite noticing five depositions on August 2, 2007, and one deposition on August 17, 2007, you have informed us for the first time today that four of the police officer witnesses are no longer employed by NYPD, and that you are making efforts to locate them and produce them for depositions. You indicate that you are working on scheduling depositions within the Court's discovery schedule for

said four witnesses. Due to the fact that the end date of all discovery is approximately 3 weeks away, we request that you provide us with proposed dates for said witnesses testimony no later than tomorrow, September 26, 2007, or we will make appropriate motions to the Court.

Lastly, for the first time today, you informed us that you could produce Detectives Milan and Ng on October 15, 2007 and October 16, 2007, respectively. We asked that you provide this information in writing, and you have failed to provide same. Please provide a letter stating your intention to produce Milan and Ng on said dates.

We have made all efforts to work with you to attempt to expedite the discovery in this matter. We do not wish to involve the Court, however, given your unfulfilled promises to provide discovery to date and the fact that you are only now attempting to locate witnesses noticed almost two months ago, we will have no choice but to move to compel disclosure if the above deadlines are not met.

The information contained in this facsimile communication is privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or reproduction of this facsimile communication is strictly prohibited. If this facsimile communication has been received in error, please immediately notify us by telephone and return the original message to us at the above address by mail ( we will reimburse the postage). Thank you.

**Jonathan Sims**

| | |
|---|---|
| **From:** | Graziadei, John H. [jgraziad@law.nyc.gov] |
| **Sent:** | Tuesday, September 25, 2007 6:15 PM |
| **To:** | Jonathan Sims |
| **Subject:** | RE: Zhao-Plaintiff, Milan, Ng depositions |

Noted. Thanks.

---

**From:** Jonathan Sims [mailto:J.Sims@siegleandsims.com]
**Sent:** Tuesday, September 25, 2007 6:09 PM
**To:** Graziadei, John H.
**Subject:** RE: Zhao-Plaintiff, Milan, Ng depositions

Please note that we are confirmed for defendants depositions as indicated below. With regard to plaintiff's depositions, today was the first instance in which you mentioned plaintiff's deposition since Judge Kaplan denied our joint application to enlarge the discovery schedule herein, and you proposed October 9, 2007. I specifically told you that I would have to check our schedule and our client's schedule with regard to the October 9, 2007 date. Thus, we are not yet confirmed on that date. I will contact you tomorrow to confirm based upon our availability.

Jonathan D. Sims
SIEGLE & SIMS LLP
217 Broadway, Suite 611
New York, NY 10007
Office: (212) 406-0110
Fax:     (212) 406-5259

---

**From:** Graziadei, John H. [mailto:jgraziad@law.nyc.gov]
**Sent:** Tuesday, September 25, 2007 5:46 PM
**To:** Jonathan Sims
**Subject:** Zhao-Plaintiff, Milan, Ng depositions

Jon,

As we discussed, plaintiff's deposition is confirmed for October 9, 2007, Detective Milan is confirmed for October 15, 2007, and Detective Ng is confirmed for October 16, 2007. Please let me know if you have any questions.

John

John H. Graziadei, Esq.
Senior Counsel
Assistant Corporation Counsel
Special Federal Litigation Division
The City of New York Law Department

## Certificate of Service

I hereby certify that on September 26, 2007, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and/or participants:

> The City of New York
> Law Department
> 100 Church Street
> New York, NY 10007
> Attn: John H. Graziadei, A.C.C.

SIEGLE & SIMS L.L.P.

By: _____
    Eric W. Siegle (ES4277)
    Attorneys for Plaintiff
    YANG FANG ZAHO
    217 Broadway - Suite 611
    New York, New York 10007
    (212) 406-0110