

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**JOHN H. GRAZIADEI**
*Senior Counsel*
Telephone: (212) 442-3551
Facsimile: (212) 788-9776

October 1, 2007

**VIA ECF**
Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Zhao v. City of New York, et al.*, 07 CV 3636 (LAK)

Your Honor:

Defendants City of New York, Detective Ng, and Detective Milan write in opposition to plaintiff's September 26, 2007 Motion to Compel Discovery by defendants and for other relief from the Court. Specifically, plaintiff requests that defendants produce "substantive materials responsive to plaintiff's interrogatories and document requests" and "schedule the depositions of the witnesses noticed by Zhao." Plaintiff further requests that the Court enlarge plaintiff's time to provide expert disclosures which were due on September 1, 2007 but which have not yet been produced.

Defendants respectfully request an order from the Court: (a) granting a brief enlargement from the Court to permit the production of one non-party witness requested for deposition by plaintiff on October 22, 2007;[1] (b) compelling the production of plaintiff for deposition on two days, October 10 and 11, 2007; (c) compelling the production of certain "enhanced" surveillance video by Wednesday, October 3, 2007 or, in the alternative, that plaintiff be precluded from introducing any enhanced video in this litigation; and (d) granting defendants a thirty-day enlargement of time to produce Fed. R. Civ. P. 26(a)(2) rebuttal expert witness disclosures upon

---

[1] By Your Honor's June 19, 2007 Scheduling Order, all discovery is presently scheduled to end on October 18, 2007.

receipt of plaintiff's disclosures, if any, should the Court grant plaintiff's request to submit expert disclosures which are now already one month overdue.

## Document Discovery

With respect to document discovery, to date defendants have produced: (a) the criminal court file in the underlying prosecution; (b) documents obtained from the Queens District Attorney's Office pertaining to plaintiff's prosecution; and (c) non-privileged documents from the New York City Police Department's investigation of the underlying homicide, which remains an open investigation. Plaintiff's motion with respect to compelling the production of unidentified "substantive materials" is therefore moot. Under a separate cover, defendants shall also promptly produce to plaintiff a privilege log identifying certain documents as privileged pursuant to the law enforcement privilege on the ground that the documents relate directly to a sensitive investigation into an open homicide and it is clearly foreseeable that disclosure would interfere with the successful apprehension of potential criminal suspects. The privilege log also identifies documents relating to third-party criminal cases that may have been sealed pursuant to C.P.L. § 160.50 and for which no release has been submitted to permit disclosure. Should the Court wish to review the privilege log and/or these documents *in camera*, defendants will promptly forward them to the Court.

Plaintiff has made representations to defendants on numerous occasions that he is having the videotapes provided to him during his criminal prosecution "enhanced" by a technician so that additional information that is otherwise obscured will be visible. Indeed, plaintiff today acknowledged that he has not yet produced this discovery but that his technician is "working on it" and that plaintiff's counsel was planning to meet with him about the video. Given that plaintiff's deposition is currently scheduled to commence on October 10, 2007 and that defendants require sufficient time to review and analyze this new information, defendants respectfully request that the Court compel the production of this "enhanced" surveillance video by the end of business on Wednesday, October 3, 2007 or, in the alternative, that plaintiff be precluded from introducing any enhanced video in this litigation.

## Deposition Discovery

Plaintiff's deposition is presently scheduled to proceed on October 10, 2007. However, defendants learned from plaintiff for the first time at the end of business on Friday, September 28, 2007, in response to defendants' request for confirmation that plaintiff would, indeed, be produced for deposition on either October 9, 10, or 11 and whether a translator would be necessary and, if so, what language, that plaintiff would require a Cantonese translator for his deposition. Although plaintiff agreed to produce plaintiff for one day, October 10, 2007, he has objected to any additional time whatsoever despite the inevitable time-consuming delay and confusion that the translation of every question and answer between Cantonese and English will require. Accordingly, defendants respectfully request that plaintiff be compelled to produce himself for deposition for two full days, on October 10 and 11, 2007 to permit defendants to conduct a full and fair deposition.

With respect to defendants' depositions, both of the individual defendants' depositions were confirmed for October 15 and 16, 2007 prior to the filing of plaintiff's unnecessary motion and any motion to compel their production is therefore moot. However, in addition to the depositions of defendants Ng and Milan, plaintiff also seeks the depositions of four non-party witnesses – all of whom have retired and are no longer employed by the Police Department or under the City of New York's control. Moreover, two of the witnesses have relocated to Florida (Frank Rivera and Richard Maline), one has relocated to Georgia (Cedric Wilkinson); and one has relocated to upstate New York (Frank Romano). Nevertheless, defendants are making a good-faith effort to produce these non-party witnesses in New York City and within the Court's discovery period. To that end, defendants have requested plaintiff's consent for the following dates: Richard Maline on October 12, 2007 and Frank Romano on October 18, 2007. Plaintiff, however, has indicated that he cannot consent to these dates until tomorrow at the earliest.

Defendants have also determined that non-party witness Frank Rivera will be traveling to New York from Florida on an unrelated matter and may be available on October 22, 2007 for deposition. Because of the clear efficiencies available, defendants respectfully request the Court's permission to produce Mr. Rivera on October 22, 2007 despite the fact that discovery is currently scheduled to close on October 18, 2007. Plaintiff has consented to this request.

Finally, defendants have not received a response from Mr. Wilkinson, a non-party witness who relocated to Georgia after retiring from the Police Department. Defendants, however, are continuing to make a good-faith effort to make contact with this potential witness.

**<u>Expert Disclosures</u>**

Although plaintiff's expert disclosures required by Fed. R. Civ. P. 26(a)(2) were due on September 1, 2007, defendants have not received them. Indeed, plaintiff failed to identify even the three experts he has retained until asked to do so by defendants by letter dated September 21, 2007 and provided their background and resume information for the first time on September 27, 2007. Accordingly, should the Court grant plaintiff's application for an enlargement of time to provide expert disclosures despite the fact that they are already over one month overdue, defendants respectfully request that they be permitted a corresponding enlargement of thirty days to submit rebuttal expert witness disclosures upon receipt of plaintiff's disclosures, if any.

Accordingly, defendants City of New York, Detective Ng, and Detective Milan write in opposition to plaintiff's September 26, 2007 Motion to Compel Discovery by defendants and for other relief from the Court and respectfully request an order from the Court: (a) granting a brief enlargement from the Court to permit the production of one non-party witness requested for deposition by plaintiff on October 22, 2007; (b) compelling the production of plaintiff for deposition on two days, October 10 and 11, 2007; (c) compelling production of certain "enhanced" surveillance video by Wednesday, October 3, 2007 or, in the alternative, that plaintiff be precluded from introducing any enhanced video in this litigation; and (d) granting defendants a thirty-day enlargement of time to produce Fed. R. Civ. P. 26(a)(2) rebuttal expert witness disclosures upon receipt of plaintiff's disclosures should the Court grant plaintiff's

request to submit expert disclosures which are now already one month overdue.

Respectfully submitted,


/s/
John H. Graziadei (JG 1333)
Senior Counsel
Assistant Corporation Counsel


cc:    Jonathan Sims, Esq.