**SIEGLE & SIMS L.L.P.**
*THE ASTOR BUILDING*
217 BROADWAY • SUITE 611
NEW YORK, NEW YORK 10007
TELEPHONE: (212) 406-0110
FACSIMILE: (212) 406-5259

ERIC W. SIEGLE                                                                                               JONATHAN D. SIMS

October 2, 2007

**VIA ECF & HAND DELIVERY**
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, New York 10007

Attn.: Lewis A. Kaplan, U.S.D.J.

        Re:    **Zhao v. City of New York et al.**
                  **07CV.3636 (LAK)**

Dear Honorable Judge Kaplan:

      New developments in the above-referenced matter require us to supplement our original motion to compel, reply to defendants' opposition, and to oppose defendants' cross-motion to compel production of what they refer to as "enhanced" surveillance video and production of plaintiff for two (2) days of deposition testimony.

      Defendants, who characterized our motion to compel as unnecessary, have only turned over a portion of the requested discovery, hours before filing their response. Defendants have failed to turn over the bulk of discovery that we requested, including certain personnel files, training materials, complete copies of police investigative materials, corrections department records, the District Attorney's Office File (including grand jury minutes) and of significant importance, the original four video surveillance tapes, which capture much of the activity surrounding the murder that underlies this action.[1] Further, in defendants' counsel's letter that was provided with the discovery, he advised that a privilege log would be provided "forthwith under separate cover," which will presumably contain a list of documents that counsel is not

---

[1] It should be noted that four (4) surveillance tapes VHS tapes were turned over to plaintiff during the underlying criminal case as discovery therein. We are advised by our forensic video expert that these tapes are likely second or third generation copies, and because of numerous hours of viewing, the images on the tapes can degrade. He has requested fresh copies (direct copies off of the originals) which would contain the highest quality images. To date, and despite our specific demand for said tapes, defendants' have failed to turn over same. Further, plaintiff has reason to believe that at least one of the tapes that was provided during the underlying criminal matter was an incomplete copy of the original. Hence our motion to compel.

willing to turn over because they are the subject of an open police homicide investigation. We have not yet received this privilege log. It is disturbing that counsel continues to withhold documents, including those relating to an open investigation, as counsel conditioned the production of all this discovery upon the execution of a confidentiality agreement, and did not raise this issue during the conference with the Court on September 11, 2007, stating the only impediment to disclosure of the requested documents was the stipulation, which was executed on September 18, 2007. Despite the executed stipulation, counsel still refuses to disclose said documents. We are also aware that counsel is refusing to disclose documents that pre-date the arrest and prosecution of plaintiff as one of the undisclosed documents, a copy of which we provided defendants', was handwritten information identifying someone other than the plaintiff as the murderer, which document had been turned over to plaintiff as Brady material during the underlying criminal action. It seems, therefore, that the some of the documents defendants' now claim are privileged, are directly relevant to plaintiff's arrest and prosecution herein. Thus, defendants' position that plaintiff's motion to compel documentary discovery has been made moot by his production yesterday, is inaccurate, and, in fact, the bulk of the requested discovery has not been provided. Plaintiff therefore moves to compel the immediate production of all discovery, especially in view of our execution of the "attorney eyes only" confidentiality stipulation.

Defendants' move to compel the disclosure of certain "enhanced" video surveillance. Plaintiff opposes this application. First, we have already provided exact VHS duplicates (as well as DVD duplicates) of the video surveillance tapes. As we explained to defendants' counsel on more than one occasion, when you play a VHS on a television screen, a relatively large portion of the image will not be visible due to the way a television formats the image. The portion of the image that is not visible is called "underscan." By re-formatting the screen with widely available video equipment, the underscan can be observed. Essentially, it is akin to a feature film being "letter boxed" to fit a television screen so that the entire movie can be viewed. As we informed defendants' counsel, he is already in possession of copies of our videos which contain the full underscan, and thus, his motion to compel should be denied.

In addition, we wish to point out that, contrary to defendants' specious allegation that plaintiff is not cooperating in setting deposition dates for noticed witnesses, defendants' intentionally fail to inform the Court that they proposed said dates of the former police officers and detectives at approximately 3:30 p.m. on October 1, 2007, prior to their incomplete documentary production, hours before they filed their late opposition papers. As both my partner and I were out of the office when the dates were proposed, we informed that we would have to check our schedules and would contact counsel on October 2, 2007. Additionally, before scheduling, we wanted to quickly review the materials provided our office yesterday, as our office advised it totaled approximately 190 pages, not the "7-8 inches" of materials counsel previously advised he was producing.

Lastly, defendants' counsel moves to compel production of plaintiff for two separate days for deposition. Defendants' claim this is necessary because plaintiff speaks Cantonese, and they just became aware that he would require an interpreter. First, at defendants' request, plaintiff agreed to be produced on October 10, 2007. Thereafter, on October 1, 2007, hours before filing

SIEGLE & SIMS L.L.P.

its opposition papers, defendants' counsel contacted us and asked for the plaintiff's deposition to continue on October 11, 2007, as well. Because of prior scheduling issues, we informed defendants' counsel that we could not produce plaintiff on October 11, 2007. In addition, defendants' stated excuse that he just became aware that our client spoke Cantonese is incredible, in light of the fact that defendants interrogated our client in Chinese, authored an alleged statement for him to execute in the underlying criminal action in Chinese, and have already conducted an examination pursuant to N.Y.S. General Municipal Law §50-h utilizing a Cantonese interpreter. Thus, we oppose defendants' motion to compel the production of plaintiff for two consecutive days of testimony.

Wherefore, we respectfully request that the Court order defendants' to immediately provide full disclosure; that the Court enlarge our time to provide expert disclosure in view of the fact that we still have not been provided with complete discovery; and deny defendants' motion to compel in its entirety.

Respectfully submitted,

SIEGLE & SIMS L.L.P.

Eric W. Siegle

cc:    John H. Graziadei, A.C.C. (via ECF)