09/18/2007 17:02 FAX 2124065259    SIEGLE AND SIMS LLP    Sep 18 2007 04:51pm    Received    KAPLAN T    @002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

YANG FENG ZHAO,

                   Plaintiff,

    -against-

CITY OF NEW YORK, DETECTIVE NGA CHEUNG
NG, DETECTIVE BILLY MILAN, "JOHN DOE #1" and
"JOHN DOE #2",

                   Defendants.

---------------------------------------------------------------x

**CONFIDENTIALITY STIPULATION AND ORDER**

07 CV 3636 (LAK)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/2/07

    **WHEREAS**, defendants intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential; and

    **WHEREAS**, defendants will only produce these documents if appropriate protection for their confidentiality is assured; and

    **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

    **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorney for plaintiff and defendants, as follows:

    1.    As used herein, "Confidential Materials" shall mean New York City Police Department ("NYPD") personnel and disciplinary records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agency, which shall be stamped with the term "CONFIDENTIAL" or otherwise designated by defendants, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent,

09/18/2007 17:02 FAX 2124085259    Received: SIEGLE AND SIMS LLP    Sep 18 2007 04:57pm    ☑003

that they are (a) obtained by plaintiff from sources other than defendants, or (b) are otherwise publicly available.

2. Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation or prosecution of plaintiff's case in this action.

3. Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

a. Disclosure may be made only if necessary to the preparation or prosecution of plaintiff's case in this action.

b. Disclosure before trial may be made only to plaintiff, to an expert who has been retained or specially employed by plaintiff's attorney in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retain by plaintiff's attorney and a copy shall be furnished to defendants' attorneys upon their request.

4. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page

prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case

6. Within 60 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

7. This stipulation shall be binding upon the parties immediately upon signature, and shall be submitted to the Court for entry as an Order.

8. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

9. Plaintiff's counsel shall keep confidential for "attorney's-eyes-only" the address, telephone number, social security number, date of birth, and other personal information

regarding witnesses identified by the production of documents or otherwise identified in the course of this litigation. Such information shall be used only by the attorney or his law firm or agents, including but not limited to experts and investigators, for the purpose of communication with witnesses or the service of subpoenas, and shall not be disclosed to plaintiff, his family members, or other persons, and such information shall not be included in documents publicly filed with the Court.

Dated:    New York, New York
          September 11, 2007

_Siegle & Sims, L.L.P._

Eric Siegle, Esq. (ES 4277)
Jonathan Sims, Esq. (JS 8472)
Siegle & Sims, LLP
Attorney for the Plaintiff
217 Broadway, Suite 611
New York, New York 10007
(212) 406-0110

MICHAEL A. CARDOZO
Corporation Counsel of the City of New
  York
100 Church Street
New York, N.Y. 10007
(212) 442-3551
Fax: (212) 788-9776

By: _____
John H. Graziadei (JG 1533)
Assistant Corporation Counsel
Attorney for Defendants

SO ORDERED:

_____
Hon. Lewis A. Kaplan, U.S.D.J.

DATE: _____

Notwithstanding anything to the contrary herein, any papers filed under seal in this action may be made part of the public record on or after __10/1__, 20_07_ unless the Court otherwise orders.

SO ORDERED.
Dated: 10/1/07

_____
U.S.D.J.

Received:
09/18/2007 17:02 FAX 2124065259        SIEGLE AND SIMS LLP    Sep 18 2007 04:57pm    ☒006

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Confidentiality Stipulation and Order entered in the United States District Court for the Eastern District of New York dated September 11, 2007 in the action entitled Zhao v. City of New York, et al., 07 CV 3636 (LAK) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____                    _____
Date                                                                Signature

                                                                    _____
                                                                    Print Name

                                                                    _____
                                                                    Occupation