UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x        Docket #: 07CV3636 (LAK)

YANG FENG ZHAO,

                         Plaintiff,                                      **NOTICE OF MOTION**

              -against-

CITY OF NEW YORK, DETECTIVE NGA
CHEUNG NG, DETECTIVE BILLY MILAN,
"JOHN DOE #1" and "JOHN DOE #2,"

                         Defendants.

----------------------------------------------------------------x

S I R S :

          PLEASE TAKE NOTICE, that upon the annexed Affidavit of Eric W. Siegle, Esq., sworn

to on October 9, 2007 ("Siegle affidavit"), the exhibits annexed thereto, and all proceedings

heretofore had herein, plaintiff YANG FENG ZHAO, shall move this Court, on

_____, before the Honorable Lewis A. Kaplan, at the United States District Court

for the Southern District of New York, located at 500 Pearl Street, New York, New York, for an

Order pursuant to Rule 37 of the Federal Rules of Civil Procedure (1) compelling disclosure and

discovery of documents and items, including those detailed in paragraphs 3, 4, 7 and 13 of the Siegle

affidavit; (2) precluding defendants CITY OF NEW YORK, DETECTIVE NGA CHEUNG NG,

and DETECTIVE BILLY MILAN from offering evidence which they have failed to disclose by

October 8, 2007, having willfully failed to comply with this Court's Order dated October 2, 2007;

and (3) compelling production of a witness for deposition prior to October 18, 2007, or in the

alternative allowing plaintiff to depose that witness subsequent thereto.


          Accordingly, Plaintiff YANG FENG ZHAO, respectfully requests that this Court order,

pursuant to F.R.C.P. Rule 37 defendants CITY OF NEW YORK, DETECTIVE NGA CHEUNG

NG, and DETECTIVE BILLY MILAN to produce the documents to which they improperly claim

privilege; to produce substantive responses to plaintiff's interrogatories and request for production

of documents by compelling productions of documents and records regarding complaints and

disciplinary records of DETECTIVES MILAN AND NG, New York City Department of Corrections' records regarding plaintiff, and copies of all police communications and/or printouts of same regarding plaintiff's arrest on October 24, 2005; to schedule a witnesses, Detective Sergio Rivera, previously noticed for deposition; and to preclude defendants CITY OF NEW YORK, DETECTIVE NGA CHEUNG NG, and DETECTIVE BILLY MILAN from offering evidence not disclosed in accordance with the Court's October 2, 2007 Order; together with such other relief as this Court deems proper.

Dated: New York, New York
      October 9, 2007

Respectfully submitted,

**SIEGLE & SIMS L.L.P.**

By: _____
      Eric W. Siegle (ES4077)
      Attorneys for Plaintiff
      YANG FENG ZHAO
      217 Broadway - Suite 611
      New York, New York  10007
      (212) 406-0110

To:    MICHAEL A. CARDOZO
       Corporation Counsel
       Attorneys for Defendant
       CITY OF NEW YORK,
       DETECTIVE NGA CHEUNG NG
       DETECTIVE BILLY MILAN
       100 Church Street
       New York, NY 10007
       (212) 442-3551
       NYCLIS No. 2007-015691

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

YANG FENG ZHAO,

                                        Plaintiff,

                        -against-

CITY OF NEW YORK, DETECTIVE NGA
CHEUNG NG, DETECTIVE BILLY MILAN,
"JOHN DOE #1" and "JOHN DOE #2,"

                                        Defendants.
-----------------------------------------------------------------x

Docket #: 07CV3636 (LAK)

**AFFIDAVIT**

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

**ERIC W. SIEGLE, ESQ.,** being duly sworn, hereby deposes and says:

1.      I am a member of the law firm of Siegle & Sims L.L.P., attorneys for plaintiff YANG FENG ZHAO ("ZHAO"). As such, I am fully familiar with the facts and circumstances of this matter. This affidavit is submitted in support of ZHAO's motion to preclude defendants CITY OF NEW YORK ("CITY"), DETECTIVES NGA CHEUNG NG ("NG") and BILLY MILAN ("MILAN") (collectively "DEFENDANTS") from offering evidence which they have failed to disclose by October 8, 2007, to compel defendants to make disclosure of documents including those for which they improperly claim privilege, and produce a witness for deposition, pursuant to F.R.C.P. Rule 37.

2.      Despite the Court's October 2, 2007 Order (Exhibit 1), CITY has failed to adequately provide disclosure pursuant to F.R.C.P. Rule 26(a)(1)(a). The CITY's disclosure, dated July 30, 2007 (Exhibit 2), which has not been supplemented, fails to provide a single "name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses." By Order, such disclosure was to be made by October 8, 2007. Therefore, CITY should be precluded from calling any witnesses on its behalf herein. Similarly, defendants NG and MILAN have failed to provide any Rule 26(a) disclosure whatsoever and, pursuant to the October 2, 2007 Order, should be precluded from offering any evidence herein.

3. Additionally, in response to ZHAO's interrogatories and requests for disclosure (Exhibit 3), among other things, DEFENDANTS fail and refuse to "produce documents regarding complaints and disciplinary proceedings against" NG and MILAN, including "documents that relate to all complaints made by anyone to any government agency including, but not limited to, the CCRB and IAB of the New York City Police Department concerning defendants NGA CHEUNG NG and BILLY MILAN." The DEFENDANTS have also failed to produce any paperwork and documents created, possessed and/or maintained by the New York City Department of Corrections, regarding the confinement and detention of ZHAO. CITY has also failed to provide audio recordings of police communications regarding the arrest and processing of plaintiff on October 24, 2005, and printout of police communications regarding the arrest and processing of plaintiff on October 24, 2005. (See DEFENDANTS Responses, Exhibit 4.)

4. Based on my conversations with DEFENDANTS' counsel on October 9, 2007, DEFENDANTS **possess** documents related to complaints and/or disciplinary actions against MILAN and NG and refuse to produce these documents, despite the executed confidentiality stipulation between the parties involving these materials. Additionally, CITY fails to claim privilege as to these documents as they are not included or detailed in CITY's "privilege log." See Exhibit 5. Additionally, counsel has informed me that he has requested, but not yet received, any documents from the New York City Department of Corrections regarding ZHAO's incarceration.

5. To date, the parties have agreed to the attached deposition schedule of eight (8) witnesses which complies with the Court's discovery deadline (Exhibit 6). CITY has not proposed a date for production of Det. Sergio Rivera within the Court's discovery schedule. We request the Court compel CITY to produce him by October 18, 2007, or, in the alternative, grant ZHAO permission to conduct this deposition after the October 18, 2007 discovery deadline.

6. ZHAO also moves to compel production of hundreds of pages of materials CITY refuses to disclose, improperly asserting that they are privileged. See CITY's Privilege Log, Exhibit 5. The CITY's "privilege log" is improper pursuant to Local Rule 26.2(a)(2)(a), as it fails to identify the type of document; the general subject matter of the document; the date of the document; and such

other information as is sufficient to identify the document for a subpoena duces tecum. Accordingly, due to the CITY's failure to properly assert privilege by way of production of a proper "privilege log," such materials should not be deemed privileged and the Court should summarily order CITY to disclose them immediately.

7. As to the documents speciously detailed therein, ZHAO seeks an Order of this Court compelling disclosure of Bates No. NYCP 1, "1 Page of NYPD Notes regarding confidential informant information," for which DEFENDANTS' claim "law enforcement (privilege) due to open homicide investigation," conclusively stating that "disclosure may compromise the pending investigation and safety and security of confidential informant." Similarly, ZHAO seeks an Order of this Court compelling disclosure of Bates Nos. NYCP 2-285, identified "NYPD documents containing information regarding individual **other than plaintiff** (emphasis added)," which CITY claims "law enforcement (privilege) due to open homicide investigation. Disclosure may compromise pending investigation." Additionally, ZHAO seeks disclosure of a group of documents described as "NYPD documents containing personal information, including arrest information of other individuals, including gang related information," Bates Nos. NYCP 316-413, which are allegedly not disclosed for the same reason.

8. In sum, ZHAO alleges in the Complaint that he was arrested without probable cause and forced physically and by threats of assault and other emotional duress, to sign a confession that he did not author, and was thereafter maliciously prosecuted for murder and incarcerated for almost a year, during which time he was sexually assaulted. ZHAO's claims are supported by eyewitnesses to the murder, security video that shows ZHAO did not and could not have committed the murder, and findings in the autopsy report, among other things. All of this information was in possession of the DEFENDANTS prior to ZHAO's arrest on October 24, 2005. During the murder prosecution, ZHAO received *Brady* material, handwritten notes of a police officer identifying the name/nickname of the actual killer, as well as a physical description; someone other than ZHAO.[1] The cover sheet

---

[1] It should be noted that when the Queens County District Attorney dismissed ZHAO's case with prejudice, it was stated on the court record "the position of the People is this is not the man who

to said handwritten notes was dated over one year prior to ZHAO's arrest. Said two page document (Exhibit 8), was provided to DEFENDANTS by ZHAO on July 26, 2007. We believe the second page of Ex. 8 is the document identified as NYCP 1. Further, we believe DEFENDANTS have intentionally failed to disclose the cover page as being part of said document, as the date of the recording of said information is severely detrimental to their defense.

9. The purpose of the law enforcement privilege is to prevent disclosure of documents or information based on a number of law enforcement concerns. The privilege is not absolute and in order to sustain the privilege, the CITY must make a clear and specific evidentiary showing of the nature and extent of the harm that is likely to be encountered if a specific document is disclosed.

10. Based on our review of the privilege log, we believe the documents we now seek the Court compel CITY to produce, detailed in para. 7 *supra*, identify someone other than plaintiff as the killer of the victim **prior** to plaintiff's arrest. As such, said documents are essential to the prosecution of ZHAO's claims of false arrest and malicious prosecution herein and must be disclosed.

11. Notably, as a precondition to receiving any documents from CITY, a confidentiality stipulation[2] was executed which provides safeguards against disclosure by ZHAO of this information, specifically allaying CITY's concerns. See Exhibit 9.

12. Lastly, ZHAO claims CITY is liable under 42 U.S.C. § 1983, pursuant to *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690-695, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978), in part, because CITY failed to adequately train and supervise its detectives in the investigation of homicides, cold cases, arrests and interrogations resulting in violations of ZHAO's civil rights and knew, or should have known, that MILAN and NG employed improper arrest, interrogation and

---

committed the murder. And we are moving to dismiss the count against him, so we can go get the real guy." See minutes of dismissal, Exhibit 7. The statement of the District Attorney supports the serious claims made herein by ZHAO in light of the alleged "voluntary" confession DEFENDANTS' claim they elicited from him.

[2] DEFENDANTS informed this Court on September 11, 2007, that these documents would be provided upon execution of a confidentiality stipulation. Despite execution of the stipulation, Exhibit 9, DEFENDANTS refuse to turn over said documents and now assert privilege.

investigative techniques. Thus, training materials and personnel records, including complaints and disciplinary records, which ZHAO has requested, are essential herein and must be disclosed by DEFENDANTS.

13. DEFENDANTS refuse to disclose these materials asserting privilege as to some (See Ex.5, Bates Nos. 414-450, and paras. 5-6 *supra*) and also improperly redact others regarding training (Exhibit 10), which materials were provided ZHAO on October 8, 2007. These records must be disclosed, in full, when relevant, where the non-disclosing party has not made a proper showing of privilege. No such privilege exists preventing disclosure of these materials. Moreover, in view of the confidentiality stipulation previously executed herein (Exhibit 9), which specifically limits the use of said materials and their disclosure to others, the concerns of DEFENDANTS are protected. Due to the fact that these documents are both relevant and essential to the presentation of the plaintiff's claims, including plaintiff's obligation to prove a pattern and practice of activity as alleged in plaintiff's complaint, the need for disclosure herein outweighs the need for secrecy.

