UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x   Docket #: 07CV3636 (LAK)

YANG FENG ZHAO,

                               **Plaintiff,**   **MOTION TO**
-against-   **QUASH SUBPOENA**

CITY OF NEW YORK, DETECTIVE NGA
CHEUNG NG, DETECTIVE BILLY MILAN,
"JOHN DOE #1" and "JOHN DOE #2,"

                              **Defendants.**

----------------------------------------------------------------x

S I R S :

        PLEASE TAKE NOTICE, that upon the annexed Affirmation of Eric W. Siegle, Esq., sworn to on October 12, 2007, the exhibits annexed thereto, and all proceedings heretofore had herein, plaintiff YANG FENG ZHAO, shall move this Court, on _____, before the Honorable Lewis A. Kaplan, at the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, New York, for an Order pursuant to Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure, for an Order to Quash two subpoenas served on October 12, 2007, on Plaintiffs' Attorneys, personally, to take both of their testimony by deposition and to produce documents.

        Accordingly, Plaintiff YANG FENG ZHAO, respectfully requests that this Court, pursuant to Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure, quash the subpoenas served on this date

on his attorneys, Jonathan D. Sims, Esq and Eric W. Siegle, Esq., in their individual capacity, to give deposition testimony in the above-referenced action and to provide documents, together with such other and further relief as this Court deems proper.

Dated: New York, New York
      October 12, 2007

                    Respectfully submitted,

                 **SIEGLE & SIMS L.L.P.**

              By: _____
                  Eric W. Siegle (ES4277)
                  Attorneys for Plaintiff
                  YANG FENG ZHAO
                  217 Broadway - Suite 611
                  New York, New York 10007
                  (212) 406-0110

To:    MICHAEL A. CARDOZO
       Corporation Counsel
       Attorneys for Defendant
       CITY OF NEW YORK,
       DETECTIVE NGA CHEUNG NG
       DETECTIVE BILLY MILAN
       100 Church Street
       New York, NY 10007
       (212) 442-3551
       NYCLIS No. 2007-015691

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x    Docket #: 07CV3636 (LAK)
YANG FENG ZHAO,

                Plaintiff,                                   **AFFIRMATION IN SUPPORT OF**

-against-                                                                    **MOTION TO QUASH**

CITY OF NEW YORK, DETECTIVE NGA
CHEUNG NG, DETECTIVE BILLY MILAN,
"JOHN DOE #1" and "JOHN DOE #2,"

                Defendants.
---------------------------------------------------------------x
STATE OF NEW YORK   )
                            ) ss.:
COUNTY OF NEW YORK  )

      **ERIC W. SIEGLE, ESQ.**, hereby affirms the following under the penalties of perjury:

      1.    I am a member of the law firm of Siegle & Sims L.L.P., attorneys for plaintiff YANG FENG ZHAO ("ZHAO"). As such, I am fully familiar with the facts and circumstances of this matter. This affidavit is submitted in support of ZHAO's motion to quash the subpoenas attached hereto as Exhibit 1, served on this date by defendants CITY OF NEW YORK ("CITY"), DETECTIVES NGA CHEUNG NG ("NG") and BILLY MILAN ("MILAN") (collectively "DEFENDANTS") on **both attorneys for plaintiff, in their individual capacity**, to each testify at depositions and provide documents on October 17, 2007, at times and locations conflicting with two previously noticed depositions sought by plaintiff's counsel, and agreed to by DEFENDANTS (See para. 5 & Ex. 6 of plaintiff's Second Motion to Compel and First Motion to Preclude Defendants, dated October 9, 2007, which is *sub judice),* specifically, the non-party deposition of an eyewitness to the events of the December 11, 2001, George Huang, at 10:30 a.m., subpoenaed on October 3, 2007, and the CITY by Detective Laureano Rivera, at 2:30 p.m. Notices of both depositions were served by hand on DEFENDANTS on October 3, 2007, and DEFENDANTS have not objected or raised issue to either deposition prior to the service of the enclosed subpoenas.

