

**MICHAEL A. CARDOZO**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JOHN H. GRAZIADEI**
*Senior Counsel*
Telephone: (212) 442-3551
Facsimile: (212) 788-9776

October 15, 2007

**VIA ECF**
Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *Zhao v. City of New York, et al.*, 07 CV 3636 (LAK)

Your Honor:

      Defendants City of New York, Detective Ng, and Detective Milan write in opposition to plaintiff's "Second Motion to Compel" and for other relief from the Court filed on October 9 and 10, 2007. Specifically, plaintiff requests that defendants produce "documents concerning complaints and disciplinary proceedings" against defendants Ng and Milan and privileged portions of the police investigative file whose confidentiality has been asserted to protect the integrity of an unsolved murder investigation.

      Defendants respectfully request an order from the Court: (a) denying plaintiff's request for an order compelling production of the privileged documents; (b) denying plaintiff's request for an order compelling documents concerning unrelated civilian complaints and investigations; and (c) permitting defendants permission to produce for deposition on October 22, 2007 a non-party witness who has agreed to accommodate plaintiff by traveling from Florida to New York for deposition but who is available on October 22, 2007 at the earliest.[1]

      With respect to document discovery, to date defendants have produced: (a) the criminal court file in the underlying prosecution; (b) documents obtained from the Queens District Attorney's Office pertaining to plaintiff's prosecution; (c) non-privileged documents from the

---

[1] By Your Honor's June 19, 2007 Scheduling Order, all discovery is presently scheduled to end on October 18, 2007.

New York City Police Department's open investigation of the underlying homicide; (d) a privilege log; (e) relevant, discoverable, and non-privileged police training materials; (e) performance evaluations pertaining to the two individual defendants; and (f) plaintiff's inmate file. As defendants stated in their October 1, 2007 Objection to Plaintiff's Motion to compel, should the Court wish to review the privilege log and/or these documents *in camera*, defendants will promptly forward them to the Court.

**Disciplinary Personnel Records**

Plaintiff's Document Request No. 9 served on defendants on August 7, 2007 and timely responded and objected to by defendants on August 28, 2007 seeks production of every CCRB and IAB complaint made against individual defendants Detective Milan and retired Detective Ng. Defendants objected over six weeks ago to Document Request No. 9 as it is clearly overbroad, not relevant or reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of permissible discovery pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure insofar as it seeks information pertaining to CCRB and IAB allegations of misconduct that are not only unsubstantiated and remote in time but that are also not of a similar nature to the claims alleged in this lawsuit. *Collens v. City of New York*, 03 Civ. 4477 (JGK), 2004 U.S. Dist. LEXIS 13545, at **13 (S.D.N.Y. July 19, 2004). Defendants have, however, produced the performance evaluations of the individual officer defendants as indicated in their Objections and Responses served on August 28, 2007.

Unsubstantiated allegations of misconduct that have no similarity to the misconduct alleged in the complaint and that are remote in time are clearly irrelevant. "Citing grounds such as relevance, improper similar act evidence, and prejudice, courts have consistently denied requests to discover CCRB complaints and other similar documents – especially when the complaints are unsubstantiated." *Thompson v. City of New York*, 05 Civ. 3082 (PAC), 2006 U.S. Dist. LEXIS 4797, at *5 (S.D.N.Y. February 7, 2006) (surveying the cases). In a § 1983 action, complaints of misconduct, such as Civilian Complaint Review Board ("CCRB") complaints generally are discoverable only if they are substantiated and of a similar nature to the claims alleged in the complaint. *See, e.g., Thompson*, 2006 U.S. Dist. LEXIS 4797; *Mingues v. Bezio,* 96 Civ. 5396 (JSR) (HBP), 1999 U.S. Dist. LEXIS 12976, at *3-4 (S.D.N.Y. Aug. 19, 1999) (prior allegations of misconduct not discoverable); *Sealey v. Fishkin*, 1998 U.S. Dist. LEXIS 20142, 96-CV-6303 (RR) (E.D.N.Y. 1998), at *9-10 (unsubstantiated CCRB files fail as a matter of law to prove claim); *Hopkins v. City of New York,* 96 CV 8546(DLC) (DFE), 1997 U.S. Dist. LEXIS 13237, at *1 (S.D.N.Y. Sept. 3, 1997) (request for discovery of CCRB records denied); *Katt v. New York City Police Department,* 95 CV 8283 (LMM), 1997 U.S. Dist. LEXIS 10014, at *11-13, 16-17 (S.D.N.Y. July 7, 1007) (allegations of a non-similar nature not relevant and material); *Haya v. City of New York,* 03 CV 7754 (PKL), *1995 U.S. Dist. LEXIS 7020*, at *2 (S.D.N.Y. May 24, 1995) (CCRB files not relevant because of dissimilar nature of allegations and fact that incidents took place more than eight years prior to the date of incident at issue); *Marcel v. City of New York,* 88 CV 7017 (LLS), 1990 U.S. Dist. LEXIS 4094, at *23 (S.D.N.Y. Apr. 10, 1990).

