USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/17/07

**SIEGLE & SIMS L.L.P.**
THE ASTOR BUILDING
217 BROADWAY • SUITE 611
NEW YORK, NEW YORK 10007
TELEPHONE: (212) 406-0110
FACSIMILE: (212) 406-5259

ERIC W. SIEGLE

JONATHAN D. SIMS

ENDORSED ORDER

Application granted. Discovery to be completed by Nov. 19, 2007.

[signature] 10/17/07

October 17, 2007

RECEIVED
OCT 17 2007

**VIA FACSIMILE**
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, New York 10007
Attn.: Michael H. Dolinger, U.S.M.J.

       Re:    Zhao v. City of New York et al.
               07CV.3636 (LAK)(MHD)

Dear Honorable Judge Dolinger:

       We are writing to respectfully request a thirty (30) day extension of the discovery deadline in the above-referenced matter, currently tomorrow, October 18, 2007. Pursuant to an Order we received via ECF yesterday at 2:35, it is our understanding that this matter has been referred to Your Honor for "General Pretrial" issues.

       The basis for our request is this Court's Order of October 16, 2007, directing the City to immediately produce numerous items or provide affidavits as to why such items cannot be produced and also to provide plaintiff with a proper "privilege log," among other things. Counsel for plaintiff also makes this application based on recent information as to facts underlying plaintiff's claim previously unknown, learned during the depositions of defendants Detectives Billy Milan and Nga Cheung Ng, who were deposed on Monday and Tuesday of this week, respectively, including the names of the "lead case or file" detectives prior to Billy Milan, Dets. Dennis Guerra and John Sjoholm.

       Additionally, during the depositions, the detectives testified that various documents were created by them during the course of their criminal investigation of the murder underlying plaintiff's claims, which were made a part of the NYPD's case file, which were not provided to plaintiff's counsel during documentary disclosures, including defendant Detective Ng's "scratch" interview notes of an eyewitness, "Jennifer," to the events of the murder, who he interviewed on the night of the murder, at the scene of the crime, who exonerated plaintiff as the "stabber" in the criminal investigation and undermined the investigatory and prosecution theories of how the murder occurred. Defendant Detective Milan testified that he was familiar with and there existed in the case file, a "wanted card" for another person of interest in the criminal investigation, known as Guang Lin. A "wanted card" is an investigatory tool which is prepared by officers in an investigation and filed with

the appropriate part of the NYPD to inform and alert the entire NYPD through a computer database, that if a "wanted" person comes into custody they are significant in an open investigation as either a witness or perpetrator and that the investigator filing the card or his squad should be contacted.

We have consulted with counsel for defendants, John Graziadei, A.C.C., regarding this request for a thirty (30) day extension of time and have been advised by them that they need more time to consider this application and would advise of their decision. As it is now after 11:00 a.m. and counsel for the City has yet to advise of their position on this application, has yet to appear for the non-party deposition in our office that was noticed for 10:30 despite calling and stating he would be 20 minutes late, and has not provided any of the materials which this Court ordered Defendants to produce within twenty-four hours, we are submitting this application at this time.

As detailed on the record at yesterday's hearing on plaintiff's motion, there have been two prior requests for extension of deadlines in this matter, one to the Honorable Lewis A. Kaplan, and an emergency application to the Part 1 duty judge, the Honorable Kimba Wood. Judge Wood granted plaintiff's application to the extent that " A decision on this request can await Judge Kaplan's return, except for expert witness disclosure, due currently on September 1, 2007, Expert witness disclosure deadline(s) are hereby extended until Judge Kaplan has an opportunity to review the request."

Upon Judge Kaplan's return, a conference was held on September 11, 2007. At the conference Judge Kaplan denied the joint request of the parties for an extension of time as to the discovery deadline, ordering the parties to get moving with discovery. Judge Kaplan indicated that another application could be made after progress was made upon a reasonable showing as to why the discovery deadline should be extended. Additionally, Judge Kaplan held plaintiff's application for extension of expert discovery disclosure, ultimately ordering on October 2, 2007, that plaintiff had to make its expert disclosure on or before October 9, 2007, regardless of the status of other discovery herein. On October 9, 2007, plaintiff's counsel hand delivered its disclosure herein pursuant to FRCP Rule 26(a)(2)(A) and (B).

Accordingly, plaintiff's counsel herein respectfully requests a thirty (30) day extension of the discovery deadline herein.

Respectfully submitted,

SIEGLE & SIMS L.L.P.

Eric W. Siegle

cc: John H. Graziadei, A.C.C. (via facsimile)

SIEGLE & SIMS L.L.P.