# SIEGLE & SIMS L.L.P.

*The Astor Building*
**217 Broadway - Suite 611**
**New York, New York 10007**
**(212) 406-0110**

October 22, 2007

**VIA ECF & FACSIMILE**
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, New York 10007
Attn.: Michael H. Dolinger, U.S.M.J.

Re:    **Zhao v. City of New York et al.**
         **07CV.3636 (LAK)(MHD)**

Dear Honorable Judge Dolinger:

We are writing in opposition to defendants' application for an enlargement of time to comply with the Court's order of October 16, 2007. By letter dated October 22, 2007, defendants seek more time to furnish a proper privilege log and memorandum of law with regard to documents they claim are protected by the law enforcement privilege.[1] Further, defendants seek more time to submit a list of CCRB and IAB complaints with a description of each complaint, a statement of the outcome of the investigation, and the bases for defendants' assertions that the complaints are not of a similar nature to the claims in this litigation. Defendants are to provide the above by tomorrow, October 23, 2007.

Defendants application should be denied as they have failed to comply with the Court's October 16, 2007 Order as they have failed to (1) timely provide their Rule 26(a) disclosures; (2) identify the bates numbers of the sprint reports; (3) identify the bates numbers related to New York City Department of Corrections records;[2] (4) provide an affidavit from someone with knowledge confirming 911 tapes have been destroyed or otherwise detailing their fate; or in the alternative (5)

---

[1]Defendants fail to mention in their motion that the Court's order required defendants to furnish affidavits substantiating the claimed privileges.

[2]Defendants improperly state in their application that such materials were provided on October 8, 2007. They were provided by defendants on October 15, 2007, at or immediately before one of the defendant's depositions and used those corrections records to hide handwritten notes of witnesses herein.

produce copies of the tapes.[3]  The above information was to be provided at various times after October 16, 2007, but no later than October 19, 2007.  By their application, defendants have ignored the order concerning the bates numbers of the sprint reports, and seek more time to furnish information regarding the 911 tapes.

Defendants argue that they require more time to comply as a result of the rigorous demands of the instant litigation and the "expedited discovery schedule."  It should be noted that the only reason that depositions are being conducted at this late date is defendants' counsel's refusal to produce noticed witnesses now being deposed in early September, 2007, when plaintiff initially noticed these witnesses.  Further, defendants application should be denied as all the delay in this litigation has been occasioned by defendants' failure to timely turn over discovery and their employment of a wholly improper privilege log.  Moreover, while defendants cite the deposition schedule herein as a basis for their request of an extension, this Court should be aware that defendants' counsel has been habitually late for every scheduled deposition over the past week (in excess of an hour in some cases), and as Ms. Friedman from Your Chambers is aware, on October 17, 2007, after finishing one deposition, having applied to the Court for an order directing defendants to conduct simultaneous depositions which was denied, at approximately 5:30 p.m., after having a court reporter sit in our office for 3 hours, defendants "busted" the scheduled deposition of Det. Laureano Rivera, despite his presence in plaintiff's office, claiming that at that instant a "privilege issue arose" which would require further examination before he was produced.[4]  Defendants' counsel refused to go on the record as to the nature of the "privilege."

Defendants have withheld numerous documents in this matter that are highly relevant and essential to plaintiff's case.  Further delay in plaintiff's attempts to gain access to those documents will prejudice plaintiff's preparation of this matter, especially in view of the voluminous nature of those documents, the limited time left to conduct discovery herein, and the depositions of additional witnesses that were noticed by plaintiff only after receiving defendants late FRCP Rule 26(a) disclosures from defendants on October 17, 2007.

Thus, plaintiff respectfully requests that the Court deny defendants' application for an enlargement of time.  Further, plaintiff respectfully requests that defendants be ordered to immediately comply with this

---

[3]We have ordered a copy of the minutes, expedited, of the October 16, 2007 motion hearing, resulting in the underlying Order and have been advised that they will be available shortly.  We were also advised by the Court Reporter's office that we are the only ones who ordered said minutes.

[4] It should be noted that defendants have since agreed to produce Det. Rivera on October 25, 2007 at 2:00 p.m., apparently, having resolved the "phantom" privilege issue.

Court's October 16, 2007 Order which, to date, defendants have failed to comply.

Respectfully submitted,

**SIEGLE & SIMS L.L.P.**

/s?

Eric W. Siegle