UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
YANG FENG ZHAO,

            Plaintiff,

    -against-

CITY OF NEW YORK et al.,

            Defendants.
------------------------------x

MEMORANDUM & ORDER

07 Civ. 3636 (LAK)(MHD)

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

    Among the discovery disputes that have been raised by the parties in the waning phase of pretrial proceedings, they disagree as to the propriety of defendants' refusal to produce records reflecting citizen complaints about defendant Police Detectives Billy Milan and David Ng, as well as Internal Affairs Bureau investigations of those two detectives. We invited briefing and have reviewed the pertinent documents in camera. Based on these submissions, we direct that defendants produce to plaintiff, with limited redactions, some but not all of the CCRB and IAB documents pertaining to Detectives Milan and Ng.

    The plaintiff's claims against defendants are based on his allegedly wrongful arrest and malicious prosecution for murder, proceedings that culminated in the dismissal of all charges at the request of the District Attorney based on the prosecutor's stated

1

determination that plaintiff had not been involved in the crime. Plaintiff claims that Detectives Milan and Ng participated in an interrogation of plaintiff that resulted in his purportedly false confession, allegedly as a result of the officers' coercive methods to extract that confession, including force or threats of force.

Defendants have provided us a list and description of eight CCRB complaints and seven IAB complaints against Det. Milan and fourteen IAB complaints against Det. Ng,[1] as well as certain of the underlying agency documents. They assert that none of these documents should be ordered to be produced because 1) all of the complaints were either more than ten years old or involved alleged misconduct that differed from the wrongs allegedly visited on the plaintiff in this case; or 2) the charges were found to be unsubstantiated. (Letter from Stuart E. Jacobs, Assistant Corporation Counsel, to the court at 2 (Nov. 14, 2007); Letter from Stuart E. Jacobs, Assistant Corporation Counsel, to the court at 2-3, 5-6 (Oct. 31, 2007).)

We start by rejecting the defendants' premise that CCRB and IAB complaints should be deemed irrelevant if they reflect charges dating from more than ten years ago or if they were deemed

---

[1] In doing so, defendants have failed to comply with this court's order that they provide this list as well to plaintiff's counsel.

unsubstantiated. As we have previously observed, if the prior complaints address conduct that may be relevant to the claims at issue, then the documents are properly treated as discoverable and arguments about the age of the complaints or about their disposition by the CCRB or the Police Department "are more properly addressed to whether these complaints will be admitted or otherwise used at trial." Castro v. City of New York, 1996 WL 355378, at *1 (S.D.N.Y. June 27, 1996); accord, e.g., Williams v. McCarthy, 2007 WL 3125314, at *5-6 (S.D.N.Y. Oct. 25, 2007); Barrett v. City of New York, 237 F.R.D. 39, 40-41 (E.D.N.Y. 2006); Frails v. City of New York, 236 F.R.D. 116, 117-18 (E.D.N.Y. 2006); Harper v. Port Auth. of N.Y. and N.J., 2006 WL 1910604, at *2 (S.D.N.Y. July 10, 2006); Pacheco v. City of New York, 234 F.R.D. 53, 54 (E.D.N.Y. 2006).

The relevance of such documents is further heightened if the plaintiff, as here, is asserting a Monell claim. "There is no question that civilian complaints, whether or not deemed substantiated, may be significant in an assessment of an officer's qualifications and performance, particularly if the complaints reflect a pattern." Bradley v. City of New York, 2005 WL 2508253, at *1 (S.D.N.Y. Oct. 3, 2005) (citing Vann v. City of New York, 72 F.3d 1040, 1045 (2d Cir. 1995)).

Not surprisingly, then, the courts in this circuit have frequently cited a record of public complaints or disciplinary charges or investigations as relevant to the assessment of liability and have, with some consistency, rejected the defendants' position about the discoverability of such CCRB and IAB records. See, e.g., Bradley, 2005 WL 2508253, at *2 (citing cases); Spiegler v. City of New York, 2005 WL 2676671, at *2 (S.D.N.Y. Oct. 20, 2005); Younger v. City of New York, 2006 WL 1206489, at *1 (S.D.N.Y. May 2, 2006)(citing cases). Moreover, that documentation "has frequently played a role in the courts' analysis of the merits of an array of claims under section 1983." Bradley, 2005 WL 2508253, at *2. It follows that any complaints (and the underlying documentation) that pertain to conduct similar to that alleged by plaintiff are discoverable.

Of the many CCRB and IAB complaints listed by defendants, we identify several that reflect sufficiently similar allegations to justify a determination that they are relevant for discovery purposes and therefore must be produced.[2] In addition, several,

---

[2] With regard to the allegation of use of excessive force, defendants argue in their reply letter brief that this allegation should not be considered in determining the scope of relevance because, according to defendants, "to date, there has been no evidence to suggest that Milan used any force." (Letter from Stuart E. Jacobs, Assistant Corporation Counsel, to the court at 2 (Nov. 14, 2007).) This conclusory assertion is wide of the mark both because the complaint alleges that the two defendant detectives acted together and because, in determining relevance

4

although not reflecting a similar set of accusations, involve allegations of dishonesty and are therefore discoverable as potential impeachment material.

These include the following:

<u>Det. Milan</u>

1. CCRB #940300000 (in cam docs 2-3) (excessive force and false arrest);

2. CCRB #9403543 (in cam docs 4-5) (excessive force);

3. CCRB #9504281 (in cam docs 6-7) (excessive force and baseless arrest)

4. CCRB #9604619 (in cam docs 8-9) (excessive force)

5. CCRB #9702417 (in cam docs 10-11) (false arrest)

6. CCRB #200307994 (in cam docs 21-36)(use of force during interrogation)

<u>Det. Ng</u>

1. IAB Case #C94-1197 (in cam docs 122-25) (dishonest conduct)

2. IAB Case #C95-1357 (in cam docs 126-29) (dishonest conduct)

3. IAB Case #M02-0185 (in cam docs 132-34) (dishonest conduct)

---

for discovery, we look to the pleadings and not to the record that would be used to decide a summary-judgment motion that has not yet been made.

Production of the foregoing documents is to be made within seven days. Defendants may redact the names and other identifying information of any non-party Police Department employees, but not those of the complainants. Because defendants represent that a number of IAB documents have yet to be located, they are to provide an affidavit by someone with personal knowledge to plaintiff's counsel within seven days recounting the current status of those searches.


Dated: New York, New York
       November 21, 2007


_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Memorandum and Order have been mailed today to:

Eric W. Siegle, Esq.
Siegle & Sims L.L.P.
The Astor Building
217 Broadway
Suite 611
New York, New York 10007

Stuart E. Jacobs, Esq.
Assistant Corporation Counsel
 for the City of New York
100 Church Street
New York, New York 10007