SIEGLE & SIMS L.L.P.
*THE ASTOR BUILDING*
217 BROADWAY • SUITE 611
NEW YORK, NEW YORK 10007
TELEPHONE: (212) 406-0110
FACSIMILE: (212) 406-5259

ERIC W. SIEGLE                              November 30, 2007                              JONATHAN D. SIMS

**VIA ECF & HAND DELIVERY**
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, New York 10007
Attn.: Michael H. Dolinger, U.S.M.J.

Re:    **Zhao v. City of New York et al.**
       **07CV.3636 (LAK)(MHD)**

Dear Honorable Judge Dolinger:

Pursuant to our November 28, 2007 correspondence, we respectfully move this Court pursuant to FRCP Rules 36(a) and 37 for an order deeming admitted plaintiff's attached requests for admissions dated October 19, 2007 (Ex. 1) and to compel defendants to properly respond to plaintiff's Interrogatories and Requests to Produce of the same date (Ex.2).

Rather than repeat and reiterate the lengthy facts underlying plaintiff's claims, plaintiff respectfully refers the Court to plaintiff's correspondence dated November 8, 2007 submitted in opposition to defendants' motion for a protective order (portions of which are *sub judice* awaiting *in camera* review) for a recitation of the underlying facts herein, including footnote 3 thereof, which details defendants' failure to properly analyze and examine the video tape evidence herein despite possessing the technology to properly do so prior to plaintiff's arrest.

On October 19, 2007, plaintiff served defendants with Requests for Admission. On November 21, 2007, plaintiff received defendants responses to said requests (Ex.3). In their responses, defendants objected and refused to answer each and every Request to Admit and also asserted that information known or readily obtainable by defendants is insufficient to enable defendants to admit or deny the items alleged. Defendants' responses are insufficient and improper and therefore, plaintiff's requests should be deemed admitted. *See* FRCP Rule 36(a); and also *Booth Oil Site Admin. Group v Safety-Kleen Corp.*, 194 FRD 76, 30 ELR 20675 (W.D.N.Y. 2000).

Although Plaintiff's Request for Admission contains twelve individual requests, in actuality, the Request contains three basic inquiries: first, requests 1 through 10 seek to determine the date which the NYPD, TARU obtained certain equipment capable of analyzing the video evidence herein; second, request 11 seeks to determine the author of specific handwritten documents provided by

defendants as part of their discovery response dated October 15, 2007; and third, request 12 seeks to authenticate, as exact copies, the video tapes disclosed to defendants by plaintiff on September 24, 2007. Each of these requests are understandable, straightforward, call for relevant information, and do not violate a recognized privilege.

Plaintiff's request for admission 1 reads as follows:

> The New York City Police Department, Technical Assistance Response Unit possessed the Ocean Systems dTective unit with dTective kit, including Avid Express software, on or before October 24, 2005.

Thereafter, Requests 2 through 10 repeat, verbatim, this request except the date included in each goes back in six month increments, in an effort to ascertain when the N.Y.P.D. actually possessed the equipment at issue.

Defendants responded to requests 1 through 10 as follows:

> Defendants object to this request on the grounds that it is vague, ambiguous, overbroad (sic), and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by the defendants is insufficient to enable them to admit or deny this request.

As is self-evident, the requests are not vague, ambiguous or over broad and are certainly calculated to lead to the discovery of admissible evidence. In fact the requests are limited as to the possession by a particular unit within the NYPD, TARU, of specifically named hardware and software utilized to view and analyze videotape evidence. The date upon which the NYPD, TARU possessed this equipment and therefore, the date they possessed the ability to properly analyze the videotape evidence is relevant to plaintiff's claims for false arrest and malicious prosecution, both under statute and common law, and therefore defendants boilerplate objections are improper. As stated by the Court in *Booth*, supra., "[p]rovided the demand is understandable and straightforward, calls for relevant information, and does not violate a recognized privilege, an objection to a request is improper . . ." *Id.* at 79.

Moreover, defendants blanket response to these requests "that a reasonable inquiry has been made and the information readily obtainable by the defendants is insufficient to enable them to admit or deny this request" is also improper, where as here, the limited information sought is readily available to defendant and within the possession of their own witnesses.

SIEGLE & SIMS L.L.P.

As stated by this Court in *T. Rowe Price Small-cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38 (S.D.N.Y. 1997)

In responding to a properly stated request, a party must make "reasonable inquiry" of "information known or readily obtainable by him" that allows him to fairly admit or deny the request. *Fed. R. Civ. P. 36(a)* and Advisory Committee Notes to 1970 amendment. He may not give lack of information or knowledge as a reason for failure to admit or deny unless he has made such inquiry. *SEC v. Thrasher*, 1996 U.S. Dist. LEXIS 13016, 1996 WL 460148, at *2 (S.D.N.Y. Aug. 13, 1996); *Beberaggi v. New York City Transit Auth.*, 1994 U.S. Dist. LEXIS 384, 1994 WL 18556, at *5 (S.D.N.Y. Jan. 19, 1994). What constitutes "reasonable inquiry" and what material is "readily obtainable" is a relative matter that depends upon the facts of each case. *See Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 374 (S.D.N.Y. 1989); *Al-Jundi v. Rockefeller*, 91 F.R.D. 590, 593-94 (W.D.N.Y. 1981); *Kendrick v. Sullivan*, 1992 U.S. Dist. LEXIS 6715, 1992 WL 119125, at *3 (D.D.C. May 15, 1992). However, "because rule 36 admission requests serve the highly desirable purpose of eliminating the need for proof of issues upon trial, there is a strong disincentive to finding an undue burden [in responding] where the responding party can make the necessary inquiries without extraordinary expense or effort. . . ." *Al-Jundi*, 91 F.R.D. at 594.

Plaintiff's request simply requires defendants to contact a department within its own agency, the NYPD, TARU, and ask them when, if at all, they came into possession of the Ocean Systems dTective unit with dTective kit, including Avid Express software. There is absolutely no undue burden caused by these requests and it is incomprehensible how this information is not readily obtainable. Accordingly, defendants assertion of this boilerplate response to plaintiff's legitimate, reasonably calculated, limited request for admission is improper and the Court should deem plaintiff's request admitted, or in the alternative, order defendant to admit or deny said requests.

