

**SIEGLE & SIMS L.L.P.**
THE ASTOR BUILDING
217 BROADWAY • SUITE 611
NEW YORK, NEW YORK 10007
TELEPHONE: (212) 406-0110
FACSIMILE: (212) 406-5259

ERIC W. SIEGLE           November 30, 2007          JONATHAN D. SIMS

*Handwritten note:* Defendants are to respond to this application by no later than Dec. 7, 2007. Plaintiff may reply by Dec. 14, 2007.

*Stamp:* DEC 3 2007

**VIA ECF & HAND DELIVERY**
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, New York 10007
Attn.: Michael H. Dolinger, U.S.M.J.

         Re:     **Zhao v. City of New York et al.**
                   07CV.3636 (LAK)(MHD)

Dear Honorable Judge Dolinger:

       Pursuant to our November 28, 2007 correspondence, we respectfully move this Court pursuant to FRCP Rules 36(a) and 37 for an order deeming admitted plaintiff's attached requests for admissions dated October 19, 2007 (Ex. 1) and to compel defendants to properly respond to plaintiff's Interrogatories and Requests to Produce of the same date (Ex.2).

       Rather than repeat and reiterate the lengthy facts underlying plaintiff's claims, plaintiff respectfully refers the Court to plaintiff's correspondence dated November 8, 2007 submitted in opposition to defendants' motion for a protective order (portions of which are *sub judice* awaiting *in camera* review) for a recitation of the underlying facts herein, including footnote 3 thereof, which details defendants' failure to properly analyze and examine the video tape evidence herein despite possessing the technology to properly do so prior to plaintiff's arrest.

       On October 19, 2007, plaintiff served defendants with Requests for Admission. On November 21, 2007, plaintiff received defendants responses to said requests (Ex.3). In their responses, defendants objected and refused to answer each and every Request to Admit and also asserted that information known or readily obtainable by defendants is insufficient to enable defendants to admit or deny the items alleged. Defendants' responses are insufficient and improper and therefore, plaintiff's requests should be deemed admitted. *See* FRCP Rule 36(a); and also *Booth Oil Site Admin. Group v Safety-Kleen Corp.*, 194 FRD 76, 30 ELR 20675 (W.D.N.Y. 2000).

       Although Plaintiff's Request for Admission contains twelve individual requests, in actuality, the Request contains three basic inquiries: first, requests 1 through 10 seek to determine the date which the NYPD, TARU obtained certain equipment capable of analyzing the video evidence herein; second, request 11 seeks to determine the author of specific handwritten documents provided by