**SIEGLE & SIMS L.L.P.**
*THE ASTOR BUILDING*
217 BROADWAY • SUITE 611
NEW YORK, NEW YORK 10007
TELEPHONE: (212) 406-0110
FACSIMILE: (212) 406-5259

ERIC W. SIEGLE                                                                                          JONATHAN D. SIMS

November 30, 2007

*[Handwritten note: Defendants are to respond to this application by no later than Dec. 7, 2007. Plaintiff may reply by Dec. 14, 2007. /s/ MHD]*

*[Stamp: DEC 3 2007]*

**VIA ECF & HAND DELIVERY**
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, New York 10007
Attn.: Michael H. Dolinger, U.S.M.J.

Re:   **Zhao v. City of New York et al.**
      **07CV.3636 (LAK)(MHD)**

Dear Honorable Judge Dolinger:

Pursuant to our November 28, 2007 correspondence, we respectfully move this Court pursuant to FRCP Rules 36(a) and 37 for an order deeming admitted plaintiff's attached requests for admissions dated October 19, 2007 (Ex. 1) and to compel defendants to properly respond to plaintiff's Interrogatories and Requests to Produce of the same date (Ex.2).

Rather than repeat and reiterate the lengthy facts underlying plaintiff's claims, plaintiff respectfully refers the Court to plaintiff's correspondence dated November 8, 2007 submitted in opposition to defendants' motion for a protective order (portions of which are *sub judice* awaiting *in camera* review) for a recitation of the underlying facts herein, including footnote 3 thereof, which details defendants' failure to properly analyze and examine the video tape evidence herein despite possessing the technology to properly do so prior to plaintiff's arrest.

On October 19, 2007, plaintiff served defendants with Requests for Admission. On November 21, 2007, plaintiff received defendants responses to said requests (Ex.3). In their responses, defendants objected and refused to answer each and every Request to Admit and also asserted that information known or readily obtainable by defendants is insufficient to enable defendants to admit or deny the items alleged. Defendants' responses are insufficient and improper and therefore, plaintiff's requests should be deemed admitted. *See* FRCP Rule 36(a); and also *Booth Oil Site Admin. Group v Safety-Kleen Corp.*, 194 FRD 76, 30 ELR 20675 (W.D.N.Y. 2000).

Although Plaintiff's Request for Admission contains twelve individual requests, in actuality, the Request contains three basic inquiries: first, requests 1 through 10 seek to determine the date which the NYPD, TARU obtained certain equipment capable of analyzing the video evidence herein; second, request 11 seeks to determine the author of specific handwritten documents provided by

defendants as part of their discovery response dated October 15, 2007; and third, request 12 seeks to authenticate, as exact copies, the video tapes disclosed to defendants by plaintiff on September 24, 2007. Each of these requests are understandable, straightforward, call for relevant information, and do not violate a recognized privilege.

Plaintiff's request for admission 1 reads as follows:

> The New York City Police Department, Technical Assistance Response Unit possessed the Ocean Systems dTective unit with dTective kit, including Avid Express software, on or before October 24, 2005.

Thereafter, Requests 2 through 10 repeat, verbatim, this request except the date included in each goes back in six month increments, in an effort to ascertain when the N.Y.P.D. actually possessed the equipment at issue.

Defendants responded to requests 1 through 10 as follows:

> Defendants object to this request on the grounds that it is vague, ambiguous, overbroad (sic), and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by the defendants is insufficient to enable them to admit or deny this request.

As is self-evident, the requests are not vague, ambiguous or over broad and are certainly calculated to lead to the discovery of admissible evidence. In fact the requests are limited as to the possession by a particular unit within the NYPD, TARU, of specifically named hardware and software utilized to view and analyze videotape evidence. The date upon which the NYPD, TARU possessed this equipment and therefore, the date they possessed the ability to properly analyze the videotape evidence is relevant to plaintiff's claims for false arrest and malicious prosecution, both under statute and common law, and therefore defendants boilerplate objections are improper. As stated by the Court in *Booth*, supra., "[p]rovided the demand is understandable and straightforward, calls for relevant information, and does not violate a recognized privilege, an objection to a request is improper . . ." *Id.* at 79.

Moreover, defendants blanket response to these requests "that a reasonable inquiry has been made and the information readily obtainable by the defendants is insufficient to enable them to admit or deny this request" is also improper, where as here, the limited information sought is readily available to defendant and within the possession of their own witnesses.

As stated by this Court in *T. Rowe Price Small-cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38 (S.D.N.Y. 1997)

> In responding to a properly stated request, a party must make "reasonable inquiry" of "information known or readily obtainable by him" that allows him to fairly admit or deny the request. *Fed. R. Civ. P. 36(a)* and Advisory Committee Notes to 1970 amendment. He may not give lack of information or knowledge as a reason for failure to admit or deny unless he has made such inquiry. *SEC v. Thrasher*, 1996 U.S. Dist. LEXIS 13016, 1996 WL 460148, at *2 (S.D.N.Y. Aug. 13, 1996); *Beberaggi v. New York City Transit Auth.*, 1994 U.S. Dist. LEXIS 384, 1994 WL 18556, at *5 (S.D.N.Y. Jan. 19, 1994). What constitutes "reasonable inquiry" and what material is "readily obtainable" is a relative matter that depends upon the facts of each case. *See Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 374 (S.D.N.Y. 1989); *Al-Jundi v. Rockefeller*, 91 F.R.D. 590, 593-94 (W.D.N.Y. 1981); *Kendrick v. Sullivan*, 1992 U.S. Dist. LEXIS 6715, 1992 WL 119125, at *3 (D.D.C. May 15, 1992). However, "because rule 36 admission requests serve the highly desirable purpose of eliminating the need for proof of issues upon trial, there is a strong disincentive to finding an undue burden [in responding] where the responding party can make the necessary inquiries without extraordinary expense or effort. . . ." *Al-Jundi*, 91 F.R.D. at 594.

