DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/5/07

217 BROADWAY - SUITE 6
NEW YORK, NEW YORK 10007
TELEPHONE: (212) 406-0110
FACSIMILE: (212) 406-5259

ERIC W. SIEGLE                        JONATHAN D. SIMS

December 3, 2007

**VIA FACSIMILE**
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, New York 10007
Attn.: Michael H. Dolinger, U.S.M.J.

RECEIVED
DEC 3 2007
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE
S.D.N.Y.

Re:  Zhao v. City of New York et al.
     07-CV-3636 (LAK)(MHD)

Dear Honorable Judge Dolinger:

We submit this correspondence to the Court: (1) to request a thirty day extension of the discovery cutoff herein, currently December 18, 2007; (2) to request that the Court order that defendants' produce witnesses for deposition subsequent to this Court's ruling on the defendants' pending motion for a protective order; and (3) in further opposition to said motion as it relates to the undisclosed police reports from the underlying murder investigation based on the recent deposition testimony of Detective Vincenzo Romano.

First, as to our application for an extension of the discovery deadline, at the conference on November 1, 2007, the Court granted permission for plaintiff to conduct the depositions of Sgt. Brian Conlon, E.A.D.A. Eugene Reibstein, Detective Laureano Rivera, Lt. Michael Lau, a representative from NYPD, TARU, and an additional hour to depose Det. Vincenzo Romano. To date, the only deposition completed is that of Detective Romano. The other depositions, with the exception of Sgt. Brian Conlon, are scheduled, but are about to be postponed due to defendants' failure to produce documents previously requested and/or ordered to be disclosed.

Specifically, the deposition of Sgt. Conlon, Det. Milan's supervisor at the time of the arrest and investigation of plaintiff, was scheduled for November 29, 2007 but had to be delayed due to defendants gamesmanship. Based on the November 21, 2007 Order from this Court, the day before the deposition (the seventh day after the issuance of the Order), we contacted defendants regarding production of the disciplinary records of Detective Milan so we could question his supervisor regarding these "complaints" the next day. The defendants advised that pursuant to FRCP Rule 6(a), they were not producing these materials until December 3, 2007, the last possible day, despite the fact that they possessed the documents and actually had provided the documents to the Court for *in camera* inspection. We told defendants that if they did not

ENDORSED ORDER

M/USMJ
12/4/07  With defendants' protective order motion decided, we extend the deadlines as follows: (1) fact discovery is to be completed by Jan. 31, 2008. Plaintiff is to supply her expert reports by Feb. 18, 2008. Defendants are to provide their expert-discl. materials by March 10, 2008. All expert discovery is to end by March 24, 2008. A joint pretrial order or dispositive motion is due by April 14, 2008.

produce said documents prior to the deposition we believed it would be foolish to proceed as we would, in all likelihood, have to move the Court to have Sgt. Conlon re-appear based on the disciplinary records. Accordingly, it was agreed to adjourn the deposition of Sgt. Conlon to a date shortly after the production of these materials. To date, despite our repeated requests and the fact that we anticipate receiving the disciplinary records today, defendants have refused to re-schedule the deposition of Sgt. Conlon.

Similarly, the deposition of A.D.A. Eugene Reibstein is scheduled for tomorrow at 11:00 a.m. in our office but has to be postponed due to defendants dilatory tactics. Since early in this litigation, July 26, 2007, we have been requesting a complete copy of the Queens County District Attorney's Office's ("Q.C.D.A.O.") file regarding the prosecution of plaintiff. On November 20, 2007, we wrote to defendants confirming the scheduled deposition of A.D.A. Reibstein for December 4, 2007, and reiterated our demands for copies of certain materials possessed by the Q.C.D.A.O. which had not yet been disclosed. On November 30, 2007, we received a copy of a "so-ordered" subpoena signed by the Court on that date, directing the Q.C.D.A.O. to produce to defendants attorneys numerous documents possessed in its file on December 12, 2007, eight days after the deposition of Mr. Reibstein. It appears, despite plaintiff's request for this discovery throughout, based on the date of the subpoena, the defendants have not taken efforts to procure complete copies of relevant documents from the District Attorney's files prior to last week. Accordingly, it appears it would be foolish to proceed with the deposition of Mr. Reibstein tomorrow absent these important materials. We have contacted counsel for defendants regarding this issue, by facsimile correspondence, e-mail and telephone and they have yet to respond to any of these communications. It is clear that this deposition is going to have to be re-scheduled as well.[1]

Additionally, based on the Courts November 21, 2007 ruling, the continued depositions of defendant Detectives Milan and Ng as to the disciplinary materials being disclosed today have not yet been scheduled.[2]

Additional depositions are scheduled as follows, some of which may be affected by the Court's decision on the pending motion for a protective order relative to police reports possessed by defendants regarding their investigation of other suspects prior to the arrest and prosecution of

---

[1] Immediately before signing and forwarding this letter, despite numerous telephone calls and messages left this morning by me for Mr. Graziadei, we received a facsimile from defendants' counsel consenting to the adjournment of the deposition of assistant district attorney Reibstein until December 17, 2007, due to what they termed "the need to resolve outstanding document production issues."

