

**MICHAEL A. CARDOZO**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JOHN H. GRAZIADEI**
*Senior Counsel*
Telephone: (212) 442-3551
Facsimile: (212) 788-9776

December 7, 2007

**<u>VIA ECF AND HAND DELIVERY</u>**
Honorable Michael H. Dolinger
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Zhao v. City of New York, et al.*, 07 CV 3636 (LAK) (MHD)

Your Honor:

       Defendants write in response to plaintiff's November 30, 2007 letter to the Court requesting an order deeming admitted plaintiff's October 19, 2007 requests for admission and compelling defendants to supplement their responses to plaintiff's October 19, 2007 third set of interrogatories and requests for documents. For the reasons set forth herein, defendants respectfully request that the Court deny plaintiff's application on the grounds that: (a) the requests to admit are vague and ambiguous and fail to satisfy the basic requirement of Fed. R. Civ. P. Rule 36 that requests to admit be simple and concise and state facts singly so that they can be easily and coherently admitted or denied; (b) plaintiff fails to supply any grounds for compelling supplemental responses to his third set of interrogatories; and (c) defendants have produced the relevant and discoverable documents in their possession responsive to plaintiff's third set of document demands.

       At the outset, it is essential to note that plaintiff noticed the depositions of numerous additional witnesses on October 19 and 22, 2007. Relevant to this dispute are the deposition of a member of the New York City Police Department ("NYPD") Technical Assistance Response Unit ("TARU") and the second deposition of Vincenzo Romano, which was conducted on November 30, 2007. Plaintiff's stated purpose for deposing a member of TARU is to inquire about the audio-visual equipment in TARU's possession, which is the subject of plaintiff's requests to admit numbers 1 through 10. At the second deposition of Mr. Romano, plaintiff questioned the witness extensively on the documents Bates numbered NYC 304-319, which is the subject of plaintiff's request to admit number 11. Finally, the Court ordered on November 1,

2007 that plaintiff's counsel shall have the opportunity to review the videotapes at issue in plaintiff's request to admit number 12, the final request.

Despite this discovery, plaintiff served requests to admit relating to TARU, Bates numbered documents NYC 304-319, and the videotapes at issue. Defendants timely served their objections and responses to plaintiff's discovery demands on November 19, 2007. By letter dated November 21, 2007, plaintiff raised a dispute and suggested that unspecified depositions may not be necessary should defendants provide "what can easily be admitted/denied." Plaintiff did not identify what information could be easily admitted or denied nor did plaintiff provide any grounds for this dispute other than to state in general terms that defendants' responses and objections were "improper." In response, and in a good faith effort to resolve this dispute and possibly avoid duplicative discovery, defendants requested by letter dated November 26, 2007 that plaintiff state what information, if provided, would obviate the need for additional depositions and further to explain the relevancy of the purchase prices of the audio/visual equipment at issue, which have been redacted as irrelevant and so stated in defendants' letter. Plaintiff never responded. Rather, he chose to file this motion.

On November 29, 2007, defendants supplemented their responses and objections to plaintiff's third set of discovery demands and produced an "Inventory Tracking System" report that establishes what relevant audio/visual equipment was logged into inventory by TARU.[1] On December 7, 2007, defendants supplemented their objections and responses and produced a proposal for the purchase of equipment and shipping and packing related information.

### Requests to Admit

For the reasons stated herein, defendants respectfully submit that plaintiff's requests are faulty and that defendants' objections are appropriate. At the outset, it is important to note that "Rule 36 is not a discovery device. The purpose of the rule is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer*, No. 95 Civ. 1925 (JSR) (THK), 1997 U.S. Dist. LEXIS 7049, **8 (S.D.N.Y. May 21, 1997); *see Donovan v. Carls Drug Co., Inc.*, 703 F.R.D. 650, 652 (2dCir. 1983) (Rule 36 admissions may narrow issues and speed the resolution of claims). Given that plaintiff has either conducted discovery or intends to conduct discovery that will address and resolve each of the facts at issue, and has refused to withdraw those requests for discovery, plaintiff's requests to admit cannot satisfy the goal of Rule 36: streamlining discovery where such facts are not contested. *See T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer*, No. 95 Civ. 1925 (JSR) (THK), 1997 U.S. Dist. LEXIS 7049, **8 (S.D.N.Y. May 21, 1997).

