**SIEGLE & SIMS L.L.P.**

*THE ASTOR BUILDING*
217 BROADWAY • SUITE 611
NEW YORK, NEW YORK 10007
TELEPHONE: (212) 406-0110
FACSIMILE: (212) 406-5259

ERIC W. SIEGLE                                                                                                    JONATHAN D. SIMS

December 10, 2007

**VIA FACSIMILE & ECF**
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, New York 10007
Attn.: Michael H. Dolinger, U.S.M.J.

Re:   **Zhao v. City of New York et al.**
      **07CV.3636 (LAK)(MHD)**

Dear Honorable Judge Dolinger:

We submit this correspondence in reply to defendants opposition to plaintiff's November 30, 2007 application to deem admitted plaintiff's requests for admissions dated October 19, 2007 and to compel defendants to properly respond to plaintiff's Interrogatories and Requests to Produce of the same date.[1]

Defendants' opposition to that portion of plaintiff's motion made pursuant to FRCP 36(a) is a thinly veiled effort by defendants to avoid admission of prejudicial evidence possessed by and known to defendants; a pattern of conduct defendants have perpetrated throughout this litigation which has unfortunately forced plaintiff to repeatedly move this Court for appropriate relief.

First, Requests 1-10, regarding the computer hardware and software purchased and possessed by defendants, which is used for video analysis, plaintiff has sought to establish when defendants obtained these items. Therefore, plaintiff's requested admission, in substance, as to when defendants acquired equipment known as the "Ocean Systems dTective unit with dTective kit, including Avid Express software." Despite defendants' ridiculous objection and explanation for same, in which they try to circumvent the very simple question and attempt to obfuscate the plain facts with hyper-

---

[1] In their opposition, defendants intentionally attempt to mislead the Court regarding the timing of discovery herein, falsely implying that the court-ordered continued deposition of Det. Romano occurred prior to service of the October 19, 2007 Requests to Admit. While the timing is really a non-issue, as defendants obligations to respond in good faith to plaintiff's Requests is not tempered by the reproduction of Det. Romano, the continued deposition of Det. Romano was done on November 30, 2007, approximately six weeks after plaintiff served defendants with their Requests to Admit.

technical jargon, this question is akin to asking if "defendants possessed a Dell computer with a Microsoft Vista operating system on January 1, 2007" and defendants objecting, *in toto*, because while they had a Dell Computer, it had Microsoft Vista **Professional** operating system on the date alleged, instead of regular Vista. This picayune outright objection, rather than a qualified admission/denial is in bad faith; a continued pattern of behavior by defendants herein.

Rule 36(a) states that an answer to a request for admission shall simply admit or "deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and **when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.**" See FRCP 36(a) (emphasis added). Rather than state the specific reason for their objection, defendants proffer a boilerplate response, as to vagueness, ambiguity, and over-breadth, which is contradicted by the items of discovery defendants disclosed concomitantly with their opposition.

In their recent late disclosure dated December 7, 2007, defendants have turned over a copy of the proposal for purchase of the equipment at issue, which proposal was ultimately accepted, indicating they purchased and possessed the very items plaintiff specifically demanded that they admit they possessed. As detailed on the document Bate stamped NYC 358, the equipment included software from Avid used for video forensic video analysis, Xpress, teamed with Ocean Systems dTective hardware. This portion of the attached proposal states specifically "At the heart of dTective (referring to the hardware) is Avid Xpress (the software program), a powerful and versatile video acquisition and analysis system that offers the ability to export uncompressed still images for disclosure purposes, eight video and audio tracks that enable multi-camera sync or multiplex overlay for demanding analysis projects, and motions effects that turn time-lapse surveillance video into real time. One of the many strengths of dTective lies in its ability to capture uncompressed multiplexed images and then clarify the footage to expose hidden detail recorded with-in field based video."

In light of this subsequent discovery, defendants refusal to admit or deny with qualification, as is required by Rule 36(a), is in bad faith. Accordingly, Requests for Admission 1-10 should be deemed admitted.

As to Request for Admission 11, defendants now confuse this correctly described non-discovery tool as substituted or modified by Detective Romano's subsequent deposition testimony, wherein he admitted that most of the handwritten notes on the photocopied pages were in fact his handwriting, that a few entries might be his handwriting (however he would need to refer to the original notes; which he testified is possessed by Mr. Graziadei in a bound book the existence of which we first learned at the November 30, 2007 continued deposition), and that approximately three pages, were not his handwriting. The painstaking and timely review of these documents by plaintiff's counsel with Det. Romano consumed almost the entire additional hour the Court gave plaintiff to re-depose this witness. Given Romano's testimony that most of the handwritten notes were authored by him and that he would be able to determine, with conviction, whether other entries were his upon reviewing the originals possessed by Mr. Graziadei, defendants' failure to properly respond to the request to admit with qualifications where necessary was in bad faith.

