UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
YANG FENG ZHAO,

        Plaintiff,      MEMORANDUM & ORDER

    -against-         07 Civ. 3636 (LAK)(MHD)

CITY OF NEW YORK et al.,

        Defendants.
--------------------------------x

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

    Plaintiff seeks relief for what he claims are inappropriate objections and answers by defendants to a set of requests for admissions and a separate set of interrogatories and document requests. Most of the Rule 36 requests are addressed to certain video capacities of the Police Department during a period of time relevant to the claims in this case. (Letter from Eric W. Siegle, Esq., to the Court, Nov. 30, 2007.) The remaining requests concern the authorship of certain notations in a police log book and the question of whether several videotapes produced by plaintiff are identical to a videotape in the possession of the Department.

    Most of the requests in dispute concern the dates of acquisition of certain video equipment. Defendants have responded that they are unable to make this determination, but they offer no explanation for these assertions, either in their response or in

1

their opposition to plaintiff's application to the court. On its face, defendants' objection to these requests is meritless, and their assertion that they cannot obtain the information is entirely unexplained and indeed mystifying.

Defendants refer, however, to an apparently impending deposition of a witness from the Department's TARU unit, who may be able to provide the requested information. If that deposition has not yet taken place, we will adjourn defendants' obligation to answer in a responsive manner until one week after the deposition has been taken. If the deposition has already taken place, then defendants are to supplement their current responses to state what information they have that is responsive to these requests and what information they are unable to supply and why.

A further request seeks to determine whether all of the entries in a specific multi-page document were authored by Det. Vincenzo Romano. Again, the parties are unclear as to whether Det. Romano answered that question at his deposition, and defendants do not explain their response, stating in substance that they cannot answer the request. We direct that they provide a responsive answer.

The last disputed request asks whether several videotapes

provided by the plaintiff are identical to a videotape held by the Department. Defendants argue that this is a difficult question to answer because there may be slight technical adjustments to the videotapes supplied by plaintiff. The thrust of the plaintiff's inquiry seems to be whether defendants will contest the authenticity of the plaintiff's videotapes for purposes of admissibility. If defendants are unable to make a determination of identity, they are to so represent but indicate in their response the extent, if at all, of the congruence between their videotape and the plaintiff's proffered tapes.

The remaining dispute concerns one document reflecting the purchase of some video equipment by the Police Department. The defendants have redacted the price as irrelevant, but do not assert a privilege as to that piece of information. The information is at least marginally relevant under the liberal standards applicable to discovery, and in any event redaction is ordinarily inappropriate merely on the basis of a claim of irrelevance. Defendants are to produce an unredacted copy of this document.

Dated: New York, New York
       December 17, 2007

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Memorandum and Order have been mailed today to:

Eric W. Siegle, Esq.
Siegle & Sims L.L.P.
The Astor Building
217 Broadway
Suite 611
New York, New York 10007

John H. Graziadei, Esq.
Assistant Corporation Counsel
 for the City of New York
100 Church Street
New York, New York 10007