**SIEGLE & SIMS L.L.P.**
*THE ASTOR BUILDING*
217 BROADWAY • SUITE 611
NEW YORK, NEW YORK 10007
TELEPHONE: (212) 406-0110
FACSIMILE: (212) 406-5259

ERIC W. SIEGLE                                                                                              JONATHAN D. SIMS

January 9, 2008

**VIA ECF & HAND DELIVERY**[1]
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, New York 10007
Attn.: Michael H. Dolinger, U.S.M.J.

             Re:    <u>Zhao v. City of New York et al.</u>
                     07CV.3636 (LAK)(MHD)

Dear Honorable Judge Dolinger:

      We respectfully move this Court pursuant to F.R.C.P. Rule 37(b)(2)(A) and (C), for an order striking defendants' answers and sanctioning defendants' and their attorney, John Graziadei, A.C.C., including the costs of this motion and further expenses which will be incurred by plaintiff as a result of defendants' and their attorney's conduct detailed herein, for their willful and contumacious disregard of this Court's orders, including, but not limited to those dated December 4, 10, and 14, 2007 ( attached hereto as Ex. 1), as well as counsel's unethical conduct, bad faith and dishonesty throughout discovery herein.

      Most significantly, Mr. Graziadei, on behalf of defendants, has **intentionally attempted to deceive the Court and plaintiff by the manipulation and misrepresentation** of crucial, prejudicial videotape evidence.[2] Additionally, almost equally egregious, is Mr. Graziadei's habitual

---

[1] Due to defendants' designation of the materials contained in Exhibits 4, 6 and 9 as "ATTORNEY'S EYES ONLY-CONFIDENTIAL," those materials are not being filed via ECF, but rather will be served via hand delivery.

[2] As detailed more fully hereafter, Mr. Graziadei has intentionally misrepresented and concealed crucial videotaped evidence from plaintiff, which has been at issue herein since the commencement of this action. Specifically, on or about October 8, 2007, Mr. Graziadei disclosed to plaintiff's counsel 6 DVDs under the pretense that these were materials possessed by defendants, when, in actuality, he just re-copied materials plaintiff's counsel previously provided to defendants' counsel and passed it off as if he obtained those materials from his clients. This is in complete violation of the Federal Rules of Civil Procedure and a violation of the cannons and rules of ethics governing attorneys. This violation has only recently been discovered by plaintiff's

Letter to Hon. Michael H. Dolinger
re: Zhao v. City et al. Rule 37 motion
January 9, 2007

misconduct in direct violation of the Court's orders herein, including the persistent baseless redaction of discovery materials for the sole purpose of attempting to hide prejudicial evidence from plaintiff. Moreover, sanctions and costs are appropriate due to counsel's prior conduct in disregarding other Court orders, deadlines and directives, and his well-documented, routine employment of dilatory tactics throughout this litigation.

### INTENTIONAL WITHHOLDING OF VIDEO EVIDENCE AND THE DECEPTION AND MANIPULATION OF SAME BY ATTORNEY GRAZIADEI

As the Court is aware from prior motion practice herein, including the "Underlying Facts" section of our November 8, 2007 opposition to defendants' motion for a protective order, which we respectfully incorporate herein by reference rather than repeat verbatim (*See* Ex. 2), plaintiff alleges that he was arrested on October 24, 2005, imprisoned for almost a year, and prosecuted for the December 11, 2001 murder of Danny Cabezas, despite the fact that no probable cause existed for his arrest, incarceration and prosecution, in that defendants possessed uncontroverted evidence that another person perpetrated the crime. This evidence was in the form of multiple eyewitness statements from the night of the murder, physical evidence, and surveillance videotape evidence recovered by the NYPD at the time of and immediately after the crime. Accordingly, videotape evidence has been critical to counsel for all parties as part of this litigation and the subject of a number of prior court orders.

On July 27, 2007, plaintiff's counsel produced to defendant's counsel DVDs, which were reproductions of 4 VHS cassette tapes plaintiff's counsel obtained from the Queens County District Attorney's Office ("QCDAO") as part of discovery during the representation of plaintiff in the underlying criminal case. Subsequently, on or about September 24, 2007, plaintiff's counsel provided defendants' counsel 4 VHS cassette tapes of the same exact material.

Despite possessing the original videos, defendants did not voluntarily produce any video evidence to plaintiff's counsel herein. On or about October 8, 2007, pursuant to the Order of the

---

counsel, as the result of our dogged persistence in seeking to inspect the original tapes possessed by the NYPD, which don't match the materials provided plaintiff by Mr. Graziadei on October 8, 2007 as part of his response to plaintiff's interrogatories and request to produce. Mr. Graziadei falsely served documentary evidence, six DVDs, misleading the Court and plaintiff's counsel that they were reproductions of materials possessed by defendants, when they were actually just copies of the plaintiff's video evidence previously disclosed to defendants' counsel.

2

Letter to Hon. Michael H. Dolinger
re: Zhao v. City et al. Rule 37 motion
January 9, 2007

Honorable Lewis A. Kaplan dated October 2, 2007,[3] defendants finally, in their partial response to plaintiff's Interrogatories and Request for Production, provided counsel with 6 DVDs purportedly responsive to plaintiff's demands to produce, which called for defendants to produce all videos in their possession, including any that were enhanced, relative to the murder of Danny Cabezas. *See* Exhibit 3, Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories and Request for Production on Defendants Milan and Ng and Second request for Production of Documents on Defendant City, dated October 8, 2007. Accordingly, by his response, Mr. Graziadei asserted that the 6 DVDs disclosed were copies of the video evidence in the possession, custody or control of defendants (which, as detailed hereafter, is a blatant and intentional lie and deception perpetrated by Mr. Graziadei).

