# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

YANG FENG ZHAO,

                              Plaintiff,

          -against-

CITY OF NEW YORK, DETECTIVE NGA CHEUNG
NG, DETECTIVE BILLY MILAN, "JOHN DOE #1" and
"JOHN DOE #2,"

                          Defendants.

**DEFENDANTS' RESPONSES
AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND
REQUEST FOR
DOCUMENTS ON
DEFENDANTS MILAN AND
NG AND SECOND REQUEST
FOR PRODUCTION OF
DOCUMENTS ON
DEFENDANT CITY**

**07 CV 3636 (LAK)**

------------------------------------------------------------------------ x

        Pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure,

defendants respond and object to Plaintiff's First Consolidated Set of Discovery Requests as

follows:

### GENERAL STATEMENT

        1.    By responding to any request, defendants do not concede the materiality of

the subject to which it refers. Defendants' responses are made expressly subject to, and without

waiving or intending to waive, any questions, or objections as to the competency, relevancy,

materiality, privilege, or admissibility as evidence or for any other purpose, of any of the

documents or information produced, or of the subject matter thereof, in any proceeding including

the trial of this action or any subsequent proceeding.

2.      Defendants object to this Interrogatory and Document Request to the extent that they demand documents and/or information that are protected by the attorney-client or work-product privilege, or constitute material prepared for litigation purposes.

3.      Inadvertent production of any document or information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.      Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5.      Defendants further object in the entirety to these requests to the extent that they seek the home address of individuals identified by the defendants in response to the interrogatories.

6.      With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index.

7.      Defendants object insofar as plaintiff's requests impose obligations upon them beyond which is required under the Federal Rules of Civil Procedure.

8.      Defendants is continuing to search for information responsive to plaintiff's requests and therefore reserves the right to supplement their responses to each request with additional information, if and when such information becomes available to defendants' counsel. Defendants also reserves the right to object to the future disclosure of any such information.

-2-

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all witnesses with knowledge or information relevant to each and every cause of action asserted against defendants CITY OF NEW YORK, DETECTIVE NGA CHEUNG NG, DETECTIVE BILLY MILAN, "JOHN DOE #1" and "JOHN DOE #2" as set forth in the plaintiff's Complaint and all witnesses with knowledge or information relevant to each and every response and defense asserted by defendant CITY OF NEW YORK set forth in the defendants' Answer, including the names of all the police officers, detectives and their supervisors, as well as their current command and/or address, if they are no longer employed by the CITY, that were involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO. Please indicate the role or function each individual identified by defendants had in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:

Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and there is a more practical method of obtaining the information sought. Defendants further object to providing non-business addresses. Notwithstanding, and without waiving, or in any way limiting these objections or the general objections, plaintiff is referred to defendants disclosures made pursuant to Fed. R. Civ. P. 26(a) and the documents previously produced bearing Bates nos. NYC 1 through NYC 221 and V1 through V6.

**INTERROGATORY NO. 2:**

Identify and set forth the existence, custodian, location and general description of all relevant documents, information and/or physical evidence related to the causes of action set forth in the plaintiff's Complaint and the responses and defenses set forth in the CITY's Answers, including, but not limited to the following:

a.  pertinent insurance agreements for the CITY OF NEW YORK in effect on the date of the alleged incident, October 25, 2005, and thereafter.

b.  any surveillance video tapes of the criminal incident alleged against plaintiff;

c.  any "enhanced" surveillance video tapes of the criminal incident alleged against plaintiff; whether enhanced by the New York City Police Department, the Queens County District Attorney's Office, or any other entity;

d.  all audio recordings of police communications regarding the murder occurring on December 11, 2001 of Danny Cabezas, and the subsequent arrest and processing of plaintiff on October 24, 2005;

e.  printout of police communications regarding the murder of Danny Cabezas on December 11, 2001, and the arrest and processing of plaintiff on October 24, 2005;

f.  criminal history of plaintiff obtained by the CITY OF NEW YORK;

g.  employment and/or personnel files for all officers and/or personnel involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO;

h.    training and/or instruction manuals and/or guidelines given to police officers/detectives/investigators employed by the CITY OF NEW YORK;

i.    training and/or instruction manuals and/or guidelines regarding the investigation of "cold cases" utilized by police officers/detectives/investigators employed by the CITY OF NEW YORK;

