# SIEGLE & SIMS L.L.P.

THE ASTOR BUILDING
217 BROADWAY • SUITE 611
NEW YORK, NEW YORK 10007
TELEPHONE: (212) 406-0110
FACSIMILE: (212) 406-5259

*ENDORSED ORDER*
*Defendants are to respond to this application by close of business on Feb. 19, 2008.*
*[signature]*
*2/15/08*

ERIC W. SIEGLE

JONATHAN D. SIMS

February 15, 2008

**VIA FACSIMILE**
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, New York 10007
Attn.: Michael H. Dolinger, U.S.M.J.

*RECEIVED*
*FEB 15 2008*
*[JUDGE stamp]*

Re:   **Zhao v. City of New York et al.**
      **07CV.3636 (LAK)(MHD)**

Dear Honorable Judge Dolinger:

We are writing the Court regarding the above-referenced matter and the Court's December 4, 2007 and January 31, 2008 Orders, with which defendants and their counsel have failed to comply. Additionally, we have contacted defendants' counsel regarding all these issues on a number of occasions since the January 31, 2008 conference/hearing, and defendants have not ameliorated their transgressions other than requesting more time to consider the issues detailed herein.

On January 31, 2008, this Court ordered that defendants' counsel provide deposition dates for the eleven remaining depositions by no later than Friday, February 8, 2008. Defendant's failed to do so. Prior to contacting the Court, which the Court invited at the January 31, 2008 hearing, we attempted to resolve this issue with counsel. On February 11, 2008, defendants' counsel belatedly proposed several "tentative" dates that they might be available for depositions, without designating a single witness to be produced on any given date, and "reserved the right" to schedule "alternative" dates. The dates proposed by defendants were February 28 and 29, and March 4, 6, 11, 13, 18, 21, 25, and 28. Due to the discovery cut-off of March 31, 2008, we requested earlier dates for depositions and requested that defendants name the witnesses they intended to produce on each date. Defendants have not provided a substantive response to that inquiry.

On Tuesday, February 12, 2008, we forwarded the following proposed deposition schedule, corresponding to the dates supplied by defendants' counsel:

    2/28    10:00 a.m. Detective John Sjoholm   2:00 p.m. Det. Ming Li

    2/29    10:00 Detective Cassazza

    3/4     10:00 Lt. Lau

Letter to Hon. Michael H. Dolinger
re: Zhao v. City of New York etal.
February 15, 2008

| | |
|---|---|
| 3/6 | 10:00 Det. Laureano Rivera |
| 3/11 | 10:00 Sgt Conor McCourt (TARU) |
| 3/13 | 10:00 Eugene Reibstein, ADA[1] |
| 3/18 | 10:00 Sgt. Bryan Conlon |
| 3/21 | 10:00 Defendant Ng |
| 3/25 | 10:00 Defendant Milan |
| 3/28 | 10:00 Detective Romano |

To date, defendants' counsel has failed to respond to the proposed schedule, thus, we respectfully request that the Court endorse this schedule and order defendants' compliance.

Second, by this Court's January 31, 2008 Order, defendants were to re-furnish documents that they had improperly redacted, in violation of the Court's December 4, 2008 Order by February 6, 2008 or risk immediate sanction. The permissible redactions related only to certain unknown confidential informant names and identifying data. Defendants have failed to comply with the Court's orders,[2] specifically with respect to document bearing Bates number NYCP346A which is attached hereto. It is apparent that the information that has been redacted is not the name or identifying data of a confidential informant because the entry states that the redacted information was provided "As per OCID 'CI'."

Further, this information is highly relevant to plaintiff's case. Part of the information that was not redacted, "Guang Lin visited street boss in Sept., 03" is accompanied by arrows pointing to the redacted information. As plaintiff has learned from discovery, Guang Lin is one of the suspects initially wanted for murder by the authorities, and according to defendants herein, is still a suspect in the open homicide investigation. We believe that this redacted entry likely relates to the substance of Guang Lin's meeting with the "street boss" rather than the name or other identifying data of an unknown confidential informant, and thus, we request that the Court order that the defendants un-redact this document, especially in view of the fact that it has been

---

[1] Prior to selecting this date, pursuant to the January 31, 2008 Order, we contacted Alexander Peltz, Esq., attorney for Eugene Reibstein, A.D.A., and confirmed this was a "convenient" date.

