

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

JOHN H. GRAZIADEI
*Senior Counsel*
Telephone: (212) 442-3551
Facsimile: (212) 788-9776

*ENDORSED ORDER*

*This bizarre letter application, made on Feb. 26, 2008, asks that we order the deposition of "Det. Vincenzo Romano" for Feb. 25, 2008 (That is, yesterday!) It is of course denied.* [signature] 2/26/08

*We have already addressed the issue of the "8 videotapes." See Order dated Feb 25, 2008.*

February 26, 2008

RECEIVED FEB 26 2008

**VIA FACSIMILE**
Honorable Michael H. Dolinger
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Zhao v. City of New York, et al.*, 07 CV 3636 (LAK) (MHD)

Your Honor:

    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants in the above-referenced litigation and write in response to plaintiff's letter to the Court of February 25, 2008. For the reasons set forth below, defendants respectfully request an order from the Court: (a) compelling the deposition of Vincenzo Romano for February 25, 2008; and (b) denying plaintiff's request for an order compelling the production of the "original" 8 videotapes by defendants at all of the remaining depositions.

    As I informed the Court, my final day with the Law Department will be March 7, 2008 and the attorneys who are now assigned to the case will need time to become familiar with the case and the voluminous records and transcripts generated in the case thus far. In an effort to defend as many of the remaining depositions as possible prior to my departure, defendants proposed that the following witnesses, selected on the basis of their availability, be deposed as follows:

- Sgt. McCourt on February 28;
- Vincenzo Romano on February 29;
- Detective Rivera on March 4;

- Detective Li on March 6.

In addition, ADA Reibstein has requested that his deposition be scheduled for March 13, 2008.

Plaintiff has agreed to schedule the depositions of Sgt. McCourt on February 28, Detective Rivera on March 4, and Detective Li on March 6. Plaintiff objected to scheduling the deposition of Vincenzo Romano on February 29, 2008 on the ground that the substance of his deposition would be affected by information obtained from other witnesses. Given that Mr. Romano has already been deposed on two separate dates, October 18 and November 30, 2007, and that I represented Mr. Romano at those depositions, defendants submit that I should be permitted to complete his continued deposition. The record in this case is voluminous, including substantial document and deposition discovery, and requiring a new attorney unfamiliar with the litigation to take responsibility for this deposition midstream would create inefficiencies that are not justified by plaintiff's proposed reason for delay.

Plaintiff also requests that defendants be required to produce at every remaining deposition the original videotapes, including the 4 investigative file videotapes and the 4 property clerk videotapes. In response to defendants' request for plaintiff's basis, plaintiff's counsel yesterday informed defendants that they would like to play the original tapes and use the actual labels of the videocassettes at deposition. However, for the inspection of the videotapes by plaintiff's counsel on February 15, 2008, defendants copied the videotape labels and produced them to plaintiff. By email request dated February 15, 2008, plaintiff requested that (a) copies of the videocassettes already produced in DVD format bearing Bates numbers V1-V6 be produced in VHS format; and that (b) copies of the labels be attached to the copies of the videocassettes themselves. Defendants have consented to this request and will produce VHS copies with all labels associated with the tapes in advance of all remaining depositions, including the depositions of McCourt (the member of TARU), Romano, Sjoholm, Li, Rivera, Cassazza, Ng, Milan, Conlon, Lau, and ADAs Reibstein and Lomp. Accordingly, plaintiff shall have an opportunity to use exact copies of the videocassettes with labels at each deposition. Defendants submit that exact copies of the videotapes and labels should be sufficient for use at the depositions and that the original tapes should be maintained in accordance with police procedure, with the property clerk tapes maintained by the property clerk, and in a manner so as to ensure that all of the tapes are protected from potential harm. The tapes are fragile and constant movement, transportation, handling, and playing could easily compromise their condition.

Accordingly, defendants respectfully request an order from the Court (a) compelling the deposition of Vincenzo Romano for February 25, 2008; and (b) denying plaintiff's request for an order compelling the production of the "original" 8 videotapes by defendants at all of the

remaining depositions. Thank you for Your Honor's consideration of the matters herein.

                                      Respectfully submitted,

                                      John H. Graziadei (JG 1333)
                                      Senior Counsel

cc:    Eric Siegle, Esq.
       Jonathan Sims, Esq.