THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**AFSAAN SALEEM**
*Senior Counsel*
Telephone: (212) 788-9580
Facsimile: (212) 788-9776

March 31, 2008

**VIA HAND DELIVERY**
Honorable Michael H. Dolinger
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

ENDORSED ORDER

The proposed amended pretrial schedule is adopted. Defendants' remaining responses to plaintiff's Requests for Admissions and his interrogatories and document requests are to be served by April 25, 2008.

[signature] 4/1/08

Re: Zhao v. City of New York, et al., 07 CV 3636 (LAK) (MHD)

Your Honor:

I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants in the above-referenced litigation. I write for two reasons. First, the parties request a brief extension of time to complete fact discovery from April 14th to April 25th, 2008 and to correspondingly extend the Scheduling Order as indicated below. Plaintiff's counsel consents and joins in this request. Second, defendants' request that the Court allow the City an extension of time to respond to plaintiff's various discovery demands, which are due today, until a reasonable time after the depositions of the District Attorney's Office witnesses. Plaintiff's counsel has refused to allow the defendants additional time in which to respond.

First, the parties request an extension of time to complete fact discovery to conduct the deposition of ADA Peter Lomp. Defendants have been advised that Mr. Lomp and the attorney representing him, Mr. Steve Stern, have upcoming trials and depositions and limited availability in April. For that reason, the earliest that Mr. Lomp's deposition could be scheduled, that was amenable to all parties, was April 23rd, which is why the parties request until April 25th to conclude fact discovery.

Accordingly, the parties propose the following revised Scheduling Order:

Completion of Fact Discovery (from April 14th, 2008) to **April 25, 2008**
Plaintiff's supplemental expert-witness production (from May 2, 2008) to **May 13, 2008**
Defendants' expert disclosures (from May 23, 2008) to **June 3, 2008**
Completion of all expert-witness discovery (from June 6, 2008) to **June 17, 2008**

Joint Pre-Trial Order or dispositive motion due (from June 27, 2008) to **July 11, 2008**[1]

Second, defendants seek the Court's permission for an extension of time in which to serve responses to plaintiff's Requests for Admission (dated February 29, 2008) (annexed hereto as Exhibit "A") and to serve revised or amended responses to Plaintiff's Fifth Set of Interrogatories and Request for Production of Documents (annexed hereto as Exhibit "B"). Defendants had been in communication with plaintiff's counsel regarding defendants' need for the extension. On Friday, March 28, 2008, plaintiff's counsel indicated that they cannot consent to an extension of time.

Plaintiff's discovery demands and requests for admission all involve ascertaining the identity of the individual who allegedly enhanced a videotape and whether in fact the video was produced by the NYPD's Technical Assistance Response Unit ("TARU") from an original tape recovered from the scene of the murder. Defendants' responded to plaintiff's discovery demands by stating certain objections and by indicating that defendants are continuing to search for responsive documents and will supplement its response, if and when, information becomes available to defendants' counsel (see Defendants' response, annexed hereto as Exhibit "C"). Plaintiff rejected defendants' responses as insufficient and indicating that the defendants' objections were improper.

Defendants request additional time in which to respond for two reasons. One, our office requires additional time to ascertain if the NYPD TARU unit was responsible for enhancing the tape and who, if anyone, did so. Second, at his March 13, 2008 deposition, Mr. Eugene Riebstein of the Queens County District Attorney's Office, brought with him ten (10) videotapes, at least one of which had never been viewed by either party and appeared to contain on-screen title cards and other modifications, such as slowing down of the speed of the images on the videotape. At the conclusion of plaintiff's questioning, and before defendants could begin questioning Mr. Riebstein, the parties agreed that the defendants could question Mr. Riebstein on another mutually agreeable date, after the parties have been furnished with copies of the videotapes. As such, defendants were unable to question Mr. Riebstein about his knowledge concerning the videotapes. Furthermore, as Mr. Lomp's deposition is only scheduled until April 23rd, defendants will have to wait at least until that date to question him about the scope of his knowledge concerning the videotapes. Because the Queens DA's office is not represented by our office in this case for purposes of the scheduled depositions of their employees, the defendants must wait until the depositions of Riebstein and Lomp are concluded before they are able to fully respond to plaintiff's discovery demands and requests for admission. For this reason, defendants request a reasonable amount of time to ascertain this information after the depositions of Mr. Lomp and Mr. Riebstein are concluded.

---

[1] The parties jointly request the additional three days to account for the July 4th holiday.

- 2 -

We thank Your Honor for your attention to this matter.

Respectfully submitted,

Afsaan Saleem
Senior Counsel

/encl.

cc:  Siegle and Sims, LLP
     217 Broadway, Suite 611
     New York, New York 10007