UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
YANG FENG ZHAO,

              Plaintiff,     :     MEMORANDUM & ORDER

           -against-          07 Civ. 3636 (LAK)(MHD)

CITY OF NEW YORK et al.,

              Defendants.
----------------------------------x

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

     Plaintiff Yang Feng Zhao seeks leave to amend the complaint to add Police Sergeant Brian Conlon as a defendant in lieu of a "John Doe" designation. (See Letter from Eric W. Siegle, Esq., to the Court (Apr. 7, 2008); Letter from Eric W. Siegle, Esq., to the Court (Apr. 15, 2008).) Defendants oppose. (Letter from Assistant Corp. Counsel Jennifer Rossan, Esq., to the Court (Apr. 14, 2008).) For the reasons that follow, the motion is granted.

     Plaintiff is suing, inter alia, for false arrest, malicious prosecution and the use of undue force. He named a number of individual defendants, including a Detective Billy Milan, who had arrested him on a murder charge that was later dismissed at the request of the District Attorney. Although discovery was originally scheduled to end by October 18, 2007, with a deadline to amend the complaint by August 1, 2007, for a variety of reasons -- including a persistent failure by defendants to respond timely to discovery

requests as well as the increasingly detailed and complex factual questions presented by plaintiff's claims -- discovery was extended several times, and is now scheduled to conclude on April 25, 2008.

Plaintiff's counsel deposed Sgt. Conlon on March 28, 2008, at which time he testified that he had authorized Det. Milan to arrest plaintiff. According to plaintiff, this was the first time that Sgt. Conlon's responsibility for the arrest was disclosed in discovery even though he was listed in defendants' Rule 26(a) disclosures as a person with knowledge of the facts. Indeed, they note that Det. Milan testified earlier at his own deposition that he had made the arrest decision himself, although he had concededly consulted first with Sgt. Conlon. Plaintiff's counsel also represents that he has reason to believe, based on Sgt. Conlon's physical appearance at the deposition and its similarity to the description to which plaintiff testified, that the sergeant is the police official who allegedly used improper force against plaintiff during a post-arrest interrogation.

Within ten days after the conclusion of Sgt. Conlon's deposition, plaintiff applied for leave to substitute him for a John Doe defendant. Defendants have responded by arguing that the application is untimely and that they might be prejudiced by the addition of the sergeant as a defendant.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend is to be granted "when justice so requires," and that rule is to be liberally applied. Thus, leave should be granted absent "any apparent or declared reason" to refuse it, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

Defendants offer no meaningful basis to deny the requested amendment. Although they cite the deadline for amendment in Judge Kaplan's original case management order, that order contemplated a termination of discovery by October 18, 2007, a deadline that was long ago and repeatedly extended for good cause. Although plaintiff did not also ask for the deadline to amend to be extended, that omission was entirely harmless, and had the request for such an extension been made it would have been routinely granted in view of the amount of discovery that still remained to be accomplished.

The only other ground even briefly suggested by defendants for denying the application is the potential for prejudice to them if plaintiff were to seek additional discovery as a result of the amendment. The short answer to this concern is that plaintiff has explicitly represented that he seeks no further discovery as a

result of the proposed addition of Sgt. Conlon, a representation that is binding on plaintiff.

In sum, defendants offer no basis to deny the application to amend. Accordingly, that request is granted. Plaintiff is to serve and file an amended complaint, which may differ from the current pleading only by adding Sgt. Conlon as a defendant in place of a John Doe defendant and incorporating any necessary allegations concerning the conduct of Sgt. Conlon. This is to be done within ten days.

Dated: New York, New York
April 16, 2008

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Memorandum and Order have been mailed today to:

Eric W. Siegle, Esq.
Siegle & Sims L.L.P.
The Astor Building
217 Broadway
Suite 611
New York, New York 10007

Jennifer Rossan, Esq.
Assistant Corporation Counsel
 for the City of New York
100 Church Street
New York, New York 10007