


**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Afsaan Saleem
*Senior Counsel*
Telephone: (212) 788-9580
Facsimile: (212) 788-9776

May 29, 2008

**BY FAX**
Honorable Michael H. Dolinger
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

ENDORSED ORDER

Application granted.

[signature] 5/29/08

Re: *Zhao v. City of New York, et al.*, 07 CV 3636 (LAK) (MHD)

Your Honor:

    I represent defendants in the above-referenced matter. On behalf of defendants, I write to request an extension of the fact and expert discovery deadlines as a result of one outstanding deposition that needs to be concluded. For the reasons set forth below, defendants respectfully request that the deadline to complete fact discovery be extended from May 30, 2008, to June 13, 2008. If the Court grants this request, the defendants also request that the current deadlines for expert disclosure be extended as well, so that the deadline by which plaintiff is to serve his expert reports is extended to July 3, 2008, the deadline by which defendants must serve their expert reports is extended to July 29, 2008, and that the deadline for the completion of expert discovery be extended to August 15, 2008. Similarly, if the Court grants this request, the defendants request that the deadline for the filing of the Joint Pre-Trial Order and/or any dispositive motions be extended to September 5, 2008. Plaintiff does not consent to such an extension of the fact discovery deadline and remaining schedule.

    The parties have recently conducted several depositions in light of the newly discovered still photographs. The last such deposition concerning them is to occur tomorrow of a retired police officer. The only outstanding deposition in the entire case, is the continuation of the deposition of ADA Peter Lomp by plaintiff's counsel. The defendants concluded their questioning of Mr. Lomp on May 9th. However, because of scheduling conflicts concerning Mr. Lomp and his attorney, Mr. Stern, Mr. Lomp is only able to continue his deposition on June 13th. This delay can in no way be attributed to any fault of defendants as the schedule of Mr. Lomp and Mr. Stern are beyond our control. Because Mr. Lomp will only be deposed two weeks after the current discovery deadline, defendants request a two week extension of discovery.

    Defendants request this two week extension to allow Mr. Lomp's deposition to be completed so that defendants' expert will have the full record in which to work, rather than a

partially completed deposition. If plaintiff's counsel are allowed to depose Mr. Lomp while maintaining the current schedule, defendants will have to have the deposition transcribed, sent to Corporation Counsel's office and then sent to our expert. Our expert will then have to review the transcript, incorporate that testimony along with the rest of the rest of the voluminous record into his findings and conclusions, and do all that within one month of Mr. Lomp's testimony. This scenario does not contemplate any unforeseen delays. For this reason, a two week extension is requested to avoid a real danger of prejudice to defendants, without a corresponding prejudice to plaintiff.

Therefore, for the reasons set forth above, the defendants request that the discovery schedule be adjusted, as set forth in paragraph one above. We thank the Court for its consideration.

Respectfully submitted,

Afsaan Saleem
Assistant Corporation Counsel

cc: Eric Siegle, Esq. (via fax)