

| | **THE CITY OF NEW YORK** | |
|---|---|---|
| **MICHAEL A. CARDOZO** | **LAW DEPARTMENT** | **JENNIFER ROSSAN** |
| *Corporation Counsel* | 100 CHURCH STREET | *Senior Counsel* |
| | NEW YORK, NY 10007 | Telephone: (212) 788-0867 |
| | | Facsimile: (212) 788-9776 |

July 22, 2008

**BY ECF and HAND**
Honorable Michael H. Dolinger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re: *Zhao v. City of New York, et al.*, 07 CV 3636 (LAK) (MHD)

Your Honor:

        I represent defendants in the above-referenced matter. I write to request an order (1) requiring plaintiff to submit to a mental examination pursuant to Fed. R. Civ. P. 35, and, if the Court grants this request, (2) directing plaintiff to appear for the examination on July 25, 2008, or, in the alternative, extending the deadline by which defendants must submit a report from their psychiatric expert to August 11, 2008, and directing plaintiff to appear for an examination prior to that date. Defendants conferred with plaintiff's counsel in order to resolve this matter without court intervention but were unsuccessful. The basis for plaintiff's refusal to appear to appear for a Rule 35 examination is his claim that he is not seeking damages for emotional distress. However, as set forth below, defendants submit that plaintiff has put his emotional condition at issue by introducing expert testimony from Deborah Davis, Ph.D., who opines about Mr. Zhao's particular "vulnerability to interrogation tactics." In addition, despite plaintiff's claim to the contrary, both his Notice of Claim and his Amended Complaint seek damages for "mental injuries," and his complaint contains a cause of action for Intentional Infliction of Emotional Distress ("IIED"). See Exhibit A, Report of Deborah Davis, Ph.D., dated August 26, 2007; Ex. B, Notice of Claim; Ex. C, Amended Complaint; ¶¶ 137-140.

        Rule 35 provides that "[w]hen the…mental condition…of a party…is in controversy, the court…may order the party to submit to a mental examination by a suitably licensed or certified examiner…." Fed. R. Civ. P. 35(a). The order may be made upon motion for "good cause shown." Id. In order to demonstrate entitlement to conduct a mental examination, "the movant must produce sufficient information, by whatever means, so that the district judge can fulfill his function" of determining whether there is good cause for the examination. Schlagenhauf v. Holder, 379 U.S. 104, 119 (1964). As set forth below, plaintiff's expert opines that Mr. Zhao's "vulnerable" mental condition was a contributing factor to his allegedly false confession. See,

generally, Ex. A. Therefore, plaintiff has put his mental state clearly at issue. Moreover, in order to rebut this conclusion, defendants' expert must have the opportunity to examine Mr. Zhao. Therefore, because plaintiff's mental condition is at issue, and because defendants have demonstrated good cause, Mr. Zhao should be ordered to appear for an examination.

### I.    Plaintiff's Expert Opines About Mr. Zhao's Mental Condition

In her report dated August 26, 2007, plaintiff's expert, Deborah Davis, Ph.D., opined that the confession obtained from Mr. Zhao "was clearly false."[1] See Ex. A, p. 2. In arriving at her opinion, Dr. Davis described Mr. Zhao as both "vulnerable" to misunderstanding his Miranda rights and "vulnerable" to interrogation tactics, which, according to Davis, caused him to falsely confess to having committed a homicide. See Ex. A, pp. 2, 7-8. According to Davis, because Mr. Zhao was "relatively young, uneducated, not native to our culture, and from a culture with vastly different laws and human rights," he was particularly vulnerable to misunderstanding his Miranda rights. See Ex. A, p. 7-8.  Further, Davis opines that Mr. Zhao's vulnerability to interrogation tactics was "increased by a lack of real knowledge or rights, or police prerogatives versus limitations, and other information concerning the legal system." See Ex. A., p. 8. Davis also suggests that Mr. Zhao may have well possessed "exaggerated views of police power (including the ability to deport his family) that would not characterize native Americans to such a degree." Id.

The Davis report puts Mr. Zhao's mental condition squarely at issue, as Dr. Davis's conclusion that Mr. Zhao falsely confessed to the homicide is based on her assessment that Mr. Zhao was vulnerable to misunderstanding his Miranda rights and particularly susceptible to interrogation tactics. In order to test Dr. Davis' theory as to Mr. Zhao's special "vulnerability," defendants are entitled to have a psychiatrist evaluate Mr. Zhao. Moreover, just as Dr. Davis was able to speak to Mr. Zhao and ask him questions before formulating her opinion (See Ex. A, p. 11), defendants' expert must have the opportunity to speak directly with Mr. Zhao before rendering his opinion about Mr. Zhao's purported "vulnerability."

### II.    Plaintiff Seeks Damages for Emotional Distress

According to his Notice of Claim, plaintiff sustained "severe and grievous psychiatric, psychological, emotional and economic damages the extent of which are presently unknown." See Ex. B, ¶ 8.  Similarly, in his complaint, plaintiff alleges that he suffered "mental injuries." See, generally, ¶¶83, 95, 102, 110, 118, 125, 129, 135, 139. Plaintiff's complaint also contains a separate claim for "Outrageous Conduct Causing Emotional Distress," which appears to be a claim for IIED. See Ex. C, ¶¶ 137-140.

Under New York law, one of the elements that a plaintiff must prove in order to prevail on an IIED claim is severe emotional distress. Bender v. City of New York, 78 F.3d 787, 790 (2d Cir. 1996).  Therefore, defendants anticipate that, in order to prove his IIED claim, plaintiff will offer evidence of the severe emotional distress that he allegedly suffered as a result of defendants' actions. Because plaintiff must prove severe emotional distress in order to prevail

---

[1] Defendants reserve their right to challenge the admissibility of Davis' opinions pursuant to the requirements of F.R.E. 702 and Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597 (1993).

on his IIED claim, he has put his mental condition directly at issue, and therefore defendants are entitled to examine him. Should plaintiff attempt to avoid a Rule 35 examination by claiming that he suffers only "garden variety" emotional distress, defendants submit that he should withdraw his IIED claim with prejudice, that he should be precluded from testifying or offering any evidence of emotional distress other than the "garden variety" type, and that the jury be instructed accordingly as to the limited nature of emotional damage allegedly suffered. See Greenberg v. Smolka, 03 Civ. 8572 (RWS)(MHD), 2006 U.S. Dist. LEXIS 24319, *25-26 (S.D.N.Y. Apr. 27, 2006).

However, even if plaintiff were to withdraw his claims of severe emotional distress, for the reasons set forth in Point I, *supra*, defendants are entitled to conduct an examination pursuant to Rule 35, as plaintiff's expert has put Mr. Zhao's mental condition directly at issue.

Therefore, for the reasons set forth above, defendants seek an order (1) requiring plaintiff to submit to a mental examination pursuant to Fed. R. Civ. P. 35, and, if the Court grants this request, (2) directing plaintiff to appear for the examination on July 25, 2008, or, in the alternative, extending the deadline by which defendants must submit a report from their psychiatric expert to August 11, 2008, and directing plaintiff to appear for an examination prior to that date.

Respectfully submitted,

Jennifer Rossan
Assistant Corporation Counsel

cc:   Jonathan Sims, Esq. (via ECF and Hand)