```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
YANG FENG ZHAO,                 :
                Plaintiff,      :   MEMORANDUM & ORDER
        -against-               :   07 Civ. 3636 (LAK)(MHD)
CITY OF NEW YORK et al.,        :
                Defendants.     :
-------------------------------x
```

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

By letter dated July 22, 2008, defendants' attorney has applied to the Court for an order authorizing them to conduct a "mental examination" of plaintiff. They ask that plaintiff be directed to appear for such an exam on July 25, 2008 or alternatively at a later date if defendants' deadline to provide expert-witness information is adjourned from July 29 to August 11, 2008. Plaintiff opposes.

Plaintiff is suing the City and law-enforcement personnel, on a variety of constitutional tort theories, for his arrest and incarceration on a murder charge from which he was eventually vindicated. Apart from his federal claims, he asserts a state-law claim of outrageous conduct causing emotional distress based on the same factual premises. Fact discovery was ongoing for a considerable time, with the original deadline of October 2007

1

extended repeatedly to account for delays in defendants' compliance with plaintiff's requests, and eventually ended on June 13, 2008. Final expert-witness submissions were due from plaintiff on July 3, 2008 and from defendants on July 25, 2008.

Defendants' letter application, dated three days before the due date for their expert-witness submissions, offers two grounds for their request under Fed. R. Civ. P. 35. First, they contend that a report provided by one of plaintiff's experts on October 9, 2007 "put his emotional condition in issue" because the expert -- Deborah Davis, a Professor of Psychology -- "opines about Mr. Zhao's particular 'vulnerability to interrogation tactics.'" (Letter from Ass't Corp. Counsel Jennifer Rossan, Esq., to the Court 1-2 (July 22, 2008)). Second, defendants cite the fact that plaintiff "seek[s] damages for 'mental injuries'" and has asserted a state-law claim of "intentional infliction of emotional distress," which, they say, requires that plaintiff prove "severe emotional distress." (Id. (citing Bender v. City of New York, 78 F.3d 787, 790 (2d Cir. 1996))).

Defendants' application is manifestly untimely. As noted, the deadline to complete fact discovery ended June 13, 2008, and yet defendants did not get around to seeking court authorization for an exam until three days before their expert reports were due.

2

Emblematic of defendants' delay, they seek an order that plaintiff appear for the examination only three days after they submitted their request. Although the untimeliness of the request, in violation of this Court's case management orders, is sufficient to deny it, see Fed. R. Civ. P. 16(b); S.D.N.Y. Local Rule 16.2; see also, e.g., Dunlop-McCullen v. Pascarella, 2002 WL 31521012, at *24 (S.D.N.Y. Nov. 13, 2002), we nonetheless address the merits, and conclude that granting the application is unjustified.

To justify a court-ordered mental-health examination, defendants must show that plaintiff's mental condition "is in controversy" and that good cause justifies ordering such an examination. Fed. R. Civ. P. 35(a); see also Kunstler v. City of New York, 2006 WL 2516625, at *4 (S.D.N.Y. Aug. 29, 2006). Neither of defendants' arguments satisfies their burden.

The report of Dr. Davis, who is described as an expert on false confessions, does not remotely suggest that plaintiff suffers from a psychological problem or condition, much less that any such disorder made him particularly vulnerable to police pressures to confess. Indeed, the portions of the report that defendants cite underscore this very point. Thus, while relying principally on the assertedly coercive techniques used by the police in questioning Zhao as tending to produce false confessions (Deborah Davis, Ph.D,

Report re: Yang Feng Zhao 7 (Aug. 26, 2007)), Dr. Davis also describes plaintiff as "vulnerable" to misunderstanding his Miranda rights because he was "relatively young, uneducated, not native to our culture, and from a culture [China] with vastly different laws and human rights." (Rossan Letter 2 (quoting Report 7-8)). Similarly, in noting plaintiff's particular vulnerability to police pressure, she observes that it was "increased by a lack of real knowledge o[f] rights, or police prerogatives versus limitations, and other information concerning the legal system," and she further suggests that he may have had "exaggerated views of police power (including the ability to deport his family) that would not characterize native Americans to such a degree." (Id. (quoting Report 8)).

None of these circumstances implicates any mental condition or disorder. Rather, Dr. Davis was simply describing sociological factors that may have influenced plaintiff to capitulate, after prolonged interrogation, to police demands that he confess. Defendants were free to ask plaintiff at his deposition about his background and the assumptions that he was making when he was being interrogated by the police, and we assume that defendants took advantage of that opportunity. They were also free to depose Dr.

Davis about these matters[1], although they apparently have not done so. That said, they offer no basis for inferring that a mental examination would have any pertinence to these matters, and indeed we see no relevance, much less good cause for such a project.

As for plaintiff's claim for "outrageous conduct causing emotional distress," defendants' argument that it justifies a mental exam fails in two respects. First, although plaintiff testified that, during his incarceration, his experience gave him nightmares and induced fear of the police, defendants make no effort to demonstrate that he has testified that he continues to suffer from these effects. That alone justifies denial of the application. See, e.g., Kunstler, 2006 WL 2516625, at *12 (citing Stevenson v. Stanley Bostich, Inc., 201 F.R.D. 551, 553-54 (N.D. Ga. 2001)). Indeed, although neither side has proffered copies of his deposition transcript, it appears that he testified that his nightmares subsided after some months. (Letter from Eric W. Siegle, Esq., to the Court 2 (July 23, 2008)).

Finally, plaintiff represents that he is not claiming to suffer from any mental disorder or condition, and will not call any medical expert. These representations underscore the absence of any

---

[1] It bears mention that Dr. Davis reviewed pertinent case documents and also interviewed plaintiff by telephone with the aid of an interpreter. (Report 2).

justification for defendants' application for a mental examination.

CONCLUSION

For the reasons noted, we deny defendants' application for an order authorizing a mental examination of plaintiff.

Dated: New York, New York
       July 24, 2008

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Memorandum and Order have been mailed today to:

Eric W. Siegle, Esq.
Siegle & Sims L.L.P.
The Astor Building
217 Broadway
Suite 611
New York, New York 10007

Jennifer Rossan, Esq.
Assistant Corporation Counsel
 for the City of New York
100 Church Street
New York, New York 10007