# SIEGLE & SIMS L.L.P.
THE ASTOR BUILDING
217 BROADWAY • SUITE 611
NEW YORK, NEW YORK 10007
TELEPHONE: (212) 406-0110
FACSIMILE: (212) 406-5259

ERIC W. SIEGLE                                    JONATHAN D. SIMS

July 30, 2008

**VIA FACSIMILE**
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, New York 10007
Attn.: Michael H. Dolinger, U.S.M.J.

ENDORSED ORDER
Application denied on the record today.
[signature] 8/7/08

Re:   Zhao v. City of New York et al.
      07CV.3636 (LAK)(MHD)

Dear Honorable Judge Dolinger:

    We represent the plaintiff in the above-referenced matter. We are writing the Court for an order, pursuant to FRCP Rules 26 and 37, precluding defendants from offering into evidence all non-expert materials, fact discovery, produced by them on July 29, 2008, subsequent to the expiration of the deadlines for fact discovery and plaintiff's expert disclosure herein, and to strike defendants' expert disclosure of Charles Wetli, M.D., a forensic pathologist, as his expert opinion is based directly and almost entirely upon facts that were not disclosed to plaintiff prior to the expiration of fact discovery deadline herein.[1]

    On July 29, 2008, defendants disclosed the reports of their experts, **along with an additional 79 pages of fact discovery, which defendants failed to disclose prior to the expiration of the fact discovery deadline some six weeks ago, June 13, 2008.** *See letter of Afsaan Saleem, A.C.C., dated July 29, 2008, detailing the late disclosure of the fact discovery.* These documents have never before been produced by defendants in this litigation and include medical records of the victim in the underlying homicide that is the subject of this false arrest and malicious prosecution action, Bates stamp numbers NYC 997-1054, and police reports and crime scene photographs with labels from the date of production December 11, 2001, which have never been produced by defendants, Bates stamp numbers NYC 976-996. As these recently disclosed medical records and the police reports and photographs are from December 11, 2001, and have not previously been provided to plaintiff's

---

[1] Please note, that pursuant to the Local Rules of this Court and Your Honor's rules, we have contacted defendants' counsel and informed them of our objections to these materials but was unable to resolve the issues presented herein.

Letter to Hon. Judge Doilinger
re: Zhao v. City et al.
July 30, 2008

counsel prior to the expiration of the fact discovery deadline,[2] defendants should not be allowed to use these documents at trial herein. Plaintiff has been deprived of the opportunity to utilize these materials during fact discovery, including the depositions of some fifteen or so individuals who were deposed by plaintiff's counsel on numerous occasions (due to defendants prior discovery transgressions herein), nor were we able to provide these documents to our experts for review and consideration prior to the disclosure of their individual reports on July 3, 2008. Should the Court allow defendants to utilize these materials at trial, plaintiff would be greatly prejudiced.

Additionally, the Court should strike the report of Dr. Wetli, a forensic pathologist, who primarily relies upon information found only in the untimely disclosed medical records of the victim as the basis of his opinion. Of significance, Dr. Wetli states in his report that the hospital records (those served on plaintiff along with his report) reveal that the victim had a **"left hemothorax and severance of the left internal mammary artery which was ligated"** (emphasis added). The only evidence of the injury to the victim's left hemothorax and severance of the left internal mammary artery are the subject medical records, not the autopsy report.

In opining that Mr. Cabezas was less likely to move about for a period of time after being stabbed as a result of his injuries, Dr. Wetli, relying on these medical records, states:

> Individuals who have sustained fatal stab wounds are often capable of moving about for several minutes after sustaining the injury. In the case of Mr. Cabezas, this would be more likely if the only injury was to the right ventricular wall which would have resulted in venous pressure bleeding (ie. Low pressure and a relatively slow blood loss resulting in cardiac tamponade and a good chance for survival with rapid surgical intervention). **However, because Mr. Cabezas sustained the injury to the internal mammary artery** as well as the occlusion of the right coronary artery as a result of the stab wound, the possibility of his moving about for a period of time is less likely (emphasis added).

Thus, Dr. Wetli's opinion that Cabezas was less likely to be moving about for a period of time after being stabbed, which is the gravamen of his report, relies solely on the Cabezas' medical records, which were not made available to plaintiff prior to the close of fact discovery. As a result, plaintiff requests an order striking Dr. Wetli's expert report and precluding him from being called

---

[2] It should also be noted that the certification that was provided with the medical records from the Health Information Management Department at New York Hospital, Queens, is dated July 24, 2008, subsequent to the end of fact discovery herein. Additionally, given the strict HIPAA regulations surrounding medical records, and the absence of disclosure of any such HIPAA authorization with the records, the defendants apparently obtained these records through the use of a subpoena, which was never served upon plaintiff in violation of FRCP Rule 45. This was obviously done so we could not object or move to quash.

SIEGLE & SIMS L.L.P.

Letter to Hon. Judge Doilinger
re: <u>Zhao v. City et al.</u>
July 30, 2008

as a witness at trial herein.

  In addition, defendants disclosed for the first time a Crime Scene Unit Report, Crime Scene diagram, and crime scene photographs, all dated December 11, 2001, Bates stamp numbers NYC 976 through NYC 996. Plaintiff has never been provided with the Crime Scene Report, NYC 976-977, nor has defendants ever produced for plaintiff other copies of the documents Bates stamp numbers 978-996. Accordingly, these documents, which were not timely produced by defendants, should not be admissible during the trial of this matter.

  The Court should note that plaintiff's counsel had been in possession of copies of the fronts of the crime scene photographs from the underlying criminal case and disclosed them to defendants' counsel on August 2, 2007. However, the copies of photographs which we now seek to be precluded, the ones recently served by defendants, contain additional information, including stickers on the back of the photographs which indicate the investigator who prepared them and a photo number that corresponds to the Crime Scene Unit Report that was never provided to plaintiff herein. All of these items are dated December 11, 2001, and were obviously in defendants' possession prior to the expiration of fact discovery herein. Despite the fact that plaintiff requested all such materials repeatedly throughout discovery, defendants never disclosed them. Accordingly, plaintiff respectfully requests that defendants be precluded from utilizing these materials, Bates stamp numbers NYC 976 through NYC 996, which were not turned over to plaintiff prior to the close of fact discovery herein.

  In sum, plaintiff respectfully seeks preclusion, pursuant to FRCP Rules 26 and 37, of the use of any fact discovery disclosed by defendants on July 29, 2008, Bates stamp numbers NYC 976 through 1054, and seeks preclusion of any and all expert opinions and testimony which relies upon these materials, including the report of Charles Wetli, M.D.

           Respectfully submitted,

           SIEGLE & SIMS L.L.P.

           *[signature]*

           Eric W. Siegle

Encs.
cc: Jennifer Rossan, A.C.C. (via facsimile)
   Afsaan Saleem, A.C.C. (via facsimile)