UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x   Docket #: 07CV3636 (LAK)
YANG FENG ZHAO,

                Plaintiff,   AFFIDAVIT IN
   OPPOSITION TO
   -against-   DEFENDANTS FRCP
   RULE 72 OBJECTIONS
CITY OF NEW YORK, DETECTIVE NGA   AND MOTION *IN LIMINE*
CHEUNG NG, DETECTIVE BILLY MILAN,
SGT. BRIAN CONLON and "JOHN DOE #2,"

                Defendants.
------------------------------------------------------------x
STATE OF NEW YORK    )
                                ) ss.:
COUNTY OF NEW YORK )

**ERIC W. SIEGLE, ESQ.**, being duly sworn, hereby deposes and says:

1.    I am a member of the law firm of Siegle & Sims L.L.P., attorneys for plaintiff YANG FENG ZHAO ("ZHAO") and as such, I am fully familiar with the facts and circumstances of this matter. This affidavit is submitted in opposition to defendants CITY OF NEW YORK ("CITY"), DETECTIVES NGA CHEUNG NG ("NG"), BILLY MILAN ("MILAN") and SGT. BRIAN CONLON ("CONLON") (collectively "DEFENDANTS") objections pursuant to Fed. R. Civ. Pr. 72(a) to the decision and order of the Honorable Michael H. Dolinger dated July 24, 2008, denying defendants' motion to compel plaintiff to submit to a mental examination pursuant to FRCP Rule 35, and, secondly, defendants' motion *in limine* to preclude,[1] in its entirety, the testimony of Deborah A. Davis, Ph.D., disingenuously arguing that since her multifaceted report is defective in one regard, her entire testimony should be precluded. Plaintiff respectfully requests that these misguided, specious applications be denied, in their entirety, for the reasons detailed hereafter, including that they are now moot.

---

[1] DEFENDANTS claim they are seeking permission to move to preclude the testimony of Dr. Davis. However, since this application is in the nature of a motion *in limine*, pursuant to Your Honor's rules, no permission is required for such an application and plaintiff's counsel has addressed the limited nature of DEFENDANTS application herein.

## ZHAO'S CLAIMS

2. ZHAO's Amended Complaint alleges damages for personal injuries and violations of his civil rights resulting from DEFENDANTS' violation of plaintiff's constitutional rights, by his false arrest and imprisonment, assault, battery, and malicious prosecution for the December 11, 2001 murder of Danny Cabezas, among other causes of action, resulting in ZHAO's baseless incarceration for a period of eleven months, during which time he was sexually molested by another inmate on multiple occasions and routinely subjected to strip searches by New York City corrections employees. ZHAO alleges he was arrested without probable cause and forced physically and by threats of assault and other emotional duress, to sign a confession that he did not author, and was thereafter maliciously prosecuted for murder. Plaintiff's claims are supported by eyewitnesses to the murder and events of December 11, 2001, closed circuit television surveillance/security video that shows ZHAO did not and could not have committed the murder, findings in the autopsy report, information obtained and developed by members of law enforcement who initially conducted and/or assisted in the investigation into the stabbing death, as well as other considerable evidence. All of the information exculpating ZHAO was in the possession of DEFENDANTS prior to ZHAO's arrest on October 24, 2005, which was authorized, ordered and effectuated by defendants MILAN and CONLON.

3. As to ZHAO's 42 U.S.C. §1983 claims against defendant CITY, ZHAO alleges CITY is liable pursuant to *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690-695, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978), in part, because CITY failed to adequately train and supervise its detectives in the investigation of homicides, cold cases, arrests and interrogations resulting in violations of ZHAO's civil rights and knew or should have known, based on a pattern of numerous Civilian Complaint Review Board and Internal Affairs Complaints and Investigations, that MILAN and NG employed improper arrest, interrogation and investigative techniques.

## THE FACT THAT PLAINTIFF FALSELY CONFESSED IS NOT IN DISPUTE

4. The criminal case against plaintiff was dismissed on December 18, 2006, in the Supreme Court of the State of New York, Queens County, Part Tap-B, Indictment Number 2892/2005, *People v. Yang Feng Zhao*, by the Honorable Randall T. Eng, upon application of the People of the State of New York, by the Queens County District Attorney's Office, through Executive Assistant District Attorney Eugene Reibstein, an employee of the defendant CITY, who stated "this is not the man who committed the murder. And we are moving to dismiss the count against him, so we can go get the real guy." *See* Court Minutes of December 18, 2006 hearing, Ex.1.

5. The most significant piece of evidence upon which ZHAO's indictment and prosecution were predicated was a confession, authored by defendant NG, which ZHAO signed in the early morning hours of October 25, 2005.

