UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
YANG FENG ZHAO,

                                                  Plaintiff,        07 CV 3636 (LAK)(MHD)

          -against-

CITY OF NEW YORK, DETECTIVE NGA
CHEUNG NG, DETECTIVE BILLY MILAN, SGT.
BRIAN CONLON and "JOHN DOE #2,"

                                                  Defendants.

------------------------------------------------------------------------x

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR OBJECTION TO THE ORDER OF THE MAGISTRATE JUDGE PURSUANT TO RULE 72 AND TO SEEK PERMISSION TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT**

**PRELIMINARY STATEMENT**

Defendants City of New York, Nga Cheung Ng, Billy Milan and Brian Conlon ("defendants") submit this reply memorandum of law in further support of their objection to the order of the Hon. Michael H. Dolinger, dated July 24, 2008, pursuant to Fed. R. Civ. P. 72, and in further support of their motion to exclude the testimony of plaintiff's expert, Deborah Davis, Ph.D.

In his opposition to Defendants' Memorandum of Law in Further Support of Their Objection to the Order of the Magistrate Judge Pursuant to Rule 72 and to Seek Permission to Exclude the Testimony of Plaintiff's Expert ("Defendants' Memorandum"), plaintiff argues that i) the alleged falsity of his confession is not at issue, and therefore plaintiff does not offer the testimony of Davis to establish that fact; ii) that Davis's testimony is offered only in support of plaintiff's cause of action pursuant to Monell v. Dep't of Social Services, 436 U.S. 658 (1978), and iii) Magistrate Dolinger's decision denying defendants' request for an examination pursuant to Fed.

1

R. Civ. P. 35 should be upheld because plaintiff has not put his mental condition at issue and because defendants' appeal was untimely. See, generally, Plaintiffs' Opposition.

As a threshold matter, defendants dispute plaintiff's contention that, based on the record adduced thus far, the falsity of his confession has been established and therefore is not a fact in contention. On the contrary, defendants dispute that plaintiff's confession was false and further dispute that the factual record establishes that the confession was false. Further, despite plaintiff's claim that he does not intend to offer Davis's testimony about the validity of plaintiff's confession, in his Opposition, plaintiff states that he intends to offer Davis's testimony to "explain to the jury that false confessions occur and to explain why people falsely confess, including the accepted science and methodology which substantiates these positions." See Plaintiff's Opposition, ¶ 8. As set forth in Defendants' Memorandum, this is precisely the testimony that defendants seek to preclude. Finally, defendants submit that plaintiff has put his mental condition in controversy, and that good cause exists for the examination. Further, even if this Court were to find that the appeal of Magistrate Dolinger's July 24th order was untimely, the Court may still consider the merits of defendants' appeal.

## POINT I
## DEBORAH DAVIS, PH.D. SHOULD BE PRECLUDED FROM TESTIFYING

### A. The Issue of Whether Plaintiff's Confession Was False is for the Jury to Decide

Plaintiff claims that "the factual issue of whether Zhao's confession is false is moot and plaintiff does not seek to offer the opinion testimony of Debra Davis, Ph.D. to establish that fact." See Plaintiff's Opposition, ¶ 7. In support of this contention, plaintiff cites excerpts of various deposition transcripts and inadmissible statements contained in memoranda. However, the testimony and hearsay upon which plaintiff relies does not support his contention that the confession was false. The excerpts upon which plaintiff relies concern testimony about what

2

various witnesses saw when they were shown, during depositions, a portion of a surveillance videotape. The witnesses were then asked, after viewing the videotape, for their opinion about whether or not plaintiff committed the homicide. See Plaintiff's Opposition, fn. 2. None of the excerpts relied upon by plaintiff contain testimony about the truthfulness of plaintiff's confession, and plaintiff can point to no record evidence, (with the exception of his own self-serving testimony), in support of his contention that he has established the fact that his confession was in fact false. Therefore, plaintiff's contention that the question of whether he falsely confessed is "moot" is meritless, and the issue of whether plaintiff's confession is false is one for the jury to decide based on the evidence adduced at trial.

