```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/20/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
YANG FENG ZHAO,

                Plaintiff,

     -against-                             07 Civ. 3636 (LAK)

CITY OF NEW YORK, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        Defendants object, pursuant to Fed. R. Civ. P. 72(a), to Magistrate Judge Michael H. Dolinger's order, dated July 24, 2008, which denied their application for a Rule 35 examination of plaintiff. In addition, they move *in limine* to preclude plaintiff from offering the purported expert testimony of Deborah Davis, Ph.D.

*The Objection to the Magistrate Judge's Order*

        Magistrate Judge Dolinger denied defendant's application for a Rule 35 examination on the grounds that it was untimely and in any case that such an examination was unwarranted in the circumstances. As his ruling with respect to timeliness reflects no error of law or fact or abuse of discretion, defendants' objection to the order is overruled. There is no need for me to address the other ground for the decision.

*The* In Limine *Motion*

        Plaintiff here seeks recovery for, *inter alia,* false arrest, malicious prosecution, and intentional infliction of emotional distress based on his arrest and prosecution for murder. Although plaintiff at one point signed a confession to the murder, the prosecution ultimately was dropped by the Queens District Attorney.

        Plaintiff initially proposed to call Dr. Davis, a professor of psychology at the

University of Nevada, to opine that plaintiff's confession was false, that the interrogation training materials used by the New York City Police Department "are extremely informal, unorganized and woefully incomplete," and that the NYPD training with respect to interrogation is otherwise deficient. Plaintiff evidently intends to use the latter views to attempt to establish the City's liability under *Monell*. In response to the defendants' motion, however, plaintiff has stated that he no longer intends to offer Dr. Davis' testimony as to the alleged falsity of the confession, thus mooting that issue. Siegle Aff. [docket item 85] ¶ 7. There in consequence is no need to address that aspect of the motion. The remaining branch of defendants' *in limine* motion is more substantial.

Fed. R. Civ. P. 26(a)(2)(B) provides in relevant part that:

"Unless otherwise stipulated or ordered by the court, this [expert] disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

"(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the data or other information considered by the witness in forming them . . ."

Dr. Davis' supplemental report [Saleem Decl. [docket item 83] Ex. D] is critical of the NYPD training materials in a number of respects and faults the NYPD for failing to videotape all interactions with suspects. But her critique is based principally on a comparison of the NYPD materials with materials used by a private entity that trains law enforcement personnel in interrogation and by the FBI, coupled with the assumption that the exemplars, in each respect in which they differ from the NYPD materials, are appropriate and the NYPD materials *ipso facto* deficient. She implies that the exemplars are less likely than the NYPD materials and practices to elicit false confessions. But her report is essentially devoid of any basis for supposing that she is correct. Indeed, she admits that the Reid technique, the method used by the private training entity, "does entail risk for eliciting false confessions." And there is no evidence in her report that the exemplars are "better" in any empirically testable way.

A federal district judge faced with a challenge to the admissibility of expert testimony "must determine at the outset . . . whether the expert is proposing to testify to . . . scientific knowledge that . . . will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93 (1993). In *Daubert*, the Supreme Court articulated four pertinent factors while leaving open the possibility of others: (1) whether the expert's theory "can be (and has been) tested;" (2) whether the theory "has been subjected to peer review and publication;" (3) the "known or potential rate of error;" and (4)

whether the theory has "widespread acceptance." *Id.* at 593-94.

Dr. Davis' report contains no reason to suppose that her assumptions can and have been tested or that they have been subjected to peer review and publication. There is nothing concerning any known or potential rate of error. And while she quotes the Reid web site for the proposition that it has trained over 500,000 officers since 1974, this would not establish widespread acceptance of Dr. Davis' view even if it were accepted as accurate.

"The proponent of . . . expert testimony bears the burden of establishing the admissibility of such testimony under the *Daubert* framework by a preponderance of the evidence standard. *See Daubert,* 509 U.S. at 592 n.10 ( "These matters should be established by a preponderance of proof." ) (citing *Bourjaily v. United States,* 483 U.S. 171, 175-76 (1987)); *see also* Fed. R. Evid. 702 advisory committee's note ( "[T]he admissibility of all expert testimony is governed by the principles of Rule 104(a) . Under that Rule, the proponent has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence." ); *Lust v. Merrell Dow Pharms., Inc.,* 89 F.3d 594, 598 (9th Cir.1996) ( "It is the proponent of the expert who has the burden of proving admissibility ."); *accord Baker v. Urban Outfitters, Inc.,* 254 F. Supp.2d 346, 353 (S.D.N.Y.2003) (same)." *Atlantic Specialty Ins. Co. v. Gold Coast Developments, Inc.,* No. 05-CV-4863 (JFB), 2008 WL 974411, at *7 (E.D.N.Y. Apr. 08, 2008). Plaintiff has not met that burden here.

*Conclusion*

For the foregoing reasons, defendants' motion *in limine* is granted. Its Rule 72 objection is overruled. Insofar as the motion *in limine* is addressed to the opinion is to the falsity of the confession, it is granted based on the plaintiff's withdrawal of that portion of the proposed testimony. This terminates docket item 81.

SO ORDERED.

Dated:     August 18, 2008

_____
Lewis A. Kaplan
United States District Judge