WHEREFORE, plaintiff ZHAO respectfully requests that this Court issue an order compelling DEFENDANTS to produce materials listed in the privilege log demanded by ZHAO herein, precluding CITY from calling any witnesses as they have failed to provide F.R.C.P. Rule 26(a)(1)(A) disclosure, precluding defendants MILAN and NG from offering any evidence based on their failure to provide any F.R.C.P. Rule 26 disclosure, and compelling CITY to produce Detective Sergio Rivera prior to the expiration of the discovery deadline herein or in the alternative allow ZHAO to depose him subsequently; together with such other and further relief as this Court deems just and proper.

Eric W. Siegle (ES4277)

Sworn to before me this
9th day of October, 2007

NOTARY PUBLIC
JONATHAN D. SIMS
Notary Public, State of New York
No. 02SI6015346
Qualified in New York County
Commission Expires 10/26/2000

# EXHIBIT 1

Eric Siegle
_____

From:      NYSD_ECF_Pool@nysd.uscourts.gov
Sent:      Tuesday, October 02, 2007 2:55 PM
To:        deadmail@nysd.uscourts.gov
Subject:   Activity in Case 1:07-cv-03636-LAK Zhao v. City of New York et al Order on Motion to Compel

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without
charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

United States District Court for the Southern District of New York

Notice of Electronic Filing

The following transaction was entered on 10/2/2007 at 2:54 PM EDT and filed on 10/2/2007
Case Name:        Zhao v. City of New York et al
Case Number:      1:07-cv-3636
Filer:
Document Number: 15

Docket Text:
ORDER: plaintiff's [12] Motion to Compel defendants to produce the requested documents is granted to
the extent that all defendants shall produce all requested document no later than 10/8/07 except to the
extent that they claim privilege logs on or before that date. Plaintiff shall appear for depositions on
October 10 and 11, 2007. Plaintiff shall produce the enhanced videotapes to defendants no later than
10/8/07. To the extent they have not previously done so, all parties shall make Rule 26 disclosures by
10/8/07. All outstanding interrogatories answered by 10/8/07. Plaintiff iss precluded from calling any
expert witnesses unless he shall provide complete disclosure regarding his proposed expert witnesses by
10/9/07. Should plaintiff make such disclosures, defendants will have until 11/9/07 to make disclosures
with respect to defendants' experts. All fact disclosure shall be concluded by 10/18/07. All expert
depositions concluded by 11/22/07. (Signed by Judge Lewis A. Kaplan on 10/2/07) (db)

1:07-cv-3636 Notice has been electronically mailed to:
Eric Wayne Siegle e.siegle@siegleandsims.com
Jonathan D Sims j.sims@siegleandsims.com
John Hopkins Graziadei jgraziad@law.nyc.gov

1:07-cv-3636 Notice has been delivered by other means to:

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:n/a

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

YANG FENG ZHAO,

                             Plaintiff,

              -against-

CITY OF NEW YORK, DETECTIVE NGA CHEUNG
NG, DETECTIVE BILLY MILAN, "JOHN DOE #1" and
"JOHN DOE #2,"

                           Defendants.

---------------------------------------------------------------------- x

**DEFENDANTS'
DISCLOSURES PURSUANT
TO FED. R. CIV. P. 26(a)**

07 CV 3636 (LAK)

        **PLEASE TAKE NOTICE** that Defendant City of New York, by its attorney Michael A.

Cardozo, Corporation Counsel of the City of New York, pursuant to Rule 26(a) of the Federal

Rules of Civil Procedure, hereby submit for its initial disclosures that:

      a.     Information regarding individuals who may have knowledge of the events set
forth in the complaint may be obtained from the documents attached hereto
bearing Bates Nos. 1-32.

      b.     Copies of documents and tangible things in the possession, custody, or control of
defendants that may be used to support defendants' claims or defenses are
identified below and attached hereto:

           Online Arrest Report, Bates nos. 1-2;
           Arrest Report, Bates no. 3;
           Sprint Report, Bates nos. 4-6;
           Booking/Arraignment/Disposition Inquiry System Report, Bates no. 7;
           Criminal Court File, Bates nos. 8-32.

      c.     Computation of damages: Not applicable.

d.     Insurance agreements: Not applicable.


Dated:        New York, New York
              July 30, 2007

                              MICHAEL A. CARDOZO
                              *Corporation Counsel of the*
                              *City of New York*
                              Attorney for Defendant
                              100 Church Street, Room 3-152
                              New York, N.Y.  10007
                              (212) 442-3551

                        By:   _____
                              John H. Graziade (JG1333)


TO:     Eric W. Siegle, Esq.
        Siegle & Sims LLP
        217 Broadway, Suite 611
        New York, New York 10007

## DECLARATION OF SERVICE

I, John H. Graziadei, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on July 30, 2007, I caused to be served the annexed **DISCLOSURE PURSUANT TO FED. R. CIV. P. 26(a)** upon the following counsel of record by having it hand delivered to said attorney at the address set forth below, being the address designated by said attorney for that purpose:

TO:    Eric W. Siegle, Esq.
        Siegle & Sims LLP
        217 Broadway, Suite 611
        New York, New York 10007

Dated: New York, New York
       July 30, 2007

                                   JOHN H. GRAZIADEI (JG1333)

07 CV 3636 (LAK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YANG FENG ZHAO,

                                                    Plaintiff,

                        -against-

CITY OF NEW YORK, DETECTIVE NGA
CHEUNG NG, DETECTIVE BILLY MILAN,
"JOHN DOE #1" and "JOHN DOE #2,"

                                                    Defendants.

**DEFENDANT'S DISCLOSURES PURSUANT
TO FED. R. CIV. P. RULE 26(a)**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Room 3-199*
*New York, N.Y. 10007*

*Of Counsel: John H. Graziadei*
*Tel: (212) 442-3551*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. .................................................... , 200 . . .*

*.................................................................................... Esq.*

*Attorney for ...........................................................................*

4

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x    Docket #: 07CV3636 (LAK)

YANG FENG ZHAO,

               Plaintiff,                      PLAINTIFF'S FIRST
                                               SET OF
      -against-                         INTERROGATORIES
                                                AND REQUEST FOR
                                             PRODUCTION OF
                                             DOCUMENTS

CITY OF NEW YORK, DETECTIVE NGA
CHEUNG NG, DETECTIVE BILLY MILAN,
"JOHN DOE #1" and "JOHN DOE #2,"

                       Defendants.
-------------------------------------------------------x

Plaintiff YANG FENG ZHAO, by and through his attorneys Siegle & Sims L.L.P.,

hereby requests that defendant CITY OF NEW YORK ("CITY") answer the following

interrogatories in writing and under oath, in accordance with Rule 33 of the Federal Rules of

Civil Procedure and Rule 33.3 of the Local Rules of this Court within thirty (30) days from the

date of service hereof.


These interrogatories and document requests are continuing and subject to the

requirement, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, that answers thereto

be supplemented or amended, without notice or demand from the plaintiff, if further information

is obtained with respect to the subject matter of any of these interrogatories after the answers

thereto are filed.

## INSTRUCTIONS AND DEFINITIONS

1.    These definitions incorporate by reference the Uniform Definitions in Discovery Requests set forth in Federal Rule 34(a) and Rule 26.3 of the Rules of the United States District Courts for the Southern and Eastern Districts of New York.

2.    You should identify each individual supplying information responsive to these discovery requests. Where different individuals supply information for particular requests, each such individual should be separately identified in connection with the applicable answers.

3.    "Complaint" means the Complaint filed in this action by plaintiff YANG FENG ZHAO, dated May 3, 2007.

4.    "Answer" means the Answer(s) filed and served by defendant CITY.

5.    "CITY" means CITY OF NEW YORK, including the NEW YORK CITY POLICE DEPARTMENT, QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE and NEW YORK CITY DEPARTMENT OF CORRECTIONS, and includes any entity in which the CITY OF NEW YORK has a direct or indirect ownership or equity interest through which it operates and/or functions or which it controls.

6.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise). Without limiting the foregoing, "communication" includes all letters, memoranda, telephone conversations (without regard to the location where the conversation originated), face-to-face conversations, meetings, visits and conferences.

7.    "Document" means all written or graphic matter or any other means of preserving thought or expression of every type and description, including but not limited to originals, drafts, computer-sorted and computer-retrievable information, copies or duplicates that are marked with

any notation or annotation, copies or duplicates that differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendar notes, computer printouts, computer disks and programs, price quotations, sales records, card files, price lists, press clippings, sworn or unsworn statements of employees, requisitions, purchasing manuals or guidelines, lists, audit workpapers, financial analysis, tables of organizations, advertisements or other promotional material, audited and unaudited financial statements, receipts, bank statements, newspapers or newsletters, diagrams, photographs, and other writings or recordings. A draft or non-identical copy is a separate document within the meaning of this term. "Document" also includes any removable "Post-it" notes or other attachments affixed to any of the foregoing.

8.     "Person" means any natural person, business, corporation, partnership, proprietorship, organization, affiliated group, association, legal or governmental entity or any other entity.

9.     "Concerning" and "concern" mean relating to, referring to, pursuant to, in connection with, describing, evidencing, summarizing, or constituting.

10.     "And" and "or" shall each be construed broadly and shall each mean "and" or "or" or "and" and "or" wherever such meaning broadens the meaning of any sentence or phrase.

11.     "Each", "any" and "all" shall be construed broadly and each of them shall mean "each", "any" or "all" or "each", "any" and "all" wherever such meaning broadens the meaning of any sentence or phrase.

12.     The singular form of any word includes the plural and vice versa.

13.     "Incident" refers to the events described in the complaint.

14. If you have any knowledge of any document(s) which relate(s) to this litigation and which has/have been destroyed, please provide the following information:

    a.    the place, date (or approximate date), and manner of recording or otherwise preparing the document;

    b.    the name and title of sender, and the name and title of recipient of the document(s);

    c.    a summary of the contents of the document(s);

    d.    the identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document(s);

    e.    the date on which it was destroyed;

    f.    the reason it was destroyed; and

    g.    identify all persons having knowledge of the substance of said document(s).

## INTERROGATORIES

**Interrogatory No. 1:**

Identify all witnesses with knowledge or information relevant to each and every cause of action asserted against defendants CITY OF NEW YORK, DETECTIVE NGA CHEUNG NG, DETECTIVE BILLY MILAN, "JOHN DOE #1 and "JOHN DOE #2 as set forth in the plaintiff's Complaint and all witnesses with knowledge or information relevant to each and every response and defense asserted by defendant CITY OF NEW YORK set forth in the defendant's Answer, including the names of all the police officers, detectives and their supervisors, as well as their

current command and/or address, if they are no longer employed by CITY, that were involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO. Please indicate the role or function each individual identified by defendant had in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO.