      2.    The two subpoenas were served by an employee of the CITY Law Department who arrived at your affirmant's office shortly after counselors for the City, John Graziadei, A.C.C., and

Stuart E. Jacobs, A.C.C., with CITY's former employee, Detective Richard Maline, at 1:00 p.m. for a scheduled deposition

3. The service of these subpoenas is simply designed to harass counsel for plaintiff and to disrupt the attorney-client relationship and further delay the proceedings herein. DEFENDANTS have persistently sought to delay the instant litigation, repeatedly failed to comply with the Federal Rules of Civil Procedure, the prior orders of this Court, and have failed to produce witnesses properly noticed to be deposed.

4. As indicated in the motion dated October 9, 2007, to which DEFENDANTS have not yet responded, plaintiff is proceeding with depositions of DEFENDANTS and its employees despite the fact that the DEFENDANTS have not produced discovery materials they advised the Court they would produce when its confidentiality stipulation was executed and were not otherwise privileged. As detailed in plaintiff's October 9, 2007 motion, plaintiff has not been provided with hundreds of pages of discovery materials relevant to the police investigation of another suspect to the homicide for which plaintiff was falsely arrested and prosecuted. Some or all of these materials pre-date plaintiff's arrest of October 24, 2005. See para. 8 & Ex. 8 of plaintiff's October 9, 2007 motion. Regardless, plaintiff has not sought to delay discovery herein and has started conducting DEFENDANTS depositions despite the absence of relevant, non-privileged materials like disciplinary complaints made against DETECTIVES MILAN and/or NG, which Mr. Graziadei has confirm exist, DEFENDANTS possess, and were not included in the privilege log and were intentionally ignored by DEFENDANTS in their October 1, 2007 responses to interrogatories and requests to produce.[1]

5. Subsequent to the deposition conducted today, we attempted to confer with attorneys Graziadei and Jacobs regarding the propriety of the subpoenas and they refused to do so on the record. Off the record, we discussed the subpoenas with counselors who refused to withdraw or adjourn the return date thereof despite our insistence that such subpoenas served against a party's

---

1 This October 1, 2007 production, which was incomplete and prompted the motion which is still *sub judice*, was only made in a failed effort by DEFENDANTS to render plaintiff's first motion to compel moot.

attorney are presumptively disfavored (See discussion of case law hereafter), that we have provided them with full discovery regarding plaintiff's underlying criminal litigation, and that we believed these subpoenas were designed solely for purposes of "harassment" and delay and to avoid conducting the previously noticed depositions of Huang and Rivera on October 17, 2007. We informed counsel that if he did not withdraw the subpoenas we would make the instant motion to this Court. Counsel Graziadei refused to withdraw said subpoenas.

6. Counsel for DEFENDANTS herein has refused to produce documents when demanded, refused to comply with the Court's prior discovery orders, repeatedly failing to comply with FRCP Rule 26(a), and refused to produce the seven witnesses the plaintiff properly noticed until the eleventh hour despite the fact they were noticed initially for September 4-7, and 12, 2007. DEFENDANTS, on the other hand, have not sought intervention from the Court with regard to any discovery issues.[2]

7. There is little doubt that DEFENDANTS instant subpoenas are simple harassment sought to delay counsel for plaintiff from preparing for and conducting six depositions which are to go forward on October 15-18, 2007, which does not include the deposition of Detective Sergio Rivera, who CITY has refused to schedule within the discovery period, as detailed in para. 5 of our October 9, 2007 motion.

8. The law in this District is very clear as it relates to the subpoenas for deposition testimony of a party's attorney, or in this case attorneys. There is a "general principle that attorney depositions are disfavored. The leading decision is Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986), which suggested that depositions of opposing counsel should be permitted only if (1) no other means exist to obtain the sought-after information, (2) the information at issue is both relevant and not privileged, and (3) the information in question is crucial to the discovering party's trial

---

[1] DEFENDANTS contacted plaintiff tonight, by email, subsequent to service of the subpoenas, and requested copies of grand jury minutes from the underlying criminal case which plaintiff had unsealed by court order of the Hon. Randall Eng, Supreme Court of the State of New York, Criminal Term, Queens County, which order and minutes plaintiff obtained and served yesterday. Plaintiff was forced to seek this order by Order To Show Cause due to defendants failure to provide these discovery materials which were properly demanded on or about July 26, 2007.