Plaintiff's demand in this instance is for records of allegations that would be both unsubstantiated and wholly unrelated to the claims in the complaint. Accordingly, plaintiff's request falls outside the scope of discoverable material pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure and defendants respectfully request a protective order pursuant to Fed. R. Civ. P. 26(f) precluding their production.

## Protective Order Concerning Privileged Documents

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the City of New York and New York City Police Department ("NYPD") Detectives Milan and Ng alleging deprivations of his civil rights. Specifically, plaintiff alleges that he was falsely arrested on October 24, 2005 and subjected to malicious prosecution for the murder of Danny Cabezas at the Golden Box Karaoke Club on December 11, 2001.

In this civil action, plaintiff has sought an order compelling privileged documents that the defendants have listed in their privilege log with Bates Nos. NYCP 1, Bates Nos. NYCP 2-285, Bates Nos. NYCP 316-413, and NYCP 414-450. All of these documents contain information related either to (a) the NYPD's open investigation into the homicide of Danny Cabezas; (b) unrelated third-parties' arrest information that is protected by C.P.L. § 160.50; or (c) highly sensitive police training and investigative procedure information. With respect to the documents in category "a," most of the documents in the investigative file have been produced to plaintiff. Defendants object, however, to the production of *certain* of the investigative file documents on the ground that they are subject to and invade the province of the law enforcement privilege.

"The purpose of [the law enforcement] privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation and otherwise to prevent interference with an investigation." *In re Dep't of Investigation of City of New York,* 856 F.2d 481, 484 (2d Cir. 1988). A crucial issue, therefore, is whether the document contains "information [which]...could materially hamper governmental functions, including law-enforcement responsibilities." *Galvin v. Hoblock,* 00 Civ. 6058, 2003 U.S. Dist. LEXIS 16704, *9 (S.D.N.Y. Sept. 23, 2003).

The law enforcement privilege is qualified, but can be overcome only by "an adequate showing of need." *Id.* at * 10. Courts have identified nine factors that must be balanced when determining whether a particular litigant should have access to privileged information:

> The factors favoring protection are the threat to the safety of police officers, the invasion of the privacy of the police officers, the weakening of law enforcement programs or procedures, the chilling of police investigative candor, the chilling of citizen complaint candor and state privacy law. The factors favoring disclosure are the relevance of the material to the plaintiff's case, the importance of the material

>     to the plaintiff's case, the strength of the plaintiff's
>     case, and the importance to the public interest in
>     releasing this information.

*Morrissey v. City of New York,* 171 F.R.D. 85, 92 (S.D.N.Y. 1997).

Where the disclosure of information would impede the effectiveness of important governmental techniques, methods, and procedures, and where the requested information is not relevant to the issues in a case, any balancing of interests weighs strongly in favor of protecting the information on the basis of the law enforcement privilege. *See In re Department of Investigation of the City of New York*, 856 F.2d 481, 484 (2d Cir. 1988); *see also, e.g., Jones v. City of Indianapolis*, 216 F.R.D. 440, 446 (S.D. Ind. 2003) (compelling the police department "to release information about its law enforcement techniques…may compromise its ability to build upon previous successful investigatory methods, or revise or eliminate the ones that fail. The release of [the police department's] investigatory techniques is akin to a team providing its opponent with its play book…[T]his could compromise the public's safety"); *Kampinen v. Individuals of Chicago Police Department*, 2002 U.S. Dist. 2561, *12 (N.D. Ill. Feb. 19, 2002) (protecting information from disclosure under the law enforcement privilege, weighing the police department's reliance on the information "in developing its security plans"); *National Congress for Puerto Rican Rights v. City of New York*, 194 F.R.D. 88, 94 (S.D.N.Y. 2000) (applying the law enforcement privilege to protect against disclosure of documents "which describe [the police department's] investigatory techniques and strategies," referencing, inter alia, memoranda that relate to "special enforcement programs and initiatives [], the disclosure of which would reveal details of law enforcement operations and techniques," and memoranda that "discuss specific deployment tactics used in a program to reduce subway crime"); *Piper v. United States Department of Justice*, 294 F. Supp. 2d 16, 30 (D.D.C. 2003) (upholding invocation of FOIA exemption protecting law enforcement techniques, finding that "[r]eleasing the questions and answers of FBI administered polygraph examinations has the potential to allow a cunning criminal to extrapolate a pattern or method to the FBI's questioning techniques").

Defendants respectfully request denying plaintiff's request for production of the requested privileged documents because disclosure would reveal investigatory techniques and procedures, would result in interference with the ongoing investigation, and would possibly compromise the confidentiality and privacy of sources and the safety of witnesses. As such, the harm that would result from disclosure of the open homicide file as well as investigative procedure information far outweighs plaintiffs' alleged need for the documents contained therein. *See Myhre v. Ditzler*, 2006 U.S. Dist. LEXIS 6452 (N.D. Ill. Feb. 21, 2006) (in false arrest case brought pursuant to 42 U.S.C. § 1983, discovery materials related to investigation of suspects other than plaintiffs in an open homicide case were protected from disclosure by law enforcement privilege).