Similarly, plaintiff's Request 11, is narrowly drafted, specific and requests a simple admission or denial of the assertion that Detective Vincenzo Romano authored certain notes which defendants disclosed during discovery. Specifically plaintiff's request 11 states:

> The attached records produced by CITY on or about October 15, 2007, Bates numbers NYC 304 through NYC 319, are copies of handwritten notes of Detective Vincenzo Romano.

In response, defendants object that the request is vague and ambiguous and "that a reasonable inquiry has been made and the information readily obtainable by the defendants is insufficient to enable them to admit or deny this request."

Defendants' response is hard to fathom in view of the fact that defendants supplied these documents to plaintiff, and the only inquiry necessary to properly respond to this request was to show the documents at issue to Detective Romano.

Based on the fact that this request too is straightforward, understandable, calls for relevant information, does not violate privilege, and is readily obtainable from a source under defendants' control, defendants' response is insufficient and improper, and the request should be deemed admitted.

Finally, plaintiff's request 12 is also very specific and limited and requests admission of the following:

> That the four copies of the VHS cassette tapes disclosed to CITY by counsel for Zhao on September 24, 2007, are exact copies of the VHS cassette tapes vouchered by the N.Y.P.D. in connection with the investigation of the stabbing of Danny Cabezas at 40-52 Main Street, Flushing, New York.

Defendants responded that:

> Defendants object to this request on the ground that it is vague, ambiguous, and not a simple and concise statement capable of response. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

Defendants' objections and averment to this request that upon reasonable inquiry information readily obtainable to defendants is insufficient to enable them to admit or deny the assertion is ludicrous. All defendants have to do is compare the video material recorded on the tapes we provided them on September 24, 2007, with the video material recorded on the tapes recovered by the NYPD on December 11, 2001 and admit or deny. There is absolutely nothing complicated about this request. Defendants are in sole possession of the original tapes and we requested that they simply be compared with the tapes we provided them through discovery herein, thus eliminating any admissibility issues for trial herein. Contrary to defendants objection, this request is simple, concise and readily capable of response. Plaintiff's objections and averment is improper, and therefore, the request should be deemed admitted by the Court.

Plaintiff's also move this Court to compel defendants to disclose documents requested on October 19, 2007 in plaintiff's third set of interrogatories and request for production of documents relative to the video analysis hardware and software they possess; including, but not limited to, the system proposal, purchase order, bill of sale, bill of lading, shipping records, date of delivery and training materials relative thereto. On November 19, 2007, Defendants objected to the production of these documents,[1] but did produce a single document, a purchase order for the equipment, which

---

[1] Defendants objected on the grounds that the request is "vague, overbroad, protected by the law enforcement, attorney-client, and work-product privileges, not reasonably calculated to lead to the discovery of admissible evidence, and not in the care, custody and control of defendants."

contains improper redactions as to the price of the equipment. Further, on November 29, 2007, defendants supplemented this response providing a computer printed document, from an unknown entity, related to the subject equipment. *See* Ex. 4.

We have contacted defendants' counsel with regard to the production of these documents and to request an unredacted copy of the purchase order. Counsel has advised that they are continuing to search for said materials, which we pointed out is not stated in defendant's response dated November 19, 2007, and that production of said items was unnecessary as they are producing a witness from TARU for deposition. We indicated that while production of the witness for deposition may be a substitute for responses to some of the interrogatories, it does not relieve defendants' obligation to provide the documents requested prior to the deposition, so that we may inquire of that witness as to the content and meaning of the documents, including all the video equipment ordered and received by TARU.

We also informed counsel that we wanted an unredacted copy of the purchase order for all the equipment as there is no privilege issue involved as alleged by defendants in handwriting on the redacted copy itself, and that the price paid by the NYPD, TARU is relevant, contrary to their assertion otherwise. During our conversation with counsel for defendants, counsel offered no explanation as to how the price was privileged information, but invited plaintiff to forward him, in writing, our bases for claiming relevance.

It is clear that the redacted portion of this document, the cost of the equipment, is not privileged in any way and therefore, this is not a proper basis for the redactions.

Additionally, we believe that the price the N.Y.P.D. paid for this equipment, equipment which our investigation has revealed is very expensive, is highly relevant to plaintiff's causes of action. The fact that substantial resources were expended to acquire these investigative tools would certainly undermine defendants' expected arguments at trial that the individual detective defendants either were not aware of the availability of the technology or had no obligation to utilize same to assist in their investigation of a murder case. Thus, the cost of the equipment is relevant and discoverable.

Wherefore, we respectfully request that the Court deem admitted plaintiff's Requests to Admit dated October 19, 2007 and order defendants' to immediately provide full disclosure of all

SIEGLE & SIMS L.L.P.

documents possessed by them relative to the purchase, delivery and training materials related to the video equipment at issue herein, together with such other and further relief as this Court deems just and proper.

Respectfully submitted,

**SIEGLE & SIMS L.L.P.**

Eric W. Siegle

cc: John H. Graziadei, A.C.C. (via ECF & facsimile)

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

Docket #: 07CV3636 (LAK)

YANG FENG ZHAO,

                  Plaintiff,

REQUEST FOR
ADMISSION (FRCP36)

    -against-

CITY OF NEW YORK, DETECTIVE NGA
CHEUNG NG, DETECTIVE BILLY MILAN,
"JOHN DOE #1" and "JOHN DOE #2,"

                Defendants.

----------------------------------------------------------x

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS PROPOUNDED TO DEFENDANT CITY OF NEW YORK

Pursuant to Fed. R. Civ. P. 26 and 36, and the Local Rules for the United States District Court for the Southern District of New York, Yang Feng Zhao ("Zhao"), by his undersigned counsel, hereby requests that defendant City of New York ("City") furnish responses to the following requests for admissions, within thirty (30) days after service of this request.