Plaintiff's request simply requires defendants to contact a department within its own agency, the NYPD, TARU, and ask them when, if at all, they came into possession of the Ocean Systems dTective unit with dTective kit, including Avid Express software. There is absolutely no undue burden caused by these requests and it is incomprehensible how this information is not readily obtainable. Accordingly, defendants assertion of this boilerplate response to plaintiff's legitimate, reasonably calculated, limited request for admission is improper and the Court should deem plaintiff's request admitted, or in the alternative, order defendant to admit or deny said requests.

Similarly, plaintiff's Request 11, is narrowly drafted, specific and requests a simple admission or denial of the assertion that Detective Vincenzo Romano authored certain notes which defendants disclosed during discovery. Specifically plaintiff's request 11 states:

> The attached records produced by CITY on or about October 15, 2007, Bates numbers NYC 304 through NYC 319, are copies of handwritten notes of Detective Vincenzo Romano.

In response, defendants object that the request is vague and ambiguous and "that a reasonable inquiry has been made and the information readily obtainable by the defendants is insufficient to enable them to admit or deny this request."

Defendants' response is hard to fathom in view of the fact that defendants supplied these documents to plaintiff, and the only inquiry necessary to properly respond to this request was to show the documents at issue to Detective Romano.

SIEGLE & SIMS L.L.P.

Based on the fact that this request too is straightforward, understandable, calls for relevant information, does not violate privilege, and is readily obtainable from a source under defendants' control, defendants' response is insufficient and improper, and the request should be deemed admitted.

Finally, plaintiff's request 12 is also very specific and limited and requests admission of the following:

> That the four copies of the VHS cassette tapes disclosed to CITY by counsel for Zhao on September 24, 2007, are exact copies of the VHS cassette tapes vouchered by the N.Y.P.D. in connection with the investigation of the stabbing of Danny Cabezas at 40-52 Main Street, Flushing, New York.

Defendants responded that:

> Defendants object to this request on the ground that it is vague, ambiguous, and not a simple and concise statement capable of response. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

Defendants' objections and averment to this request that upon reasonable inquiry information readily obtainable to defendants is insufficient to enable them to admit or deny the assertion is ludicrous. All defendants have to do is compare the video material recorded on the tapes we provided them on September 24, 2007, with the video material recorded on the tapes recovered by the NYPD on December 11, 2001 and admit or deny. There is absolutely nothing complicated about this request. Defendants are in sole possession of the original tapes and we requested that they simply be compared with the tapes we provided them through discovery herein, thus eliminating any admissibility issues for trial herein. Contrary to defendants objection, this request is simple, concise and readily capable of response. Plaintiff's objections and averment is improper, and therefore, the request should be deemed admitted by the Court.

Plaintiff's also move this Court to compel defendants to disclose documents requested on October 19, 2007 in plaintiff's third set of interrogatories and request for production of documents relative to the video analysis hardware and software they possess; including, but not limited to, the system proposal, purchase order, bill of sale, bill of lading, shipping records, date of delivery and training materials relative thereto. On November 19, 2007, Defendants objected to the production of these documents,[1] but did produce a single document, a purchase order for the equipment, which

---

[1] Defendants objected on the grounds that the request is "vague, overbroad, protected by the law enforcement, attorney-client, and work-product privileges, not reasonably calculated to lead to the discovery of admissible evidence, and not in the care, custody and control of defendants."

contains improper redactions as to the price of the equipment. Further, on November 29, 2007, defendants supplemented this response providing a computer printed document, from an unknown entity, related to the subject equipment. *See* Ex. 4.

We have contacted defendants' counsel with regard to the production of these documents and to request an unredacted copy of the purchase order. Counsel has advised that they are continuing to search for said materials, which we pointed out is not stated in defendant's response dated November 19, 2007, and that production of said items was unnecessary as they are producing a witness from TARU for deposition. We indicated that while production of the witness for deposition may be a substitute for responses to some of the interrogatories, it does not relieve defendants' obligation to provide the documents requested prior to the deposition, so that we may inquire of that witness as to the content and meaning of the documents, including all the video equipment ordered and received by TARU.

We also informed counsel that we wanted an unredacted copy of the purchase order for all the equipment as there is no privilege issue involved as alleged by defendants in handwriting on the redacted copy itself, and that the price paid by the NYPD, TARU is relevant, contrary to their assertion otherwise. During our conversation with counsel for defendants, counsel offered no explanation as to how the price was privileged information, but invited plaintiff to forward him, in writing, our bases for claiming relevance.

It is clear that the redacted portion of this document, the cost of the equipment, is not privileged in any way and therefore, this is not a proper basis for the redactions.

Additionally, we believe that the price the N.Y.P.D. paid for this equipment, equipment which our investigation has revealed is very expensive, is highly relevant to plaintiff's causes of action. The fact that substantial resources were expended to acquire these investigative tools would certainly undermine defendants' expected arguments at trial that the individual detective defendants either were not aware of the availability of the technology or had no obligation to utilize same to assist in their investigation of a murder case. Thus, the cost of the equipment is relevant and discoverable.

Wherefore, we respectfully request that the Court deem admitted plaintiff's Requests to Admit dated October 19, 2007 and order defendants' to immediately provide full disclosure of all

SIEGLE & SIMS L.L.P.

documents possessed by them relative to the purchase, delivery and training materials related to the video equipment at issue herein, together with such other and further relief as this Court deems just and proper.

Respectfully submitted,

**SIEGLE & SIMS L.L.P.**

Eric W. Siegle

cc: John H. Graziadei, A.C.C. (via ECF & facsimile)