[2] It is also anticipated that the continued depositions of these defendants, and possibly other witnesses, will also cover additional discovery ordered disclosed by the Court, if any, after the Court's *in camera* inspection of numerous documents provided to the Court on November 28, 2007.

-2-

SIEGLE & SIMS L.L.P.

plaintiff, including Detective Laureano Rivera, scheduled for December 6, 2007; Lt. Michael Lau, scheduled for December 11, 2007; and Sgt. Brian Conlon, not currently scheduled.

Accordingly, it appears necessary and prudent to request the Court for an extension of the discovery cut-off so we can conduct these depositions after receipt and review of the documents we are awaiting and to allow our office to re-schedule "continued" depositions, including those of the two detective defendants, based on the newly disclosed documents produced as a result of the Court's recent orders to defendants. Further, depending on the Court's ruling on the currently pending motion for a protective order, it is possible that plaintiff may come into possession of further documents which would be relevant to the outstanding depositions.

We also submit this correspondence in further support of our opposition to defendants' motion for a protective order as to numerous police reports relative to their investigation, pre-arrest and prosecution of plaintiff, of other suspects for the murder of Danny Cabezas, including information provided by known and/or confidential informants based on information learned **Friday, November 30, 2007**, at the continued deposition of Detective Vincenzo Romano. Relative to documents disclosed by defendants on October 15, 2007, Detective Romano testified, based on his memobook/notebook entries (*See* Ex. 1) that he personally authored and reviewed at his deposition, that some of the documents submitted *in camera* to the Court on November 28, 2007, are extremely relevant to plaintiff's claims, including investigative steps he personally took which relate to Lt. Lau, who, on or about January 9, 2002, informed Detective Romano of the identity of the "stabber" and provided Romano the cellular telephone number of the "stabber's best friend."

Additionally, Romano testified that there was a notebook, possessed by defense counsel herein, which Romano had reviewed immediately before the continued deposition, most of which he authored, which contained pages sequenced in chronological order that appear to show a diagram of the stabbing of Danny Cabezas supporting plaintiff's theory of where and by whom Danny Cabezas was stabbed in this case.[3] It appears that this diagram was prepared by or derived from information provided by "C.I. Cash" on or before December 28, 2001, within approximately two weeks of the murder and four years before plaintiff was wrongfully arrested herein. Romano testified that he neither authored the notes or the diagram relative to the information concerning "C.I. Cash," nor did he know the author of the notes or the diagram. He did testify however, that a meeting of such type is typically recorded in a police report and placed in the file.[4]

---

[3] Defendants' provided plaintiff with pages from this "notebook," on October 15, 2007. Romano testified that additional writings appeared in the notebook which had not been turned over to plaintiff, including writing on the inside cover of the notebook.

[4] On or about October 18, 2007, plaintiff served defendants Requests to Admit and Interrogatories and Requests to Produce, all of which are subject of our November 30, 2007 motion, seeking, in part, to determine the author of these handwritten notes. As detailed in our

-3-

SIEGLE & SIMS L.L.P.

Moreover, at the Romano deposition, Mr. Graziadei asserted a privilege regarding any questions relative to "C.I. Cash," stating in essence, that these materials were mistakenly provided to plaintiff's counsel, and that he was going to move the Court for permission to redact those documents disclosed by defendants referring to "C.I. Cash." Further, defendants' counsel refused to allow Romano to answer specific questions regarding this information.

It is clear that defendants consider privileged, and have refused to turn over, highly relevant documents which have been provided to the Court for review, which demonstrate that the New York City Police Department possessed credible information fully implicating an individual, other than plaintiff, in the murder of Danny Cabezas, years before plaintiff's arrest. Accordingly, it is crucial for plaintiff to be permitted to obtain copies of all police reports and paperwork authored by and/or relating to information provided by Lieutenant Lau and all paperwork relating to "C.I. Cash," as well as other documents on which plaintiff cannot comment due to the fact that they have not been provided.

Wherefore, plaintiff respectfully requests a thirty day extension of the discovery cutoff, that the Court order defendants' to accommodate plaintiff in scheduling the remaining depositions subsequent to the Court's ruling on the protective order, and that the Court deny defendants' outstanding application for a protective order.