---

[1] Plaintiff hastily argues that defendants never stated in their November 19, 2007 objections and responses that they are continuing to search for "said material." On this point, too, he is incorrect. Defendants respectfully cite to their General Objection No. 8 wherein defendants state that they are "continuing to search for information responsive to plaintiff's requests and therefore reserve the right to supplement their responses with additional information if and when such information becomes available to defendants' counsel."

Moreover, plaintiff's requests fail to satisfy the basic requirement that requests to admit be simple and concise and state facts singly so that they can be easily and coherently admitted or denied. *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer*, No. 95 Civ. 1925 (JSR) (THK), 1997 U.S. Dist. LEXIS 7049, **21 (S.D.N.Y. May 21, 1997); *see Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375-76 (S.D.N.Y. 1989); *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1988); *Herrera v. Scully*, 143 F.R.D. 545, 549 (S.D.N.Y. 1992). With respect to request for admission 1 through 10, plaintiff requests admissions that "The New York City Police Department, Technical Assistance Response Unit possessed the Ocean Systems dTective unit with dTective kit, including Avid Express software, on or before" certain dates. Plaintiff asserts the same statement in numbers 1 through 10 but changes the date only, applying the following dates, respectively: October 24, 2005, April 24, 2005, October 24, 2004, April 24, 2004, October 24, 2003, April 24, 2003, October 24, 2002, April 24, 2002, December 11, 2001, and May 5, 2001. Defendants objected and responded to each request on the grounds that each was vague, ambiguous, overbroad, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further stated that, notwithstanding, and without waiving any objections, a reasonable inquiry had been made and the information readily obtainable by the defendants was insufficient to enable them to admit or deny the request.

Plaintiff's requests to admit are defective for numerous reasons. First, plaintiff's terms are misleading in that they refer to a complex and continuously evolving technology ecosystem. As such, the terms "kit" and "unit" are vague and ambiguous and cannot be easily or coherently defined. While plaintiff may have intended to convey a certain product with certain capabilities in each of his requests, in fact that "product" is appropriately described as a complex system of hardware and software which is a large suite of options and computer software "plug-ins" that are in a constant state of development and evolution. Accordingly, plaintiff's requests to admit cannot be easily or coherently admitted or denied. *See T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer*, No. 95 Civ. 1925 (JSR) (THK), 1997 U.S. Dist. LEXIS 7049, **21 (S.D.N.Y. May 21, 1997); *Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375-76 (S.D.N.Y. 1989); *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1988); *Herrera v. Scully*, 143 F.R.D. 545, 549 (S.D.N.Y. 1992).

Furthermore, the product known as "dTective" includes optional "tools" for capturing, analyzing, and processing video known as dVeloper, DVRdCoder, dPlex, dPlexPro, MAGNIFi, SpotLight, ArithMatic, and others. These optional tools perform video management and video processing tasks such as frame averaging, highlighting/masking, resizing video, image stabilization, color correction, picture-in-picture, comparative analysis, title tool, time code AVX, timeline, de-interlacing, de-multiplexing, and time-lapse footage processing. Each of these tools and functions is in a continuous state of development by the developer and some may be new while others that may have existed in 2001 may no longer exist as an option. While plaintiff refers vaguely to "dTective unit with dTective kit," and "Avid Express [sic] software," it is not clear to what the statement refers – to what products or options or plug-ins or capabilities TARU may have had in its possession at any given time. To admit or deny that TARU had things referred to simply as "kit" or "unit" without stating what those things are with the necessary specificity and simplicity is beyond the scope of what is required by Rule 36. *See T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer*, No. 95 Civ. 1925 (JSR) (THK), 1997 U.S.