Their objection proffered in response to this request, in light of Det. Romano's candid testimony, including his statement that if the original book, which plaintiff did not even know existed, was available at the deposition, he could testify definitively as to which entries were his and which were not. Based on defendants' bad faith in properly responding to this request, the matter should be deemed admitted or, in the alternative, Det. Romano should be made to go through each of sixteen memo pad pages and identify, in affidavit format, which entries are his.[2]

Finally, with regard to defendants objection to Request 12, such is a complete distortion and *red herring*; a further attempt by defendants to subvert and obfuscate evidence prejudicial to their defense. Request 12 specifically seeks admission as to the content of videotapes disclosed to defendants on September 24, 2007, not any other materials, as copies of the originals. We have repeatedly informed defendant that these videos are **exact** copies of the ones that plaintiff received as part of the discovery in the underlying criminal case, not altered or enhanced in any way, and are attempting to make sure these are the same as the originals obtained by the NYPD on the date of the murder from the scene of the crime. Again, defendants, in bad faith, refuse to respond to what is an otherwise proper, straightforward and simple request. Accordingly, plaintiff's request should be deemed admitted at this point.

Finally, as to the propriety of defendants' responses to plaintiff's third request for interrogatories and request for production of documents, which aspect of the motion "mystifies" defendants, defendants should enlighten themselves by reviewing their improper responses which further evidence their bad faith in complying with reasonable requests. Plaintiff reasonably requested certain information as to the location and custodian of documents relative to the computer equipment which they contend are so vaguely and ambiguously described in plaintiff's Requests to Admit, as well as, identify all witnesses within the NYPD with knowledge of this equipment, and to identify the exact date that this equipment was obtained. Additionally, these interrogatories sought to properly discover the author of the handwritten notes Bates stamped NYC 304 through 319. Defendants improperly refused to respond to each of these interrogatories, again offering *pro forma* objections, in lieu of meaningful responses. This continued bad faith by defendants to provide meaningful discovery should not be further tolerated and the Court should appropriately sanction defendants, including ordering them to provide detailed appropriate responses to plaintiff's legitimate inquiries.

---

[2] It should be noted, that one of the Interrogatories which defendants improperly fail to answer and address in their opposition, discussed in greater detail hereafter, relates to the authors of each page of the handwritten notes, including the three pages which Det. Romano stated were not his handwriting, including pages 312-313. Defendants have improperly refused to disclose the author of these notes which are highly relevant to plaintiff's claims in this action.

SIEGLE & SIMS L.L.P.

Wherefore, we respectfully request that the Court deem admitted plaintiff's Requests to Admit dated October 19, 2007 and order defendants' to immediately provide full disclosure of all documents possessed by them relative to the purchase, delivery and training materials related to the video equipment at issue herein, together with such other and further relief as this Court deems just and proper.

Respectfully submitted,

**SIEGLE & SIMS L.L.P.**

Eric W. Siegle

cc: John H. Graziadei, A.C.C. (via ECF & facsimile)

# Forensic Tools from Avid and Ocean Systems

Avid Technology, Inc. and Ocean Systems have teamed to create a feature-rich library of products and forensic video filters for law enforcement. Whether the forensic video examiner needs to decode multiplexed images, turn time-lapse video into real-time, stabilize unsteady surveillance video, track images of a suspect in a large crowd, pull readable license plate numbers from dark areas of the video or complete a host of additional analysis tasks, the Avid/Ocean Systems package provides a total turnkey solution for today's advanced forensic video examiner.

## dTective

Ocean Systems' dTective provides investigators with revolutionary tools that allow the police analyst to extract the best evidence possible from surveillance videotapes. With dTective, it's easy to collect, organize and clarify video data, either in the lab or at the crime scene. The dTective system, which includes a frame sync video stabilizer, is available as a completely portable system designed for on-scene evidence collection and courtroom presentation.

At the heart of dTective is Avid Xpress, a powerful and versatile video acquisition and analysis system that offers the ability to export uncompressed still images for disclosure purposes, eight video and audio tracks that enable multi-camera sync or multiplex overlay for demanding analysis projects, and motion effects that turn time-lapse surveillance video into real time.

One of the many strengths of dTective lies in its ability to capture uncompressed multiplexed images and then clarify the footage to expose hidden detail recorded within field-based video. dTective also provides a powerful asset management tool allowing the analyst to categorize evidence for case organization. With dTective, investigators can also digitally archive their case information and provide fast, accurate and complete disclosure on CD-ROM.

## dVeloper

dVeloper is a forensic video filter designed exclusively, by Ocean Systems, for Avid Xpress. dVeloper allows the analyst to apply an advanced process called frame averaging to an entire segment of video. By applying additional image clarification techniques such as gamma correction, brightness, contrast and monochrome adjustments, dVeloper averages a user-defined number of images with stunning results. Frame averaging helps to reveal hidden information in dark or noisy video images.

## dPlex

A large percentage of surveillance videotapes seized by police are generated from multiplexed recording systems. Multiplex machines encode several cameras to a single videotape. dPlex, by Ocean Systems, is a universal multiplex decoder that enables the analyst to isolate a specific camera and then play it back in real time without the traditional compression artifacts or cropping loss typical with other multiplex decoders. dPlex works equally well with either analog video security images or digital CCTV pictures.

## SpotLight

SpotLight, by Ocean Systems, allows an analyst to highlight an area of video or just as easily obscure it to hide sensitive information. The analyst selects an area with a user-defined shape (the size and position of this shape can change over time to track a moving object). By darkening the outside area, SpotLight focuses on critical portions of the image. By applying a mosaic or blur, SpotLight hides specific sensitive information like faces and license plates.