Plaintiff's counsel thereafter reviewed the 6 DVDs produced by Mr. Graziadei on October 8, 2007, and observed that they were identical to those plaintiff's counsel had obtained in the underlying criminal matter, which, at the time, falsely assured to plaintiff's counsel that they and their forensic video expert, Michael Lyons, had the complete, proper video evidence from which he performed his analysis.[4]

Subsequent to reviewing the DVDs produced by defendants on October 8, 2007, plaintiff requested defendants make available the original VHS cassettes from which the DVDs were produced, including those recovered by the NYPD at the time of the murder for viewing by plaintiff's counsel. Defendants ignored this repeated request which was ultimately ordered by this Court on November 1, 2007.[5]

Pursuant to the Court's November 1, 2007 order, Mr. Graziadei finally made available for viewing, on December 13, 2007, what he stated were **all** the VHS videotape cassettes possessed by

---

[3] Defendants failed to properly comply with this order which resulted in additional motion practice by plaintiff herein.

[4] All expert materials prepared by our forensic video expert were timely disclosed to defendants. Moreover, due to Mr. Graziadei's deception, our expert is going to have to review additional substantial materials at great expense, which we believe should be borne by defendants as a result of their misconduct.

[5] As discussed more fully below, it is now obvious that Mr. Graziadei did not want to show plaintiff these tapes because ultimately, it would demonstrate that he did not actually copy the tapes that he provided for inspection on December 13, 2007 onto the DVDs that he turned over on October 8, 2007.

3

Letter to Hon. Michael H. Dolinger
re: Zhao v. City et al. Rule 37 motion
January 9, 2007

the defendants, including those recovered from the crime scene at the time of the murder. Relying on the representation of Mr. Graziadei in his October 8, 2007 discovery responses and production, plaintiff's counsel assumed these were the VHS cassette tapes from which the 6 DVDs were made.

On December 13, 2007, at the inspection, Mr. Graziadei produced only 3 videocassette tapes, which immediately appeared unusual to plaintiff's counsel as 4 separate VHS videotapes were disclosed to plaintiff in the criminal case. We immediately pointed out this discrepancy to counsel. Upon examining the original 3 tapes, it became apparent that as part of discovery in the criminal case, the QCDAO had dubbed one lengthy tape onto two separate tapes, thus, accounting for the four tapes we were provided in the criminal prosecution. However, it then became clear from the documentary evidence generated by the NYPD at the time of the murder, that the NYPD vouchered four separate videotapes, Bates stamped documents NYC 91, 92, 94 and 95.

Thus, plaintiff learned at that time that at least one videotape was never produced to plaintiff, neither during the underlying criminal case, nor during discovery in the instant matter. During the inspection, when this became obvious, we made immediate demand of defendants to produce the fourth tape. Mr. Graziadei made it appear that this was a surprise to him as well, despite the fact that if he exercised any type of diligence in reviewing the discovery exchanged between the parties prior to December 13, 2007, he would have realized what plaintiff's counsel immediately recognized on that date.

Moreover, at the inspection of December 13, 2007, one of the tapes, later produced for plaintiff bearing Bates number NYC 453, the one which we believe may contain footage of a portion of the actual stabbing by the real perpetrators, appeared to be of such poor quality and for some reason would not properly play, that Mr. Graziadei, who was willing to provide plaintiff's counsel copies of all the tapes, including the fourth non-disclosed tape, insisted we stop attempting to play it, "suggesting" he was fearful that by continuing our efforts to play the tape, it may become irreparably damaged.[6] Accordingly, our inspection was terminated and over the next few days we exchanged numerous correspondence with Mr. Graziadei regarding the status of the fourth tape and the timing of his production of VHS cassette copies.

On December 17, 2007, Mr. Graziadei advised that defendants possessed a fourth VHS video cassette and were making copies of same, along with the other three videos we attempted to inspect on December 13, 2007. On or about December 20, 2007, we received the copies of these four

---

[6] This tape, Bates number 453, as discussed, *infra.*, the one that Mr. Graziadei was hesitant for us to view in his presence, has alerted us to the fact that Mr. Graziadei must have copied our videotape evidence and attempted to "pass it off" as material possessed by defendants.

4

Letter to Hon. Michael H. Dolinger
re: Zhao v. City et al. Rule 37 motion
January 9, 2007

videotapes.[7] After having a chance to fully review the tapes, it was at this time that we discovered Mr. Graziadei's deceit, and learned a significant fact that was not disclosed to plaintiff either by the QCDAO during the underlying prosecution, nor by defendants' herein.

As is discussed more fully below, it is now clear that a lengthy (several hours in length), poor quality tape, wherein the visible images appear to be moving faster than in real time, was recovered by the police and vouchered in connection with the murder investigation. This tape is Bate stamped NYC 453. This tape was not provided to plaintiff by the QCDAO during the underlying prosecution, nor by defendants until December 20, 2007 (and we could not inspect it on December 13, 2007 due to Mr. Graziadei's fear that it could be damaged as discussed above).