j.    training and/or instruction manuals or guidelines regarding interrogation techniques and/or the elicitation of confessions from criminal suspects given to police officers/detectives/investigators employed by the CITY OF NEW YORK;

k.    certifications of personnel employed by the CITY OF NEW YORK involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO;

l.    documents regarding disciplinary proceedings against personnel employed by the CITY OF NEW YORK involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO, including but not limited to NGA CHEUNG NG and BILLY MILAN;

m.    all paperwork and documents created, possessed and/or maintained by the CITY OF NEW YORK, including the NEW YORK CITY POLICE DEPARTMENT, QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE, and the NEW YORK CITY DEPARTMENT OF CORRECTION, regarding the arrest, apprehension, search, confinement,

detention, interrogation, reporting and prosecution of plaintiff YANG

FENG ZHAO;

n.      employee manuals, training materials, rules, regulations, procedures,

whether written or otherwise and/or all other documents provided by or on

behalf of the CITY OF NEW YORK to its employees related to law

enforcement regarding arrest, apprehension, search, strip search,

confinement, detention, interrogation, reporting and prosecution

procedures of the CITY OF NEW YORK;

o.      any document, communication, or statement which defendants intend to

introduce as evidence at the trial hereof in support of their responses and

affirmative defenses contained in their Answers;

p.      Photographs, maps, drawings, schematics, plans or other documents or

evidence which depict the scene of the crime, the area of arrest,

apprehension, search, confinement, detention, interrogation, and reporting

of plaintiff YANG FENG ZHAO.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:

Defendants object to Interrogatory No. 2 and all its subparts on the grounds that it

is vague, ambiguous, overbroad, not relevant to the subject matter of this lawsuit or reasonably

calculated to lead to the discovery of admissible evidence, beyond the scope of permissible

discovery, subject to the law enforcement privilege, and invades the privacy of the officers

and/or personnel. Notwithstanding, and without waiving or in any way limiting, these objections

or defendants' general objections, defendants refer plaintiff to defendants' disclosures made

pursuant to Fed. R. Civ. P. 26(a) and, pursuant to Fed. R. Civ. P. 33(d), defendants refer plaintiff

to the documents previously produced bearing Bates nos. NYC 1 through NYC 221 and V1

through V6.  Further, to the extent they exist, responsive documents may be in the custody of the New York City Police Department, the Queens County District Attorney's Office, and the Department of Correction.

**INTERROGATORY NO. 3:**

Identify and specify each and every diminution of defendants' liability, "set off" and/or "indemnity," as to defendants' alleged liability, and plaintiff's economic loss, whether paid for or reimbursed by a collateral source or from a collateral source, by which defendants allege shall serve to reduce any verdict and/or damages of plaintiff, giving the description thereof, the party and/or persons paying and/or responsible for same, and the amount thereof, which defendants allege in their Answers it is entitled.  Please include in such responses the names of all individuals alleged to be responsible for plaintiff's injuries and/or damages as allege in defendants' responses and affirmative defenses.  Please identify any such documents which support said responses and affirmative defenses.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and not relevant or reasonably calculated to lead to the discovery of admissible evidence and to the extent that it calls for the production of information protected by the attorney-client and work-product privileges. Defendants further state that pursuant to Rule 33(c), to the extent this interrogatory involves an opinion or contention that relates to fact or the application of law to fact, defendants will seek an order of the Court that Interrogatory No. 3 not be answered until after fact discovery has been completed or a pre-trial conference or other later time.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

Produce all the documents identified in the preceding Interrogatories.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendants object to Document Request No. 1 on the grounds that it is vague, ambiguous, overbroad, protected by the law enforcement, attorney-client, and work-product privileges, not relevant or reasonably calculated to lead to the discovery of admissible evidence, and not in the care, custody, and control of defendants. Notwithstanding, and without waiving, or in any way limiting these objections or the general objections, plaintiff is referred to the documents previously produced bearing Bates nos. NYC 1 through NYC 221 and V1 through V6.