[2] By letters dated February 6 and 11, 2008, both of which were sent via facsimile, plaintiff's counsel alerted defendants to the ongoing issue of improperly redacted documents, including NYCP346A, which defendants have failed to correct. By e-mail, at 4:46 p.m. on this date, defendants have requested more time to consider this request.

SIEGLE & SIMS L.L.P.

Letter to Hon. Michael H. Dolinger
re: Zhao v. City of New York etal.
February 15, 2008

designated "ATTORNEYS EYES ONLY.[3]

In addition, defendants have redacted the contact information for Liliana Cabezas, the victim's mother, on documents bearing Bates numbers NYC 580A, NYCP60A, NYC 618 and NYC 681 also in violation of the December 4, 2007 and January 31, 2008 Orders. We have requested these documents in unredacted form from counsel by the letters dated February 6 and 11, 2008, and they have maintained that these redactions constitute the personal information of the victim, and thus, they refuse to disclose it. Contrary to defendants' assertions, Ms. Cabezas' contact information is discoverable as she is a witness. Defendant Milan testified at his deposition that he spoke with Ms. Cabezas about the murder investigation, and thus, she is a witness to statements/admissions of defendant Milan in this matter. Thus, we respectfully request that the Court order defendants' to un-redact the above mentioned documents containing Ms. Cabezas' contact information.

Similarly, the Court ordered that impermissible redactions of the documents from the Queens County District Attorney's Office ("QCDAO") be corrected. With regard to this issue, defendants have claimed that some of the documents which appear to be redacted were "bad copies" and that they have requested good copies from QCDAO. With regard to impermissible redactions, defendants have indicated that they contacted counsel for ADA Reibstein to request un-redacted copies. Despite these apparent efforts, we still do not have these documents, and we respectfully request that the Court Order that all documents from the QCDAO be turned over in accordance with the December 4, 2007 and January 31, 2008 Orders prior to the proposed date of the first deposition in this matter, February 28, 2008.

In addition, the January 31, 2008 Order of this Court limited the deposition of Ming Li to one (1) hour, based on defense counsel's representation that Detective Ming Li "was not involved in the investigation but only [plaintiff's] arrest in 2003 ... which is an unrelated incident and had nothing to do with this particular investigation." See January 31, 2008 minutes, page 72, lines 3-6. Based on documents disclosed to plaintiff's counsel since January 31, 2008, we have learned that the above-statement of counsel was inaccurate, in that certain notes from the QCDAO's "innocence investigation" reveal that Detective Ming Li was present at a meeting with assistant district attorneys, other members of the NYPD, and at least one "confidential" informant who provided information relating to the homicide investigation. Thus, contrary to counsel's assertion, Detective Li was actually involved in the innocence investigation, which we

---

[3]Although we are reluctant to further involve the Court in this issue, it should be noted that this document, along with many others, was initially turned over **fully** redacted, in complete violation of this Court's December 4, 2007 Order. Thus, we are hesitant to accept the validity of these redactions in light of defendants' prior conduct herein

SIEGLE & SIMS L.L.P.

Letter to Hon. Michael H. Dolinger
re: <u>Zhao v. City of New York</u> etal.
February 15, 2008

intend to inquire about at his deposition. Therefore, we respectfully request that the time limitation placed on plaintiff's counsel of one (1) hour be extended, and that the deposition of Det. Li be permitted for a period not to exceed four (4) hours.[4]

  Finally, defendants have yet to comply with two portions of this Court's December 17, 2007 Order, directing that they provide responsive answers to two Requests to Admit. The first Request to Admit sought to determine whether all of the entries in a specific multi-page document were authored by Det. Vincenzo Romano. The second Request to Admit asked whether several videotapes provided by plaintiff were identical to videotapes held by the police department. This Court directed that defendants provide responsive answers to these requests. To date, defendants have failed to comply with the Court's December 17, 2007 Order, and we respectfully request that the Court order defendants to comply prior to the proposed date of the first deposition in this matter, February 28, 2008 or in the alternative that the matters therein be deemed admitted.

              Respectfully submitted,

              SIEGLE & SIMS L.L.P.

              Jonathan D. Sims

cc: John H. Graziadei, A.C.C. (via facsimile)

---

[4] "We have attempted to gain defendants' counsel's consent as to this issue, however, defendants have requested more time to make a determination as to whether they will consent.

SIEGLE & SIMS L.L.P.