6. Through discovery, plaintiff has conclusively established, and DEFENDANTS have admitted,[2] that ZHAO did not stab Danny Cabezas. Therefore, by signing the confession which was handwritten by defendant NG, ZHAO confessed to a crime he did not commit. Accordingly, ZHAO's purported confession was false.

---

[2] As detailed above, on December 18, 2006, the Queens County District Attorney's Office, an administrative arm of the defendant CITY, moved the Court to dismiss the indictment against plaintiff, based on ZHAO's actual innocence. Moreover, upon being shown videotape evidence during his deposition herein, the main detective responsible for ZHAO's arrest, MILAN, admitted that ZHAO was not the stabber. Milan dep. trans. p. 262, lines 11-17 and pp. 362, line 23 through page 363 line 5. Similarly, A.D.A. Peter Lomp, another employee of defendant CITY, who was the prosecutor who indicted ZHAO and was primarily responsible for the prosecution of the underlying murder charges, upon being shown the same video evidence as MILAN, testified "that videotape in particular leads me to a common sense conclusion that [ZHAO] does not appear to be the stabber of Danny Cabezas." Lomp dep. trans. p. 479, lines 9-24. Defendant NG admitted to E.A.D.A. Eugene Reibstein prior to the dismissal of the criminal case against ZHAO, after interviewing witnesses as part of the Q.C.D.A.O. innocence investigation, that he no longer believed ZHAO stabbed Danny Cabezas. *See* Ex. 2 attached, Memorandum of Eugene Reibstein, E.A.D.A., dated September 7, 2006, p.2, final sentence.

7. Accordingly, the factual issue of whether Zhao's confession is false is moot and plaintiff does not seek to offer the opinion testimony of Debra Davis, Ph.D. to establish that fact.

8. Contrary to DEFENDANTS' misleading application, the report and testimony of Dr. Davis is not limited to her opinion as to the credibility of ZHAO's confession, which is a non-issue, but is relevant to ZHAO's obligation to satisfy *Monell,* including the issues of the inadequacy of the CITY's training of its police officers regarding custodial interrogations, the impropriety of the CITY"s training of its police officers to intentionally subvert the protection of *Miranda* warnings; and the significance of the CITY's policy in refusing to videotape custodial interrogations. Moreover, since it has been conclusively established that ZHAO signed a confession admitting to a stabbing he did not commit, Dr. Davis' testimony is also offered to explain to the jury that false confessions occur and to explain why people falsely confess, including the accepted science and methodology which substantiates these positions.

## DEFENDANTS' APPLICATION PURSUANT TO FED. R. CIV. P. 72(A)

9. On or about July 22, 2008, more than five weeks after the deadline for fact discovery had expired,[3] defendants made a motion pursuant to Fed. R. Civ. P. 35 to the Honorable Michael H. Dolinger requesting authorization to conduct a mental examination of plaintiff; this matter having been assigned to Magistrate Dolinger for all pre-trial proceedings on October 16, 2007. The Court denied defendants' application because defendants failed to satisfy their burden that plaintiff's mental condition is in controversy and that good cause justifies ordering an examination ( *See Kunstler v. City of New York,* 2006 WL 2516625) **and** that the "application was manifestly untimely." Since Magistrate Dolinger's Order relating to a non-dispositive issue was not "clearly erroneous," pursuant to Fed. R. Civ. P. 72(a), defendants application must be denied.

---

[3] As detailed in the July 24, 2008 Memorandum and Order of Magistrate Michael H. Dolinger "the original [fact discovery] deadline of October 2007 [was] extended repeated[ly] to account for delays in **defendants' compliance** with plaintiff's requests, and eventually ended on June 13, 2008."

10. Contrary to defendants misguided argument and the case law they cite in support thereof herein, there is not a bright line rule that where a plaintiff brings a claim for intentional infliction of emotional distress, a Rule 35 examination is axiomatic. Rather, as Magistrate Dolinger recognized, in conjunction with the Supreme Court's decision in *Schlagenhauf v. Holder*, 379 U.S. 104 (1964), and his own prior decision in *Kunstler, supra.*, in order to obtain an order to have a plaintiff mentally examined pursuant to Rule 35(a), a defendant must show that the plaintiff's mental condition is in controversy and that good cause justifies ordering an examination.