### B. Davis's Proffered Testimony Fails the Standards of Admissibility and Reliability

As set forth in Point A, *supra*, the issue of whether plaintiff's confession was false is hotly contested. Recognizing this, plaintiff seeks to offer testimony from Deborah Davis, Ph.D. In her report of August 26, 2007, Davis opines that plaintiff's confession was false. See Defendants' Memorandum, Ex. C, p. 2. In his opposition, plaintiff claims that he will not elicit testimony from Davis about the alleged falseness of the confession. See Plaintiff's Opposition, ¶ 8. However, plaintiff then goes on to assert that he will elicit testimony from Davis to explain that false confessions occur, to explain why people falsely confess and that he will attempt to have her explain the purported "accepted science and methodology" which "substantiates" her conclusions. See Plaintiff's Opposition, ¶ 8. First, as set forth in Defendants' Memorandum, Davis may not opine on the issue of whether the confession is false, as that is an issue for the jury to decide. See Defendants' Memorandum at 4-5. Second, the very basis for defendants' motion to preclude Davis's testimony is that, by her own admission, there is no "accepted science and methodology" to "substantiate" any of her conclusions about false confessions in general, and with respect to plaintiff's confession specifically. Id. at 2-3. Therefore, even accepting as true plaintiff's

representation that he will offer Davis's testimony only to explain that false confessions occur and to explain why people falsely confess, because her testimony cannot meet the requirements of, inter alia, Fed. R. Civ. P. 702, it must be precluded.

Plaintiff also argues that Davis's testimony is relevant to his claim that the NYPD failed to adequately train its officers in how to conduct custodial interrogations.[1] See Plaintiff's Opposition, ¶ 15. Without addressing whether Davis is qualified to make such determinations about the adequacy of the NYPD's training, (which defendants vigorously contest), the only purpose for proffering such testimony is to establish that plaintiff's confession was false and that it was coerced, both of which are issues for the jury to decide. As set forth above and in Defendants' Memorandum, Davis may not opine on whether certain interrogation techniques or deficiencies in training result in false confessions, because, as she admitted, there is no scientifically reliable method of demonstrating that a confession is true or false. See United States v. Wright, 2008 U.S. Dist. LEXIS 15668, *9-10 (M.D. La. Feb. 29, 2008)(precluding Davis's testimony about a criminal defendant's alleged false confession based on her admission that there is no scientifically reliable method of demonstrating that a confession is either true or false). Because Davis, by her own admission, cannot determine whether a confession is false, she cannot possibly determine whether certain interrogation techniques and/or deficiencies in training actually result in a false confession.

---

[1] Defendants intend to move to dismiss plaintiff's Monell claim, as even if plaintiff could show a constitutional violation of some kind, (which defendants do not concede), he cannot demonstrate that the NYPD's alleged failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. Walker v. City of New York, 974 F.2d 297 (2d Cir. 1992), cert. denied, 507 U.S. 961 (1993)(citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)). Here, plaintiff has neither adduced nor disclosed any evidence to satisfy the three requirements set forth in Walker v. City of New York. 974 F.2d at 297. Even crediting plaintiff's allegations that he was coerced into making a false confession, (which defendants dispute), it is well settled that proof of a single incident is not sufficient to establish either that the municipality has a policy of inadequate training of police officers or that such a policy caused plaintiff's injuries. Bartlett v. City of New York, CV-03-1961 (CPS), 2005 U.S. Dist. LEXIS 4829 (E.D.N.Y. Feb. 11, 2005) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 821-22 (1985)).

Therefore, any testimony by her that the methods employed in this case did in fact result in a false confession is wholly speculative, is not based on any science or accepted methodology and will create undue prejudice, confuse the issues and mislead the jury.

Therefore, for the reasons set forth above and in Defendants' Memorandum, Davis's testimony should be precluded in its entirety.