**Interrogatory No. 2**

Identify and set forth the existence, custodian, location and general description of all relevant documents, information and/or physical evidence related to the causes of action set forth in the plaintiff's Complaint and the responses and defenses set forth in the CITY's Answers, including, but not limited to the following:

a.    pertinent insurance agreements for CITY OF NEW YORK in effect on the date of the alleged incident, October 25, 2005, and thereafter;

b.    any surveillance video tapes of the criminal incident alleged against plaintiff;

c.    any "enhanced" surveillance video tapes of the criminal incident alleged against plaintiff, whether enhanced by the New York City Police Department, the Queens County District Attorney's Office, or any other entity;

d.    all audio recordings of police communications regarding the murder occurring on December 11, 2001 of Danny Cabezas, and the subsequent arrest and processing of plaintiff on October 24, 2005;

e.   printout of police communications regarding the murder of Danny Cabezas on December 11, 2001, and the arrest and processing of plaintiff on October 24, 2005;

f.   criminal history of plaintiff obtained by CITY OF NEW YORK;

g.   employment and/or personnel files for all officers and/or personnel involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO;

h.   training and/or instruction manuals and/or guidelines given to police officers/detectives/ investigators employed by CITY OF NEW YORK;

i.   training and/or instruction manuals and/or guidelines regarding the investigation of "cold cases" utilized by police officers/detectives/ investigators employed by CITY OF NEW YORK;

j.   training and/or instruction manuals and /or guidelines regarding interrogation techniques and/or the elicitation of confessions from criminal suspects given to police officers/detectives/ investigators employed by the CITY OF NEW YORK;

k.   certifications of personnel employed by CITY OF NEW YORK involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO;

l.   documents regarding disciplinary proceedings against personnel employed by CITY OF NEW YORK involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO, including but not limited to NGA CHEUNG NG and BILLY MILAN;

m.  all paperwork and documents created, possessed and/or maintained by CITY OF NEW YORK, including the NEW YORK CITY POLICE DEPARTMENT, QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE, and NEW YORK CITY DEPARTMENT OF CORRECTION, regarding the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO;

n.  employee manuals, training materials, rules, regulations, procedures, whether written or otherwise and/or all other documents provided by or on behalf of CITY OF NEW YORK to its employees related to law enforcement regarding arrest, apprehension, search, strip search, confinement, detention, interrogation, reporting and prosecution procedures of CITY OF NEW YORK;

o.  any document, communication, or statement which defendant(s) intends to introduce as evidence at the trial hereof in support of its responses and affirmative defenses contained in its Answer(s);

p.  Photographs, maps, drawings, schematics, plans or other documents or evidence which depict the scene of the crime, the area of arrest, apprehension, search, confinement, detention, interrogation, and reporting of plaintiff YANG FENG ZHAO.

## Interrogatory No. 3.

Identify and specify each and every diminution of defendants' liability, "set off" and/or "indemnity", as to defendants' alleged liability, and plaintiff's economic loss, whether paid for or

reimbursed by a collateral source or from a collateral source, by which defendants allege shall serve to reduce any verdict and/or damages of plaintiff, giving the description thereof, the party and/or persons paying and/or responsible for same, and the amount thereof, which defendants allege in its/their Answers it is entitled. Please include in such responses the names of all individuals alleged to be responsible for plaintiff's injuries and/or damages as alleged in defendant(s)s responses and affirmative defenses. Please identify any such documents which support said responses and affirmative defenses.

## DOCUMENT REQUESTS

1. Produce all the documents identified in the preceding Interrogatories.

2. Produce all documents regarding the incident, including documents concerning plaintiff's arrest and criminal prosecution, the minutes of any Grand Jury proceedings and criminal court transcripts, and any and all other documents concerning the incident, including plaintiff's Department of Correction file, that are in defendant(s) possession, custody, or control.

3. Produce all handbooks, memos, documents, etc., concerning the training of members of the New York City Police Department with regard to interrogation techniques of criminal suspects.

4. Produce all handbooks, memos, documents, etc., concerning the training of members of the New York City Police Department in the investigation of "cold cases."

5. Produce all documents concerning disciplinary proceedings against personnel employed by CITY OF NEW YORK involved in the arrest, apprehension, search, confinement,

detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO, including, but not limited to, defendants NGA CHEUNG NG; and defendant BILLY MILAN.

6. Produce all documents concerning employment and/or personnel files for all officers and/or personnel involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO including, but not limited to, defendants NGA CHEUNG NG; and defendant BILLY MILAN.

7. Produce all subpoenas served on any party, or any individual or entity concerning this litigation.

8. Produce all documents received in response to any subpoenas served.

9. Produce all documents that relate to all complaints made by anyone to any government agency including, but not limited to, the CCRB and IAB of the New York City Police Department concerning defendants NGA CHEUNG NG, BILLY MILAN, or any other individual associated with the arrest, and prosecution of plaintiff.

10. Produce all expert disclosures required pursuant to Federal Rule 26(a)(2).

11. Produce exact copies of all video surveillance recordings associated with the incident.

12. Produce exact copies of all video surveillance recordings that have been "enhanced" in any manner, by any agency, associated with the incident.

13. Produce exact copies of all audio recordings of police communications regarding the arrest and processing of plaintiff.

14. Produce exact copies of all printout of police communications regarding the arrest and processing of plaintiff.

15. Produce exact copies of all photographs concerning the incident, including, but not limited to, crime scene photographs and autopsy photographs of the deceased, Danny Cabezas.

16. Make available for inspection all physical evidence seized during the investigation of the murder of Danny Cabezas.

Dated: New York, New York
      July 26, 2007

                    Respectfully submitted,

                    **SIEGLE & SIMS L.L.P.**

                    By:_____
                      Eric W. Siegle (ES4277)
                      Attorneys for Plaintiff
                      YANG FENG ZHAO
                      217 Broadway- Suite 611
                      New York, New York, 10007
                      (212) 406-0110

To:    MICHAEL A. CARDOZO
       Corporation Counsel
       Attorneys for Defendant
       CITY OF NEW YORK
       100 Church Street
       New York, NY 10007
       (212) 442-3551
       NYCLIS No. 2007-015691

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK, COUNTY OF NEW YORK ss:

**Xiaomi Zhou**, being duly sworn says:

I am not a party to the action, am over eighteen (18) years of age and reside within the

County of Kings.

On July 27, 2007, I served a true copy of the attached **PLAINTIFF'S FIRST SET OF**

**INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS** by

personal delivery to the address indicated hereafter:

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
100 Church Street, room 3-152
New York, NY 10007
Attn: John H. Graziadei

Xiaomi Zhou

Sworn to before me on this
27th day of July, 2007

NOTARY PUBLIC

JONATHAN D. SIMS
Notary Public, State of New York
No. 02SI6015346
Qualified in New York County
Commission Expires 10/26/2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x     Docket #: 07CV3636 (LAK)

YANG FENG ZHAO,

                              Plaintiff,          PLAINTIFF'S FIRST
                                                  SET OF
          -against-                               INTERROGATORIES
                                                  AND REQUEST FOR
                                                  PRODUCTION OF
                                                  DOCUMENTS ON
CITY OF NEW YORK, DETECTIVE NGA                   DEFENDANTS MILAN
CHEUNG NG, DETECTIVE BILLY MILAN,                AND NG AND SECOND
"JOHN DOE #1" and "JOHN DOE #2,"                  REQUEST FOR
                                                  PRODUCTION
                                                  OF DOCUMENTS ON
                              Defendants.          DEFENDANT CITY

------------------------------------------------------------x

          Plaintiff YANG FENG ZHAO, by and through his attorneys Siegle & Sims L.L.P.,

hereby requests that defendants DETECTIVE NGA CHEUNG NG ("NG") and DETECTIVE

BILLY MILAN ("MILAN") answer the following interrogatories in writing and under oath, in

accordance with Rule 33 of the Federal Rules of Civil Procedure and Rule 33.3 of the Local

Rules of this Court within thirty (30) days from the date of service hereof.


          These interrogatories and document requests are continuing and subject to the

requirement, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, that answers thereto

be supplemented or amended, without notice or demand from the plaintiff, if further information

is obtained with respect to the subject matter of any of these interrogatories after the answers

thereto are filed.

## INSTRUCTIONS AND DEFINITIONS

1. These definitions incorporate by reference the Uniform Definitions in Discovery Requests set forth in Federal Rule 34(a) and Rule 26.3 of the Rules of the United States District Courts for the Southern and Eastern Districts of New York.

2. You should identify each individual supplying information responsive to these discovery requests. Where different individuals supply information for particular requests, each such individual should be separately identified in connection with the applicable answers.

3. "Complaint" means the Complaint filed in this action by plaintiff YANG FENG ZHAO, dated May 3, 2007.

4. "Answer" means the Answer(s) filed and served by defendants NG and MILAN.

5. "CITY" means CITY OF NEW YORK, including the NEW YORK CITY POLICE DEPARTMENT, QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE and NEW YORK CITY DEPARTMENT OF CORRECTIONS, and includes any entity in which the CITY OF NEW YORK has a direct or indirect ownership or equity interest through which it operates and/or functions or which it controls.

6. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise). Without limiting the foregoing, "communication" includes all letters, memoranda, telephone conversations (without regard to the location where the conversation originated), face-to-face conversations, meetings, visits and conferences.

7. "Document" means all written or graphic matter or any other means of preserving thought or expression of every type and description, including but not limited to originals, drafts, computer-sorted and computer-retrievable information, copies or duplicates that are marked with

any notation or annotation, copies or duplicates that differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendar notes, computer printouts, computer disks and programs, price quotations, sales records, card files, price lists, press clippings, sworn or unsworn statements of employees, requisitions, purchasing manuals or guidelines, lists, audit workpapers, financial analysis, tables of organizations, advertisements or other promotional material, audited and unaudited financial statements, receipts, bank statements, newspapers or newsletters, diagrams, photographs, and other writings or recordings. A draft or non-identical copy is a separate document within the meaning of this term. "Document" also includes any removable "Post-it" notes or other attachments affixed to any of the foregoing.

8. "Person" means any natural person, business, corporation, partnership, proprietorship, organization, affiliated group, association, legal or governmental entity or any other entity.

9. "Concerning" and "concern" mean relating to, referring to, pursuant to, in connection with, describing, evidencing, summarizing, or constituting.

10. "And" and "or" shall each be construed broadly and shall each mean "and" or "or" or "and" and "or" wherever such meaning broadens the meaning of any sentence or phrase.

11. "Each", "any" and "all" shall be construed broadly and each of them shall mean "each", "any" or "all" or "each", "any" and "all" wherever such meaning broadens the meaning of any sentence or phrase.

12. The singular form of any word includes the plural and vice versa.

13. "Incident" refers to the events described in the complaint.

14. If you have any knowledge of any document(s) which relate(s) to this litigation and which has/have been destroyed, please provide the following information:

a. the place, date (or approximate date), and manner of recording or otherwise preparing the document;

b. the name and title of sender, and the name and title of recipient of the document(s);

c. a summary of the contents of the document(s);

d. the identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document(s);

e. the date on which it was destroyed;

f. the reason it was destroyed; and

g. identify all persons having knowledge of the substance of said document(s).

## INTERROGATORIES

**Interrogatory No. 1:**

Identify all witnesses with knowledge or information relevant to each and every cause of action asserted against defendants CITY OF NEW YORK, DETECTIVE NGA CHEUNG NG, DETECTIVE BILLY MILAN, "JOHN DOE #1 and "JOHN DOE #2 as set forth in the plaintiff's Complaint and all witnesses with knowledge or information relevant to each and every response and defense asserted by defendant CITY OF NEW YORK set forth in the defendant's Answer, including the names of all the police officers, detectives and their supervisors, as well as their

current command and/or address, if they are no longer employed by CITY, that were involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO. Please indicate the role or function each individual identified by defendant had in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO.