preparation. Id. at 1327. See, e.g., Bogan v. Northwestern Mut. Life Ins. Co., 152 F.R.D. 9, 14 (S.D.N.Y. 1993). See also 7 J. Moore, Moore's Federal Practice § 30.03[5](3d ed. 1999). The rationale for this conclusion, which has been favorably cited by the Second Circuit, See, e.g., United States v. Yonkers Bd. of Educ., 946 F.2d 180, 185 (2d Cir. 1991), is that depositions of counsel, even if limited to relevant and non-privileged information, are likely to have a disruptive effect on the attorney-client relationship and on the litigation of the case. See, e.g., United States v. District Council of New York City & Vicinity of the United Bhd. of Carpenters & Joiners of Am., 1992 U.S. Dist. LEXIS 12307, 1992 WL 208284, at *5 (S.D.N.Y. Aug. 18, 1992). Roznitsky v. Schwartz Cobb & Scheinert, 98-CV-6643, 1999 WL187074.

9. Here, DEFENDANTS have absolutely no basis for seeking the deposition testimony of either attorneys for plaintiff, much less both. Moreover, plaintiff does not possess any discoverable documents relative to the underlying criminal case that have not already been provided to DEFENDANTS. Lastly, to date, there exists no outstanding discovery requests from DEFENDANTS which has not been complied with by plaintiff.

WHEREFORE, plaintiff ZHAO respectfully requests that this Court issue an order quashing DEFENDANTS subpoenas *in toto*.

_____
Eric W. Siegle (ES4277)

# EXHIBIT 1

AO 88 (11/91) Subpoena in a Civil Case

# United States District Court

| SOUTHERN | DISTRICT OF | NEW YORK |

YANG FENG ZHAO,

V.

CITY OF NEW YORK, et al.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 07 CV 3636 (LAK)

TO: Eric W. Siegle, Esq.
217 Broadway, Suite 611
New York, New York 10007

*I certify that the articles and services specified on this invoice have been received and verified as to the quality and quantity.*

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| City of New York Law Department<br>100 Church Street, New York, NY 10007<br>4th Floor | October 17, 2007 at 10:00 a.m. |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Any and all investigative reports and/or witness statements that were prepared regarding the case of The People of the State of New York v. Yang-Feng Zhao – Indictment # 2892/05. Any and all documents containing information regarding any communications between the Queens County District Attorney's Office and Defense Counsel in the case of The People of the State of New York v. Yang-Feng Zhao – Indictment # 2892/05.

| PLACE | DATE AND TIME |
|---|---|
| City of New York Law Department<br>100 Church Street, New York, NY<br>10007<br>4th Floor | October 17, 2007 at<br>10:00 a.m. |

PAID $ 40
CHECK NO. 106354
DATE 10/11/07

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Assistant Corporation Counsel<br>Attorney for Defendants | October 10, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

John Graziadei, Esq.
N.Y.C. Law Department, 100 Church Street
New York, New York 10007 (212) 442-3551

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

598-606 0258
Stuart Jacobs

AO 88 (11/91) Subpoena in a Civil Case

# United States District Court

SOUTHERN DISTRICT OF NEW YORK

YANG FENG ZHAO,

v.

CITY OF NEW YORK, et al.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 07 CV 3636 (LAK)

#40

I certify that the articles and services specified on this invoice have been received and verified as to the quality and quantity.

TO: Jonathan Sims, Esq.
217 Broadway, Suite 611
New York, New York 10007

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| City of New York Law Department
100 Church Street, New York, NY 10007
4th Floor | October 19, 2007 at 2:00 p.m. |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Any and all investigative reports and/or witness statements that were prepared regarding the case of The People of the State of New York v. Yang-Feng Zhao – Indictment # 2892/05. Any and all documents containing information regarding any communications between the Queens County District Attorney's Office and Defense Counsel in the case of The People of the State of New York v. Yang-Feng Zhao – Indictment # 2892/05.

| PLACE | DATE AND TIME |
| --- | --- |
| City of New York Law Department
100 Church Street, New York, NY 10007
4th Floor | October 19, 2007 at 2:00 p.m. |

PAID $ 40
CHECK NO. 106354
DATE 10/11/07

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Assistant Corporation Counsel
Attorney for Defendants | October 10, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

John Graziadei, Esq.
N.Y.C. Law Department, 100 Church Street
New York, New York 10007  (212) 442-3551

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)