Specifically, Bates Stamp No. NYCP 1 contains information pertaining to the use of a confidential informant, therefore disclosing this information would undermine the efforts of the NYPD with respect to this open homicide investigation, as well as prevent future informants

from wanting to assist the NYPD.  Moreover, producing this document could provide sufficient information to put the confidential informant and unrelated third-parties in physical danger.

Bates Stamp Nos. 2-285 contain information regarding an individual other than plaintiff.  Disclosure of such information would make arrest and prosecution more difficult and could compromise the investigation.  Finally, there is information contained in these documents relating to arrests that may be protected by CPL 160.50, and disclosure of this information would compromise the privacy of unrelated individuals.

Documents bearing Bates Stamp Nos. NYCP 316-450 contain: personal information, including sealed arrest information of other individuals, information relating to possible gang activity, and information describing in detail strategic police investigative tactics.  Disclosure of this information could compromise the ongoing homicide investigation.  Furthermore, once again, disclosure of this information would allow criminals to make assessments of information and techniques available to the NYPD and could undermine the deterrent effect that investigations have on the commission of crimes.  Finally, many of these documents contain individuals personal arrest information and are protected by C.P.L. § 160.50.

All of the above factors, which illustrate the damaging effect disclosure would have, outweigh any purported need by plaintiff for the information.  Therefore, the documents marked Bates Stamp Nos. NYCP 1, NYCP 2-285, and NYCP 316-450 are protected by the law enforcement privilege as well as C.P.L. § 160.50 and therefore plaintiff's request for these documents should be denied.  *See Otterson v. National Railroad Passenger Corporation*, 228 F.R.D. 205, 208-209 (S.D.N.Y. Feb. 8, 2005) (law enforcement privilege applicable where disclosure of names of witnesses could lead to retaliation or make such witnesses less likely to cooperate with investigations in future and where disclosure could reveal investigative steps or techniques).

**Deposition Discovery**

Defendants conducted plaintiff's deposition on October 10 and 11, 2007 as ordered by the Court.  Further, non-party witness Richard Maline traveled to New York from Florida for the express purpose of production for deposition on October 12, 2007.  As the remaining schedule currently stands, Detective Milan's deposition is scheduled for October 15, 2007, Mr. Ng's deposition is scheduled for October 16, 2007, non-party witness Detective Laureano Rivera is scheduled for October 17, 2007, plaintiff has noticed the deposition of George Huang, a third-party witness unassociated with defendants, for October 17, 2007,[2] and defendants have served subpoenas on Mr. Siegle and Mr. Sims for documents and depositions also to proceed on October 17, 2007.  Non-party retired witnesses Wilkinson (who is traveling from Georgia) and Romano (who is traveling from upstate New York) are both scheduled to proceed on the remaining day of discovery, October 18, 2007.

---

[2] Plaintiff's counsel noticed the depositions of Lauriano Rivera and George Huang for the first time on October 3, 2007 despite the fact that plaintiff identified Mr. Huang as an individual likely to have discoverable information on August 2, 2007.

As defendants informed the Court in their October 1, 2007 letter to the Court, non-party witness Sergio Rivera, who resides in Georgia, is unable to appear in New York for deposition prior to October 18, 2007 because of work-related scheduling conflicts. He has, however, agreed to appear in New York for deposition on October 22, 2007. Given that witnesses and defendants have been scheduled for every available date prior to October 18, 2007, including four depositions scheduled for October 17, 2007 and two for October 18, 2007, defendants respectfully request the Court's permission to produce Mr. Rivera on October 22, 2007. As defendants stated in their October 1, 2007 letter to the Court, plaintiff has previously consented to this request.

**Disclosures**

Plaintiff further asserts that defendants should be precluded from producing "any evidence herein." Plaintiff's motion must be rejected. First, City defendants served their Rule 26(a) disclosures on July 30, 2007 and attached to those disclosures documents that identified the individuals who may have knowledge of the events set forth in the complaint. As such, plaintiff has been aware of all the individuals known to defendants, including those they have noticed for deposition, that may have knowledge of the events, including Detective Ng whose deposition is scheduled to proceed October 16, 2007, and cannot demonstrate any prejudice insofar as all individuals known to defendants were disclosed to plaintiff prior to the filing of his motion to compel.

Accordingly, defendants respectfully request an order from the Court: (a) denying plaintiff's request for an order compelling production of the privileged documents; (b) denying plaintiff's request for an order compelling the production of documents concerning civilian complaints and investigations; and (c) permitting defendants permission to produce for deposition a non-party witness on October 22, 2007.

                                        Respectfully submitted,

                                        /s/
                                        John H. Graziadei (JG 1333)
                                        Senior Counsel
                                        Assistant Corporation Counsel