1.    The New York City Police Department, Technical Assistance Response Unit possessed the Ocean Systems dTective unit with dTective kit, including Avid Express software, on or before October 24, 2005.

2.    The New York City Police Department, Technical Assistance Response Unit possessed the Ocean Systems dTective unit with dTective kit, including Avid Express software, on or before on or before April 24, 2005.

3.    The New York City Police Department, Technical Assistance Response Unit possessed the Ocean Systems dTective unit with dTective kit, including Avid Express software, on or before October 24, 2004.

4.    The New York City Police Department, Technical Assistance Response Unit possessed the Ocean Systems dTective unit with dTective kit, including Avid Express software, on or before April 24, 2004.

5.    The New York City Police Department, Technical Assistance Response Unit possessed the Ocean Systems dTective unit with dTective kit, including Avid Express software, on or before October 24, 2003.

6.    The New York City Police Department, Technical Assistance Response Unit possessed the Ocean Systems dTective unit with dTective kit, including Avid Express software, on or before April 24, 2003.

7.   The New York City Police Department, Technical Assistance Response Unit possessed the Ocean Systems dTective unit with dTective kit, including Avid Express software, on or before October 24, 2002.

8.   The New York City Police Department, Technical Assistance Response Unit possessed the Ocean Systems dTective unit with dTective kit, including Avid Express software, on or before April 24, 2002.

9.   The New York City Police Department, Technical Assistance Response Unit possessed the Ocean Systems dTective unit with dTective kit, including Avid Express software, on or before December 11, 2001.

10.  The New York City Police Department, Technical Assistance Response Unit possessed the Ocean Systems dTective unit with dTective kit, including Avid Express software, on or before May 5, 2001.

11.  The attached records produced by CITY on or about October 15, 2007, Bates numbers NYC 304 through NYC 319, are copies of handwritten notes of Detective Vincenzo Romano.

12.  That the four copies of the VHS cassette tapes disclosed to CITY by counsel for Zhao on September 24, 2007, are exact copies of the VHS cassette tapes vouchered by the N.Y.P.D. in connection with the investigation of the stabbing of Danny Cabezas at 40-52 Main Street, Flushing, New York.

Dated: New York, New York
       October 19, 2007

                                   Respectfully submitted,

                                   SIEGLE & SIMS L.L.P.

                                   By:
                                   Eric W. Siegle (ES42770)
                                   Attorneys for Plaintiff
                                   YANG FENG ZHAO
                                   217 Broadway- Suite 611
                                   New York, New York, 10007
                                   (212) 406-0110

To:   MICHAEL A. CARDOZO
      Corporation Counsel
      Attorneys for Defendant
      CITY OF NEW YORK
      100 Church Street
      New York, NY 10007
      (212) 442-3551
      NYCLIS No. 2007-015691

0815 w/ Shotholn
Holtz + Matthews
At NY Hosp of Qurs

0840 Do at 40-52 4/am

0845 called Qurs Garrunit
████████████ (████████)
Reqoud  CT  Low  Be Paged

1050 w/ Simo at Jazu
w/ Tapes (car)

1200  Pronounced . Po Leverne
1133  By Doct Qureshi

NYC 30

12/11/01

1530    POUN KUAN HAO
        (VINCENT) ▮▮▮▮▮

        260-07-60 ▮▮▮ LITTLE
    fried of Vic            Mein

    (718) 225-0788

    SS# ▮▮▮▮▮

            MANAGER
    Peter    (917) 992-3700    WITNESS STAB
    George   (917) 62 6-2 678

14 30          12/13/01
    POSK PREP from KIUNLAN
    ZHAO, YANG FENC
        1/19/85

    BIT UNIT    12/13/01
    46-3229
    #40 called Bit for
    HITDA Det MACKey
    on GUANC, + ZHAO

NYC 30.

12/13/01

15b   Computer Check
      GUANG LIN
      ZHAO, YANG FENG

1630   w/ CASAZZA + Keenan
       + POLAU   V/O   5th/7th ST

CANVASS    AUTO 937

PHONE # 85 BAYNARD
212 791-3861
SS# 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
CHIU KWON CHONG

NYC 301

(212) 233-6612
Bob 2   89 Bayard

12/13/01

2300 Pete Present w/
New Tape Mashed Vel

2345 Ent To Tahu
W Casazza

12/14/01

1235 w/ Casazza
Ent To 849 48 St

cunter w/ PO Moy
66 Pct

NYC 30

12/19/01

Kareoke

Prince Kar        41/42 8th
Paradise          7/62
Owns Du Tim Cab service

Acctant   56/8th
          58/59 on 8th

los adaess

909-47 st

12/19/01
1143 Spoke to PO Hill
from HITOA
646-805-6000

NYC 30

as per
HIDTA 12/19/01
Nysid # 16979807

12/4/01 Arrest
in the (N G) Hotel
2X Knickerbocker

12/18/01
1030 Request Motor Vehicle
Subpoena 286-5946
Many Bejerano
for
LI WAI-MAN
26·15 Parsons Blvd
Apt 4B
DoB ████████████

FOIL DESK

NYS DMV FOIL Unit

6 Empire State Plaza

Rm 521

Albany NY 1228

(518) 473 —

7516

Bll ~~Atchet T~~

~~Achet~~

Fax #
518 474-8537

Foil/Unit

Achect

NYC 31

12/19/01

0900 AT Video UNiT 1PD
Tape records unit

SANTERAMO #
W/ BROWN

12/19/01

1615   NY HiTDA
spoke to Po Hill
Re   LI, WAI - MAN
NY Reg ████████
old CASE   W/ PERP

1675   w/ Brown   26-15   PARSONS
Blvd

APT 4B
LI - CHAN CHOI LAN   F/A ████
(718) 353-3728

NYC 312

✓ mayor case
DET WONG
        Heyman
C.I. CASH


12/28/01
1930 hr


OLDER w/HAT
LIU BEE
JUNG DE(Lender w/ Glasses)

NYC313

Sony
CD 3000

Higher than
FD 73

NYC 314

/28/01

1030 paid at 549 48 St

W/ Brown

3/01

1100 Paid at Foxwoods

w/ Jeff DeClercke

OIC INVESTIGATION

860·312·4411

"HiV, Kwok Chone   no longer works
Referred to casino   Team 8/18/01

M XIAO CHAN ZHAO still
employed
F/A
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
85
w Bayard St

off Mon + Tues.