Respectfully submitted,

**SIEGLE & SIMS L.L.P.**

Eric W. Siegle

Encs.
cc: John Graziadei, A.C.C. (by facsimile)

---

November 30, 2007 motion, defendants failed to properly respond to the Requests to Admit, Interrogatories and Request for Production of Documents.

-4-

SIEGLE & SIMS L.L.P.

# SIEGLE & SIMS L.L.P.
*THE ASTOR BUILDING*
217 Broadway - Suite 611
New York, New York 10007
Tel: (212) 406-0110
Fax: (212) 406-5259

## FACSIMILE

The following facsimile has 5 pages including this cover page. If you have any difficulty, or if the transmission was incomplete, please advise at (212) 406-0110.

| | | | |
|---|---|---|---|
| **Company:** | U.S.D.C. - S.D.N.Y. | **Date:** | December 3, 2007 |
| **Attention:** | Michael H. Dolinger, U.S.M.J. | **From:** | SIEGLE & SIMS L.L.P. |
| **Facsimile #:** | (212) 805-7928 | **Attorney:** | Eric W. Siegle |
| **Telephone #:** | (212) 805-0204 | **Re:** | <u>Zhao v. City et al</u>; 07CV3636(LAK) |

**Comments:** Respectfully submitted, please see attached application regarding the above-referenced matter.

cc: John H. Graziadei, A.C.C.(via facsimile)

The information contained in this facsimile communication is privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or reproduction of this facsimile communication is strictly prohibited. If this facsimile communication has been received in error, please immediately notify us by telephone and return the original message to us at the above address by mail ( we will reimburse the postage). Thank you.

# SIEGLE & SIMS L.L.P.
*THE ASTOR BUILDING*
217 Broadway - Suite 611
New York, New York 10007
Tel: (212) 406-0110
Fax: (212) 406-5259

RECEIVED
DEC 3 2007
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE J.
S.D.N.Y.

## FACSIMILE

The following facsimile has 5 pages including this cover page. If you have any difficulty, or if the transmission was incomplete, please advise at (212) 406-0110.

| | | | |
|---|---|---|---|
| **Company:** | U.S.D.C. - S.D.N.Y. | **Date:** | December 3, 2007 |
| **Attention:** | Michael H. Dolinger, U.S.M.J. | **From:** | SIEGLE & SIMS L.L.P. |
| **Facsimile #:** | (212) 805-7928 | **Attorney:** | Eric W. Siegle |
| **Telephone #:** | (212) 805-0204 | **Re:** | Zhao v. City et al; 07CV3636(LAK) |

**Comments:** Attached hereto is Exhibit 1 to our motion of this date for extension of the discovery cut-off and in further opposition to defendants' request for a protective order which we erroneously admitted from our earlier facsimile of this date. Based on the content of these items and the prior stipulation concerning confidentiality between the parties, we believe these documents are for "attorneys-eyes-only" and should not be posted through ECF or otherwise made public at this time. We apologize for any inconvenience in failing to forward these with our initial submission.

cc: John H. Graziadei, A.C.C.(via facsimile)

The information contained in this facsimile communication is privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or reproduction of this facsimile communication is strictly prohibited. If this facsimile communication has been received in error, please immediately notify us by telephone and return the original message to us at the above address by mail ( we will reimburse the postage). Thank you.



12/19/01
0900 AT Video Unit IPD
 Tape Records Unit
P/O SANTERAMO
w/ BROWN

12/19/01

1615 NY HITDA Nagini
spoke to P.O. HILL
Re LI, WAI-MAN
NY Rg
old case w/ AARP

1645 w/ Brown 26-15 Parson
Blvd
Apt 4B
LI-CHAN CHOI LAN  F/A
(718) 353-3728


Plaintiff
MG  60H
11-30-07

NYC 311

PLAINTIFFS
M.G. 60T
11-30-07

Major Case
Det WONG
    Heyman
C.I. CASH

12/20/01
1930 hrs

OLDER W/HAT
LIU BEE
JUNG DEE (Leader w/ Glasses)



/28/01

1030 Pred at 549 48St
w/ Brown

,3/01

1100 Pred at Foxwoods
w/ Jeff DeClerck
OIC Investigation
860-312-4411

"HN, Knok Chong no longer works
Referred to casino      Term 8/18/01

M XIAO CHAN ZHAO  still
        F/A              employed
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
x5
w/ Raymol Sr

OSE Mon + Tues.

Plaintiff B604
M.G
11-30-07

NYC 315

1/11/02

1450  Det Casino Unit
Tim Wetter (State Police)
Beeper 860-340-8435
      860-862-7533

1/9/01

1815  LT LAU
Gives
646-996-1846 (Nextel Communications)
Stabbers Best friend

1/11/01

1815  called det a Ross
      Subpoena Re
      646-996-1846 Sub info

Plaintiffs
M.G.
11-30-07

NYC 316