Dist. LEXIS 7049, **21 (S.D.N.Y. May 21, 1997); *see Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375-76 (S.D.N.Y. 1989); *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1988); *Herrera v. Scully*, 143 F.R.D. 545, 549 (S.D.N.Y. 1992).

The same complexity, and corresponding vagueness and ambiguity, exists for what plaintiff refers to as "Avid Express software."[2]  If plaintiff is, in fact, attempting to refer to a product family generally known as "Avid Xpress," then the request to admit is too vague in that there are many options and versions in the product group and each is correctly considered a separate product, including products such as Avid Xpress Pro HD, Avid McAdrenaline HD, Avid Media Composer, and Avid Xpress Studio.  Each product has different capabilities, features, and functions and can be paired with a multitude of hardware options.

Plaintiff himself asserts that the issues in this litigation involve a technical analysis of what capabilities the TARU unit had at given points time and, as the Court noted in granting plaintiff's application for a deposition of a member of TARU, "plaintiff's need for this information is to determine that the police department had the capacity, the technical capacity, to do the sort of enhancement that they claim should have been done and was not done." November 1, 2007 transcript, at 12.  Therefore, referring to the possession of "dTective kit" and "unit" and "Avid Express software" and failing to account for the different products and options and plug ins and models and versions available renders plaintiff's requests to admit too vague and ambiguous to admit or deny.  Moreover, given that plaintiff asked about what may appear to be three separate products, but what in actuality represents a multitude of constantly evolving and developing products in a quickly changing technology, plaintiff's requests fail to satisfy the basic requirement that requests to admit be simple and concise and state facts singly so that they can be easily and coherently admitted or denied.  *See T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer*, No. 95 Civ. 1925 (JSR) (THK), 1997 U.S. Dist. LEXIS 7049, **21 (S.D.N.Y. May 21, 1997); *see Dubin v. E.F. Hutton Group, Inc.,* 125 F.R.D. 372, 375-76 (S.D.N.Y. 1989); *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1988); *Herrera v. Scully*, 143 F.R.D. 545, 549 (S.D.N.Y. 1992).

With respect to plaintiff's request for admission number 11, defendants respectfully submit that Detective Romano was deposed by plaintiff on November 30, 2007 and was questioned about every entry on documents Bates numbered NYC 304 through NYC 319.  Mr. Romano testified that his review of copies of the documents, which comprised sixteen pages of hastily written scratch notes in a notebook dating from 2001, did not permit him to state with certainty that he had written them.  Subsequently, in preparation for his deposition, Mr. Romano reviewed the original notepad and, in so doing, was able to confirm that some of the handwriting at issue was his – but not all.  As Mr. Romano testified, the note pad was a part of the investigative file and some of the handwriting on certain pages was his and some of it was not. With respect to certain discreet entries, Mr. Romano testified that the handwriting appeared to be his.  Accordingly, Mr. Romano has testified as to every entry in the documents produced bearing Bates numbers NYC 304 through NYC 319 and burdening the Court with this dispute frustrates the goal of efficiency underlying Rule 36.  *See T. Rowe Price Small-Cap Fund, Inc. v.*

---

[2] Avid does not make a product named "Express."

*Oppenheimer*, No. 95 Civ. 1925 (JSR) (THK), 1997 U.S. Dist. LEXIS 7049, \*\*17 (S.D.N.Y. May 21, 1997).  Moreover, given that plaintiff's request seeks an admission pertaining to large quantities of handwriting on sixteen separate pages, each containing multiple entries, plaintiff's request fails to satisfy the basic requirement that requests to admit be simple and concise and state facts singly so that they can easily and coherently be admitted or denied.  *See T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer*, No. 95 Civ. 1925 (JSR) (THK), 1997 U.S. Dist. LEXIS 7049, \*\*21 (S.D.N.Y. May 21, 1997); see *Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375-76 (S.D.N.Y. 1989); *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1988); *Herrera v. Scully*, 143 F.R.D. 545, 549 (S.D.N.Y. 1992).