During the underlying criminal case, the QCDAO provided us with a copy of what appears to be an "enhanced" portion of this tape, which is about 15 minutes in length, is from the same camera angle as tape bate stamped NYC 453, is "slowed down," clarified to an extent, and focuses on the time and location of the actual stabbing (hereinafter referred to as "the 15 minute enhanced tape"). Because we never had access to what we believe is the original until recently, we did not know that this was an "enhanced" tape. Furthermore, the QCDAO never informed us that this was an enhanced tape. However, it is clear that the NYPD enhanced this video prior to plaintiff's arrest as it was turned over by the QCDAO to plaintiff early in the criminal proceedings, prior to any innocence investigation conducted by the QCDAO.

Mr. Graziadei's initial disclosure of 6 DVDs on October 8, 2007 included the 15 minute enhanced tape which we provided to defendants, but not the original video from which we believe it was culled, which is the only one produced by Mr. Graziadei during the inspection on December 13, 2007 showing this footage, and by copy to plaintiff's counsel on December 20, 2007. By intentionally failing to include the original tape from which the 15 minute tape was likely culled, Mr. Graziadei has attempted to conceal the fact that the NYPD had enhanced a crucial portion of the video evidence which actually shows a portion of the murder, and which demonstrates that plaintiff could not have been guilty.

---

[7] In light of Mr. Graziadei's conduct herein, the ease with which defendants located and produced this new evidence in excess of 6 years after it was vouchered by the NYPD, is quite suspicious and is somewhat probative of the fact that defendants have been intentionally withholding this and other video evidence, despite the fact that they possessed same and knew of its location and existence. On December 17, 2007, after learning of the existence of the 4th VHS tape, we served defendants with discovery demands in an effort to ascertain where this tape has been since the night of the murder and why it was never disclosed by defendants prior to December 20, 2007. Defendants have not yet responded.

5

Letter to Hon. Michael H. Dolinger
re: Zhao v. City et al. Rule 37 motion
January 9, 2007

Further, we know, with certainty, that Mr. Graziadei copied our discovery and returned it to us, because the tapes he provided on December 20, 2007, the tapes he claimed were the only ones in possession of defendants at the time of our inspection, do not include the 15 minute enhanced tape.

The disparity between the materials became evident to plaintiff's counsel by both our continued re-examination of all the videotapes herein, as well as our review of copies of the QCDAO's file untimely disclosed to our office in violation of the December 4, 2007 Order by Mr. Graziadei on December 26, 2007, including document Bate stamped NYC 679, which is a handwritten note, presumptively from A.D.A. Peter Lomp, in connection with the "Innocence Investigation," which states that on April 12, 2006, A.D.A. Lomp "reviewed **slowed video** w/ Det Lenny Webber of TARU" (emphasis added). *See* copy of document, Ex. 4. There is little doubt that the "slowed video" referred to in this handwritten note is the 15 minute enhanced tape provided by the QCDAO as discovery in the underlying criminal prosecution prior to any "Innocence Investigation." Moreover, it appears that the 15 minute enhanced tape was culled from the tape bearing Bates number 453, and focuses on the most probative portion thereof, that including the depiction of the actual murder and flight of the real perpetrators. Our review of the 15 minute enhanced tape and tape Bates number 453 reveals the non-disclosed 15 minute tape, must have been the result of significant enhancement by the NYPD prior to plaintiff's arrests, as it has slowed down and clarified images we believe were culled from tape Bates number 453, through the employment of sophisticated, extensive and time-consuming technology used by the NYPD. This is evidence that prior to the arrest of plaintiff, defendants knew the stabbing occurred in a location, at a time, when plaintiff was not present, which, in conjunction with the witness statements from the night of the murder, definitively establishes that the NYPD knew plaintiff did not commit this murder and that defendants "framed" plaintiff for this crime.

As a result of our extensive investigation, two things have become apparent: Mr. Graziadei intentionally misrepresented that the 6 DVDs disclosed by him on October 8, 2007 were copies of the materials possessed by defendants;[8] and, to date, defendants have not fully

---

[8] Please note that in the attached e-mail correspondence from Mr. Graziadei to Jonathan Sims, dated October 1, 2007 (Ex. 11), Mr. Graziadei appears to foreshadow his misconduct stating, with regard to plaintiff's request for production of copies of defendants' video evidence and Mr. Graziadei's obligation to disclose same, Mr. Graziadei writes "you clearly have copies of the videotapes already since you produced them to us"(emphasis added to exhibit). If Mr. Graziadei had examined the tapes that he ultimately disclosed on December 20, 2007, which he stated were all the tapes defendants possessed, he would have known that his statement was untrue. At the time, we did not believe it possible that an attorney would make such a material misrepresentation, forward exact copies of his adversaries discovery and attempt to pass it off as material in the possession, custody or control of his clients.

6

disclosed all videos possessed by them.[9]

In light of the documentary discovery had before December 4, 2007, as well as certain entries in the QCDAO documents produced in redacted form on December 26, 2007 (in contravention of the December 4, 2007 Order), it is evident that defendants possess additional videotape(s), including the 15 minute enhanced tape, which defendants have intentionally withheld. Additionally, there must exist documents possessed by defendants relative to the 15 minute enhanced tape, and or other tapes that may exist. To date, defendants have not produced the "enhanced" materials they possessed prior to plaintiff's arrest, nor have they produced any documents which evidence the enhancements they performed.