### DOCUMENT REQUEST NO. 2:

Produce all documents regarding the incident, including documents concerning plaintiff's arrest and criminal prosecution, the minutes of any Grand Jury proceedings and criminal court transcripts, and any and all other documents concerning the incident, including plaintiff's Department of Correction file, that are in defendants possession, custody, or control.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:

Defendants object to Document Request No. 2 on the grounds that it is vague, ambiguous, overbroad, protected by the law enforcement, attorney-client, and work-product privileges, not relevant or reasonably calculated to lead to the discovery of admissible evidence, and not in the care, custody, and control of defendants. Notwithstanding, and without waiving, or in any way limiting these objections or the general objections, plaintiff is referred to the

documents previously produced bearing Bates nos. NYC 1 through NYC 221 and V1 through V6.

**DOCUMENT REQUEST NO. 3:**

Produce all handbooks, memos, documents, etc., concerning the training of members of the New York City Police Department with regard to interrogation techniques of criminal suspects.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendants object to Document Demand No. 3 on the grounds that it is vague, ambiguous, overbroad, not limited in time, protected by the law enforcement privilege, and not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the general objections, plaintiff is referred to documents produced herewith bearing Bates Nos. 222 through 262. Further notwithstanding, and without waiving or in any way limiting these objections or the general objections, with respect to training materials subject to the law enforcement privilege, plaintiff is referred to the privilege log produced herewith.

**DOCUMENT REQUEST NO. 4:**

Produce all handbooks, memos, documents, etc., concerning the training of members of the New York City Police Department in the investigation of "cold cases."

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendants object to Document Demand No. 4 on the grounds that it is vague, ambiguous, overbroad, not limited in time, protected by the law enforcement privilege, and not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the general objections, plaintiff is referred to documents produced herewith bearing

Bates Nos. 222 through 262. Further notwithstanding, and without waiving or in any way limiting these objections or the general objections, with respect to training materials concerning the investigation of "cold cases" subject to the law enforcement privilege, plaintiff is referred to the privilege log produced herewith.

**DOCUMENT REQUEST NO. 5:**

Produce all documents concerning disciplinary proceedings against personnel employed by the CITY OF NEW YORK involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO, including, but not limited to, defendant NGA CHEUNG NG; and defendant BILLY MILAN

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendants object to Document Demand No. 5 on the grounds that it is vague, ambiguous, overbroad, and not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the general objections, and to the extent that defendants are in possession of documents that may be responsive to plaintiff's request, plaintiff is referred to the performance evaluations produced herewith bearing Bates Nos. 263 through 316 subject to the Stipulation and Order of Confidentiality.

**DOCUMENT REQUEST NO. 6:**

Produce all documents concerning employment and/or personnel files for all officers and/or personnel involved in the arrest, apprehension, search, confinement, detention, interrogation, reporting and prosecution of plaintiff YANG FENG ZHAO including, but not limited to, defendant NGA CHEUNG NG; and defendant BILLY MILAN.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendants object to Document Demand No. 6 on the grounds that it is vague, ambiguous, overbroad, and not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the general objections, and to the extent that defendants are in possession of documents that may be responsive to plaintiff's request, plaintiff is referred to the performance evaluations produced herewith bearing Bates Nos. 263 through 316 subject to the Stipulation and Order of Confidentiality.

**DOCUMENT REQUEST NO. 7:**

Produce all subpoenas served on any party, or any individual or entity concerning this litigation.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendants object to Document Demand No. 7 on the grounds that it is vague, ambiguous, overbroad, and not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting these of the general objections, defendants state that they have not served any subpoenas. Should defendants serve a subpoena, they will serve on plaintiff a copy of the subpoena as required.

**DOCUMENT REQUEST NO. 8:**

Produce all documents received in response to any subpoenas served.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

See defendants' objection and response to Document Request No. 7.

- 11 -

**DOCUMENT REQUEST NO. 9:**

Produce all documents that relate to all complaints made by anyone to any government agency including, but not limited to, the CCRB and IAB of the New York City Police Department concerning defendants NGA CHEUNG NG, BILLY MILAN, or any other individual associated with the arrest, and prosecution of plaintiff.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendants object to Document Demand No. 9 on the grounds that it is vague, ambiguous, overbroad, and not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the general objections, and to the extent that defendants are in possession of documents that may be responsive to plaintiff's request, plaintiff is referred to the performance evaluations produced herewith bearing Bates Nos. 263 through 316 subject to the Stipulation and Order of Confidentiality.

**DOCUMENT REQUEST NO. 10:**

Produce all expert disclosures required pursuant to Federal Rule 26(a)(2).