11. Contrary to defendants' recent contention, plaintiff's mental condition is not in controversy. As detailed in the Decision and Order of Magistrate Dolinger, who challenged defendants intentional misinterpretation of plaintiff's expert report, he found that "the report of Dr. Davis . . . **does not remotely** suggest that plaintiff suffers from a psychological problem or condition, much less that any such disorder made him particularly vulnerable to police pressures to confess. Indeed, the portions of the report that defendants cite underscore this very point . . . None of these circumstances implicates any mental condition or disorder. Rather, Dr. Davis was simply describing sociological factors that may have influenced plaintiff to capitulate, after prolonged interrogation, to police demands that he confess." (*See* Defendants' Ex. A, Decision and Order of Magistrate Dolinger, July 24, 2008, pp. 3-4, emphasis added.)

12. Moreover, as was also recognized by Magistrate Dolinger, ZHAO is not claiming any particular psychological/psychiatric injury as a result of DEFENDANTS' conduct and Dr. Davis does not opine as to such. Additionally, Magistrate Dolinger acknowledges that plaintiff himself testified that while his experience gave him nightmares and induced fear of the police, "defendants make no effort to demonstrate that he testified that he continues to suffer from these effects" and "it appears that he testified that his nightmares subsided after some months." The Court further took note that plaintiff is "not claiming to suffer from any mental disorder and will not call any medical expert" to testify to same. Accordingly, there is an "absence of any justification for defendants'

application for a mental examination." (*See* Defendants' Ex. A, Decision and Order of Magistrate Dolinger, July 24, 2008, pp. 5-6.)

13. As Magistrate Dolinger's decision and order dated July 24, 2008, is not clearly erroneous, nor contrary to law, this Court should not modify or set aside any part of the Order. Lastly, as defendants have failed to timely object to the July 24, 2008 Order, filing the current objection on the eleventh day, defendants application should also be denied.

### DEFENDANTS MOTION *IN LIMINE* AS TO DEBORAH DAVIS, PH.D. IS MOOT

14. DEFENDANTS also move this Court to preclude the testimony of Deborah Davis, Ph.D., in its entirety, because Dr. Davis' opined that ZHAO's confession was false. As detailed above, plaintiff is not offering the testimony of Dr. Davis to prove that ZHAO's confession was false and will not seek to elicit opinion testimony from her regarding this issue. Accordingly, DEFENDANTS motion to preclude Deborah Davis, Ph.D. from offering opinion testimony as to the veracity of ZHAO's confession is moot.

15. Defendants, however, baselessly argue for the complete preclusion of Dr, Davis testimony herein, despite the fact that her report addresses numerous other issues including the inadequacy of the training of police officers, including defendants MILAN and NG, by the defendant CITY, the policy of the CITY to intentionally undermine MIRANDA warnings by intentionally training its officers to subvert same, and the effects of the policy of the CITY in refusing to videotape custodial interrogations. Additionally, Dr. Davis has opined and the plaintiff intends to offer the testimony of Dr. Davis to explain to the jury that people falsely confess and why people do so. This is particularly relevant in this case where there is a factually substantiated false confession - ie. ZHAO signing a statement admitting a crime which all parties now acknowledge he did not commit.

16. Although DEFENDANTS strenuously argue that Dr. Davis' testimony as to the truthfulness of ZHAO's confession should not be allowed, which testimony plaintiff is not seeking

to elicit before the jury, DEFENDANTS ignore addressing the propriety of any of the other opinions contained in Dr. Davis' report. As DEFENDANTS have not moved to preclude any of the other opinions contained in the two reports of Dr. Davis, plaintiff has not addressed these issues herein.

17. Accordingly, DEFENDANTS motion to preclude testimony about whether ZHAO's "susceptibility to police interrogation techniques and about whether [ZHAO's] confession is true or false" (DEFENDANTS' Memo of Law p.2) should be denied as moot, as plaintiff does not intend to elicit such testimony from Dr. Davis.

WHEREFORE, plaintiff ZHAO respectfully requests that this Court deny DEFENDANTS applications in their entirety as: (1) the Memorandum and Order of Magistrate Michael H. Dolinger dated July 24, 2008, was not clearly erroneous, nor contrary to law, pursuant to Fed. R. Civ. P. 72(a); DEFENDANTS Fed. R. Civ. P. 72(a) objections are untimely; and (3) DEFENDANTS motion to preclude the testimony of Debra Davis Ph.D. is moot as plaintiff does not seek to elicit expert testimony from Dr. Davis regarding the credibility of plaintiff's confession, nor plaintiff's susceptibility to police interrogation techniques and is only offering her testimony for the purposes of satisfying plaintiff's obligation pursuant to Monell and to explain to the jury that false confessions occur and why people falsely confess; together with such other and further relief as this Court deems just and proper.

_____
Eric W. Siegle (ES4277)

Sworn to before me this
13th day of August, 2008

_____
NOTARY PUBLIC

JONATHAN D. SIMS
Notary Public, State of New York
No. 02SI6015346
Qualified in New York County
Commission Expires 10/26/2010