## POINT II

### MAGISTRATE DOLINGER'S ORDER DATED JULY 24, 2008 IS CLEARLY ERRONEOUS AND CONTRARY TO LAW

On July 24th, Magistrate Dolinger issued an order denying defendants' motion to compel an examination of plaintiff pursuant to Fed. R. Civ. P. 35. See Defendants' Memorandum, Exhibit A. For the reasons set forth in Defendants' Memorandum, defendants respectfully submit that the July 24 decision was clearly erroneous or contrary to law, because plaintiff put his mental condition in controversy, and because good cause exists for the examination. Id. at 6-11.[2]

In opposition to defendants' appeal of the Magistrate's July 24th Order, plaintiff does nothing more than restate Judge Dolinger's rationale for denying defendants' application. See Plaintiff's Opposition at ¶¶ 9-13. First, plaintiff cites no authority (other than the challenged July 24th Order) in support of his contention that defendants' Rule 35 application was untimely. See Plaintiff's Opposition, ¶¶ 9-13. As set forth in Defendants' Memorandum, to the extent Judge Dolinger found defendants' application to be untimely, defendants submit that because defendants

---

[2] Though defendants initially filed their Rule 72 objection to the July 24th Order in the form of a letter that was filed via ECF, faxed to plaintiff, and hand delivered to the Court on August 7, 2008, they refiled their appeal in the form of a motion on August 8, 2008. Even if this Court were to find that defendants' objections to the July 24th Order were untimely by one day, a Court may consider an untimely appeal pursuant to Fed. R. Civ. P. 72(a) on the merits. See Dreyer v. Ryder, 367 F. Supp. 2d 413, 415-416 (W.D.N.Y. 2005)(deciding untimely appeal pursuant to Rule 72 on the merits); Lanzo v. City of New York, 96-CV-3242 (ILG) 1999 U.S. Dist. LEXIS 16569, *5-8 (E.D.N.Y. Sept. 21, 1999)(same).

5

made the application before the close of expert discovery, and because a Rule 35 examination may be considered a part of expert discovery, defendants' application was not untimely. See Vilkhu v. City of New York, 06-CV2095 (CPS)(JO), 2007 U.S. Dist. LEXIS 67933, * 17 (S.D.N.Y. Sept. 13, 2007)(affirming magistrate's decision to permit Rule 35 examination after the close of fact discovery and during expert discovery because "reasonable minds" could differ as to whether examination was part of fact or expert discovery).

With respect to plaintiff's contention that his mental condition is not at issue, defendants submit that, as set forth in detail in Defendants' Memorandum, because plaintiff has brought a claim for Intentional Infliction of Emotional Distress ("IIED") and because Davis's proffered testimony puts plaintiff's mental condition squarely at issue, a Rule 35 examination is warranted. See Defendants' Memorandum at 7-10. Further, even where plaintiffs have stipulated that they will not introduce medical evidence of their alleged emotional distress, courts have found that a Rule 35 examination is warranted. See, e.g., In re: MTBE Products Liability Litigation, 528 F. Supp. 2d 303 (S.D.N.Y. Nov. 29, 2007)(citing Gattegno v. PricewaterhouseCoopers, LLP, 204 F.r.D. 228, 232 (D. Conn. 2001)). Moreover, if this Court is inclined to permit Davis to testify, over defendants' objections, about plaintiff's alleged "vulnerability" to police interrogation techniques, defendants must be permitted to conduct scientifically acceptable tests to determine whether plaintiff does in fact possess the personality traits that Davis claims exist and that purportedly affected his interactions with the police.

## **CONCLUSION**

Therefore, for the reasons set forth above and in Defendants' Memorandum, plaintiff's expert, Deborah Davis, Ph.D., should be precluded from testifying. If this Court is inclined to permit Davis to testify, defendants respectfully request that the Court reverse Judge Dolinger's decision of July 24, 2008, and order plaintiff to appear for an examination pursuant to Fed. R. Civ. P. 35.

Dated: New York, New York
      August 14, 2008

                                    **MICHAEL A. CARDOZO**
                                    Corporation Counsel of the
                                    City of New York
                                    Attorney for Defendants
                                    100 Church Street, Rm. 3-192
                                    New York, New York 10007
                                    (212) 788-9580

By:       /s/
         Afsaan Saleem (AS 2012)
         Senior Counsel