Interrogatory No. 2

Identify and set forth the existence, custodian, location and general description of all relevant documents, information and/or physical evidence related to the causes of action set forth in the plaintiff's Complaint and the responses and defenses set forth in the Answers of NG and MILAN, including, but not limited to the following:

a.     pertinent insurance agreements for NG and MILAN in effect on the date of the alleged incident, October 25, 2005, and thereafter;

b.     any surveillance video tapes of the criminal incident alleged against plaintiff;

c.     any "enhanced" surveillance video tapes of the criminal incident alleged against plaintiff; whether enhanced by the New York City Police Department, the Queens County District Attorney's Office, or any other entity;

d.     all audio recordings of police communications regarding the murder occurring on December 11, 2001 of Danny Cabezas, and the subsequent arrest and processing of plaintiff on October 24, 2005;

e.   printout of police communications regarding the murder of Danny Cabezas on
     December 11, 2001, and the arrest and processing of plaintiff on October 24,
     2005;

f.   criminal history of plaintiff obtained by CITY OF NEW YORK;

g.   employment and/or personnel files for all officers and/or personnel involved in the
     arrest, apprehension, search, confinement, detention, interrogation, reporting and
     prosecution of plaintiff YANG FENG ZHAO;

h.   training and/or instruction manuals and/or guidelines given to police
     officers/detectives/ investigators employed by CITY OF NEW YORK;

i.   training and/or instruction manuals and/or guidelines regarding the investigation
     of "cold cases" utilized by police officers/detectives/ investigators employed by
     CITY OF NEW YORK;

j.   training and/or instruction manuals and /or guidelines regarding interrogation
     techniques and/or the elicitation of confessions from criminal suspects given to
     police officers/detectives/ investigators employed by the CITY OF NEW YORK;

k.   certifications of personnel employed by CITY OF NEW YORK involved in the
     arrest, apprehension, search, confinement, detention, interrogation, reporting and
     prosecution of plaintiff YANG FENG ZHAO;

l.   documents regarding disciplinary proceedings against personnel employed by
     CITY OF NEW YORK involved in the arrest, apprehension, search, confinement,
     detention, interrogation, reporting and prosecution of plaintiff YANG FENG
     ZHAO, including but not limited to NGA CHEUNG NG and BILLY MILAN;

m.    all paperwork and documents created, possessed and/or maintained by CITY OF NEW YORK, including the NEW YORK CITY POLICE DEPARTMENT, NGA CHEUNG NG, BILLY MILAN, QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE, and NEW YORK CITY DEPARTMENT OF CORRECTION, regarding the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO;

n.    employee manuals, training materials, rules, regulations, procedures, whether written or otherwise and/or all other documents provided by or on behalf of CITY OF NEW YORK to its employees related to law enforcement regarding arrest, apprehension, search, strip search, confinement, detention, interrogation, reporting and prosecution procedures of CITY OF NEW YORK;

o.    any document, communication, or statement which defendant(s) intends to introduce as evidence at the trial hereof in support of its responses and affirmative defenses contained in its Answer(s);

p.    Photographs, maps, drawings, schematics, plans or other documents or evidence which depict the scene of the crime, the area of arrest, apprehension, search, confinement, detention, interrogation, and reporting of plaintiff YANG FENG ZHAO.

**Interrogatory No. 3.**

Identify and specify each and every diminution of defendants' liability, "set off" and/or "indemnity", as to defendants' alleged liability, and plaintiff's economic loss, whether paid for or

reimbursed by a collateral source or from a collateral source, by which defendants allege shall serve to reduce any verdict and/or damages of plaintiff, giving the description thereof, the party and/or persons paying and/or responsible for same, and the amount thereof, which defendants allege in its/their Answers it is entitled. Please include in such responses the names of all individuals alleged to be responsible for plaintiff's injuries and/or damages as alleged in defendant(s)s responses and affirmative defenses. Please identify any such documents which support said responses and affirmative defenses.

## DOCUMENT REQUESTS

1. Produce all the documents identified in the preceding Interrogatories.

2. Produce all documents regarding the incident, including documents concerning plaintiff's arrest and criminal prosecution, the minutes of any Grand Jury proceedings and criminal court transcripts, and any and all other documents concerning the incident, including plaintiff's Department of Correction file, that are in defendant(s) possession, custody, or control.

3. Produce all handbooks, memos, documents, etc., concerning the training of members of the New York City Police Department with regard to interrogation techniques of criminal suspects.

4. Produce all handbooks, memos, documents, etc., concerning the training of members of the New York City Police Department in the investigation of "cold cases."

5. Produce all documents concerning disciplinary proceedings against personnel employed by CITY OF NEW YORK involved in the arrest, apprehension, search, confinement,

detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO, including, but not limited to, defendants NGA CHEUNG NG; and defendant BILLY MILAN.

6. Produce all documents concerning employment and/or personnel files for all officers and/or personnel involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO including, but not limited to, defendants NGA CHEUNG NG; and defendant BILLY MILAN.

7. Produce all subpoenas served on any party, or any individual or entity concerning this litigation.

8. Produce all documents received in response to any subpoenas served.

9. Produce all documents that relate to all complaints made by anyone to any government agency including, but not limited to, the CCRB and IAB of the New York City Police Department concerning defendants NGA CHEUNG NG, BILLY MILAN, or any other individual associated with the arrest, and prosecution of plaintiff.

10. Produce all expert disclosures required pursuant to Federal Rule 26(a)(2).

11. Produce exact copies of all video surveillance recordings associated with the incident.

12. Produce exact copies of all video surveillance recordings that have been "enhanced" in any manner, by any agency, associated with the incident.

13. Produce exact copies of all audio recordings of police communications regarding the arrest and processing of plaintiff.

14. Produce exact copies of all printout of police communications regarding the arrest and processing of plaintiff.

15. Produce exact copies of all photographs concerning the incident, including, but not limited to, crime scene photographs and autopsy photographs of the deceased, Danny Cabezas.

16. Make available for inspection all physical evidence seized during the investigation of the murder of Danny Cabezas.

The remaining document requests below are made upon defendants CITY, NG and MILAN:

17. Produce all New York Police Department Legal Bureau Bulletins relating to case investigation, arrest procedures, probable cause, and interrogation and/or interrogation techniques.

18. Produce the Detective Guide in effect on October 25, 2005.

19. Produce all documents and materials relating to the Homicide Investigator's Course.

20. Produce all documents and materials relating to the CIC Course.

21. Produce any and all "wanted" cards pertaining to plaintiff YANG FENG ZHAO.

Dated: New York, New York
       August 7, 2007

Respectfully submitted,

SIEGLE & SIMS L.L.P.

By: _____
    Jonathan D. Sims (JD8472)
    Attorneys for Plaintiff
    YANG FENG ZHAO
    217 Broadway- Suite 611
    New York, New York, 10007
    (212) 406-0110

To:    MICHAEL A. CARDOZO
       Corporation Counsel
       Attorneys for Defendant
       CITY OF NEW YORK
       100 Church Street
       New York, NY 10007
       (212) 442-3551
       NYCLIS No. 2007-015691

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK, COUNTY OF NEW YORK ss:

**Xiaomi Zhou**, being duly sworn says:

I am not a party to the action, am over eighteen (18) years of age and reside within the County of Kings.

On August 7, 2007, I served a true copy of the attached **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS ON DEFENDANTS MILAN AND NG, AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS ON DEFENDANT CITY** by personal delivery to the address indicated hereafter:

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
100 Church Street, room 3-152
New York, NY 10007
Attn: John H. Graziadei

_____
Xiaomi Zhou

Sworn to before me on this
7th day of August, 2007

_____
NOTARY PUBLIC

JONATHAN D. SIMS
Notary Public, State of New York
No. 02SI6015346
Qualified in New York County
Commission Expires 10/26/2010

# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

YANG FENG ZHAO,

Plaintiff,

-against-

CITY OF NEW YORK, DETECTIVE NGA CHEUNG
NG, DETECTIVE BILLY MILAN, "JOHN DOE #1" and
"JOHN DOE #2,"

Defendants.

------------------------------------------------------------------- x

**DEFENDANTS'
RESPONSES TO
PLAINTIFF'S FIRST
CONSOLIDATED SET
OF DISCOVERY
DEMANDS**

07 CV 3636 (LAK)

Pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure,

defendants respond and object to Plaintiff's First Consolidated Set of Discovery Requests as

follows:

## GENERAL STATEMENT

1.      By responding to any request, defendants do not concede the materiality of

the subject to which it refers. Defendants' responses are made expressly subject to, and without

waiving or intending to waive, any questions, or objections as to the competency, relevancy,

materiality, privilege, or admissibility as evidence or for any other purpose, of any of the

documents or information produced, or of the subject matter thereof, in any proceeding including

the trial of this action or any subsequent proceeding.

2.      Defendants object to this Interrogatory and Document Request to the

extent that they demand documents and/or information that are protected by the attorney-client

or work-product privilege, or constitute material prepared for litigation purposes.

3.      Inadvertent production of any document or information that is privileged,

was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not

constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.    Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5.    Defendants further object in the entirety to these requests to the extent that they seek the home address of individuals identified by the defendants in response to the interrogatories.

6.    With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index.

7.    Defendants object insofar as plaintiff's requests impose obligations upon them beyond which is required under the Federal Rules of Civil Procedure.

8.    Defendants is continuing to search for information responsive to plaintiff's requests and therefore reserves the right to supplement their responses to each request with additional information, if and when such information becomes available to defendants' counsel. Defendants also reserves the right to object to the future disclosure of any such information.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all witnesses with knowledge or information relevant to each and every cause of action asserted against defendants CITY OF NEW YORK, DETECTIVE NGA CHEUNG NG, DETECTIVE BILLY MILAN, "JOHN DOE #1" and "JOHN DOE #2" as set forth in the plaintiff's Complaint and all witnesses with knowledge or information relevant to each and every response and defense asserted by defendant CITY OF NEW YORK set forth in the defendants' Answer, including the names of all the police officers, detectives and their supervisors, as well as their current command and/or address, if they are no longer employed by the CITY, that were involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO. Please indicate the role or function each individual identified by defendants had in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:

Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and there is a more practical method of obtaining the information sought. Defendants further object to providing non-business addresses. Notwithstanding, and without waiving, or in any way limiting these objections or the general objections, plaintiff is referred to defendants disclosures made pursuant to Fed. R. Civ. P. 26(a) and the documents previously produced bearing Bates nos. 1 through 32. Defendants will provide additional responsive documents upon the execution of the attached Stipulation and Protective Order.

## INTERROGATORY NO. 2:

Identify and set forth the existence, custodian, location and general description of all relevant documents, information and/or physical evidence related to the causes of action set forth in the plaintiff's Complaint and the responses and defenses set forth in the CITY's Answers, including, but not limited to the following:

a.    pertinent insurance agreements for the CITY OF NEW YORK in effect on the date of the alleged incident, October 25, 2005, and thereafter.

b.    any surveillance video tapes of the criminal incident alleged against plaintiff;

c.    any "enhanced" surveillance video tapes of the criminal incident alleged against plaintiff; whether enhanced by the New York City Police Department, the Queens County District Attorney's Office, or any other entity;

d.    all audio recordings of police communications regarding the murder occurring on December 11, 2001 of Danny Cabezas, and the subsequent arrest and processing of plaintiff on October 24, 2005;

e.    printout of police communications regarding the murder of Danny Cabezas on December 11, 2001, and the arrest and processing of plaintiff on October 24, 2005;

f.    criminal history of plaintiff obtained by the CITY OF NEW YORK;

g.    employment and/or personnel files for all officers and/or personnel involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO;

- 4 -

h.    training and/or instruction manuals and/or guidelines given to police officers/detectives/investigators employed by the CITY OF NEW YORK;

i.    training and/or instruction manuals and/or guidelines regarding the investigation of "cold cases" utilized by police officers/detectives/investigators employed by the CITY OF NEW YORK;

j.    training and/or instruction manuals or guidelines regarding interrogation techniques and/or the elicitation of confessions from criminal suspects given to police officers/detectives/investigators employed by the CITY OF NEW YORK;

k.    certifications of personnel employed by the CITY OF NEW YORK involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO;

l.    documents regarding disciplinary proceedings against personnel employed by the CITY OF NEW YORK involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO, including but not limited to NGA CHEUNG NG and BILLY MILAN;

m.    all paperwork and documents created, possessed and/or maintained by the CITY OF NEW YORK, including the NEW YORK CITY POLICE DEPARTMENT, QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE, and the NEW YORK CITY DEPARTMENT OF CORRECTION, regarding the arrest, apprehension, search, confinement,

detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO;

n.    employee manuals, training materials, rules, regulations, procedures, whether written or otherwise and/or all other documents provided by or on behalf of the CITY OF NEW YORK to its employees related to law enforcement regarding arrest, apprehension, search, strip search, confinement, detention, interrogation, reporting and prosecution procedures of the CITY OF NEW YORK;

o.    any document, communication, or statement which defendants intend to introduce as evidence at the trial hereof in support of their responses and affirmative defenses contained in their Answers;

p.    Photographs, maps, drawings, schematics, plans or other documents or evidence which depict the scene of the crime, the area of arrest, apprehension, search, confinement, detention, interrogation, and reporting of plaintiff YANG FENG ZHAO.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:

Defendants object to Interrogatory No. 2 and all its subparts on the grounds that it is vague, ambiguous, overbroad, not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, beyond the scope of permissible discovery, subject to the law enforcement privilege, and invades the privacy of the officers and/or personnel. Notwithstanding, and without waiving or in any way limiting, these objections or defendants' general objections, defendants refer plaintiff to defendants' disclosures made pursuant to Fed. R. Civ. P. 26(a) and, pursuant to Fed. R. Civ. P. 33(d), defendants refer plaintiff to the documents previously produced bearing Bates nos. 1 through 32. Further, to the extent

- 6 -

they exist, responsive documents may be in the custody of the New York City Police Department, the Queens County District Attorney's Office, and the Department of Correction. Defendants will provide additional responsive documents upon the execution of the attached Stipulation and Protective Order.