1/11/02

1450   Det CASINO UNIT
Tim  Wetter  (STATE police)

Beeper 860-340-8435
860-862-7533

1/9/01

1815   LT LAU.
Gives
646-996-1846  (Nextel
              Communications)
STABBERS Best Friend

1/11/01

1815   called det A. ROSS
       Subpoena Re
       646-996-1846  SUB INFO

NYC 31

39 CLIFF ST

8-4

Plate in Rear

C W 7 6 2 A

1800 1/23/02

W Brown / Johnson

Con State Police

Vem Law

CITY OF NORWICH
POLICE DEPARTMENT
DETECTIVE DIVISION

FRANKLYN J. WARD
DETECTIVE LIEUTENANT

70 THAMES STREET
NORWICH, CT 06360

(860) 892-2889

NYC 31

WORKED @ FOXWOODS SINCE 6/00

SON NEVER CAME UP.

02/12/02

1000 put a V/O DIVISION
"BROPS"
+ BOWERY for
CHINESE NEW YEAR

3/7/02

1. 1140
Spoke TO DET ROMA
646-610-6806
CRIME STOPPERS  V.OCD

TO BE PUT ON 3/27/02

1145 Spoke to GRAND
mother of Davy Cabeza
@ AIBA SILVA

9/10/02

1033  channel 5 Taping of case

9/12/02

1000  w/o 5th pct w/
Brown Caseyya malow
Re Served for pape

NYC31

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x      Docket #: 07CV3636 (LAK)

YANG FENG ZHAO,

                           Plaintiff,      PLAINTIFF'S THIRD
                                   SET OF
        -against-      INTERROGATORIES
                                   AND REQUEST FOR
                                   PRODUCTION OF
                                   DOCUMENTS _____

CITY OF NEW YORK, DETECTIVE NGA
CHEUNG NG, DETECTIVE BILLY MILAN,
"JOHN DOE #1" and "JOHN DOE #2,"

                         Defendants.
------------------------------------------------------------x

        Plaintiff YANG FENG ZHAO, by and through his attorneys Siegle & Sims L.L.P.,

hereby requests that defendants CITY OF NEW YORK, DETECTIVE NGA CHEUNG NG

("NG") and DETECTIVE BILLY MILAN ("MILAN") answer the following interrogatories in

writing and under oath, in accordance with Rule 33 of the Federal Rules of Civil Procedure and

Rule 33.3 of the Local Rules of this Court within thirty (30) days from the date of service hereof.


        These interrogatories and document requests are continuing and subject to the

requirement, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, that answers thereto

be supplemented or amended, without notice or demand from the plaintiff, if further information

is obtained with respect to the subject matter of any of these interrogatories after the answers

thereto are filed.

## INSTRUCTIONS AND DEFINITIONS

1.    These definitions incorporate by reference the Uniform Definitions in Discovery Requests set forth in Federal Rule 34(a) and Rule 26.3 of the Rules of the United States District Courts for the Southern and Eastern Districts of New York.

2.    You should identify each individual supplying information responsive to these discovery requests. Where different individuals supply information for particular requests, each such individual should be separately identified in connection with the applicable answers.

3.    "Complaint" means the Complaint filed in this action by plaintiff YANG FENG ZHAO, dated May 3, 2007.

4.    "Answer" means the Answer(s) filed and served by defendants NG and MILAN.

5.    "CITY" means CITY OF NEW YORK, including the NEW YORK CITY POLICE DEPARTMENT, QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE and NEW YORK CITY DEPARTMENT OF CORRECTIONS, and includes any entity in which the CITY OF NEW YORK has a direct or indirect ownership or equity interest through which it operates and/or functions or which it controls.

6.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise). Without limiting the foregoing, "communication" includes all letters, memoranda, telephone conversations (without regard to the location where the conversation originated), face-to-face conversations, meetings, visits and conferences.

7.    "Document" means all written or graphic matter or any other means of preserving thought or expression of every type and description, including but not limited to originals, drafts, computer-sorted and computer-retrievable information, copies or duplicates that are marked with

any notation or annotation, copies or duplicates that differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendar notes, computer printouts, computer disks and programs, price quotations, sales records, card files, price lists, press clippings, sworn or unsworn statements of employees, requisitions, purchasing manuals or guidelines, lists, audit workpapers, financial analysis, tables of organizations, advertisements or other promotional material, audited and unaudited financial statements, receipts, bank statements, newspapers or newsletters, diagrams, photographs, and other writings or recordings. A draft or non-identical copy is a separate document within the meaning of this term. "Document" also includes any removable "Post-it" notes or other attachments affixed to any of the foregoing.

8. "Person" means any natural person, business, corporation, partnership, proprietorship, organization, affiliated group, association, legal or governmental entity or any other entity.

9. "Concerning" and "concern" mean relating to, referring to, pursuant to, in connection with, describing, evidencing, summarizing, or constituting.

10. "And" and "or" shall each be construed broadly and shall each mean "and" or "or" or "and" and "or" wherever such meaning broadens the meaning of any sentence or phrase.

11. "Each", "any" and "all" shall be construed broadly and each of them shall mean "each", "any" or "all" or "each", "any" and "all" wherever such meaning broadens the meaning of any sentence or phrase.

12. The singular form of any word includes the plural and vice versa.

13. "Incident" refers to the events described in the complaint.

14.    If you have any knowledge of any document(s) which relate(s) to this litigation and which has/have been destroyed, please provide the following information:

    a.    the place, date (or approximate date), and manner of recording or otherwise preparing the document;

    b.    the name and title of sender, and the name and title of recipient of the document(s);

    c.    a summary of the contents of the document(s);

    d.    the identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document(s);

    e.    the date on which it was destroyed;

    f.    the reason it was destroyed; and

    g.    identify all persons having knowledge of the substance of said document(s).