With respect to plaintiff's request for admission number 12, wherein plaintiff requests that defendants admit that "the four copies of the VHS cassette tapes disclosed to CITY by counsel for Zhao on September 24, 2007, are exact copies of the VHS cassette tapes vouchered by the N.Y.P.D. in connection with the investigation….," defendants cannot admit or deny whether copies of tapes that had been in plaintiff's possession are "exact" copies of the tapes that were vouchered.  Given that the issues in this case involve the manipulation, enhancement, and clarification of video, defendants cannot know what changes plaintiff himself made to the videotapes in his possession that he disclosed to defendants.  Indeed, plaintiff has submitted multiple versions of the same videotapes with slight and barely perceptible changes while claiming that such changes are relevant to the claims in this litigation.  Accordingly, plaintiff's suggestion that defendants "simply compare" them belies the complicated analysis involved and the need to know facts entirely in plaintiff's control.  Regardless, the Court has ordered defendants to permit plaintiff's counsel to personally review the videos and burdening the Court with this dispute frustrates the goal of efficiency underlying Rule 36.  *See T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer*, No. 95 Civ. 1925 (JSR) (THK), 1997 U.S. Dist. LEXIS 7049, \*\*17 (S.D.N.Y. May 21, 1997).  Moreover, given that plaintiff requested an admission concerning four separate videotapes comprising many hours of video footage, plaintiff's request fails to satisfy the basic requirement that requests to admit be simple and concise and state facts singly so that they can easily and coherently be admitted or denied.  *See T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer*, No. 95 Civ. 1925 (JSR) (THK), 1997 U.S. Dist. LEXIS 7049, \*\*21 (S.D.N.Y. May 21, 1997); *see Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375-76 (S.D.N.Y. 1989); *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1988); *Herrera v. Scully*, 143 F.R.D. 545, 549 (S.D.N.Y. 1992).

### Third Set of Interrogatories and Document Requests

Defendants respectfully submit that their objections and responses to plaintiff's third set of interrogatories and document requests were proper.[3]  In any event, defendants have produced the documents in their possession relating to TARU's purchase, acquisition, and possession of audio/visual equipment, including the Avid Systems proposal, the NYCP purchase order, the

---

[3] Although plaintiff requests an order compelling defendant to "properly respond" to plaintiff's third set of interrogatories, plaintiff asserts no arguments with respect to defendants' objections and responses to those interrogatories in either his November 21, 2007 letter to defendants or his November 30, 2007 letter to the Court.  Accordingly, defendants are mystified as to the basis for plaintiff's dispute.

packing information, the shipping information, and the TARU inventory tracking system information.

Plaintiff argues that the purchase price information on the documents is relevant to his claims. Defendants redacted this information because the information is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Although defendants requested by letter dated November 26, 2007 that plaintiff provide a basis for the relevancy of this information, plaintiff provided no response whatsoever, again preferring to burden the Court with this matter rather than seek resolution with defendants. Regardless, at issue in this litigation is the capability of the complex system of computer equipment TARU had in its possession, not the purchase price that TARU negotiated for it. Plaintiff's demand for this information should be denied on the ground that it is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

For the reasons set forth herein, plaintiff's request for an order deeming admitted plaintiff's October 19, 2007 requests for admission and compelling defendants to supplement their responses to plaintiff's third set of interrogatories and requests for documents should be denied. Thank you for Your Honor's consideration of this request.

Respectfully submitted,

/s/
John H. Graziadei (JG 1333)
Senior Counsel

cc:    Jonathan Sims, Esq. (via facsimile w/o enc.)
       Eric Siegle, Esq. (via facsimile w/o enc.)