Mr. Graziadei and defendants have intentionally withheld the production of the enhanced video materials despite numerous court orders directing defendants to produce same including the Order of October 2, 2007. Moreover, Mr. Graziadei, personally, misrepresented with intent to defraud and mislead the Court and plaintiff, the source of the video evidence disclosed by him on behalf of all defendants on October 8, 2007. The unethical and improper conduct of Mr. Graziadei and defendants regarding the critical video evidence at issue herein is egregious.

Accordingly, pursuant to FRCP Rule 37 (b)(2)(A)(iii), based on this outrageous conduct in violation of prior orders of this Court relative to disclosure, including the October 2, 2007 Order of the Honorable Lewis A. Kaplan, this Court should strike defendants pleadings and further sanction Mr. Graziadei for his affirmative deceit and manipulation, including the costs of this motion, and the additional expense of the re-analysis of all the video evidence by plaintiff's forensic video expert.

---

[9] Please note, on January 4, 2008, plaintiff's counsel received three VHS videotapes from the QCDAO, via Mr. Graziadei, in conjunction with the attached correspondence (*See* Ex. 5), stating they "are duplications of videotapes recently produced to defendants" by the QCDAO. The 15 minute enhanced tape is one of these three tapes produced by the QCDAO, not by defendants. Notably, the longer video from which it was likely culled, was not part of this production. Accordingly, defendants themselves, still have neither acknowledged that they ever possessed this 15 minute enhanced tape, nor have they provided the original enhanced tape for inspection. Additionally, the fact that Mr. Graziadei states that he recently received these tapes from the QCDAO (pursuant to subpoena) also confirms that the DVDs disclosed by Mr. Graziadei on October 8, 2007 could not have been copies of tapes obtained by defendants from the QCDAO, and were simply copies of plaintiff's own prior discovery materials regurgitated by counsel under the guise of evidence within the possession of his clients, a blatant, intentional deception.

Letter to Hon. Michael H. Dolinger
re: Zhao v. City et al. Rule 37 motion
January 9, 2007

## DEFENDANTS INTENTIONAL VIOLATION OF THE DECEMBER 4, 2007 ORDER.

On or about December 4, 2007, defendants motion for a protective order was denied and plaintiff's application for disclosure of these and other documents was granted. *See* Exhibit 1, copy of December 4, 2007 Amended Memorandum & Order. By the December 4, 2007 Order, defendants were:

1. Pursuant to Part A, entitled "The Investigation File," required to produce to plaintiff's counsel the so-called investigatory documents previously withheld (462 pages) on the ground of law-enforcement privilege but were permitted to redact the names of, and other identifying data regarding, confidential informants whose identities had not been revealed to plaintiff or his counsel by the prosecutors or the defendants. Defendants were also permitted to designate appropriate documents from this universe as confidential under the terms of the governing protective order or "attorney's eyes only." (*See* Ex. 1, p.14);

2. Pursuant to Part B, entitled "Training Materials," to produce to plaintiff's counsel training materials reviewed by the court *in camera*, no later than December 10, 2007. This directive was without prejudice to defendants' invocation of the governing order to designate portions of the documents as confidential or their ability to designate documents or portions of documents as "attorney's eyes only" if that was justified under the circumstances; (*See* Ex. 1, pp. 18-19); and

3. Pursuant to Part C thereof, entitled "Other Matters," directed to provide to plaintiff in unredacted form all documents heretofore produced in redacted format unless the redactions were previously listed on a privilege log. Moreover, if defendants had withheld any documents called for by plaintiff but had not listed them on a privilege log, they were to produce them to plaintiff's counsel by December 10, 2007; this directive also involved, pursuant to footnote 9, all documents obtained pursuant to a court-ordered subpoena by defendants, calling for the production of "plainly relevant" documents from the QCDAO, which had to be turned over "forthwith." (*See* Ex. 1, pp 19-20).

As detailed hereafter, Defendants have intentionally and purposefully violated, to an extent, each and everyone of these directives contained in the December 4, 2007 Order and therefore, their pleadings should be stricken pursuant to FRCP Rule 37(b)(2)(A)(iii), and the Court should impose other appropriate sanctions, including costs.

Regarding the materials which were the subject of the Court's *in camera* inspection referred

8

Letter to Hon. Michael H. Dolinger
re: Zhao v. City et al. Rule 37 motion
January 9, 2007

to in the Amended Memorandum and Order, Part A, "Investigation File," defendants were "required to produce to plaintiff's counsel the so-called investigatory documents previously withheld on the ground of the law enforcement privilege, but [were permitted to] redact the names of, and other identifying data regarding, confidential informants whose identities [had] not previously been revealed to plaintiff or his counsel by the prosecutors or the defendants," on or before December 14, 2007.[10] Without qualification, defendants were **not** permitted to make **any** other redactions. In contravention of the Court's orders, defendants produced the documents untimely (December 17, 2007) and **improperly redacted a portion of a majority of the pages disclosed** (redactions appear on 279 pages out of the 462 total pages).

Plaintiff, for purposes of reasonably resolving this issue amicably between the parties forwarded a letter to defendants' counsel stating they would not to take instant issue with minor redactions (ie. tax id. #s of MOS), although in clear violation of the Order, however, we demanded that certain documents listed therein with improper redactions be immediately cured by defendants insofar as they redacted anything more that than the "name" and/or "identifying data," which, by the Order, clearly refers to items like social security numbers and dates of birth, of confidential informants not previously known to plaintiff's counsel from the prosecutors or defendants herein (*See* Ex. 6 for copies of the listed redacted documents provided to plaintiff's counsel).