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of information protected by the attorney-client and work-product privileges. Defendants further state that the Court's Scheduling Order dated October 2, 2007 provides for the timing of 26(a)(2) disclosures.

**DOCUMENT REQUEST NO. 11:**

Produce exact copies of all video surveillance recordings associated with the incident.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:

Plaintiff is referred to Defendants' Objection and Response to Document Demand No. 2.

## DOCUMENT REQUEST NO. 12:

Produce exact copies of all video surveillance recordings that have been "enhanced" in any manner, by any agency, associated with the incident.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:

Plaintiff is referred to Defendants' Objection and Response to Document Demand No. 2.

## DOCUMENT REQUEST NO. 13:

Produce exact copies of all audio recordings of police communications regarding the arrest and processing of plaintiff.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13:

Plaintiff is referred to Defendants' Objection and Response to Document Demand No. 2.

## DOCUMENT REQUEST NO. 14:

Produce exact copies of all printout of police communications regarding the arrest and processing of plaintiff.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 14:

Plaintiff is referred to Defendants' Objection and Response to Document Demand No. 2.

## DOCUMENT REQUEST NO. 15.

Produce exact copies of all photographs concerning the incident, including, but not limited to, crime scene photographs and autopsy photographs of the deceased, Danny Cabezas.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 15.**

Plaintiff is referred to Defendants' Objection and Response to Document Demand No. 2.

**DOCUMENT DEMAND NO. 16:**

Make available for inspection all physical evidence seized during the investigation of the murder of Danny Cabezas.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 16.**

Plaintiff is referred to Defendants' Objection and Response to Document Demand No. 2.

**DOCUMENT REQUEST NO. 17:**

Produce all New York Police Department Legal Bureau Bulletins relating to case investigation, arrest prosecutions, probable cause, and interrogation and/or interrogation techniques.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 17.**

Defendants object to Document Demand No. 17 on the grounds that it is vague, ambiguous, overbroad, not limited in time, protected by the law enforcement privilege, and not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding, and without waiving or in any way limiting these objections or the general objections, plaintiff is referred to documents produced herewith bearing Bates Nos. 245 through 259.  Further notwithstanding, and without waiving or in any way

limiting these objections or the general objections, with respect to training materials relating to case investigation, arrest prosecutions, probable cause, and interrogation and/or interrogation techniques subject to the law enforcement privilege, plaintiff is referred to the privilege log produced herewith.

**DOCUMENT REQUEST NO. 18.**

Produce the Detective Guide in effect on October 25, 2005.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 18.**

Defendants object to Document Demand No. 18 on the grounds that it is vague, ambiguous, overbroad, protected by the law enforcement privilege, and not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the general objections, plaintiff is referred to documents produced herewith bearing Bates Nos. 237 through 244. Further notwithstanding, and without waiving or in any way limiting these objections or the general objections, with respect to those portions of the Detective Guide subject to the law enforcement privilege, plaintiff is referred to the privilege log produced herewith.

**DOCUMENT REQUEST NO. 19:**

Produce all documents and materials relating to the Homicide Investigator's Course.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 19.**

Defendants object to Document Demand No. 19 on the grounds that it is vague, ambiguous, overbroad, not limited in time, protected by the law enforcement privilege, and not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting these

objections or the general objections, with respect to the portions of the Homicide Investigator's

Course concerning homicide investigations subject to the law enforcement privilege, plaintiff is

referred to the privilege log produced herewith.

**DOCUMENT REQUEST NO. 20:**

Produce all documents and materials relating the CIC Course.

**OBJECTION AND RESPONSE TO DOCUMENT DEMAND NO. 20.**

Defendants object to Document Demand No. 20 on the grounds that it is vague,

ambiguous, overbroad, not limited in time, protected by the law enforcement privilege, and not

relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of

admissible evidence. Notwithstanding, and without waiving or in any way limiting these

objections or the general objections, with respect to the portions of the CIC course subject to the

law enforcement privilege, plaintiff is referred to the privilege log produced herewith.