## INTERROGATORY NO. 3:

Identify and specify each and every diminution of defendants' liability, "set off" and/or "indemnity," as to defendants' alleged liability, and plaintiff's economic loss, whether paid for or reimbursed by a collateral source or from a collateral source, by which defendants allege shall serve to reduce any verdict and/or damages of plaintiff, giving the description thereof, the party and/or persons paying and/or responsible for same, and the amount thereof, which defendants allege in their Answers it is entitled. Please include in such responses the names of all individuals alleged to be responsible for plaintiff's injuries and/or damages as allege in defendants' responses and affirmative defenses. Please identify any such documents which support said responses and affirmative defenses.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:

Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and not relevant or reasonably calculated to lead to the discovery of admissible evidence and to the extent that it calls for the production of information protected by the attorney-client and work-product privileges. Defendants further state that pursuant to Rule 33(c), to the extent this interrogatory involves an opinion or contention that relates to fact or the application of law to fact, defendants will seek an order of the Court that Interrogatory No. 3 not be answered until after fact discovery has been completed or a pre-trial conference or other later time.

- 7 -

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

Produce all the documents identified in the preceding Interrogatories.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendants object to Document Request No. 1 on the grounds that it is vague, ambiguous, overbroad, protected by the law enforcement, attorney-client, and work-product privileges, not relevant or reasonably calculated to lead to the discovery of admissible evidence, and not in the care, custody, and control of defendants. Notwithstanding, and without waiving, or in any way limiting these objections or the general objections, plaintiff is referred to the documents previously produced bearing Bates nos. 1-32. Defendants will provide additional responsive documents upon the execution of the attached Stipulation and Protective Order.

### DOCUMENT REQUEST NO. 2:

Produce all documents regarding the incident, including documents concerning plaintiff's arrest and criminal prosecution, the minutes of any Grand Jury proceedings and criminal court transcripts, and any and all other documents concerning the incident, including plaintiff's Department of Correction file, that are in defendants possession, custody, or control.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:

Defendants object to Document Request No. 2 on the grounds that it is vague, ambiguous, overbroad, protected by the law enforcement, attorney-client, and work-product privileges, not relevant or reasonably calculated to lead to the discovery of admissible evidence, and not in the care, custody, and control of defendants. Notwithstanding, and without waiving, or in any way limiting these objections or the general objections, plaintiff is referred to the documents previously produced bearing Bates nos. 1 through 32. Defendants will provide

- 8 -

additional responsive documents upon the execution of the attached Stipulation and Protective

Order.

## DOCUMENT REQUEST NO. 3:

Produce all handbooks, memos, documents, etc., concerning the training of

members of the New York City Police Department with regard to interrogation techniques of

criminal suspects.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:

Defendants object to Document Demand No. 3 on the grounds that it is vague,

ambiguous, overbroad, not limited in time, and not relevant to the subject matter of this lawsuit

nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and

without waiving or in any way limiting these objections or the general objections, and to the

extent that defendants are in possession of documents that may be responsive to plaintiff's

request, defendants will provide responsive documents from January 1, 2001 until October 24,

2005 upon the execution of the attached appropriate Stipulation and Protective Order.

## DOCUMENT REQUEST NO. 4:

Produce all handbooks, memos, documents, etc., concerning the training of

members of the New York City Police Department in the investigation of "cold cases."

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:

Defendants object to Document Demand No. 4 on the grounds that it is vague,

ambiguous, overbroad, not limited in time, and not relevant to the subject matter of this lawsuit

nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and

without waiving or in any way limiting these objections or the general objections, and to the

extent that defendants are in possession of documents that may be responsive to plaintiff's

request, defendants will provide responsive documents from January 1, 2001 until October 24, 2005 upon the execution of the attached Stipulation and Protective Order.

## DOCUMENT REQUEST NO. 5:

Produce all documents concerning disciplinary proceedings against personnel employed by the CITY OF NEW YORK involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO, including, but not limited to, defendant NGA CHEUNG NG; and defendant BILLY MILAN

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:

Defendants object to Document Demand No. 5 on the grounds that it is vague, ambiguous, overbroad, and not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the general objections, and to the extent that defendants are in possession of documents that may be responsive to plaintiff's request, defendants will provide performance evaluations upon the execution of the attached Stipulation and Protective Order.

## DOCUMENT REQUEST NO. 6:

Produce all documents concerning employment and/or personnel files for all officers and/or personnel involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO including, but not limited to, defendant NGA CHEUNG NG; and defendant BILLY MILAN.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:

Defendants object to Document Demand No. 6 on the grounds that it is vague, ambiguous, overbroad, and not relevant to the subject matter of this lawsuit nor reasonably

calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the general objections, and to the extent that defendants are in possession of documents that may be responsive to plaintiff's request, defendants will provide performance evaluations upon the execution of the attached Stipulation and Protective Order.

## DOCUMENT REQUEST NO. 7:

Produce all subpoenas served on any party, or any individual or entity concerning this litigation.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:

Defendants object to Document Demand No. 7 on the grounds that it is vague, ambiguous, overbroad, and not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting these of the general objections, defendants state that they have not served any subpoenas. Should defendants serve a subpoena, they will serve on plaintiff a copy of the subpoena as required.

## DOCUMENT REQUEST NO. 8:

Produce all documents received in response to any subpoenas served.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:

See defendants' objection and response to Document Request No. 7.

## DOCUMENT REQUEST NO. 9:

Produce all documents that relate to all complaints made by anyone to any government agency including, but not limited to, the CCRB and IAB of the New York City Police Department concerning defendants NGA CHEUNG NG, BILLY MILAN, or any other individual associated with the arrest, and prosecution of plaintiff.

- 11 -

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:

Defendants object to Document Demand No. 9 on the grounds that it is vague, ambiguous, overbroad, and not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the general objections, and to the extent that defendants are in possession of documents that may be responsive to plaintiff's request, defendants will provide performance evaluations upon the execution of the attached Stipulation and Protective Order.

## DOCUMENT REQUEST NO. 10:

Produce all expert disclosures required pursuant to Federal Rule 26(a)(2).

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:

Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of information protected by the attorney-client and work-product privileges. Defendants further state that the Court's Scheduling Order dated June 19, 2007 provides for the timing of 26(a)(2) disclosures and that, pursuant to Rule 33(c), to the extent this interrogatory involves an opinion or contention that relates to fact or the application of law to fact, defendants will seek an order of the Court that Interrogatory No. 10 not be answered until after fact discovery has been completed or a pre-trial conference or other later time.

## DOCUMENT REQUEST NO. 11:

Produce exact copies of all video surveillance recordings associated with the incident.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:

Plaintiff is referred to Defendants' Objection and Response to Document Demand

No. 2.

## DOCUMENT REQUEST NO. 12:

Produce exact copies of all video surveillance recordings that have been

"enhanced" in any manner, by any agency, associated with the incident.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:

Plaintiff is referred to Defendants' Objection and Response to Document Demand

No. 2.

## DOCUMENT REQUEST NO. 13:

Produce exact copies of all audio recordings of police communications regarding

the arrest and processing of plaintiff.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13:

Plaintiff is referred to Defendants' Objection and Response to Document Demand

No. 2.

## DOCUMENT REQUEST NO. 14:

Produce exact copies of all printout of police communications regarding the arrest

and processing of plaintiff.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 14:

Plaintiff is referred to Defendants' Objection and Response to Document Demand

No. 2.


Dated:      New York, New York
            August 28, 2007


                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                     City of New York
                                    Attorney for Defendant
                                    100 Church Street, Room 3-152
                                    New York, New York 10007
                                    (212) 442-3551


                            By:

                                    JOHN H. GRAZIADEI (JG 1333)
                                    Assistant Corporation Counsel


TO:    Siegle & Sims, LLP


                                  - 14 -

## DECLARATION OF SERVICE BY MAIL

I, John H. Graziadei, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that, on August 28, 2007, I caused to be served the annexed **Defendants' Responses to Plaintiff's First Consolidated Set of Discovery Demands** upon the following counsel of record by facsimile and by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorneys at the address set forth below, being the address designated by said attorneys for that purpose:

TO:     Siegle & Sims, LLP
        217 Broadway, Suite 611
        New York, New York 10007


Dated: New York, New York
August 28, 2007


_____
JOHN H. GRAZIADEI (JG 1333)

Index No. 07 CV 3636 (LAK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YANG FENG ZHAO,

                                                          Plaintiff,

                         -against-

CITY OF NEW YORK, DETECTIVE NGA CHEUNG NG,
DETECTIVE BILLY MILAN, "JOHN DOE #1" and "JOHN
DOE #2,",

                                                          Defendants.

---

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST
CONSOLIDATED SET OF DISCOVERY DEMANDS**

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street
New York, N.Y. 10007

*Of Counsel: John H. Graziadei*
*Tel: (212) 442-3551*
*NYCLIS No. 2007-015691*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ................................................... , 200 . . .

............................................................................ *Esq.*

*Attorney for* ...............................................................

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

YANG FENG ZHAO,

                             Plaintiff,

               -against-

CITY OF NEW YORK, DETECTIVE NGA CHEUNG
NG, DETECTIVE BILLY MILAN, "JOHN DOE #1" and
"JOHN DOE #2",

                            Defendants.

------------------------------------------------------------------------x

**CONFIDENTIALITY
STIPULATION AND
ORDER**

07 CV 3636 (LAK)

WHEREAS, defendants intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential; and

WHEREAS, defendants will only produce these documents if appropriate protection for their confidentiality is assured;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the attorney for plaintiff and defendants, as follows:

1.    As used herein, "Confidential Materials" shall mean New York City Police Department ("NYPD") personnel and disciplinary records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agency, which shall be stamped with the term "CONFIDENTIAL" or otherwise designated by defendants, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendants, or (b) are otherwise publicly available.

2.     Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

3.     Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

a.     Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

b.     Disclosure before trial may be made only to plaintiff, to an expert who has been retained or specially employed by plaintiff's attorney in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

c.     Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retain by plaintiff's attorney and a copy shall be furnished to defendants' attorneys upon their request.

4.     Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5.    If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

## CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

6.    Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

7.    This stipulation shall be binding upon the parties immediately upon signature, and shall be submitted to the Court for entry as an Order.

8.    Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

9.    Plaintiff's counsel shall keep confidential for "attorney's-eyes-only" the address, telephone number, social security number, date of birth, and other personal information regarding witnesses identified by the production of documents or otherwise identified in the course of this litigation. Such information shall be used only by the attorney or his law firm or

agents for the purpose of communication with witnesses or the service of subpoenas, and shall

not be disclosed to plaintiff, his family members, or other persons, and such information shall not

be included in documents publicly filed with the Court.