## INTERROGATORIES

### Interrogatory No. 1

Identify and set forth the existence, custodian, location and general description of all relevant documents, information, equipment and/or physical evidence related to equipment possessed by the New York City Police Department that has the capability of revealing the "underscan" on a videotape or any equipment that can "re-size" or "re-format" the images on a videotape, including but not limited to the following:

    a.    name, make, and model number of system;

b.      system proposal;

b.      purchase order;

c.      bill of sale;

d.      bill of lading;

e.      shipping records;

f.      date of delivery;

e.      training materials.


**Interrogatory No. 2:**

Identify and set forth the existence, custodian, location and general description of all relevant documents, information, equipment, and/or physical evidence related to the Ocean Systems dTective unit with dTective kit, including, but not limited to the following:

a.      system proposal;

b.      purchase order;

c.      bill of sale;

d.      bill of lading;

e.      shipping records;

f.      date of delivery;

e.      training materials.

**Interrogatory No. 3**

Identify all witnesses with knowledge of the Ocean Systems dTective unit with dTective kit.

**Interrogatory No. 4**

Identify all witnesses with knowledge of equipment possessed by the New York City Police Department that has the capability of revealing the "underscan" on a videotape or any equipment that can "re-size" or "re-format" the images on a videotape.

**Interrogatory No. 5**

Identify the exact date that the CITY OF NEW YORK, or any of its agencies, including but not limited to the New York City Police Department, obtained the Ocean Systems dTective unit with dTective kit.

**Interrogatory No. 6**

Identify the exact date that the CITY OF NEW YORK, or any of its agencies, including but not limited to the New York City Police Department, obtained any equipment that has the capability of revealing the "underscan" on a videotape or any equipment that can "re-format" the images on a videotape.

**Interrogatory No. 7**

Identify the author(s)of each of the following documents turned over by defendants CITY OF NEW YORK, NGA CHEUNG NG, AND DET. BILLY MILAN on October 15, 2007, marked with the following bates numbers:

NYC304, NYC 305, NYC 306, NYC 307, NYC 308, NYC 309, NYC 310, NYC, 311, NYC 312, NYC 313, NYC 314, NYC 315, NYC 316, NYC 317, NYC 318, NYC 319.

**Interrogatory No. 8**

As to document bate numbered NYC 312 please identify the following:

a. the preparer of said document;

b. the date prepared;

c. the source of the information contained therein.

## DOCUMENT REQUESTS

1. Produce all the documents identified in Interrogatory 1 and Interrogatory 2.

Dated: New York, New York
        October 19, 2007

Respectfully submitted,

SIEGLE & SIMS L.L.P.

By: _____
    Jonathan D. Sims (JD8472)
    Attorneys for Plaintiff
    YANG FENG ZHAO
    217 Broadway- Suite 611
    New York, New York, 10007
    (212) 406-0110

To:    MICHAEL A. CARDOZO
       Corporation Counsel
       Attorneys for Defendant
       CITY OF NEW YORK
       100 Church Street
       New York, NY 10007
       (212) 442-3551
       NYCLIS No. 2007-015691

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

YANG FENG ZHAO,

                                Plaintiff,

            -against-

CITY OF NEW YORK, DETECTIVE NGA CHEUNG
NG, DETECTIVE BILLY MILAN, "JOHN DOE #1" and
"JOHN DOE #2,"

                            Defendants.

-------------------------------------------------------------------- x

**DEFENDANTS'
RESPONSES AND
OBJECTIONS TO
PLAINTIFF'S REQUEST
FOR ADMISSION**

07 CV 3636 (LAK) (MHD)

        Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendants, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, hereby respond to Plaintiff's Request for Admission.

## GENERAL STATEMENT AND GENERAL OBJECTIONS

    1.    By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

    2.    Defendants object to the requests to the extent that they demand information protected by the attorney-client or work product privileges, or information that constitutes material prepared for litigation purposes.

    3.    Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

4.    Defendants object in the entirety to these requests to the extent that they seek to impose obligations upon defendants beyond those required by the Federal Rules of Civil Procedure or the Local Rules.

5.    Defendants object to the requests on the grounds that they are premature, present an undue burden, and reserve their right to supplement their response to each request with additional information. Defendants also reserve the right to object to the future disclosure of any such information.

## RESPONSES AND OBJECTIONS TO REQUEST FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1

The New York City Police Department, Technical Assistance Response Unit possessed the Ocean Systems dTective unit with dTective kit, including Avid Express software, on or before October 24, 2005.

### OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 1

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by the defendants is insufficient to enable them to admit or deny this request.

### REQUEST FOR ADMISSION NO. 2

The New York City Police Department, Technical Assistance Response Unit possessed the Ocean Systems dTective unit with dTective kit, including Avid Express software, on or before April 24, 2005.

## OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by the defendants is insufficient to enable them to admit or deny this request.

## REQUEST FOR ADMISSION NO. 3:

The New York City Police Department, Technical Assistance Response Unit possessed the Ocean Systems dTective unit with dTective kit, including Avid Express software, on or before October 24, 2004.

## OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 3:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by the defendants is insufficient to enable them to admit or deny this request.

## REQUEST FOR ADMISSION NO. 4:

The New York City Police Department, Technical Assistance Response Unit possessed the Ocean Systems dTective unit with dTective kit, including Avid Express software, on or before April 24, 2004.

## OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry

has been made and the information readily obtainable by the defendants is insufficient to enable them to admit or deny this request.

## REQUEST FOR ADMISSION NO. 5:

The New York City Police Department, Technical Assistance Response Unit possessed the Ocean Systems dTective unit with dTective kit, including Avid Express software, on or before October 24, 2003.

## OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 5:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by the defendants is insufficient to enable them to admit or deny this request.

## REQUEST FOR ADMISSION NO. 6:

The New York City Police Department, Technical Assistance Response Unit possessed the Ocean Systems dTective unit with dTective kit, including Avid Express software, on or before April 24, 2003.

## OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 6:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by the defendants is insufficient to enable them to admit or deny this request.

**REQUEST FOR ADMISSION NO. 7:**

The New York City Police Department, Technical Assistance Response Unit possessed the Ocean Systems dTective unit with dTective kit, including Avid Express software, on or before October 24, 2002.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by the defendants is insufficient to enable them to admit or deny this request.

**REQUEST FOR ADMISSION NO. 8:**

The New York City Police Department, Technical Assistance Response Unit possessed the Ocean Systems dTective unit with dTective kit, including Avid Express software, on or before April 24, 2002.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by the defendants is insufficient to enable them to admit or deny this request.

## REQUEST FOR ADMISSION NO. 9:

The New York City Police Department, Technical Assistance Response Unit possessed the Ocean Systems dTective unit with dTective kit, including Avid Express software, on or before December 11, 2001.

## OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 9:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by the defendants is insufficient to enable them to admit or deny this request.

## REQUEST FOR ADMISSION NO. 10:

The New York City Police Department, Technical Assistance Response Unit possessed the Ocean Systems dTective unit with dTective kit, including Avid Express software, on or before May 5, 2001.

## OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 10:

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by the defendants is insufficient to enable them to admit or deny this request.

## REQUEST FOR ADMISSION NO. 11:

The attached records produced by CITY on or about October 15, 2007, Bates numbers NYC 304 through NYC 319, are copies of handwritten notes of Dectective Vincenzo Romano.

## OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 11:

Defendants object to this request on the grounds that it is vague and ambiguous. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

## REQUEST FOR ADMISSION NO. 12:

That the four copies of the VHS cassette tapes disclosed to CITY by counsel for Zhao on September 24, 2007, are exact copies of the VHS cassette tapes vouchered by the N.Y.P.D. in connection with the investigation of the stabbing of Danny Cabezas at 40-52 Main Street, Flushing, New York.

## OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 12:

Defendants object to this request on the grounds that it is vague, ambiguous, and not a simple and concise statement capable of a response. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

Dated: New York, New York
November 19, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the  City of New York
Attorney for Defendants
New York, New York 10007
(212) 442-3551

By: _____
John H. Graziadei

TO:   Jonathan Sims, Esq.
      Eric Siegle, Esq.

# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

YANG FENG ZHAO,

                          Plaintiff,

           -against-

CITY OF NEW YORK, DETECTIVE NGA CHEUNG
NG, DETECTIVE BILLY MILAN, "JOHN DOE #1" and
"JOHN DOE #2,"

                          Defendants.

------------------------------------------------------------------ x

**DEFENDANTS'
RESPONSES TO
PLAINTIFF'S THIRD SET
OF INTERROGATORIES
AND REQUEST FOR
PRODUCTION OF
DOCUMENTS**

07 CV 3636 (LAK)(MHD)

Pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure, defendants respond and object to Plaintiff's First Consolidated Set of Discovery Requests as follows:

## GENERAL STATEMENT

1.      By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.      Defendants object to this Interrogatory and Document Request to the extent that they demand documents and/or information that are protected by the attorney-client or work-product privilege, or constitute material prepared for litigation purposes.

3.      Inadvertent production of any document or information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not

constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.      Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5.      Defendants further object in the entirety to these requests to the extent that they seek the home address of individuals identified by the defendants in response to the interrogatories.

6.      With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index.

7.      Defendants object insofar as plaintiff's requests impose obligations upon them beyond which is required under the Federal Rules of Civil Procedure.

8.      Defendants is continuing to search for information responsive to plaintiff's requests and therefore reserves the right to supplement their responses to each request with additional information, if and when such information becomes available to defendants' counsel. Defendants also reserves the right to object to the future disclosure of any such information.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify and set forth the existence, custodian, location and general description of all relevant documents, information, equipment, and/or physical evidence related to equipment possessed by the New York City Police Department that has the capability of revealing the "underscan" on a videotape or any equipment that can "re-size" or "re-format" the images on a videotape, including but not limited to the following:

      a.  name, make, and model number of system;

      b.  system proposal;

      c.  purchase order;

      d.  bill of sale;

      e.  bill of lading;

      f.  shipping records;

      g.  date of delivery;

      h.  training materials.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:

Defendants object to this interrogatory and all its subparts on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of permissible discovery pursuant to the federal and local rules of this court, unreasonably cumulative and duplicative, and that there is a more practicable method of obtaining the information sought. Notwithstanding, and without waiving, or in any way limiting these objections or the general objections, the custodian of this information is the New York City Police Department and a deposition of a representative of the

Technical Assistance Response Unit is scheduled to appear for deposition on December 11, 2007.

## INTERROGATORY NO. 2:

Identify and set for the existence, custodian, location and general description of all relevant documents, information, equipment, and/or physical evidence related to the Ocean Systems dTective Unit with dTective kit, including, but not limited to the following:

     a.   system proposal;

     b.   purchase order;

     c.   bill of sale;

     d.   bill of lading;

     e.   shipping records;

     f.   date of delivery;

     g.   training materials.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:

Defendants object to this interrogatory and all its subparts on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of permissible discovery pursuant to the federal and local rules of this court, unreasonably cumulative and duplicative, and that there is a more practicable method of obtaining the information sought. Notwithstanding, and without waiving, or in any way limiting these objections or the general objections, the custodian of this information is the New York City Police Department and a deposition of a representative of the Technical Assistance Response Unit is scheduled to appear for deposition on December 11, 2007.