**Please note that every page in the full diet of materials belatedly turned over by defendants counsel, pursuant to part A of the December 4, 2007 Order, which contains the term "CI or "confidential informant" is redacted in its entirety, including pages NYCP1, NYCP 451, NYCP452, NYCP453, NYCP454, NYCP455, NYCP456, NYCP455, AND NYCP456. This is a blatant violation of the December 4, 2007 order.**

To date, defendants have failed to respond to plaintiff's letter dated December 20, 2007 (Ex. 7), which requests proper copies of specific documents, amongst others. Despite the opportunity afforded defendants by plaintiff's counsel, they have not cured these obvious transgressions of the December 4, 2007 Order.

A simple review of the subject documents listed above, even in the redacted form in which defendants disclosed them to plaintiff, reveals that defendants have intentionally violated the Court's

---

[10] By the December 4, 2007 Order, these documents were to be provided to plaintiff's counsel on or before December 10, 2007. On December 10, 2007, defendants requested a stay of this Order, which was granted until December 14, 2007. On December 14, 2007, defendants applied to the Hon. Michael J. Dolinger for a continuation of the stay of the order of disclosure. The request was denied. Subsequently, on December 14, 2007, defendants applied for the same relief to the Hon. Lewis A. Kaplan, who also denied the application.

9

Letter to Hon. Michael H. Dolinger
re: Zhao v. City et al. Rule 37 motion
January 9, 2007

directive with regard to producing these documents with limited, proper redactions, and have tried to distort the protective shield the Court afforded defendants to protect UNKNOWN CONFIDENTIAL INFORMANT NAMES AND IDENTIFYING DATA, as a sword for the wholesale redaction of prejudicial information provided by informants to the NYPD in the course of the murder investigation herein. Like, the deception and dishonesty employed by defendants' counsel regarding the video evidence discussed above, this is a clear effort to withhold information from plaintiff's counsel due to the fact that it is so damning to defendants. Accordingly, these documents should be immediately disclosed to plaintiff's counsel and defendants and their attorney should be sanctioned for their obstructive, unethical conduct. Further, we believe that most, if not all, of the names or identities of these Confidential Informants have already been revealed to plaintiff's counsel either in this matter or the underlying criminal prosecution.

Finally, despite the Court's direction not to redact documents unless it involves unknown CI names and identifying data, while not as prejudicial as the above detailed redactions, defendants counsel has blatantly flouted the Court's Order by taking liberty to redact all personal information from every person listed throughout the 462 pages submitted to the Court. This is further evidence of counsel's willful and contumacious disregard of this Court's order, expending numerous hours and much effort, to improperly redact and re-copy a majority of the almost 500 pages of material, which had already been copied without any redactions for the Court's *in camera* review. This is evidence that the redactions were not simply an accidental oversight on defendants' attorney's part, but intentional conduct in violation of the Court's order, a clear and obvious pattern employed by Mr. Graziadei in this litigation.

Accordingly, based on defendants willful and contumacious disregard of the December 4, 10, and 14, 2007 Orders of this Court, by their late production of improperly redacted documents, defendants should be sanctioned pursuant to F.R.C.P. Rule 37(b)(2)(A), their pleadings stricken, and they should be ordered to fully disclose improperly redacted materials, and any other appropriate sanction deemed just by this Court, including the costs associated with this motion.

### OTHER IMPROPERLY REDACTED DOCUMENTS INCLUDING THE RECORDS OF THE QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE OBTAINED BY SUBPOENA.

Continuing with the theme of improperly redacted documents by defendants' counsel, pursuant to the directives contained in Part C of the December 4, 2007 Amended Memorandum and Order, entitled "Other Matters," defendants were "to provide to plaintiff in unredacted form all documents heretofore produced in redacted format unless the redactions were previously listed on a privilege log. Moreover, if defendants [had] withheld any documents called for by plaintiff but [had] not listed them on a privilege log, they [were] to produce them to plaintiff's counsel by

10

Letter to Hon. Michael H. Dolinger
re: Zhao v. City et al. Rule 37 motion
January 9, 2007

December 10, 2007." *See* Ex.1, p.19. By footnote 9, this directive included the documents subpoenaed belatedly by defendants on November 30, 2007 from the QCDAO, which were to be turned over by counsel "forthwith."

To date, in blatant disregard of the December 4, 2007 order, the stay of which expired on December 14, 2007, defendants have not provided plaintiffs with **any** documents in unredacted form that were served prior to the submission of the October 23, 2007 privilege log, whose redactions were not listed therein.[11] Further, they have ignored our December 20, 2007 letter pointing out this transgression and requesting immediate disclosure of same.

Moreover, on December 26, 2007, more than two weeks after the QCDAO office complied with the court-ordered subpoena dated November 30, 2007,[12] providing defendants' counsel with a copy of their entire file in the underlying prosecution, with few, if any redactions,[13] Mr. Graziadei

---

[11] In what we believe was an effort to manufacture a defense to the anticipated instant motion, which we informed Mr. Graziadei we would make based on his failure to ameliorate their intentional misconduct in violation of the Court's orders detailed herein, Mr. Graziadei, some three weeks after a proposed compromise which defendants failed to accept, which is properly detailed in my e-mail of January 3, 2007 made by Mr. Sims on December 13, 2007 (Ex. 10), defendants attempted to distort and confirm the agreement via e-mail, that plaintiff made an offer to provide a limited list of documents that were not on the privilege log, and that defendants' failure to provide this list has caused defendants' delay in complying with this portion of the December 4, 2007 Order. As detailed in our December 20, 2007 letter, and confirmed in my un-refuted email, Ex. 10, plaintiff never agreed to provide counsel a list and urged defendants to fully comply with the December 4, 2007 Order. In view of all our correspondence specifically detailing defendants transgressions of the December 4, 2007 Order, any attempt by Mr. Graziadei's emails to place blame for delay on plaintiff's counsel for a failure to provide defendants with his "fictional" list is comical.