Dated: New York, New York
     October 8, 2007

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the
                     City of New York
                    Attorney for Defendant
                    100 Church Street, Room 3-152
                    New York, New York 10007
                    (212) 442-3551

By:    _____
         JOHN H. GRAZIADEI (JG 1333)
         Assistant Corporation Counsel

TO:    Siegle & Sims, LLP

## DECLARATION OF SERVICE BY HAND

I, John H. Graziadei, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that, on October 8, 2007, I served the annexed DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENTS ON DEFENDANTS MILAN AND NG AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS ON DEFENDANT CITY directed to said attorneys at the address set forth below, being the address designated by said attorneys for that purpose:

TO:  Siegle & Sims, LLP
     217 Broadway, Suite 611
     New York, New York 10007

Dated: New York, New York
October 8, 2007

JOHN H. GRAZIADEI (JG 1333)

# EXHIBIT 5



MICHAEL A. CARDOZO
*Corporation Counsel*

### THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

JOHN H. GRAZIADEI
*Senior Counsel*
Telephone: (212) 442-3551
Facsimile: (212) 788-9776

January 4, 2007

**VIA HAND DELIVERY**
Eric Siegle, Esq.
Siegle & Sims L.L.P.
217 Broadway, Suite 611
New York, New York 10007

Re: *Zhao v. City of New York, et al.*, 07 CV 3636 (LAK) (MHD)

Dear Mr. Siegle,

Under this cover please find VHS formatted videotapes bearing Bates numbers NYC 687 – NYC 689. These documents are duplications of the videotapes recently produced to defendants by the Queens District Attorney's office. Also enclosed please find documents bearing Bates numbers NYC 352A-NYC353A. These documents are unredacted versions of the documents previously produced bearing Bates numbers NYC 352-353 and are produced pursuant to the Court's December 17, 2007 Order. These documents are produced for "ATTORNEY'S EYES ONLY." This production does not constitute a waiver of any previously asserted objections. Please contact me with any questions.

Sincerely,

John H. Graziadei
Senior Counsel

cc: Alexander Peltz, Esq.

**EXHIBIT 7**

SIEGLE & SIMS L.L.P.
*THE ASTOR BUILDING*
217 BROADWAY • SUITE 611
NEW YORK, NEW YORK 10007
TELEPHONE: (212) 406-0110
FACSIMILE: (212) 406-5259

JONATHAN D. SIMS

ERIC W. SIEGLE                                    December 20, 2007

VIA FACSIMILE & REGULAR MAIL
The City of New York
Law Department
100 Church Street
New York, NY 10007
Attn: John H. Graziadei, A.C.C.

        Re:   Yang Feng Zhao v. The City of New York et. al.
                Docket No.:  07CV3636

Dear Mr. Graziadei:

On December 17, 2007 at approximately 5:20 p.m., we received numerous documents purporting to comply with the Court's Amended Memorandum and Order, dated December 4, 2007, including those Bate stamped NYCP1A - NYCP457A and NYC384 - NYC452. Based on our review of this recent disclosure, it is clear that defendants have failed to comply with the Court's various mandates, which plaintiff seeks to ameliorate absent judicial intervention.

Regarding the materials which were the subject of the Court's *in camera* inspection referred to in the Amended Memorandum and Order, Part A, "Investigation File," defendants were "required to produce to plaintiff's counsel the so-called investigatory documents previously withheld on the ground of the law enforcement privilege, but may redact the names of, and other identifying data regarding, confidential informants whose identities have not previously been revealed to plaintiff or his counsel by the prosecutors or the defendants." Without qualification, defendants were not permitted to make **any** other redactions. In contravention of the Court's order, defendants have improperly redacted virtually every document disclosed.

While plaintiff, for purposes of reasonably resolving this issue amicably between the parties does not take issue with minor redactions (ie. MOS tax id. #s), although in clear violation of the Order, the following redactions must be immediately cured by defendants insofar as they redact anything more that than the "name" and/or "identifying data," which clearly refers to social security numbers and dates of birth, of confidential informants not previously known to plaintiff's counsel from the prosecutors or defendants herein:

Letter to John H. Graziadei, A.C.C.
re: Non-compl. with 12/4/07 Amended Order
December 20, 2007

NYCPA1;
NYCPA16;
NYCPA40;
NYCPA60;
NYCPA98;
NYCPA170;
NYCPA346;
NYCPA347;
NYCPA451;
NYCPA452;
NYCPA453;
NYCPA454;
NYCPA455;
NYCPA456; and
NYCPA457.

With regard to these documents, plaintiff seeks immediate disclosure, in full, save for permissible redactions, which the Court specifically limited to "names" and "identifying data" (ie. dates of birth, social security numbers) of <u>unknown</u> <u>confidential</u> informants.