Dated:      New York, New York
            August 28, 2007


_____          MICHAEL A. CARDOZO
Eric Siegle, Esq. (_____)             Corporation Counsel of the City of New
Jonathan Sims, Esq. (_____)                York
Siegle & Sims, LLP                        100 Church Street
Attorney for the Plaintiff                New York, N.Y. 10007
217 Broadway, Suite 611                   (212) 442-3551
New York, New York 10007                  Fax: (212) 788-9776
(212) 406-0110

                                          By:_____
                                               John H. Graziadei (JG 1333)
                                               Assistant Corporation Counsel
                                               Attorney for Defendants


SO ORDERED:

_____
Hon. Lewis A. Kaplan, U.S.D.J.


DATE:_____

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Confidentiality Stipulation and Order entered in the United States District Court for the Eastern District of New York dated June 21, 2006 in the action entitled <u>Zhao v. City of New York, et al.</u>, 07 CV 3636 (LAK) and understands the terms thereof.  The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____          _____
            Date                                                          Signature

                                                          _____
                                                                        Print Name

                                                          _____
                                                                        Occupation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

YANG FENG ZHAO,

                         Plaintiff,

           -against-

CITY OF NEW YORK, DETECTIVE NGA CHEUNG
NG, DETECTIVE BILLY MILAN, "JOHN DOE #1" and
"JOHN DOE #2,"

                      Defendants.

**DEFENDANTS' RESPONSES
AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND
REQUEST FOR
DOCUMENTS ON
DEFENDANTS MILAN AND
NG AND SECOND REQUEST
FOR PRODUCTION OF
DOCUMENTS ON
DEFENDANT CITY**


**07 CV 3636 (LAK)**

------------------------------------------------------------------- x

Pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure,

defendants respond and object to Plaintiff's First Consolidated Set of Discovery Requests as

follows:

## GENERAL STATEMENT

         1.      By responding to any request, defendants do not concede the materiality of

the subject to which it refers. Defendants' responses are made expressly subject to, and without

waiving or intending to waive, any questions, or objections as to the competency, relevancy,

materiality, privilege, or admissibility as evidence or for any other purpose, of any of the

documents or information produced, or of the subject matter thereof, in any proceeding including

the trial of this action or any subsequent proceeding.

2.    Defendants object to this Interrogatory and Document Request to the extent that they demand documents and/or information that are protected by the attorney-client or work-product privilege, or constitute material prepared for litigation purposes.

3.    Inadvertent production of any document or information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.    Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5.    Defendants further object in the entirety to these requests to the extent that they seek the home address of individuals identified by the defendants in response to the interrogatories.

6.    With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index.

7.    Defendants object insofar as plaintiff's requests impose obligations upon them beyond which is required under the Federal Rules of Civil Procedure.

8.    Defendants is continuing to search for information responsive to plaintiff's requests and therefore reserves the right to supplement their responses to each request with additional information, if and when such information becomes available to defendants' counsel. Defendants also reserves the right to object to the future disclosure of any such information.

- 2 -

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all witnesses with knowledge or information relevant to each and every cause of action asserted against defendants CITY OF NEW YORK, DETECTIVE NGA CHEUNG NG, DETECTIVE BILLY MILAN, "JOHN DOE #1" and "JOHN DOE #2" as set forth in the plaintiff's Complaint and all witnesses with knowledge or information relevant to each and every response and defense asserted by defendant CITY OF NEW YORK set forth in the defendants' Answer, including the names of all the police officers, detectives and their supervisors, as well as their current command and/or address, if they are no longer employed by the CITY, that were involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO. Please indicate the role or function each individual identified by defendants had in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:**

Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and there is a more practical method of obtaining the information sought. Defendants further object to providing non-business addresses. Notwithstanding, and without waiving, or in any way limiting these objections or the general objections, plaintiff is referred to defendants disclosures made pursuant to Fed. R. Civ. P. 26(a) and the documents previously produced bearing Bates nos. NYC 1 through NYC 221 and V1 through V6.

## INTERROGATORY NO. 2:

Identify and set forth the existence, custodian, location and general description of all relevant documents, information and/or physical evidence related to the causes of action set forth in the plaintiff's Complaint and the responses and defenses set forth in the CITY's Answers, including, but not limited to the following:

a.    pertinent insurance agreements for the CITY OF NEW YORK in effect on the date of the alleged incident, October 25, 2005, and thereafter.

b.    any surveillance video tapes of the criminal incident alleged against plaintiff;

c.    any "enhanced" surveillance video tapes of the criminal incident alleged against plaintiff; whether enhanced by the New York City Police Department, the Queens County District Attorney's Office, or any other entity;

d.    all audio recordings of police communications regarding the murder occurring on December 11, 2001 of Danny Cabezas, and the subsequent arrest and processing of plaintiff on October 24, 2005;

e.    printout of police communications regarding the murder of Danny Cabezas on December 11, 2001, and the arrest and processing of plaintiff on October 24, 2005;

f.    criminal history of plaintiff obtained by the CITY OF NEW YORK;

g.    employment and/or personnel files for all officers and/or personnel involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO;

h.    training and/or instruction manuals and/or guidelines given to police officers/detectives/investigators employed by the CITY OF NEW YORK;

i.    training and/or instruction manuals and/or guidelines regarding the investigation of "cold cases" utilized by police officers/detectives/investigators employed by the CITY OF NEW YORK;

j.    training and/or instruction manuals or guidelines regarding interrogation techniques and/or the elicitation of confessions from criminal suspects given to police officers/detectives/investigators employed by the CITY OF NEW YORK;

k.    certifications of personnel employed by the CITY OF NEW YORK involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO;

l.    documents regarding disciplinary proceedings against personnel employed by the CITY OF NEW YORK involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO, including but not limited to NGA CHEUNG NG and BILLY MILAN;

m.    all paperwork and documents created, possessed and/or maintained by the CITY OF NEW YORK, including the NEW YORK CITY POLICE DEPARTMENT, QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE, and the NEW YORK CITY DEPARTMENT OF CORRECTION, regarding the arrest, apprehension, search, confinement,

detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO;

n.    employee manuals, training materials, rules, regulations, procedures, whether written or otherwise and/or all other documents provided by or on behalf of the CITY OF NEW YORK to its employees related to law enforcement regarding arrest, apprehension, search, strip search, confinement, detention, interrogation, reporting and prosecution procedures of the CITY OF NEW YORK;

o.    any document, communication, or statement which defendants intend to introduce as evidence at the trial hereof in support of their responses and affirmative defenses contained in their Answers;

p.    Photographs, maps, drawings, schematics, plans or other documents or evidence which depict the scene of the crime, the area of arrest, apprehension, search, confinement, detention, interrogation, and reporting of plaintiff YANG FENG ZHAO.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:

Defendants object to Interrogatory No. 2 and all its subparts on the grounds that it is vague, ambiguous, overbroad, not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, beyond the scope of permissible discovery, subject to the law enforcement privilege, and invades the privacy of the officers and/or personnel. Notwithstanding, and without waiving or in any way limiting, these objections or defendants' general objections, defendants refer plaintiff to defendants' disclosures made pursuant to Fed. R. Civ. P. 26(a) and, pursuant to Fed. R. Civ. P. 33(d), defendants refer plaintiff to the documents previously produced bearing Bates nos. NYC 1 through NYC 221 and V1

through V6. Further, to the extent they exist, responsive documents may be in the custody of the New York City Police Department, the Queens County District Attorney's Office, and the Department of Correction.

**INTERROGATORY NO. 3:**

Identify and specify each and every diminution of defendants' liability, "set off" and/or "indemnity," as to defendants' alleged liability, and plaintiff's economic loss, whether paid for or reimbursed by a collateral source or from a collateral source, by which defendants allege shall serve to reduce any verdict and/or damages of plaintiff, giving the description thereof, the party and/or persons paying and/or responsible for same, and the amount thereof, which defendants allege in their Answers it is entitled. Please include in such responses the names of all individuals alleged to be responsible for plaintiff's injuries and/or damages as allege in defendants' responses and affirmative defenses. Please identify any such documents which support said responses and affirmative defenses.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and not relevant or reasonably calculated to lead to the discovery of admissible evidence and to the extent that it calls for the production of information protected by the attorney-client and work-product privileges. Defendants further state that pursuant to Rule 33(c), to the extent this interrogatory involves an opinion or contention that relates to fact or the application of law to fact, defendants will seek an order of the Court that Interrogatory No. 3 not be answered until after fact discovery has been completed or a pre-trial conference or other later time.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

Produce all the documents identified in the preceding Interrogatories.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendants object to Document Request No. 1 on the grounds that it is vague, ambiguous, overbroad, protected by the law enforcement, attorney-client, and work-product privileges, not relevant or reasonably calculated to lead to the discovery of admissible evidence, and not in the care, custody, and control of defendants. Notwithstanding, and without waiving, or in any way limiting these objections or the general objections, plaintiff is referred to the documents previously produced bearing Bates nos. NYC 1 through NYC 221 and V1 through V6.

### DOCUMENT REQUEST NO. 2:

Produce all documents regarding the incident, including documents concerning plaintiff's arrest and criminal prosecution, the minutes of any Grand Jury proceedings and criminal court transcripts, and any and all other documents concerning the incident, including plaintiff's Department of Correction file, that are in defendants possession, custody, or control.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:

Defendants object to Document Request No. 2 on the grounds that it is vague, ambiguous, overbroad, protected by the law enforcement, attorney-client, and work-product privileges, not relevant or reasonably calculated to lead to the discovery of admissible evidence, and not in the care, custody, and control of defendants. Notwithstanding, and without waiving, or in any way limiting these objections or the general objections, plaintiff is referred to the

documents previously produced bearing Bates nos. NYC 1 through NYC 221 and V1 through V6.

## DOCUMENT REQUEST NO. 3:

Produce all handbooks, memos, documents, etc., concerning the training of members of the New York City Police Department with regard to interrogation techniques of criminal suspects.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:

Defendants object to Document Demand No. 3 on the grounds that it is vague, ambiguous, overbroad, not limited in time, protected by the law enforcement privilege, and not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the general objections, plaintiff is referred to documents produced herewith bearing Bates Nos. 222 through 262. Further notwithstanding, and without waiving or in any way limiting these objections or the general objections, with respect to training materials subject to the law enforcement privilege, plaintiff is referred to the privilege log produced herewith.

## DOCUMENT REQUEST NO. 4:

Produce all handbooks, memos, documents, etc., concerning the training of members of the New York City Police Department in the investigation of "cold cases."

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:

Defendants object to Document Demand No. 4 on the grounds that it is vague, ambiguous, overbroad, not limited in time, protected by the law enforcement privilege, and not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the general objections, plaintiff is referred to documents produced herewith bearing

Bates Nos. 222 through 262. Further notwithstanding, and without waiving or in any way limiting these objections or the general objections, with respect to training materials concerning the investigation of "cold cases" subject to the law enforcement privilege, plaintiff is referred to the privilege log produced herewith.

## DOCUMENT REQUEST NO. 5:

Produce all documents concerning disciplinary proceedings against personnel employed by the CITY OF NEW YORK involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO, including, but not limited to, defendant NGA CHEUNG NG; and defendant BILLY MILAN

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:

Defendants object to Document Demand No. 5 on the grounds that it is vague, ambiguous, overbroad, and not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the general objections, and to the extent that defendants are in possession of documents that may be responsive to plaintiff's request, plaintiff is referred to the performance evaluations produced herewith bearing Bates Nos. 263 through 316 subject to the Stipulation and Order of Confidentiality.

## DOCUMENT REQUEST NO. 6:

Produce all documents concerning employment and/or personnel files for all officers and/or personnel involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO including, but not limited to, defendant NGA CHEUNG NG; and defendant BILLY MILAN.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:

Defendants object to Document Demand No. 6 on the grounds that it is vague, ambiguous, overbroad, and not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the general objections, and to the extent that defendants are in possession of documents that may be responsive to plaintiff's request, plaintiff is referred to the performance evaluations produced herewith bearing Bates Nos. 263 through 316 subject to the Stipulation and Order of Confidentiality.

## DOCUMENT REQUEST NO. 7:

Produce all subpoenas served on any party, or any individual or entity concerning this litigation.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:

Defendants object to Document Demand No. 7 on the grounds that it is vague, ambiguous, overbroad, and not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting these of the general objections, defendants state that they have not served any subpoenas. Should defendants serve a subpoena, they will serve on plaintiff a copy of the subpoena as required.