- 4 -

## INTERROGATORY NO. 3:

Identify all witnesses with knowledge of the Ocean Systems dTective unit with dTective

kit.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:

Defendants object to this interrogatory on the grounds that it is vague, ambiguous,

overbroad, overly burdensome, unreasonably cumulative and duplicative, beyond the scope of

permissible discovery pursuant to the federal and local rules of this court, not relevant or

reasonably calculated to lead to the discovery of admissible evidence, and that there is a more

practicable method of obtaining the information sought. Notwithstanding, and without waiving,

or in any way limiting these objections or the general objections, a deposition of a representative

of the Technical Assistance Response Unit is scheduled to appear for deposition on December

11, 2007

## INTERROGATORY NO. 4:

Identify all witnesses with knowledge of equipment possessed by the New York City

Police Department that has the capability of revealing the "underscan" on a videotape or any

equipment that can "re-size" or "re-format" the images on a videotape.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:

Defendants object to this interrogatory and all of its subparts on the grounds that it is

vague, ambiguous, overbroad, overly burdensome, unreasonably cumulative and duplicative,

beyond the scope of permissible discovery pursuant to the federal and local rules of this court,

not relevant or reasonably calculated to lead to the discovery of admissible evidence, and that

there is a more practicable method of obtaining the information sought. Notwithstanding, and

without waiving, or in any way limiting these objections or the general objections, the custodian

of this information is the New York City Police Department and a deposition of a representative

- 5 -

of the Technical Assistance Response Unit is scheduled to appear for deposition on December 11, 2007.

**INTERROGATORY NO. 5:**

Identify the exact date that the CITY OF NEW YORK, or any of its agencies, including but not limited to the New York City Police Department, obtained the Ocean Systems dTective unit with dTective kit.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, overly burdensome, unreasonably duplicative, beyond the scope of permissible discovery pursuant to the federal and local rules of this court, not relevant or reasonably calculated to lead to the discovery of admissible evidence, and that there is a more practicable method of obtaining the information sought.

**INTERROGATORY NO. 6:**

Identify the exact date that the CITY OF NEW YORK, or any of its agencies, including but not limited to the New York City Police Department, obtained any equipment that has the capability of revealing the "underscan" on a videotape or any equipment that can "re-size" or "re-format" the images on a videotape.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to this interrogatory and all of its subparts on the grounds that it is vague, ambiguous, overbroad, overly burdensome, unreasonably duplicative, beyond the scope of permissible discovery pursuant to the federal and local rules of this court, not relevant or reasonably calculated to lead to the discovery of admissible evidence, and that there is a more practicable method of obtaining the information sought.

- 6 -

**INTERROGATORY NO. 7:**

Identify the author(s) of each of the following documents turned over by the defendants CITY OF NEW YORK, NGA CHEUNG NG, AND DET. BILLY MILAN on October 15, 2007 marked with the following bates numbers: NYC 304, NYC 305, NYC 306, NYC 307, NYC 308, NYC 309, NYC 310, NYC 311, NYC 312, NYC 313, NYC 314, NYC 315, NYC 316, NYC 317, NYC 318, NYC 319.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to this interrogatory and all of its subparts on the grounds that it is vague, ambiguous, overbroad, overly burdensome, unreasonably duplicative, beyond the scope of permissible discovery pursuant to the federal and local rules of this court, and that there is a more practicable method of obtaining the information sought. Notwithstanding, and without waiving or in any way limiting these objections or defendants' general objections, defendants are continuing to search for information responsive to this Interrogatory.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

Produce all the documents identified in the preceding Interrogatories.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendants object to Document Request No. 1 on the grounds that it is vague,
ambiguous, overbroad, protected by the law enforcement, attorney-client, and work-product
privileges, not relevant or reasonably calculated to lead to the discovery of admissible evidence,
and not in the care, custody, and control of defendants. Notwithstanding, and without waiving,
or in any way limiting these objections or the general objections, plaintiff is referred to the
documents produced herewith bearing Bates nos. NYC 352 through NYC 353..

Dated:        New York, New York
              November 19, 2007

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendant
                        100 Church Street, Room 3-152
                        New York, New York 10007
                        (212) 442-3551

              By:  _____
                        JOHN H. GRAZIADEI (JG 1333)
                        Assistant Corporation Counsel

TO:    Siegle & Sims, LLP

- 8 -

# PURCHASE ORDER



**The City of New York**

New York City Police Department
Technical Assistance Response Unit
Fort Totten – Building 614
Bayside, NY 11359
(718)971-1400

**P.O.# CF2003-026** (page 1 of 2)

November 25, 2002

Vendor Information:

| | |
|---|---|
| Company: | Ocean Systems |
| Contact: | Doug Perkins |
| Address: | 4016 Blackburn Lane |
| City / State: | Burtonsville, MD. 20866 |
| Phone #: | 301 476-8015    Fax #: 301 421-1785 |

Dear Mr. Perkins:

Please accept this letter as notification that the NYC Police Department is placing with you the following order based on your Avid Systems Proposal # Q02-A 365.

| Item(s) | Quantity | Unit Price | Extended Price | |
|---|---|---|---|---|
| Luggable, Xpress WIN 3D FX 144GB (Part# LUG-XPR-3D-01) | 1 | ▮▮▮ | ▮▮▮ | Redacted on grounds of privlege and relevance. |
| Rackmount Xpress WIN 3D FX (Part# RAK-XPR-3D-01) | 2 | ▮▮▮ | ▮▮▮ | |
| MediaRAID Rack & 8 Drives (Part# 0010-05795-01) | 2 | ▮▮▮ | ▮▮▮ | |
| Digital Audio Corp Quick Enhance Forensic Audio (Part# DAC) | 1 | ▮▮▮ | ▮▮▮ | |
| dTective Kit Plus (Part# SF-BND-FNR-02) | 3 | ▮▮▮ | ▮▮▮ | |
| Avid Assurance Maintenance (Part# 0540-03335-01) | 2 | ▮▮▮ | ▮▮▮ | |
| 21" XGA System Monitor (Part# VGA-DTP-021-01) | 3 | ▮▮▮ | ▮▮▮ | |
| Spare MediaRAID Power Supply (Part# 0840-03030-01) | 1 | ▮▮▮ | ▮▮▮ | |
| 2-Bay Int HDD Case (Part# HDR-2BY-UPG-01) | 2 | ▮▮▮ | ▮▮▮ | |
| RAM Additional 512MB (Part# CMP-MEM-512-01) | 6 | ▮▮▮ | ▮▮▮ | |
| 10 Foot LVD Cable (Part# 0070-03016-01) | 2 | ▮▮▮ | ▮▮▮ | |

This communication is **CONFIDENTIAL** and is for **OFFICIAL USE ONLY**
NOT TO BE PUBLISHED

NYC 352

# PURCHASE ORDER

Page 2 of 2          PO# CF2003-026

| | | |
|---|---|---|
| Roland MA-8 Speakers<br>(Part# ROLD-8 Speakers) | 3 | ███ ███ |
| Multimode LVD/Wide SCSI Terminator<br>(Part# 0070-03011-01) | 2 | ███ ███ |
| Shipping | | ███ |
| | **TOTAL** | $███ |

## Delivery Schedule:  30 Days

## DELIVER AND INVOICE to:    **NYC Police Department**
**Technical Assistance Response Unit**
**Fort Totten – Building 614**
**Bayside, NY 11359**

Contact: Judy Ciani at ███ for any questions and please notify us prior to shipping.