[12] While the November 30, 2007 subpoena called for the documents to be produced by December 12, 2007, it is our understanding that most, if not all, of the documents were produced substantially before the return deadline, so as to expedite the deposition of one their employees, which, due to Mr. Graziadei's violations of the December 4, 2007 order, has not yet gone forward to date.

[13] The timing of this disclosure is also in violation of the December 4, 2007 Order as Mr. Graziadei was directed to provide the responsive documents "forthwith," not in excess of two weeks after they were produced by the QCDAO, subsequent to his improper redactions of their documents.

11

Letter to Hon. Michael H. Dolinger
re: Zhao v. City et al. Rule 37 motion
January 9, 2007

produced to plaintiff's counsel copies thereof **REPLETE WITH REDACTIONS.** On December 26, 2007, Mr. Graziadei delivered to our office the attached correspondence (Ex. 8) in conjunction with documents Bates stamped NYC 457 - NYC 686, 229 pages. Of the 229 pages produced, 52 pages contain redactions, and of those, the ones mentioning the term "CI" or "confidential informant" are almost entirely, if not completely, blank. Moreover, most of the redactions are of contact information for known witnesses, not confidential informants. *See* Ex. 9, copies of redacted QCDAO materials.

Contrary to Mr. Graziadei's false cover letter provided with these materials 1) there was no agreement between the parties for him to improperly redact **any** materials from these documents; 2) the December 4, 2007 Order, by its plain reading, did not permit him to redact any information from the QCDAO materials; and 3) the December 4 and 14th Orders of this Court did not allow him to designate the QCDAO's documents "ATTORNEY'S EYES ONLY - CONFIDENTIAL."[14] In fact, prior to and immediately after the production of these materials, by telephone conversation, letter and e-mails, including my attached e-mail correspondence of January 3, 2008 (*See* Ex. 10), we informed Mr. Graziadei that we did not believe any redactions to the documents obtained from the QCDAO pursuant to the subpoena were permissible pursuant to the December 4, 2007 Order, as they are discussed by the Court in Part C thereof, the section of the Order detailing and directing that any document not on one of the privilege logs previously submitted by defendants' counsel to the court, must be provided to plaintiff's counsel in full. We told counsel that if he made any redactions to these materials, we believed it was at his peril. This is also detailed in our numerous e-mail correspondence to counsel immediately after receipt of the documents, begging counsel to correct his transgressions in an effort to avoid motion practice herein.

Similar to counsel's other conduct detailed herein, he has failed to correct these intentional violations of the December 4, 2007 order, despite e-mails that he was intending to ameliorate his numerous redactions of the QCDAO documents, but he was delayed as he was having his redactions reviewed by the QCDAO for their propriety. It is obvious that counsel has failed to ameliorate these blatant violations of the December 4, 2007 order, because the information redacted from the QCDAO documents is prejudicial to any defense that defendants had probable cause to arrest,

---

[14] Despite the fact that the December 4, 2007 Order did not permit defendants to designate any outstanding discovery materials owed plaintiff by defendants, including the QCDAO file, as "ATTORNEY'S EYES ONLY - CONFIDENTIAL" (*See* Ex. 1 pp. 19), Mr. Graziadei designated nearly every document in that production as such, including documents previously provided to plaintiff's counsel without such designation, as well as other materials which are clearly not of a sensitive nature. This is another example of defendants defiance of the December 4, 2007 Order, which allowed this designation only to the documents detailed in Part A & B thereof.

12

Letter to Hon. Michael H. Dolinger
re: Zhao v. City et al. Rule 37 motion
January 9, 2007

incarcerate and prosecute plaintiff. There is absolutely no other reason that counsel has redacted these materials and he must be sanctioned for his persistent, willful and contumacious disregard of the Court's order and his improper conduct in attempting to withhold discoverable evidence from plaintiff's counsel.

Accordingly, pursuant to FRCP Rule 37(b)(2)(A)(iii), defendants' pleadings should be stricken and the Court should impose other appropriate sanctions, including complete disclosure of these materials to plaintiff's counsel, as well as the costs of this motion.

## DEFENDANTS HAVE FAILED TO TIMELY DISCLOSE CERTAIN TRAINING MATERIALS AND COMPLETELY FAILED TO PROVIDE OTHERS, AS WELL AS OTHER DOCUMENTS PURSUANT TO THE DECEMBER 4, 2007 ORDER.

Pursuant to the December 4 and 10, 2007 Orders, defendants were to provide plaintiff's counsel by December 14, 2007, various training materials submitted to the Court for *in camera* review. (*See* Part B of December 4, 2007 Order.) Despite the expiration of the stay contained in the December 10, 2007 Order, and denial of defendants two applications for further stays dated December 14, 2007, Mr. Graziadei did not provide these documents until the evening of December 17, 2007.