Additionally, with regard to this class of documents, plaintiff seeks better copies of items NYCPA203, NYCPA209, and NYCPA214.

Furthermore, with regard to Part C of the December 4, 2007 Amended Memorandum and Order, "Other Matters," defendants were to provide plaintiff, in unredacted form, all documents heretofore produced with redactions, unless the redactions appeared on a privilege log. Defendants have completely disregarded this portion of the Court's Order, and we demand that you immediately comply with same.

Moreover, in Part C, the Court ordered "if defendants have withheld any documents called for by plaintiff, but have not listed them on a privilege log, they are to produce them to plaintiff...." Defendants have ignored this portion of the Court's Order as well. We hereby demand that defendants provide complete unredacted copies of the following: Homicide Investigators Course manual; Criminal Investigation Course manual; copy of records regarding plaintiff's criminal history; defendant Detective Milan's "performance evaluation(s)" from May 16, 2005 through the present; exact copies of all videotapes; employee manuals, training materials, rules, regulations, procedures, whether written or otherwise and/or all other documents provided by or on behalf of CITY OF NEW YORK to its employees related to law enforcement regarding strip search, confinement and detention.

SIEGLE & SIMS L.L.P.

Letter to John H. Graziadei, A.C.C.
re: Non-compl. with 12/4/07 Amended Order
December 20, 2007

Further, as plaintiff requested on October 15, 2007 and November 13, 2007, please provide copies of Defendant Milan's notes, which he claimed at his deposition that he authored, recording plaintiff's alleged statement which he personally heard where in plaintiff stated "I sorry. I lied. I kill." In the alternative, please provide an affidavit from someone who has performed a search of all materials in this matter attesting to the fact that said notes do not exist. Moreover, as requested on numerous occasions by plaintiff, including by letter dated October 26, 2007, defendants have failed to provide the scratch notes of defendant NG of witness statements which NG testified existed. Please provide those notes or an appropriate affidavit from an individual who has searched the file attesting to the fact that they cannot be found.

In addition, by the December 4, 2007 Amended Memorandum and Order, defendants were to produce "forthwith" "plainly relevant documents" from the Queens County District Attorney's Office, which defendants subpoenaed for production on or before December 12, 2007. Defendants have not provided a single document to date pursuant to this subpoena.

Furthermore, with your December 17, 2007 disclosure, you provided documents NYC451 and NYC452, however, you fail to state how these documents are responsive to plaintiff's various interrogatories and requests to produce in violation of FRCP Rule 34. In addition, document NYC451 is blank, without apparent redactions. Please immediately provide a statement as to what interrogatory and document request these materials are responsive to, and in addition, advise as to the issue regarding the blank document and how this document is relevant to the instant litigation, including its origin and custodian. Should you fail to provide same, we will request, pursuant to F.R.C.P. Rule 30(b)(6), a deposition of someone with knowledge thereof.

Moreover, as indicated in our December 13, 2007 correspondence, defendants failed to provide or make available for inspection to plaintiff a relevant videotape from the night of the homicide, despite requests dating back to July 26, 2007. Please immediately provide a copy of the original of said tape, as well as copies of the other tapes that you provided for inspection on December 13, 2007.

Furthermore, despite our repeated attempts to schedule/reschedule depositions in this matter, we still have not been provided with proposed dates for examinations of the following individuals:

1)    Detective Billy Milan;
2)    Detective Nga Cheng Ng;
3)    Sgt. Bryan Conlon;
4)    Lt. Michael Lau; and
5)    Sgt. Conor McCourt, TARU.

Letter to John H. Graziadei, A.C.C.
re: Non-compl. with 12/4/07 Amended Order
December 20, 2007

Lastly, based upon your disclosure of December 17, 2007, we intend to take the depositions of the following individuals, and request that you provide us with proposed dates for same:

    1) Detective Ming Lee;
    2) Detective David Casazza;
    3) Detective Vincenzo Romano; and
    4) Detective John Sjoholm.

As to all items of outstanding discovery detailed specifically herein, we ask that you immediately provide them to our office to avoid any further delay herein. Please consider this our good faith attempt to resolve the outstanding discovery issues without judicial intervention.

Very truly yours,

SIEGLE & SIMS L.L.P.

Eric W. Siegle