## DOCUMENT REQUEST NO. 8:

Produce all documents received in response to any subpoenas served.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:

See defendants' objection and response to Document Request No. 7.

## DOCUMENT REQUEST NO. 9:

Produce all documents that relate to all complaints made by anyone to any government agency including, but not limited to, the CCRB and IAB of the New York City Police Department concerning defendants NGA CHEUNG NG, BILLY MILAN, or any other individual associated with the arrest, and prosecution of plaintiff.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:

Defendants object to Document Demand No. 9 on the grounds that it is vague, ambiguous, overbroad, and not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the general objections, and to the extent that defendants are in possession of documents that may be responsive to plaintiff's request, plaintiff is referred to the performance evaluations produced herewith bearing Bates Nos. 263 through 316 subject to the Stipulation and Order of Confidentiality.

## DOCUMENT REQUEST NO. 10:

Produce all expert disclosures required pursuant to Federal Rule 26(a)(2).

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:

Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of information protected by the attorney-client and work-product privileges. Defendants further state that the Court's Scheduling Order dated October 2, 2007 provides for the timing of 26(a)(2) disclosures.

## DOCUMENT REQUEST NO. 11:

Produce exact copies of all video surveillance recordings associated with the incident.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:

Plaintiff is referred to Defendants' Objection and Response to Document Demand No. 2.

## DOCUMENT REQUEST NO. 12:

Produce exact copies of all video surveillance recordings that have been "enhanced" in any manner, by any agency, associated with the incident.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:

Plaintiff is referred to Defendants' Objection and Response to Document Demand No. 2.

## DOCUMENT REQUEST NO. 13:

Produce exact copies of all audio recordings of police communications regarding the arrest and processing of plaintiff.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13:

Plaintiff is referred to Defendants' Objection and Response to Document Demand No. 2.

## DOCUMENT REQUEST NO. 14:

Produce exact copies of all printout of police communications regarding the arrest and processing of plaintiff.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 14:

Plaintiff is referred to Defendants' Objection and Response to Document Demand No. 2.

## DOCUMENT REQUEST NO. 15.

Produce exact copies of all photographs concerning the incident, including, but not limited to, crime scene photographs and autopsy photographs of the deceased, Danny Cabezas.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 15.

Plaintiff is referred to Defendants' Objection and Response to Document Demand No. 2.

## DOCUMENT DEMAND NO. 16:

Make available for inspection all physical evidence seized during the investigation of the murder of Danny Cabezas.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 16.

Plaintiff is referred to Defendants' Objection and Response to Document Demand No. 2.

## DOCUMENT REQUEST NO. 17:

Produce all New York Police Department Legal Bureau Bulletins relating to case investigation, arrest prosecutions, probable cause, and interrogation and/or interrogation techniques.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 17.

Defendants object to Document Demand No. 17 on the grounds that it is vague, ambiguous, overbroad, not limited in time, protected by the law enforcement privilege, and not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the general objections, plaintiff is referred to documents produced herewith bearing Bates Nos. 245 through 259. Further notwithstanding, and without waiving or in any way

limiting these objections or the general objections, with respect to training materials relating to case investigation, arrest prosecutions, probable cause, and interrogation and/or interrogation techniques subject to the law enforcement privilege, plaintiff is referred to the privilege log produced herewith.

## DOCUMENT REQUEST NO. 18.

Produce the Detective Guide in effect on October 25, 2005.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 18.

Defendants object to Document Demand No. 18 on the grounds that it is vague, ambiguous, overbroad, protected by the law enforcement privilege, and not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the general objections, plaintiff is referred to documents produced herewith bearing Bates Nos. 237 through 244. Further notwithstanding, and without waiving or in any way limiting these objections or the general objections, with respect to those portions of the Detective Guide subject to the law enforcement privilege, plaintiff is referred to the privilege log produced herewith.

## DOCUMENT REQUEST NO. 19:

Produce all documents and materials relating to the Homicide Investigator's Course.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 19.

Defendants object to Document Demand No. 19 on the grounds that it is vague, ambiguous, overbroad, not limited in time, protected by the law enforcement privilege, and not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting these

objections or the general objections, with respect to the portions of the Homicide Investigator's Course concerning homicide investigations subject to the law enforcement privilege, plaintiff is referred to the privilege log produced herewith.

## DOCUMENT REQUEST NO. 20:

Produce all documents and materials relating the CIC Course.

## OBJECTION AND RESPONSE TO DOCUMENT DEMAND NO. 20.

Defendants object to Document Demand No. 20 on the grounds that it is vague, ambiguous, overbroad, not limited in time, protected by the law enforcement privilege, and not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the general objections, with respect to the portions of the CIC course subject to the law enforcement privilege, plaintiff is referred to the privilege log produced herewith.

Dated: New York, New York
      October 8, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
Attorney for Defendant
100 Church Street, Room 3-152
New York, New York 10007
(212) 442-3551

By: _____
     JOHN H. GRAZIADEI (JG 1333)
     Assistant Corporation Counsel

TO:    Siegle & Sims, LLP

## DECLARATION OF SERVICE BY HAND

I, John H. Graziadei, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that, on October 8, 2007, I served the annexed DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENTS ON DEFENDANTS MILAN AND NG AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS ON DEFENDANT CITY directed to said attorneys at the address set forth below, being the address designated by said attorneys for that purpose:

TO:    Siegle & Sims, LLP
       217 Broadway, Suite 611
       New York, New York 10007


Dated: New York, New York
October 8, 2007


JOHN H. GRAZIADEI (JG 1333)

- 2 -

Index No. 07 CV 3636 (LAK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YANG FENG ZHAO,

Plaintiff,

-against-

CITY OF NEW YORK, DETECTIVE NGA CHEUNG NG,
DETECTIVE BILLY MILAN, "JOHN DOE #1" and "JOHN
DOE #2,",

Defendants.

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENTS ON DEFENDANTS MILAN AND NG AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS ON DEFENDANT CITY

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street
New York, N.Y. 10007

*Of Counsel: John H. Graziadei*
*Tel: (212) 442-3551*
*NYCLIS No. 2007-015691*

*Due and timely service is hereby admitted.*

New York, N.Y. ................................................... , 200 . . .

...................................................................... Esq.

*Attorney for* ........................................................

# EXHIBIT 5

**PRIVILEGE LOG OF CORRESPONDENCE AND OTHER DOCUMENTS**
**YANG FENG ZHAO V. THE CITY OF NEW YORK, ET. AL**
**07 CV 3636 (LAK)**

| DATE OF DOCUMENT | ORIGINAL SENDER | RECIPIENT OF DOCUMENT | BRIEF DESCRIPTION | PRIVILEGE OR OBJECTION ASSERTED | BATES NO. OF PRIVILEGE |
|---|---|---|---|---|---|
| Unknown | Unknown | Unknown | 1 Page of NYPD Notes regarding confidential informant information | Law Enforcement due to open homicide investigation. Disclosure may compromise pending investigation and safety and security of confidential informant; | NYCP 1 |
| Multiple Dates | N/A | N/A | NYPD documents containing information regarding an individual other than plaintiff | Law Enforcement due to open homicide investigation. Disclosure may compromise pending investigation; CPL 160.50 (Sealed Records) | NYCP 2-285 |
| Multiple Dates | N/A | N/A | NYPD Documents containing the victim Danny Cabezas' personal and confidential information, including school records, finger prints, and arrests of other individuals in the vicinity of victim's last known address. | Law Enforcement due to open homicide investigation. Disclosure may compromise pending investigation; CPL 160.50 (Sealed Records); Personal and Confidential Information | NYCP 286-315 |
| Multiple Dates | N/A | N/A | NYPD documents containing personal information, including arrest information of other individuals, including gang related information | Law Enforcement due to open homicide investigation and ongoing efforts to address gang related criminal activities. Disclosure may compromise pending investigation and intelligence gathering; CPL 160.50 (Sealed Records) | NYCP 316-413 |

| DATE OF DOCUMENT | ORIGINAL SENDER | RECIPIENT OF DOCUMENT | BRIEF DESCRIPTION | PRIVILEGE OR OBJECTION ASSERTED | BATES NO. OF PRIVILEGE |
|---|---|---|---|---|---|
| 10/07 | | | NYPD - Criminal Investigation Course | Law Enforcement in order to protect the NYPD's investigatory strategies and techniques. Disclosure may compromise pending and future investigations. | NYCP 414-424 |
| Unknown | | | Homicide Investigator Course | Law Enforcement in order to protect the NYPD's investigatory strategies and techniques. Disclosure may compromise pending and future investigations. | NYCP 425-450 |

# EXHIBIT 6

## Agreed to Deposition Schedule

The following is a deposition schedule agreed to between the parties as of this date:

ZHAO - October 10 and 11, 2007;
Detective Richard Maline - October 12, 2007;
MILAN - October 14, 2007;
NG - October 15, 2007;
George Huang, non-party witness noticed by ZHAO - October 17, 2007 a.m.
Detective Laureano Rivera - October 17, 2007 p.m.;
Detective Frank Romano - October 18, 2007 a.m.; and
Detective C. Wilkinson - October 18, 2007 p.m.

# EXHIBIT 7

```
 1    SUPREME COURT OF THE STATE OF NEW YORK
      COUNTY OF QUEENS:  CRIMINAL TERM, PART TAP-B
 2    ------------------------------------X
      THE PEOPLE OF THE STATE OF NEW YORK,
 3                                         Ind. No.
                                           2892/05
 4              -against-
                                           PROCEEDINGS
 5    YANG FENG ZHAO,

 6                        Defendant.
      ------------------------------------X
 7

 8                              December 18, 2006
                                Queens Supreme Court
                                125-01 Queens Boulevard
 9                              Kew Gardens, New York 11415

10

11    B E F O R E :
                 HONORABLE RANDALL T. ENG,
12                              JUSTICE

13

14    A P P E A R A N C E S :

15    For the People:

16         RICHARD A. BROWN, ESQ.
           District Attorney, Queens County
17         BY: EUGENE REIBSTEIN, ESQ.
           Assistant District Attorney

18

19    For the Defendant:

20         SIEGLE & SIMS, ESQS.
           217 Broadway
21         New York, New York

22         BY:  ERIC SIEGLE, ESQ.

23

24
                                GLORIA L. PRATT
25                              Official Court Reporter

                          glp
```

PROCEEDINGS

1          THE CLERK:  Calendar number three,

2     indictment 2892 of '05, Yang Feng Zhao, who is

3     present.  The Mandarin interpreter is required

4     and present.

5          Appearances for the record.

6          MR. REIBSTEIN:  Assistant district

7     attorney Eugene R-E-I-B-S-T-E-I-N.

8          MR. SIEGLE:  For Mr. Zhao, Eric Siegle,

9     from Siegle and Sims, 217 Broadway, New York,

10    New York.

11         Good morning, your Honor.

12         MR. REIBSTEIN:  May we approach for a

13    moment?

14         THE COURT:  Come up.

15         THE INTERPRETER:  Mandarin interpreter,

16    George Kao.

17         THE COURT:  Let me have the indictment on

18    the bench, please.

19         (Handing.)

20         THE COURT:  Presently open before the

21    Court is indictment number 2892 of '05

22    containing now two counts of murder in the

23    second degree and one count of criminal

24    possession of a weapon in the fourth degree.

25         Mr. Reibstein, what is the position of the

PROCEEDINGS

1      People?

2          MR. REIBSTEIN:  Your Honor, the position

3   of the People is this is not the man who

4   committed that murder. And we are moving to

5   dismiss the count against him, so we can go get

6   the real guy.

7          THE COURT:  That's as to each of the

8   indictments contained in this count in this

9   indictment in this case; is that correct?

10         MR. REIBSTEIN:  Yes.

11         THE COURT:  I understand there is no

12  objection by the defense.