Sincerely,

Dwayne D. Hurley
Captain

This communication is CONFIDENTIAL and is for OFFICIAL USE ONLY
NOT TO BE PUBLISHED

NYC353



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x

YANG FENG ZHAO,

                              Plaintiff,

                -against-

CITY OF NEW YORK, DETECTIVE NGA CHEUNG
NG, DETECTIVE BILLY MILAN, "JOHN DOE #1" and
"JOHN DOE #2,"

                         Defendants.

--------------------------------------------------------------- x

**DEFENDANTS'
SUPPLEMENTAL
RESPONSES TO
PLAINTIFF'S THIRD SET
OF INTERROGATORIES
AND REQUEST FOR
PRODUCTION OF
DOCUMENTS**

07 CV 3636 (LAK)(MHD)

Pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure, defendants supplement their responses and objections to Plaintiff's Third Consolidated Set of Discovery Requests as follows:

## GENERAL STATEMENT

1.       By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.       Defendants object to this Interrogatory and Document Request to the extent that they demand documents and/or information that are protected by the attorney-client or work-product privilege, or constitute material prepared for litigation purposes.

3.       Inadvertent production of any document or information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not

constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.     Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5.     Defendants further object in the entirety to these requests to the extent that they seek the home address of individuals identified by the defendants in response to the interrogatories.

6.     With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index.

7.     Defendants object insofar as plaintiff's requests impose obligations upon them beyond which is required under the Federal Rules of Civil Procedure.

8.     Defendants are continuing to search for information responsive to plaintiff's requests and therefore reserves the right to supplement their responses to each request with additional information, if and when such information becomes available to defendants' counsel.  Defendants also reserves the right to object to the future disclosure of any such information.

## DOCUMENT REQUEST

## DOCUMENT REQUEST NO. 1:

Produce all the documents identified in the preceding Interrogatories.

## SUPPLEMENTAL OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendants object to Document Request No. 1 on the grounds that it is vague, ambiguous, overbroad, protected by the law enforcement, attorney-client, and work-product privileges, not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent it requests documents not in the care, custody, and control of defendants. Notwithstanding, and without waiving, or in any way limiting these objections or the general objections, plaintiff is referred to the Transaction Tracking System Report produced herewith bearing Bates number NYC 354.

Dated:     New York, New York
           November 29, 2007

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendant
                        100 Church Street, Room 3-152
                        New York, New York 10007
                        (212) 442-3551

            By:     _____
                        JOHN H. GRAZIADEI (JG 1333)
                        Assistant Corporation Counsel

TO:   Siegle & Sims, LLP

- 3 -

Transaction Tracking System    PAGE # 1
INVENTORY LOGGED INTO SYSTEM ON 01/12/03

| EIP | ITEM NUMBER | DESCRIPTION | AMT RCVD | CTG | LOCATION | DATE BGHT | P.O. NUM |
|-----|-------------|-------------|----------|-----|----------|-----------|----------|

REDACTED
NOT RELEVANT

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | C1 | | 01/12/03 |
| NEX | 211960S | OCEAN SYS AVID CPU | 1 | C6 | | 01/12/03 |
| NEX | 3EK2E768 | OCEAN SYS AVID A/V DRIVE | 1 | C6 | | 01/12/03 |
| NEX | 3EK2EGCB | OCEAN SYS AVID A/V DRIVE | 1 | C6 | | 01/12/03 |
| NEX | S88TU0038942 | PLEXTOR PX-S88TU CD-RW DR | 1 | C6 | | 01/12/03 |
| NEX | MBB245041 | OCEAN SYS BOB | 1 | C6 | | 01/12/03 |
| NEX | WPF225043 | AVID MEDIA RAID 8 | 1 | C1 | | 01/12/03 |
| NEX | WPF225017 | AVID MEDIA RAID 8 | 1 | C1 | | 01/12/03 |
| NEX | 211940S | OCEAN SYS AVID CPU | 1 | C6 | | 01/12/03 |
| NEX | 211950S | OCEAN SYS AVID CPU | 1 | V7 | | 01/12/03 |
| NEX | MBB245014 | OCEAN SYS AVID BOB | 1 | A8 | | 01/12/03 |
| NEX | 071394 | DATAVIDEO TBC-1000 TIME B | 1 | A8 | | 01/12/03 |
| NEX | EP92022 | ROLAND MA-8 MONITORS | 1 | C6 | | 01/12/03 |
| NEX | EP92020 | ROLAND MA-8 MONITORS | 1 | V7 | | 01/12/03 |
| NEX | MBB245015 | OCEAN SYS AVID BOB | 1 | C2 | | 01/12/03 |
| NEX | 075377 | DATAVIDEO TBC-1000 TIME B | 1 | C2 | | 01/12/03 |
| NEX | 423023900523 | VIEWSONIC G810 21" MONITO | 1 | C2 | | 01/12/03 |
| NEX | 423023900524 | VIEWSONIC G810 21" MONITO | 1 | | | |
| NEX | 423023900530 | VIEWSONIC G810 21" MONITO | 1 | | | |

26 Inventory Item(s) Logged by User # 909603.

Date ___/___-

Supervisors' Verification _____

NYC354