Furthermore, with regard to other training materials not submitted for *in camera* review, and other discovery materials improperly withheld by defendants, which were detailed in footnote 1 of our November 8, 2007 correspondence to the Court, attached hereto as Exhibit 2 and respectfully incorporated by reference herein, pursuant to Part C of the December 4, 2007 Order, defendants were directed "[m]oreover, if defendants have withheld any documents called for by plaintiff but have not listed them on a privilege log, they are to produce them to plaintiff's counsel by December 10, 2007."[15] Despite receiving a detailed list of outstanding discovery demands from plaintiff's counsel on December 20, 2007 (*See* copy of December 20, 2007 correspondence, Ex. 7), provided after the expiration of time for defendants to challenge the December 4, 2007 Order pursuant to F.R.C.P. 72(a), defendants have not provided plaintiff any materials pursuant to this directive other than the redacted QCDAO materials discussed above. This is in clear violation of the December 4, 2007 Order.

---

[15] This time period was extended to December 14, 2007 by order of the Court dated December 10, 2007.

Letter to Hon. Michael H. Dolinger
re: Zhao v. City et al. Rule 37 motion
January 9, 2007

In our December 20, 2007 correspondence to Mr. Graziadei (Ex. 7) we noted that the following specific items remain undisclosed by defendants (none of which appear on a privilege log), despite the Court's order and our written requests for same:

1. Complete unredacted copies of Homicide Investigators Course manual;
2. Complete unredacted copies of Criminal Investigation Course manual;
3. Complete unredacted copy of records regarding plaintiff's criminal history;
4. Complete unredacted copies of defendant Detective Milan's "performance evaluation(s)" from May 16, 2005 through the present;
5. Exact copies of **all** videotapes possessed by defendants;
6. employee manuals, training materials, rules, regulations, procedures, whether written or otherwise and/or all other documents provided by or on behalf of CITY OF NEW YORK to its employees related to law enforcement regarding strip search, confinement and detention;
7. Complete unredacted copies of Defendant Milan's notes recording plaintiff's alleged statement that plaintiff stated "I sorry. I lied. I kill;" and
8. Complete unredacted copies of scratch notes of defendant NG of witness statements of individuals he interviewed in the underlying criminal investigation[16];

Furthermore, despite our repeated attempts to schedule/reschedule depositions in this matter, and despite the Court's prior orders of November 1, 2007 and December 5, 2007, we still have not been provided with proposed dates for deposition of the following individuals:

1) Detective Billy Milan;
2) Detective Nga Cheng Ng;
3) Sgt. Bryan Conlon;
4) Lt. Michael Lau; and
5) Sgt. Conor McCourt, TARU.

Additionally, due to counsel's intentional violations of the December 4, 2007 Order relative to producing the QCDAO documents in full, without redactions, we have been unable to go forward with the deposition of Eugene Reibstein, E.A.D.A., an employee of the QCDAO, which has been re-scheduled approximately three times to date; including December 4, 2007, December 17, 2007 (both dates preceding the disclosure of any documents possessed by defendants from the QCDAO)

---

[16] Please note that on November 1, 2007, defendants were specifically ordered to provide this material or an affidavit stating that a search has been made and such does not exist, within one week, and have failed to date do so. This is further evidence of Mr. Graziadei's willful and contumacious disregard of the Court's orders herein.

14

Letter to Hon. Michael H. Dolinger
re: Zhao v. City et al. Rule 37 motion
January 9, 2007

and January 7, 2008 (due to the improper redactions of substantive materials).

Moreover, based upon defendants' disclosure of December 17, 2007, plaintiff requested, in writing, that the following individuals be produced to be deposed herein:

> 1) Detective Ming Lee;
> 2) Detective David Casazza;
> 3) Detective Vincenzo Romano; and
> 4) Detective John Sjoholm.

To date, despite the Court orders of November 1, 2007 and December 5, 2007, and numerous correspondence from Mr. Graziadei stating that he is attempting to ascertain the availability of the above-referenced individuals to be deposed, **DEFENDANTS HAVE NOT PROPOSED A SINGLE DATE FOR ANY OF THESE INDIVIDUALS TO BE DEPOSED SINCE THE DECEMBER 4, 2007 ORDER.**

Pursuant to FRCP Rule 37, we respectfully request the Court to order defendants to provide these outstanding discovery materials immediately and provide dates for depositions all the remaining individuals to be deposed. Moreover, with regard to the continued depositions of defendants NG and MILAN, and that of Detective Vincenzo Romano, all necessitated by defendants recent production of materials, including disciplinary records, materials that had been previously undisclosed because of the improper assertion of the law enforcement privilege and the QCDAO file, we request that the costs borne by the continued depositions be paid for by defendants.

## DEFENDANTS OTHER CONDUCT IN VIOLATION OF PRIOR COURT ORDERS AND OTHER MATERIAL MISSTATEMENTS TO THE COURT.

The conduct detailed above, is not the first time that counsel for defendants and defendants themselves have failed, in good faith, to respond to proper discovery demands and have failed to comply with the Court orders necessary to cure these and other transgressions. Furthermore, defendants's counsel has made material misrepresentations to the Court in the past as well.

On or about September 11, 2007, the parties appeared before the Honorable Lewis A. Kaplan, at the request of plaintiff, to resolve open discovery issues between the parties. As of that date, plaintiff had received little documentary evidence from defendants and raised this issue with the Court. At the conference, Mr. Graziadei countered that the delay was caused by plaintiff's failure to execute a confidentiality stipulation and that as soon as same was executed by plaintiff's counsel defendants' counsel would produce the voluminous documents he possessed. This was a misstatement, as detailed hereafter, defendants never intended to produce discovery materials absent an order from the Court.