13         MR. SIEGLE:  No, your Honor, no objection.

14         THE COURT:  I want to compliment everyone

15  in their diligence in this matter.  And the

16  Court does trust that the interests of justice

17         (Continued next page.)

18

19

20

21

22

23

24

25

PROCEEDINGS

1          Have been served.  Accordingly the motion

2     to dismiss the indictment and every count

3     contained therein, Mr. Zhao, this is dismissed

4     in its entirety and the indictment is ordered

5     sealed.  The defendant discharged.

6          MR. REIBSTEIN:  Thank you.

7          MR. SIEGLE:  Thank you, your Honor.

8                    *          *          *

9     CERTIFIED TO BE A TRUE AND ACCURATE TRANSCRIPT OF THE

10    ABOVEMENTIONED TRANSCRIPT.

11

12                         GLORIA LYNN PRATT

13                    OFFICIAL COURT REPORTER

14

15

16

17

18

19

20

21

22

23

24

25

glp

# EXHIBIT 8

9/23/07 KW W/
1300 HRS
MEETING
LAURETANO A
STANSKY

(TAF130)

-10-

KTV

12/11/01     MTV          GOLDEN BTN.
45-52   Main St.   RM. #6.

- security guard. stabbed to death.

- gambler.

- Ah Zhong. 黃民勇   just to PRC already. became there was
                 a flight for 6 mos earliest. Then, he took off
                 in Allen city   cam in after Ben arrived.

- @ 7 or 8 o'clock, Ah Zhong, Chen (Ah Gui, TAI BAO), Lin Chen, Ying
  關楊 -   Eddie or rest owner - (Virginia)
  - several people came in afterward. They stayed for about an hour.

- When Chen was leaving, Chen saw Ah Zhong, Tai Bao &
  Ah Gui were fighting with the security guard.
- Ah Gui is the tallest person.
- Tai Bao is the shortest person & was the one who
  stabbed and killed the security guard.

- After leaving the karaoke, Chen, left with Lin Chen & another
  girl. Chen called The girls called car service.

- Chen heard that Ah Gui & Tai Bao were in California.

- Ah Gui has a girl tattoo on on his arm.
- Tai Bao. has a tattoo on one of his arm.
  ⟶ Parents in California. T.B. has parents in the
      States.

EXHIBIT 9

Received
09/18/2007 17:02 FAX 2124065259          SIEGLE AND SIMS LLP          Sep 18 2007 04:51pm          @002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--- ----------------------------------------------x

YANG FENG ZHAO,                                          CONFIDENTIALITY
                                                         STIPULATION AND
                            Plaintiff,                   ORDER

        -against-

CITY OF NEW YORK, DETECTIVE NGA CHEUNG
NG, DETECTIVE BILLY MILAN, "JOHN DOE #1" and
"JOHN DOE #2",

                            Defendants.

--------------------------------------------------x

> USDC SDNY (LAK)
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 10/2/07

WHEREAS, defendants intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential; and

WHEREAS, defendants will only produce these documents if appropriate protection for their confidentiality is assured; and

WHEREAS, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the attorney for plaintiff and defendants, as follows:

1.      As used herein, "Confidential Materials" shall mean New York City Police Department ("NYPD") personnel and disciplinary records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agency, which shall be stamped with the term "CONFIDENTIAL" or otherwise designated by defendants, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent,

Received·
09/18/2007 17.02 FAX 2124085259          SIEGLE AND SIMS LLP          Sep 18 2007 04:57pm          ☐003

that they are (a) obtained by plaintiff from sources other than defendants, or (b) are otherwise publicly available.

    2.    Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation or prosecution of plaintiff's case in this action

    3.    Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

    a.    Disclosure may be made only if necessary to the preparation or prosecution of plaintiff's case in this action

    b    Disclosure before trial may be made only to plaintiff, to an expert who has been retained or specially employed by plaintiff's attorney in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

    c.    Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retain by plaintiff's attorney and a copy shall be furnished to defendants' attorneys upon their request.

    4.    Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page

C:\WPerfct\Lcp\NGRAZIA\J\1807103_1.DOC    -2-    09/11/07 4 56 PM

Received:
09/18/2007 17:02 FAX 2124065259          SIEGLE AND SIMS LLP          Sep 18 2007 04:57pm          ☑004

prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be

Confidential Materials within the meaning of this Stipulation and Protective Order.

     5.    If any paper which incorporates any Confidential Materials or reveals the

contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court

enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the

contents, and the following legend:

### CONFIDENTIAL

> This envelope contains documents or information
> designated confidential pursuant to an order entered
> by the United States District Court for the Southern
> District of New York in the above-captioned action.
> This envelope shall not be opened or unsealed
> without the express direction of a judge of this
> Court, and its contents shall not be displayed or
> revealed except as the Court may order.  This
> envelope and its contents shall at all times be
> maintained separate and apart from the publicly
> available files of this case

     6.    Within 60 days after the termination of this case, including any appeals,

the Confidential Materials, including all copies, notes, and other materials containing or referring

to information derived therefrom, shall be returned to defendants' attorneys or, upon their

consent, destroyed, and all persons who possessed such materials shall verify their return or

destruction by affidavit furnished to defendants' attorneys.

     7.    This stipulation shall be binding upon the parties immediately upon

signature, and shall be submitted to the Court for entry as an Order.

     8.    Nothing in this Stipulation and Protective Order shall be construed to limit

defendants' use of the Confidential Materials in any manner.

     9.    Plaintiff's counsel shall keep confidential for "attorney's-eyes-only" the

address, telephone number, social security number, date of birth, and other personal information

Received
09/18/2007 17:02 FAX 2124065250    SIEGLE AND SIMS LLP    Sep 18 2007 04:57pm    ☑005

regarding witnesses identified by the production of documents or otherwise identified in the course of this litigation. Such information shall be used only by the attorney or his law firm or agents, including but not limited to experts and investigators, for the purpose of communication with witnesses or the service of subpoenas, and shall not be disclosed to plaintiff, his family members, or other persons, and such information shall not be included in documents publicly filed with the Court.

Dated:    New York, New York
          September 11, 2007

Eric Siegle, Esq. (ES 4277)
Jonathan Sims, Esq. (JS 8472)
Siegle & Sims, LLP
Attorney for the Plaintiff
217 Broadway, Suite 611
New York, New York 10007
(212) 406-0110

MICHAEL A. CARDOZO
Corporation Counsel of the City of New
    York
100 Church Street
New York, N.Y. 10007
(212) 442-3551
Fax: (212) 788-9776

By: _____
    John H. Graziadei (JG 0333)
    Assistant Corporation Counsel
    Attorney for Defendants

SO ORDERED:

_____
Hon. Lewis A. Kaplan, U.S.D.J.

DATE:_____

Notwithstanding anything to the contrary herein, any papers filed under seal in this action may be made part of the public record on or after __10/1__, 20_07_ unless the Court otherwise orders.

SO ORDERED.

Dated: 10/1/07    _____
                            U.S.D.J.

C:\WrPortbl\Legal\UGRAZIADI\1807103_1.DOC    -4-    09/11/07 4:56 PM

Received:
09/18/2007 17:02 FAX 2124065259          SIEGLE AND SIMS LLP          Sep 18 2007 04:57pm          ☒008

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Confidentiality Stipulation and Order entered in the United States District Court for the Eastern District of New York dated September 11, 2007 in the action entitled Zhan v. City of New York, et al., 07 CV 3636 (LAK) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____          _____
Date                                        Signature

                                            _____
                                            Print Name

                                            _____
                                            Occupation

# EXHIBIT 10

**COLD CASE**



### 2006 HOMICIDE SEMINAR FOR THE
### NEW YORK CITY POLICE DEPARTMENT

December 22, 2005

# REDACTED

**Outline:**

At the end of this lecture the student will be able to:

1) Identify cold homicide cases that would be suitable for DNA testing.
   a. Steps to be taken
   b. Case Management
   c. Choosing the "right" investigator for the case
   d. Laboratory consultation

2) Interpret events that occurred by utilizing crime scene photos.
   a. "Revisit" the scene through photographs
      i. Taking a fresh look
      ii. Employing others to interpret the scene
   b. Return to the scene of the crime
      i. Prepare for an initial "re-canvass"

3) Utilize best practices for processing crime scene along with the Crime Scene Unit.
   a. Wear proper PPE (Personal Protective Equipment)
   b. Avoid contamination

    c. Avoid eating, drinking, smoking, sneezing or talking around evidence
    d. Air dry evidence
    e. Secure evidence in brown paper
    f. Contact the CSU for identifying old evidence
    g. Make sure that evidence is not tainted
    h. Maintain the Chain of Custody
        i. Fewer the links the better



4) ▮▮▮▮▮▮▮▮▮▮
    b. ▮▮▮▮▮▮▮▮
        i. ▮▮▮
        ii. ▮▮▮
        iii. ▮▮▮
        iv. ▮▮▮
        v. ▮▮▮
        vi. ▮▮▮
        vii. ▮▮▮
    c. ▮▮▮▮
    d. ▮▮▮

5) Identify effective tactics while conducting canvasses.
    a. Looking the part
        i. Proper apparel
    b. Asking the right questions
    c. Tracking down people who no longer live at the location
    d. Documenting interviews on a worksheet

6) I▮▮▮▮▮▮▮▮ DNA ▮▮
    a. ▮▮▮▮▮
    b. ▮▮▮▮▮
    c. ▮▮▮▮▮

7) Utilize the best practices for taking pertinent statements from witnesses.
    a. Interview and Interrogation
        i. Differences between the two
        ii. Asking the right questions



8) ▮▮▮▮▮▮▮ DNA ▮▮▮▮
    b. ▮▮▮▮
        i. ▮▮▮
            1. ▮▮▮
        ii. ▮▮▮



c. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
d. ▮▮▮▮▮▮▮▮▮▮▮▮
    i. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
    ii. ▮▮▮▮▮▮▮▮▮▮
    iii. ▮▮▮▮▮▮▮▮▮▮▮▮▮
    iv. ▮▮▮▮▮▮

The ▮▮▮▮▮▮▮▮▮ case will be presented during this lecture and is a 36 slide PowerPoint presentation. I will identify the mistakes made by the original investigators, not to be critical, but to learn for the future through failure. I will also discuss tactics utilized by the Cold Case Squad and identify better practices for the future.

REVISION NOTICE

1 of 2

| GUIDE | NUMBER | DATE ISSUED | DATE EFFECTIVE |
|-------|--------|-------------|----------------|
| DETECTIVE | 96-1 | 01-19-96 | 01-26-96 |

Misc. 1953-H (5-91)-H1

REDACTED

PROCEDURE

CHANGE

204-03,
page 1

Add "NOTE" following step 9, subdivision "b," to read:
"NOTE    The identification of the victim and notifications
to family or friends is the responsibility of the
assigned   detective.  The Missing Persons Squad
will provide assistance, if needed."

204-03,
page 2

Add following "ADDITIONAL DATA" statements, to read:
"Missing Persons Squad investigators will utilize COMPLAINT
FOLLOW-UP MEDICAL EXAMINER CASE (PD313-081H) to report medi-
cal examiner autopsies that result in a homicide determina-
tion and may have been classified on the original COMPLAINT
REPORT (PD313-152) as:

a.    Homicide
b.    Investigation D.O.A. or other investigative category,
      e.g., investigate suicide, investigate aided, etc.
c.    Other violent crime, e.g., rape, robbery, assault, kid-
      napping."

"Upon notification from Missing Persons Squad of medical
examiner's homicide determination, precinct detective squad

**REVISION NOTICE**

2 of 2

| GUIDE | NUMBER | DATE ISSUED | DATE EFFECTIVE |
|---|---|---|---|
| DETECTIVE | 96-1 | 01-19-96 | 01-26-96 |

Misc. 1953-H (5-91)-H1

PROCEDURE      CHANGE

√ 204-03,   Add following "RELATED PROCEDURE," to read:
page 2    "Investigation-Unidentified Dead or Aided Persons (D.G. 204-15)"

REDACTED