15

Letter to Hon. Michael H. Dolinger
re: Zhao v. City et al. Rule 37 motion
January 9, 2007

On or about September 18, 2007, plaintiff's counsel executed the confidentiality stipulation in the form proposed by defendants' counsel, as counsel refused to discuss plaintiff's proposed changes. Despite execution of the stipulation, defendants counsel did not provide any documentary discovery to plaintiff herein, resulting in plaintiff's counsel's first Motion to Compel dated September 26, 2007.

On or about October 2, 2007, the Court granted plaintiff's motion to compel, ordering defendants to produce all requested documents no later than October 8, 2007, except to the extent they claim privilege and produce a privilege log. To the extent not previously provided, all parties were directed to provide Rule 26(a) disclosures and respond to all interrogatories by October 8, 2007.

In flagrant disregard of the October 2, 2007 Order, necessitating our second motion to compel dated October 9, 2007, defendants Ng and Milan failed to provide any Rule 26(a) disclosures and the defendant City's disclosure remained wholly improper and unsupplemented; defendants failed to provide proper responses to plaintiff's interrogatories and request for production of documents by failing to provide IAB and CCRB records regarding Ng and Milan, any paperwork maintained by the Department of Corrections, audio recordings regarding the arrest of plaintiff, and hundreds of pages of materials the defendants listed on a privilege log which was wholly improper pursuant to Local Rule 26.2(a)(2)(A); and unredacted copies of materials defendants previously provided in redacted format without assertion of any privilege.

Pursuant to a conference before the Court on October 16, 2007, relative to the motion, the transcript of which is attached hereto as Ex. 12, defendants were ordered to rectify each and everyone of plaintiff's assertions made in its October 9, 2007 motion. Moreover, during the argument on the motion, like the misrepresentation made by Mr. Graziadei to Judge Kaplan on September 11, 2007, Mr. Graziadei tried to misrepresent to the Court that defendants Ng and Milan had previously served Rule 26(a) disclosures (see Ex. 12, pp. 10-11) and that 911 tapes were expunged (see Ex. 12, pp 11-12). Mr. Graziadei, after having been taken to task by the Court then recanted his misstatement and the Court ordered production of same.

Moreover, pursuant to the October 16, 2007 Order of the Court, defendants were to submit a proper privilege log pursuant to Local Rule 26(a)(2)(A), which as pointed out by the Court in the December 4, 2007 Order, defendants failed to do. (See Ex. 1, p. 5, section A).

Additionally, in further contravention of the October 16, 2007 Order, and even more probative of defendants' and their attorney's attempts to hide clearly prejudicial discovery herein, was the failure to comply with the Court's order to "provide by close of business [by the] end of [the] week a list to plaintiff of any charges, any complaints, whether they be CCRB or IAB... with respect to these defendants, officers or detectives, dates, nature of charges, disposition." *See* Ex. 12, p. 18 (emphasis added in exhibit). This intentional disregard of the Court's Order remains uncorrected

Letter to Hon. Michael H. Dolinger
re: Zhao v. City et al. Rule 37 motion
January 9, 2007

by defendants. Additionally, we believe that since the Order of the Court to disclose portions of the disciplinary personnel records that were reviewed *in camera*, dated November 21, 2007, defendants belatedly served additional IAB and/or CCRB records of defendants NG and MILAN for *in camera* review, a decision regarding the disclosure of which the Court has yet to render.

On or about November 30, 2007, despite efforts by plaintiff to resolve discovery issues absent court involvement, defendants bad faith in participating in discovery prompted the filing of another motion by plaintiff to obtain discovery and proper responses to a Notice to Admit. On or about December 17, 2007, the Court issued an order granting plaintiff's application and directing defendants to furnish certain responses, as well. *See* ex. 13, copy of December 17, 2007 Order. Other than providing an unredacted copy of document Bates stamped NYC 352 - 353, which Mr. Graziadei improperly and without any basis designated "ATTORNEY'S EYES ONLY - CONFIDENTIAL," defendants have not complied with this Order to date.[17]

## CONCLUSION

For the detailed reasons set forth herein, pursuant to FRCP Rule 37(b)(2)(A) & (C), we respectfully request that the Court strike defendants pleadings *in toto*; order defendants to provide immediate disclosure of unredacted/properly redacted materials and documents herein; bear the costs of additional depositions and expert video analysis necessitated by their misconduct; pay the costs of this motion; together with such other and further relief as this Court deems just and proper.

Finally, based on defendants conduct detailed herein, it appears it will be necessary to extend the January 31, 2008 discovery deadline, as well as the other deadlines, already extended by the Court on prior occasions due to defendants prior misconduct regarding discovery herein.

Respectfully submitted,

SIEGLE & SIMS L.L.P.

*[signature]*

Eric W. Siegle

---

[17] Please note that pursuant to the Order, with regard to certain information which defendants claim may be provided by the deposition of a member of TARU, who defendants have not made available to date, they are not technically, non-compliant with this portion of the Order.

Letter to Hon. Michael H. Dolinger
re: Zhao v. City et al. Rule 37 motion
January 9, 2007

cc: John H. Graziadei, A.C.C. (via ECF)

SIEGLE & SIMS L.L.P.